UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-R

LWD PRP GROUP                                                                                                                              PLAINTIFF

vs.

NATIONAL RAILWAY EQUIPMENT COMPANY, et al                                                 DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL RAILWAY EQUIPMENT CO.

Comes the Defendant, National Railway Equipment Co. ("Defendant"), by counsel, and for its answer to Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint or portions of it fails to state a claim upon which relief can be granted against this Defendant and therefore must be dismissed.

### SECOND DEFENSE

1. Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Complaint, and therefore denies the same, but does not deny matters properly of public record.

2. With regard to Paragraphs 3 and 4 of the Complaint, Defendant admits that jurisdiction and venue are proper in this Court. With regard to any other allegations in Paragraphs 3 and 4 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

3. With regard to Paragraphs 5 through 27 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

4. With regard to Paragraphs 28 through 1145 of the Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

5. With regard to Paragraph 1146 of the Complaint, Defendant admits that the LWD PRP Group sent a letter to Defendant dated June 8, 2012 demanding payment. Defendant denies the remaining allegations in Paragraph 1146.

6. Defendant admits the allegations in Paragraph 1147 of the Complaint.

7. With regard to Paragraphs 1148 through 1150 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

8. Defendant admits the allegations in Paragraph 1151 of the Complaint.

9. With regard to Paragraphs 1152 through 1820 of the Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

10. With regard to Paragraph 1821 of the Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

11. With regard to Paragraphs 1822 through 1829 of the Complaint, Defendant states that these Paragraphs do not require a response as they merely restate the content of statutes, which statutes speak for themselves. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

12. With regard to Paragraphs 1830 and 1831 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

13. Defendant admits the allegations in Paragraph 1832 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

14. Defendant denies the allegations in Paragraph 1833 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

15. With regard to Paragraphs 1834 and 1835 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

16. Defendant denies the allegations in Paragraphs 1836 and 1837 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

17. With regard to Paragraph 1838 of the Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

18. With regard to Paragraph 1839 of the Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

19. With regard to Paragraph 1840 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

20. Defendant denies the allegations in Paragraphs 1841 through 1843 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

21. With regard to Paragraph 1844 of the Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

22. Defendant admits the allegations in Paragraph 1845.

23.     With regard to Paragraph 1846 of the Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

24.     With regard to Paragraph 1847 of the Complaint, no response is required of Defendant as this Paragraph does not make allegations regarding Defendant.  To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

25.     Defendant denies the allegations in Paragraphs 1848 through 1849 of the Complaint as to itself.  As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

## THIRD DEFENSE

The claims in Plaintiff's Complaint are barred by the applicable statute of limitations.

## FOURTH DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff lacks standing or capacity to sue and its claims must, therefore, be dismissed.

## SIXTH DEFENSE

The claims in Plaintiff's Complaint are barred by waiver.

## SEVENTH DEFENSE

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

## EIGHTH DEFENSE

Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1), to the extent applicable.

WHEREFORE, Defendant National Railway Equipment Company respectfully requests the Complaint be dismissed, for its costs herein expended and for all other relief to which it may be entitled.

                                          WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
                                          Attorneys for Defendant National Railway
                                          Equipment Company

                                          */s/ J. Duncan Pitchford*
By:_____
                                          J. Duncan Pitchford
                                          dpitchford@whitlow-law.com
                                          Nicholas M. Holland
                                          nholland@whitlow-law.com
                                          Post Office Box 995
                                          Paducah, Kentucky 42002-0995
                                          270-443-4516 (Telephone)
                                          270-443-4571 (Facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of October, 2012, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record, including Fletcher Schrock, Esq., fletch@ml-lawfirm.com, Gary Justis, Esq., gjustis@justislawfirm.com; and Ambereen Shaffie, Esq., ashaffie@justislawfirm.com, Counsel for Plaintiff; and jahlers@kddk.com, Attorney for Defendant Fox Valley Systems, Inc.

      I further certify that I have served the following non-ECF participants via first class mail:

Mark Hopper, Esq.
DeLoof Hopper Dever & Wright PLLC
301 North Main Street, Suite 250
Ann Arbor, Michigan 48104
Attorney for Eftec North America, LLC

Wheeler Lumber, LLC
3620 SW 61st Street, Suite 330
Des Moines, Iowa 50321-2419

Madisonville Auto Parts, Inc.
55 North Scott Street
Madisonville, Kentucky 42431

Heritage Transport, LLC
1626 Research Way
Indianapolis, Indiana 46231

Heritage Environmental Services, LLC
7901 West Morris Street
Indianapolis, Indiana 46231

United States Gypsum Company
550 West Adams Street
Chicago, Illinois 60661

Printers Printing Company, LLC
100 Frank E. Simon Avenue
Shepherdsville, Kentucky 40165

Daramic, LLC
11430 N. Community House Road
Charlotte, North Carolina 28277

AVX Corporation
801 17th Avenue South
Myrtle Beach, South Carolina 29577

Rawlings Sporting Goods Co., Inc.
7 Bayberry Road
Elmsford, New York 10523

Hannan Maritime Corporation
102 West Emerson
Arlington Heights, Illinois 60005

Eggers Industries, Inc.
Post Office Box 88
Two Rivers, Wisconsin 54241

Andover Coils, LLC
Post Office Box 4848
Lafayette, Indiana 47903

HSBC North America Holdings, Inc.
One HSBC Center, 27th Floor
Buffalo, New York 14203

Seville Flexpack Corp.
c/o McNally Maloney & Peterson, S.C.
2600 North Mayfair Road, No. 1080
Milwaukee, Wisconsin 53226

Bell and Howell, LLC
3791 South Alston Avenue
Durham, North Carolina 27713

Carboline Company
c/o Calfee, Halter & Griswold, LLP
1405 East Sixth Street
Cleveland, Ohio 44114-1607

Atkore International, Inc.
16100 South Lathros Avenue
Harvey, Illinois 60426

Kempen Paint Company
Post Office Box 96
East Carondelet, Illinois 62240

Heyman Properties
c/o Marc Kurzman
Sandak Hennessey & Greco, LLP
707 Summer Street
Stamford, Connecticut 06901

ACF Industries, LLC
c/o Douglas Cohen, Esq.
Brown Rudnick LLP
185 Asylum Street
Hartford, Connecticut 06103

Zeller Technologies, Inc.
4250 Hoffmeister Avenue
St. Louis, Missouri 63125

*/s/ J. Duncan Pitchford*
_____
J. Duncan Pitchford