### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action No. 5:12-CV-127-R |
| ACF INDUSTRIES, LLC., *et al*; | ) |
|     Defendants. | ) |

### DEFENDANT COOPER US, INC.'S ORIGINAL ANSWER

Defendant Cooper US, Inc. ("Cooper") files this Original Answer to Plaintiff LWD PRP Group's ("LWD") Complaint. In support of its Original Answer, Cooper respectfully shows the Court as follows:

### ANSWER TO SPECIFICALLY NUMBERED SECTIONS

1. In response to Paragraphs 1 and 2 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required. To the extent Paragraphs 1 and 2 might be construed to state factual allegations, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

2. In response to Paragraphs 3 and 4 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required. To the extent Paragraphs 3 and 4 might be construed to state factual allegations, Cooper admits that, if this action were properly brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), then this Court would have subject matter jurisdiction and venue. Cooper, however, lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraphs 1 and 2, and, therefore, lacks knowledge or information sufficient to form a belief about the allegations in Paragraphs 3 and 4.

3. In response to Paragraphs 5 and 6 of the Complaint, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

4. In response to Paragraph 7 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required. To the extent Paragraph 7 might be construed to state factual allegations, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

5. In response to Paragraphs 8 through 24 of the Complaint, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

6. In response to Paragraphs 25 through 27 of the Complaint, Cooper states that the allegations relate to damages, and, therefore, no response is required. To the extent the allegations might be construed to not relate to damages, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

7. In response to Paragraphs 28 through 402 of the Complaint, Cooper states that, because the Paragraphs do not state allegations against Cooper, no response is required. To the extent the Paragraphs might be construed to make allegations against Cooper, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

HOU:0017758/00148:1646962v2

8. In response to Paragraph 403 of the Complaint, Cooper admits that The Justis Law Firm LLC, representing the LWD PRP Group, sent a letter to Cooper dated June 8, 2012 demanding a $63,000 payment LWD characterized as a "settlement offer." Cooper denies that any specific share of response costs heretofore sought by LWD would be its "equitable share" assuming alleged liability is found (which liability is expressly denied). Cooper denies the remaining allegations in Paragraph 403.

9. In response to Paragraph 404 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required. To the extent Paragraph 404 might be construed to state factual allegations, Cooper denies the allegations.

10. In response to Paragraph 405 of the Complaint, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

11. In response to Paragraph 406 of the Complaint, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

12. In response to Paragraph 407 of the Complaint, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

13. In response to Paragraph 408 of the Complaint, Cooper admits the allegations in the Paragraph.

14. In response to Paragraphs 409 through 1820 of the Complaint, Cooper states that, because the Paragraphs do not state allegations against Cooper, no response is required. To the extent the Paragraphs might be construed to make allegations against Cooper, Cooper lacks

knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

## COUNT I – COST RECOVERY

15. In response to Paragraph 1821 of the Complaint, Cooper realleges and incorporates its admissions, denials, and other averments in Paragraphs 1 through 14 above.

16. In response to Paragraph 1822 through 1829 of the Complaint, Cooper states that the allegations merely restate the content of statutes, which speak for themselves, and/or state conclusions of law.  Thus, no response is required.  To the extent the Paragraphs might be construed to make factual allegations against Cooper, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

17. In response to Paragraphs 1830 and 1831 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required.  To the extent the Paragraphs might be construed to state factual allegations, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

18. In response to Paragraph 1832 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required.  To the extent the Paragraph might be construed to state factual allegations, Cooper admits the allegations as to itself, but by acknowledging it is a "person" with the statutory definition, Cooper in no way acknowledges liability under the statute.  As regards the other defendants in this case, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

19. In response to Paragraph 1833 of the Complaint, Cooper denies the allegations as to itself. As regards the other defendants in this case, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

20. In response to Paragraphs 1834 and 1845 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required. To the extent the Paragraph might be construed to state factual allegations, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

21. In response to Paragraphs 1836 and 1837 of the Complaint, Cooper denies the allegations as to itself. As regards the other defendants in this case, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

## COUNT II - CONTRIBUTION

22. In response to Paragraph 1838 of the Complaint, Cooper realleges and incorporates its admissions, denials, and other averments in Paragraphs 1 through 21 above.

