# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| LWD PRP Group, | : |
| | : Case No. 5:12-cv-00127-TBR |
| Plaintiff, | : |
| | : Judge Thomas B. Russell |
| v. | : |
| | : *ELECTRONICALLY FILED* |
| ACF Industries, LLC, *et al*., | : |
| | : |
| Defendants. | : **MOTION TO DISMISS FILED BY** |
| | : **DEFENDANTS OHIO** |
| | : **DEPARTMENT OF** |
| | : **REHABILITATION AND** |
| | : **CORRECTION AND OHIO** |
| | : **DEPARTMENT OF** |
| | : **TRANSPORTATION** |

Defendants Ohio Department of Rehabilitation and Correction and Ohio Department of Transportation move for dismissal under Civil Rule 12. The reasons and authorities in support of this motion are set forth in the attached Memorandum.

Respectfully submitted,

MICHAEL DEWINE
Attorney General of Ohio

/s/ Dustin J. Calhoun
DUSTIN J. CALHOUN (89713)
Associate Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
(866) 467-3560 FAX
dustin.calhoun@ohioattorneygeneral.gov
Attorney for Defendants Ohio Department
of Rehabilitation and Correction and
Ohio Department of Transportation

**MEMORANDUM**

I. **The LWD PRP Group Alleges that the Ohio Department of Rehabilitation and Correction and the Ohio Department of Transportation Are Liable for Environmental Response Costs.**

This case deals with environmentally hazardous substances at the LWD Incinerator Site and a removal action by the LWD PRP Group, which it undertook pursuant to an administrative settlement agreement with the EPA. (Complaint, ¶¶ 1, 10-22). The PRP Group says that is has incurred, and will continue to incur, costs related to the Site. (Id., ¶¶ 23-27). It seeks cost recovery and contribution pursuant to CERCLA Sections 107(a) and 113(f) and Kentucky Revised Statutes § 224.01-400, declaratory relief, and an allocation of past and future response costs. (Id., ¶ 2). The PRP Group sued over 300 defendants, each of which allegedly generated or transported materials that contained hazardous substances as manifested waste to the LWD Incinerator Site. (Id., ¶¶ 8-9).

Two of the defendants are the Ohio Department of Rehabilitation and Correction (ODRC) and the Ohio Department of Transportation (ODOT). The PRP Group claims that 63,801 pounds of manifested waste containing hazardous substances was transported from ODRC to the LWD Incinerator Site in 1994 and 1995. (Id., ¶¶ 1181-82). The PRP Group also claims that 3,915,470 pounds of manifested waste containing hazardous substances was transported from ODOT to the LWD Incinerator Site between 1994 and 2001. (Id., ¶¶ 1185-86). It further alleges that neither ODRC nor ODOT has paid toward any response costs incurred at the LWD Incinerator Site. (Id., ¶¶ 1183, 1187).

The PRP Group makes three types of claims against ODRC and ODOT (and the other defendants).

First, it seeks recovery of response costs under CERCLA Section 107. (Complaint, ¶¶ 1821-36). It also seeks cost recovery under Kentucky Revised Statutes 224.01-400(25), which is patterned after CERCLA. (Id., ¶ 1837).

Second, the PRP Group seeks contribution under CERCLA Section 113. (Complaint, ¶¶ 1838-42). It also seeks contribution under Kentucky Revised Statutes 224.01-400(25), which is patterned after CERCLA. (Id., ¶ 1843).

Third, it seeks a declaratory judgment under CERCLA Section 113(g)(2). (Id., ¶¶ 1844-46). Under that statute, it seeks a judgment "against all Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response costs." (Id., ¶ 1847). The PRP Group also claims entitlement to a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. (Id., ¶ 1848). Pursuant to that Act, it seeks a judgment "against all Defendants for past and future response costs incurred in connection with the LWD Incinerator Site." (Id., ¶ 1149).

As the following argument will show, the Eleventh Amendment mandates dismissal of all these claims against ODRC and ODOT.

**II.     Argument**

    **A.     ODRC and ODOT are each departments of the State of Ohio and immune from suit under the Eleventh Amendment.**

The Ohio Department of Rehabilitation and Correction is an administrative department of the State of Ohio. Ohio Rev. Code § 121.02(P). Its powers and duties are set forth in Chapter 5120 of the Ohio Revised Code. Courts have repeatedly affirmed that the Eleventh Amendment bars claims against ORDC in federal court. *See, e.g., Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) ("The § 1981 claims against ODRC are barred by the Eleventh Amendment of the

United States Constitution"); *Tackett v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-CV-979, 2011 U.S. Dist. LEXIS 123427, at *7 (S.D. Ohio Oct. 25, 2011) ("ODRC is a state agency and therefore enjoys Ohio's sovereign immunity in federal court, unless waived by the state. . . . Ohio has not waived its sovereign immunity in federal court") (internal citations omitted); *Stoutamire v. Dep't of Rehab. & Corr.*, No. 2:10-CV-00645, 2010 U.S. Dist. LEXIS 139648, at *6 (S.D. Ohio Jan. 13, 2010) ("In this case, there is no question that the Ohio Department of Rehabilitation and Correction is an agency of the State of Ohio" and "immune from suits brought in federal court pursuant to 42 U.S.C. § 1983").

