IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-R

LWD PRP GROUP            PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.            DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### COLUMBIA COUNTY, NEW YORK (Electronically Filed)

Comes Defendant Columbia County, New York ("Defendant") by counsel, and for its answer to Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint or portions of it fails to state a claim upon which relief can be granted against this Defendant and therefore must be dismissed.

### SECOND DEFENSE

1. Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Complaint, and therefore denies the same, but does not deny matters properly of public record.

2. With regard to Paragraphs 3 and 4 of the Complaint, Defendant admits that jurisdiction and venue are proper in this Court. With regard to any other allegations in Paragraphs 3 and 4 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

3. With regard to Paragraphs 5 through 27 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

4. With regard to Paragraphs 28 through 363 of the Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

5. With regard to Paragraph 364 of the Complaint, Defendant admits that the LWD PRP Group sent a letter to Defendant dated July 23, 2012 demanding payment. Defendant denies the remaining allegations in Paragraph 364.

6. Defendant admits the allegations in Paragraph 365 of the Complaint.

7. With regard to Paragraphs 366 and 367 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

8. Defendant admits the allegations in Paragraph 368 of the Complaint.

9. With regard to Paragraphs 369 through 1820 of the Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

10. With regard to Paragraph 1821 of the Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

11. With regard to Paragraphs 1822 through 1829 of the Complaint, Defendant states that these Paragraphs do not require a response as they merely restate the content of statutes, which statutes speak for themselves. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

12. With regard to Paragraphs 1830 and 1831 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

13. Defendant admits the allegations in Paragraph 1832 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

14. Defendant denies the allegations in Paragraph 1833 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

15. With regard to Paragraphs 1834 and 1835 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

16. Defendant denies the allegations in Paragraphs 1836 and 1837 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

17. With regard to Paragraph 1838 of the Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

18. With regard to Paragraph 1839 of the Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

19. With regard to Paragraph 1840 of the Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

20. Defendant denies the allegations in Paragraphs 1841 through 1843 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

21. With regard to Paragraph 1844 of the Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

22. Defendant admits the allegations in Paragraph 1845.

23. With regard to Paragraph 1846 of the Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

24. With regard to Paragraph 1847 of the Complaint, no response is required of Defendant as this Paragraph does not make allegations regarding Defendant. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

25. Defendant denies the allegations in Paragraphs 1848 through 1849 of the Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

### THIRD DEFENSE

The claims in Plaintiff's Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff lacks standing or capacity to sue and its claims must, therefore, be dismissed.

### SIXTH DEFENSE

The claims in Plaintiff's Complaint are barred by waiver.

**SEVENTH DEFENSE**

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

**EIGHTH DEFENSE**

The alleged releases were federally permitted.

**NINTH DEFENSE**

The alleged releases were de micromis.

**TENTH DEFENSE**

Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Defendant Columbia County, New York respectfully requests the Complaint be dismissed, with prejudice, for its costs herein expended and for all other relief to which it may be entitled.

                WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
                Attorneys for Defendant Columbia County, New York

By: */s/ J. Duncan Pitchford*
     J. Duncan Pitchford
     dpitchford@whitlow-law.com
     Nicholas M. Holland
     nholland@whitlow-law.com
     Post Office Box 995
     Paducah, Kentucky 42002-0995
     270-443-4516 (Telephone)
     270-443-4571 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this  12   day of December, 2012, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record, including Fletcher Schrock, Esq., fletch@ml-lawfirm.com, Gary Justis, Esq., gjustis@justislawfirm.com; and Ambereen Shaffie, Esq., ashaffie@justislawfirm.com, Counsel for Plaintiff; and jahlers@kddk.com, Attorney for Defendant Fox Valley Systems, Inc.