23. In response to Paragraph 1839 of the Complaint, Cooper states that the allegations merely restate the content of statutes, which speak for themselves, and/or state conclusions of law. Thus, no response is required. To the extent the Paragraph might be construed to make factual allegations against Cooper, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

24. In response to Paragraph 1840 of the Complaint, Cooper states that to the extent the allegations merely restate the content of an agreed order on consent or statutes, such agreed order

on consent or statutes speak for themselves, and/or state conclusions of law. Thus, no response is required. To the extent the Paragraphs might be construed to make factual allegations against Cooper, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

25. In response to Paragraphs 1841 through 1843 of the Complaint, Cooper denies the allegations as to itself. As regards the other defendants in this case, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

### COUNT III – DECLARATORY RELIEF

26. In response to Paragraph 1844 of the Complaint, Cooper realleges and incorporates its admissions, denials, and other averments in Paragraphs 1 through 25 above.

27. In response to Paragraph 1845 of the Complaint, Cooper states that the allegations state conclusions of law to which no response is required. To the extent the Paragraph might be construed to state factual allegations, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

28. In response to Paragraph 1846 of the Complaint, Cooper states that the allegations merely restate the content of a statute, which speaks for itself, and/or states conclusions of law. Thus, no response is required. To the extent the Paragraph might be construed to state factual allegations against Cooper, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

29. In response to Paragraph 1847 of the Complaint, no response is required as the Paragraph does not make allegations against Cooper. To the extent that the Paragraph might be construed to make allegations against Cooper, Cooper denies the allegations as to itself. As

HOU:0017758/00148:1646962v2

regards the other defendants in this case, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

30. In response to Paragraphs 1848 and 1849 of the Complaint, Cooper denies the allegations as to itself. As regards to the other defendants in this case, Cooper lacks knowledge or information sufficient to form a belief about the truth of these allegations, and, therefore, denies the allegations.

31. Any allegations not specifically admitted above are hereby denied.

### FIRST DEFENSE

32. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

33. The claims in the Complaint should be dismissed for failure to establish conditions.

### THIRD DEFENSE

34. The claims in the Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

35. The claims in the Complaint are barred by the doctrines of laches, estoppel, waiver, ratification, unclean hands, and/or failure to mitigate alleged damages and injuries.

### FIFTH DEFENSE

36. The claims in the Complaint are barred because the Complaint has failed to join a necessary party.

### SIXTH DEFENSE

37. Cooper is not liable in the capacity in which it is sued.

HOU:0017758/00148:1646962v2

## SEVENTH DEFENSE

38. .The claims in the Complaint are barred because the actions of entities comprising LWD caused or contributed to the alleged injuries, damages, and costs.

## EIGHTH DEFENSE

39. The claims in the Complaint are barred because any costs allegedly incurred or to be incurred are not recoverable under 42 U.S.C §§ 9601, (23), (24), (25), and 9607(a)(4)(A) and (B) and other statutory provisions of CERCLA.

## NINTH DEFENSE

40. LWD lacks standing or capacity to sue and its claims must, therefore, be dismissed.

## TENTH DEFENSE

41. The Court lacks jurisdiction, in whole or in part, of Cooper and/or the subject matter of the Complaint.

## ELEVENTH DEFENSE

42. The claims in the Complaint are barred because the costs allegedly incurred or to be incurred are not necessary response costs.

## TWELFTH DEFENSE

43. Any claim against Cooper for joint and several liability is barred because the entities comprising LWD are themselves a liable or responsible party under CERCLA and the environmental harm allegedly caused by Cooper is divisible and/or is capable of appointment.