The Ohio Department of Transportation is also an administrative department of the State of Ohio. Ohio Rev. Code § 121.02(D). Its powers and duties are set forth in Chapter 5501 and elsewhere in Title 55 of the Ohio Revised Code. Like ODRC, ODOT is immune from suit in federal court by virtue of the Eleventh Amendment. *See, e.g., Bank One Trust Co. v. Spring Indus.*, Nos. 97-3701; 97-3836, 1998 U.S. App. LEXIS 20667, at *2 (6th Cir. Aug. 19, 1998) ("Plaintiff-Appellant appeals from the interlocutory order dismissing alleged violations of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) . . . against the State of Ohio's Department of Transportation on Eleventh Amendment immunity grounds. Having reviewed the parties' briefs and applicable law, and having heard oral argument, we affirm"); *Quadri v. Ohio DOT*, No. 2:10-CV-733, 2011 U.S. Dist. LEXIS 59534, at *22-23 (S.D. Ohio June 2, 2011) ("As to Defendant ODOT, which is an agency of the State of Ohio, the Eleventh Amendment confers immunity from suit in this Court unless the State has consented to suit or Congress has abrogated its immunity. There is no consent to suit in this case, nor has there been a Congressional abrogation of immunity") (internal citations omitted).

Because both ODRC and ODOT are administrative departments of the State of Ohio, the Eleventh Amendment—absent waiver or abrogation—bars the LWD PRP Group's claims against them. And, as the following argument will show, there has been no waiver or abrogation of Ohio's immunity, so the PRP Group's claims must be dismissed on Eleventh Amendment grounds.

### B. The Eleventh Amendment bars federal-law claims against the State of Ohio and its departments.

The Eleventh Amendment to the United States Constitution reads: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." Courts read this prohibition broadly. The Eleventh Amendment does not discuss suits against a State by its own citizens, but the U.S. Supreme Court "'has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Burnette v. Carothers*, 192 F.3d 52, 57 (2nd Cir. 1999), quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Accordingly, even if plaintiffs were Ohio citizens, unless Ohio consented to their suit, the Eleventh Amendment would bar it.

And Ohio has not consented. As the Sixth Circuit succinctly put it, "Ohio has not waived its sovereign immunity in federal court." *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). The State of Ohio did enact a statutory framework allowing suits against it in the Ohio Court of Claims. *Id.* But that limited waiver of sovereign immunity does not extend to suits in federal court: actions there are still barred by the Eleventh Amendment. *Id.*; see also *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) ("in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's

intention to subject itself to suit in federal court"). The Sixth Circuit recently reaffirmed Ohio's immunity to suit in federal court. *Vibo Corp. v. Conway*, 669 F.3d 675, 691-92 (6th Cir. 2012) (discussing the Eleventh Amendment immunity of Ohio and other states).

### 1. The PRP Group's CERCLA claims are subject to the Eleventh Amendment bar.

Congress may abrogate Eleventh Amendment immunity if it acts under the power vested in it by Section 5 of the Fourteenth Amendment. *Burnette v. Carothers*, 192 F.3d 52, 59 (2nd Cir. 1999), citing *Seminole Tribe v. Florida*, 517 U.S. 44, 59, 65-66 (1996). CERCLA, however, was enacted pursuant to the Commerce Clause, not the Fourteenth Amendment. *Id*. That fact led the Third Circuit, in an opinion written by then-Judge Sotomayor, to conclude that "any provision in [CERCLA] that makes a state liable to private parties is . . . unenforceable." *Id.*, *see also D.L. Braughler Co. v. Kentucky*, 271 F. Supp. 2d 937, 940 (E.D. Ky. 2003) (following *Burnette* and holding that CERCLA did not abrogate Kentucky's Eleventh Amendment immunity).

No court has disagreed with *Burnette*'s conclusion that the Eleventh Amendment, as applied by the Supreme Court in *Seminole Tribe*, trumps any CERCLA provision purporting to make a State liable to a private party for cost recovery. The Sixth Circuit, moreover, has independently recognized that CERCLA does not abrogate the Eleventh Amendment immunity of the States. *Bergmann v. Michigan State Transp. Comm'n*, 665 F.3d 681, 682-83 (6th Cir. 2011), citing *Seminole Tribe*, 517 U.S. at 72.

Accordingly, this Court must dismiss the PRP Group's CERCLA Section 107 claim for cost recovery, and its CERCLA Section 113 claim for contribution, as barred by the Eleventh Amendment.