I further certify that I have served the following non-ECF participants via first class mail:


Mark Hopper, Esq.
DeLoof Hopper Dever & Wright PLLC
301 North Main Street, Suite 250
Ann Arbor, Michigan 48104
Attorney for Eftec North America, LLC

Madisonville Auto Parts, Inc.
55 North Scott Street
Madisonville, Kentucky 42431

United States Gypsum Company
550 West Adams Street
Chicago, Illinois 60661

Printers Printing Company, LLC
100 Frank E. Simon Avenue
Shepherdsville, Kentucky 40165

Rawlings Sporting Goods Co., Inc.
7 Bayberry Road
Elmsford, New York 10523

Hannan Maritime Corporation
102 West Emerson
Arlington Heights, Illinois 60005

Andover Coils, LLC
Post Office Box 4848
Lafayette, Indiana 47903

HSBC North America Holdings, Inc.
One HSBC Center, 27th Floor
Buffalo, New York 14203

Bell and Howell, LLC
3791 South Alston Avenue
Durham, North Carolina 27713

Carboline Company
c/o Calfee, Halter & Griswold, LLP
1405 East Sixth Street
Cleveland, Ohio 44114-1607

Atkore International, Inc.
16100 South Lathros Avenue
Harvey, Illinois 60426

ACF Industries, LLC
c/o Douglas Cohen, Esq.
Brown Rudnick LLP
185 Asylum Street
Hartford, Connecticut 06103

Zeller Technologies, Inc.
4250 Hoffmeister Avenue
St. Louis, Missouri 63125

Meredith Corporation
70 West Madison Street, Ste. 1800
Chicago, IL 60602

AMLI Residential Partners, LLC
180 North LaSalle Street, Suite 3700
Chicago, IL 60601

Star Gas Partners, LP
55 Church Street, Suite 211
White Plains, NY 10601-1911

Wurth USA, Inc.
93 Grant Street
Ramsey, NJ 07446

Barry L. Warren, Esq.
Cohen & Warren
P.O. Box 768
Smithtown, NY 11787
Attorney for Port Jefferson Country Club

Spawn Mate, Inc.
260 Westgate Drive
Watsonville, CA 95076

Watts & Durr Oil Company, Inc.
P.O. Box 627
Monticello, KY 42633

Murray Equipment, Inc.
2515 Charleston Place
Fort Wayne, IN 46808

Semi Bulk Systems
7700 Forsythe Blvd., #1100
St. Louis, MO 63105

Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
Attorney for Streater, LLC

Kegler, Brown, Hill & Ritter, LPA
65 East State Street, Suite 1800
Columbus, OH 43215
Attorneys for Commercial Vehicle Group, Inc.

DeWitt, Ross & Stevens, S.C.
2 East Mifflin Street, Suite 600
Madison, WI 53703
Attorneys for M.C. Chemical Company

Arms Equipment, Inc.
P.O. Box 27
McQuady, KY 40153

ISK Americas Incorporated
f/k/a Ricerca, Inc.
7474 Auburn Road
Concord, OH 44077

American Greetings Corporation
One American Road
Cleveland, OH 44144

Mid-Western Commercial Roofers, Inc.
P.O. Box 16818
Mobile, AL 36616

Seagull Lighting Products, Inc.
7400 Linder Avenue
Skokie, IL 60077

Alsco, Inc.
215 South State Street, Suite 1200
Salt Lake City, UT 84111

Dis-Tran Wood Products
4725 Highway 28 East
Pineville, LA 71360

Gould & Ratner
222 NorthLaSalle, Ste. 800
Chicago, IL 60302
Attorneys for Great Dane, LP

Bemis Company, Inc.
134 East Wisconsin Avenue
Neenah, WI 54957

Madelaine R. Berg, Esq.
9040 North Flying Butte
Fountain Hills, AZ 85268
Attorney for Ametek, Inc.

Nilfisk-Advance, Inc.
14600 21st Avenue North
Plymouth, MN 55447

Curwood, Inc.
134 East Wisconsin Avenue
Neenah, WI 54957

Deborah A. Weedman, Esq.
8235 Forsyth Blvd., Ste 400
St. Louis, MO 63105
Attorney for Apex Oil Company, Inc.

Rexnord Industries, Inc.
4701 West Greenfield Avenue
Milwaukee, WI 53214

John P. Ashworth, Esq.
Kell, Alterman & Runstein LLP
520 S.W. Yamhill, Suite 600
Portland, OR 97204-1329
Attorney for Tetra Pak

Blain Supply, Inc.
c/o Brennan, Steil, SC
1 East Milwaukee Street
Janesville, WI 53545

Cooper US, Inc.
c/o Craig L. Weinstock, Esq.
Locke Lord LLP
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, TX 77002

/s/*J. Duncan Pitchford*
J. Duncan Pitchford