## THIRTEENTH DEFENSE

44. Any alleged costs incurred or to be incurred by LWD with respect to the LWD Incinerator Site (as defined in the Complaint) were in response to discrete and divisible releases or threatened releases of a hazardous substance, which releases or threatened releases are the

direct and/or proximate result of the actions or omissions of persons other than Cooper, its employees or agents, or by the superseding intervention of causes outside Cooper's control.

## FOURTEENTH DEFENSE

45. CERCLA is unconstitutional as applied to this case, to the extent that (a) it is alleged by LWD to impose any liability upon Cooper for any acts of Cooper that took place prior to CERCLA's enactment and (b) it violates the Commerce Clause.

## FIFTEENTH DEFENSE

46. LWD and its constituent members failed to exercise reasonable care with respect to its activities at the Site(s), and thereby caused or contributed to any response costs that were incurred.

## SIXTEENTH DEFENSE

47. At all times, Cooper exercised due care and conducted its activities reasonably within the state of the art for its business, and complied with applicable environmental laws, regulations, and standards.

## SEVENTEENTH DEFENSE

48. One or more of the alleged releases or threatened releases of hazardous substances into the environmental upon which LWD's claims are predicated, arose or were caused solely by (a) an act or acts of God; (b) the acts or omissions of third parties, and their agents or representatives, who are not employed by Cooper and over whom Cooper has no control, whether by contract or otherwise; or (c) any combination of the foregoing; and, Cooper exercised due care with respect to any hazardous substances and took precautions against foreseeable acts and omissions of third parties within the meaning of 42 U.S.C. § 9607(b)(3) and other provisions of CERCLA or applicable laws.

**EIGHTEENTH DEFENSE**

49. LWD has failed to satisfy all statutory and regulatory conditions precedent for maintenance of an action and/or for recovery against Cooper under CERCLA or Kentucky Statutes.

**NINETEENTH DEFENSE**

50. LWD's claims under CERCLA are barred to the extent that LWD's alleged costs of response are not reasonable or are otherwise not consistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300 *et seq.* applicable at the time such costs were incurred.

**TWENTIETH DEFENSE**

51. If Cooper is liable at all, which it is not and which it denies, it cannot be required to reimburse LWD for anything more than that portion of LWD's costs which correspond to a fair and equitable share of allocated liability; and, any liability of Cooper must be reduced by the amount of LWD's own liability as well as the allocated liability or settlement payments made by any other parties, using "such equitable factors as the court determines are appropriate" as provided in 42 U.S.C. § 9613(f)(1), and otherwise.

**TWENTY-FIRST DEFENSE**

52. Cooper cannot be held liable for any "orphan share" of liability or damages, or be responsible for the share of harm attributable to any other person, whether such person is potentially liable, adjudged liable, insolvent, defunct, or otherwise non-viable, and whether or not such person is a party to this action.

HOU:0017758/00148:1646962v2

**TWENTY-SECOND DEFENSE**

53. Cooper is not liable for any acts or omissions undertaken by or at the direction of a governmental authority, including, without limitation, acts or omissions in accordance with permits, regulations, and laws applicable at the time.

**TWENTY-THIRD DEFENSE**

54. LWD's state law claims are preempted in whole or in part by federal law.

**TWENTY-FOURTH DEFENSE**

55. Cooper is not liable to the extent some of the substances at the LWD Incinerator Site with respect to which LWD allegedly has or will allegedly incur costs do not constitute "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

**TWENTY-FIFTH DEFENSE**

56. Cooper did not intend for wastes or hazardous substances to be disposed of at the LWD Incinerator Site.

**TWENTY-SIXTH DEFENSE**

57. Cooper asserts that it has no responsibility or liability relating to the LWD Incinerator Site; in the alternative, to the extent that liability may exist, which is expressly denied, it is divisible and susceptible to apportionment and Cooper to the extent liable (which is expressly denied) is no more than a *de minimis* contributor.