But that is not all. The Eleventh Amendment reaches "*any suit* in law or equity." As the Sixth Circuit explained in *Mixon*, even if a suit seeks injunctive relief only, the Eleventh Amendment still bars it, "for 'the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the *Eleventh Amendment*.'" *Mixon*, 193 F.3d at 397, quoting *Seminole Tribe,* 517 U.S. at 58. So the PRP Group's claim for a declaratory judgment against the State of Ohio under CERCLA Section 113(g)(2) is barred just as its monetary claims are. *See, e.g., Louisville Pub. Warehouse v. Indiana Dept. of Transp.*, No. NA 01-140-C B/G, 2001 U.S. Dist. LEXIS 13122 (S.D. Ind. Aug. 24, 2001) (dismissing CERCLA declaratory judgment action against Indiana government agency on Eleventh Amendment grounds);

**2. The Eleventh Amendment bars the PRP Group's claim under the Declaratory Judgment Act, and that Act does not provide a basis for federal jurisdiction.**

According to the Complaint, ODRC was responsible for waste shipments in 1994 and 1995 and ODOT's shipments occurred between 1994 and 2001. The PRP Group does not claim any continuing violation of federal environmental law; rather, it seeks a declaratory judgment "for past and future response costs" incurred in connection with past waste shipments to the LWD Incinerator Site. (Complaint, ¶¶ 1148-49).

The federal Declaratory Judgment Act, however, cannot be used to make an "end run" around the Eleventh Amendment. As the U.S. Supreme Court explained:

> There is a dispute about the lawfulness of [Michigan's] past actions, but the Eleventh Amendment would prohibit the award of money damages or restitution if that dispute were resolved in favor of petitioners. We think that the award of a declaratory judgment in this situation would be useful in resolving the dispute over the past lawfulness of [Michigan's] action only if it might be offered in state-court proceedings as res judicata on the issue of liability, leaving to the state courts only a form of accounting proceeding whereby damages or restitution would be computed. But the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of

> damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment.

*Green v. Mansour*, 474 U.S. 64, 73 (1985).

Put somewhat differently, when a request for relief under federal law "would 'lead inexorably to the payment of state funds,'" it is precluded by the state's sovereign immunity. *Ernst v. Rising*, 427 F.3d 351, 371 (6th Cir. 2005) (en banc), *quoting Quern v. Jordan*, 440 U.S. 332, 347 (1979); *see also Amick v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-812, 2010 U.S. Dist. LEXIS 134404, at *11-12 (S.D. Ohio Dec. 17, 2010) (holding that Eleventh Amendment barred claims asserted against ODRC for declaratory relief under state law). Since the whole point of the PRP Group's request for declaratory relief is to obtain a "judgment . . . for past and future response costs" any such judgment, as applied to ODRC and ODOT, would lead directly to the State of Ohio's treasury—and the Eleventh Amendment necessarily precludes it.

Notably, too, the Declaratory Judgment Act is not a basis for federal jurisdiction: it must be tied to another federal-law claim. Because this Court lacks jurisdiction over the PRP Group's CERCLA claims against ODRC and ODOT, the request for declaratory relief cannot stand on its own. *See Heydon v. Media One of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) ("The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction . . . . The Act only provides courts with discretion to fashion a remedy. Thus, before invoking the Act, the court must have jurisdiction already") (internal citations omitted). Accordingly, for this additional reason, the PRP Group's claims under 28 U.S.C. §§ 2201 and 2202 must be dismissed.

8

    **C.    The Eleventh Amendment bars the PRP Group's claims under Kentucky law.**

Finally, the Eleventh Amendment precludes state-law claims in federal court. *See Mixon v. Ohio*, 193 F.3d 389, 398 (6th Cir. 1999) ("the federal court had no jurisdiction under *Seminole Tribe* over the state law . . . claims"); *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 540-41 (2002) ("the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court"). The State of Ohio has not consented to suit on state law claims in federal court. *See McCormick v. Miami Univ.*, No. 11-3614, 2012 U.S. App. LEXIS 18950 at *26 (6th Cir. Sep. 10, 2012) ("Congress has not abrogated the Eleventh Amendment for state law claims, nor has Ohio waived sovereign immunity") (internal citation omitted). Accordingly, the PRP Group's claims against ODRC and ODOT under Kentucky Revised Statutes 224.01-400(25) must be dismissed.

### III. Conclusion

For the foregoing reasons, the LWD PRP Group's Complaint against the Ohio Department of Rehabilitation and Correction and the Ohio Department of Transportation must be dismissed without prejudice on jurisdictional grounds.

Respectfully submitted,

MICHAEL DEWINE
Attorney General of Ohio

/s/ Dustin J. Calhoun
DUSTIN J. CALHOUN (89713)
Associate Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
(866) 467-3560 FAX
dustin.calhoun@ohioattorneygeneral.gov
Attorney for Defendants Ohio Department
of Rehabilitation and Correction and
Ohio Department of Transportation

**CERTIFICATE OF SERVICE**

On this 29th day of November, 2012 I electronically filed this document through the ECF system, which will send a notice of electronic filing to W. Fletcher McMurry Schrock, attorney for the plaintiff LWD PRP Group and to the other defendants in this matter.

/                                      s/ Dustin J. Calhoun
DUSTIN J. CALHOUN (89713)
Associate Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
(866) 467-3560 FAX
dustin.calhoun@ohioattorneygeneral.gov
Attorney for Defendants Ohio Department
of Rehabilitation and Correction and
Ohio Department of Transportation