**TWENTY-SEVENTH DEFENSE**

58. The claims regarding cost recovery set forth in the Complaint are barred because LWD and certain of its constituent members have already resolved all or certain liability for the LWD Incinerator Site.

## TWENTY-EIGHTH DEFENSE

59. To the extent LWD seeks to recover costs incurred voluntarily it may not seek recovery pursuant to a contribution action.

## TWENTY-NINTH DEFENSE

60. Cooper pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Cooper prays for judgment dismissing the Complaint and awarding Cooper its costs, attorneys' fees, and such further relief in its favor as may be just and proper.

Respectfully submitted,

   /s/ Craig Weinstock
Craig L. Weinstock
State Bar No. 21097300
Gerald J. Pels
State Bar No. 15732885
Christopher A. Verducci
State Bar No. 24051470
LOCKE LORD LLP
JPMorgan Chase Tower
600 Travis, Suite 2800
Telephone: (713) 226-1548
Facsimile: (713) 223-3717

*Attorneys for Defendant Cooper US, Inc.*

HOU:0017758/00148:1646962v2

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th of November, 2012, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record, including Fletcher Schrock, Esq., fletch@ml-lawfirm.com, Gary Justis, Esq., gjustis@justislawfirm.com; Jeffrey W. Ahlers, Esq., jahlers@kddk.com, Attorney for Defendant Fox Valley Systems, Inc.; J. Duncan Pitchford, Esq., dpitchford@whitlow-law.com, Attorney for Defendant Wheeler Lumber, LLC; John David Dyche, Esq., jddyche@fmhd.com, Attorney for Defendant Alsco, Inc.; M. Stephen Pitt, Esq., mspitt@wyattfirm.com, Attorney for ACF Industries, LLC; and Mark A Hopper, Esq., mah@dhdwlaw.com, Attorney for Eftec North America, LLC.

I further certify that I have served he following non-ECF participants via first class mail:

Madisonville Auto Parts, Inc.
55 North Scott Street
Madisonville, Kentucky 42431

United States Gypsum Company
550 West Adams Street
Chicago, Illinois 60661

Printers Printing Company, LLC
100 Frank E. Simon Avenue
Shepherdsville, Kentucky 40165

Rawlings Sporting Goods Co., Inc.
7 Bayberry Road
Elmsford, New York 10523

Hannan Maritime Corporation
102 West Emerson
Arlington Heights, Illinois 60005

Andover Coils, LLC
Post Office Box 4848
Lafayette, Indiana 47903

HSBC North America Holdings, Inc.
One HSBC Center, 27th Floor
Buffalo, New York 14203


Bell and Howell, LLC
3791 South Alston Avenue
Durham, North Carolina 27713

HOU:0017758/00148:1646962v2

Carboline Company
c/o Calfee, Halter & Griswold, LLP
1405 East Sixth Street
Cleveland, Ohio 44114-1607

Atkore International, Inc.
16100 South Lathros Avenue
Harvey, Illinois 60426

ACF Industries, LLC
c/o Douglas Cohen, Esq.
Brown Rudnick LLP
185 Asylum Street
Hartford, Connecticut 06103

Zeller Technologies, Inc.
4250 Hoffmeister Avenue
St. Louis, Missouri 63125

Meredith Corporation
70 West Madison Street, Suite 1800
Chicago, Illinois 60602

Universal Music Group, Inc.
2220 Colorado Avenue
Santa Monica, California 90404

AMLI Residential Partners, LLC
180 North LaSalle Street, Suite 3700
Chicago, Illinois 60601

Vorys, Sater, Seymour & Pease, LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202
*Attorneys for Hughes Parker Industries, LLC*

Star Gas Partners, LP
55 Church Street, Suite 211
White Plains, New York 10601-1911

Superior Oil Company, Inc.
1402 North Capital Avenue, Suite 100
Indianapolis, Indiana 46202

Wurth USA, Inc.
93 Grant Street
Ramsey, New Jersey 07446

Barry L. Warren, Esq.
Cohen & Warren
P.O. Box 768
Smithtown, New York 11787
*Attorney for Port Jefferson Country Club*

Spawn Mate, Inc.
260 Westgate Drive
Watsonville, California 95076

Watts & Durr Oil Company, Inc.
P.O. Box 627
Monticello, Kentucky 42633

Murray Equipment, Inc.
2515 Charleston Place
Fort Wayne, IN 46808

Semi Bulk Systems
7700 Forsythe Blvd., #1100
St. Louis, Missouri 63105

English, Lucas, Priest & Owsley
P.O. Box 770
Bowling Green, Kentucky 42102-0770
*Attorneys for Bass Pro Shops, Inc.*

Edward H. Stopher, Esq.
Boehl Stopher & graves
Suite 2300
400 W. Market Street
Louisville, Kentucky 40202-3346
*Attorney for Nagle Pumps, Inc.*

Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
*Attorney for Streater, LLC*

15

Leon Plastics, Inc.
P.O. Box 352
Grand Rapids, MI 49501-0352

Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, MA 02210
*Attorneys for Evanite Fiber Corporation*

Kegler, Brown, Hill & Ritter, LPA
65 East State, Suite 18100
Columbus, OH 43215
*Attorneys for Commerical Vehicle Group, Inc.*

DeWitt Ross & Stevens, S.C.
2 East Mifflin Street, Suite 600
Madison, WI 53703
*Attorneys for M.C. Chemical Company*

Arms Equipment, Inc.
P.O. Box 27
McQuady, KY 40153

ISK Americas Incorporated
f/k/a Ricera, Inc.
7474 Auburn Road
Concord, OH 44077

American Greetings Corporation
One American Road
Cleveland, OH 44144

Mid-Western Commercial Roofers, Inc.
P.O. Box 16818
Mobile, Alabama 36616

Seagull Lighting Products, inc.
7400 Linder Avenue
Skokie, IL 60077

Alsco, Inc.
215 South State Street, Suite 1200
Salt Lake City, UT 84111

HOU:0017758/00148:1646962v2

Dis-Tran Wood Products
4725 Highway 28 East
Pineville, LA 71360

Gould & Ratner
222 NorthLaSalle, Suite. 800
Chicago, IL 60302
*Attorneys for Great Dane, LP*

Bemis Company, Inc.
134 East Wisconsin Avenue
Neenah, WI 54957

Madelaine R. Berg, Esq.
9040 North Flying Butte
Fountain Hills, AZ 85268
*Attorney for Ametek, Inc.*

Nilfisk-Advance, Inc.
14600 21st Avenue North
Plymouth, MN 55447

Curwood, Inc.
134 East Wisconsin Avenue
Neenah, WI 54957

Debrorah A. Weedman, Esq.
8235 Forsyth Blvd., Suite 400
St. Louis, MO 63105
*Attorney for Apex Oil Company, Inc.*

Rexnord Industries, inc.
4701 West Greenfield Avenue
Milwaukee, WI 53214

John P. Ashworth, Esq.
Kell, Alterman & Runstein LLP
520 S.W. Yamhill, Suite 600
Portland, OR 97204-1329
*Attorney for Tetra Pak*

Freehold Cartage, Inc.
1001 Route 517
Hackettstown, NJ 07840

HOU:0017758/00148:1646962v2

Blain Supply, INc.
c/o Brennan, Steil, SC
1 East Milwaukee Street
Janesville, WI 53545

Safeway, Inc.
5918 Stoneridge Mall Road
Pleasanton, CA 94588

                                                 /s/ Craig Weinstock
                                                  Craig Weinstock

HOU:0017758/00148:1646962v2