UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 5:12-CV-000127-R |
| | ) |
| vs. | ) |
| | ) |
| ACF INDUSTRIES LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT SPAWN MATE, INC.'S ANSWER**

Defendant Spawn Mate, Inc. ("Spawn Mate"), as its Answer to the Complaint herein, states as follows:

**FIRST DEFENSE**

The Complaint or portions of it fails to state a claim upon which relief can be granted against this Defendant and therefore must be dismissed.

**SECOND DEFENSE**

1. In response to Paragraphs 1 and 2 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent Paragraphs 1 and 2 might be construed to state factual allegations, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies

the allegations.

2. In response to Paragraphs 3 and 4 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent Paragraphs 3 and 4 might be construed to state factual allegations, Spawn Mate admits that, if this action were properly brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), then this Court would have subject matter jurisdiction and venue.

3. In response to Paragraphs 5 and 6 of the Complaint, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

4. In response to Paragraph 7 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent Paragraph 7 might be construed to state factual allegations, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

5. In response to Paragraphs 8 through 27 of the Complaint, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

6. In response to Paragraphs 28 through 1501 of the Complaint, Spawn Mate states that, because the Paragraphs do not state allegations against Spawn Mate, no response is required. To the extent the Paragraphs might be construed to make allegations against

Spawn Mate, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

7. In response to Paragraph 1502 of the Complaint, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

8. In response to Paragraph 1503 of the Complaint, Spawn Mate states that the EPA issued a number to Spawn Mate, but specifically denies that it is the number alleged. Except as thus expressly admitted, Spawn Mate denies the remaining allegations of Paragraph 1503.

9. In response to Paragraph 1504 of the Complaint, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding annual reports submitted for the LWD site, and, therefore, denies such allegations. Spawn Mate specifically denies it made one shipment of manifested waste containing hazardous substances totaling 161,210 lbs., with EPA ID No. IND038914600, to the LWD Incinerator Site in 1997, as well as any remaining allegations of Paragraph 1504.

10. In response to Paragraph 1505 of the Complaint, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

11. In response to Paragraph 1506 of the Complaint, Spawn Mate admits the allegations.

12. In response to Paragraphs 1507 through 1820 of the Complaint, Spawn Mate

states that, because the Paragraphs do not state allegations against Spawn Mate, no response is required. To the extent the Paragraphs might be construed to make allegations against Spawn Mate, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

13. In response to Paragraph 1821 of the Complaint, Spawn Mate incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

14. In response to Paragraph 1822 through 1829 of the Complaint, Spawn Mate states that the allegations merely restate the content of statutes, which speak for themselves, and/or state conclusions of law, requiring no response. To the extent the Paragraphs might be construed to make factual allegations against Spawn Mate, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

15. In response to Paragraphs 1830 and 1831 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent the Paragraphs might be construed to state factual allegations, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

16. In response to Paragraph 1832 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent the Paragraph might be construed to state factual allegations, Spawn Mate admits the allegations as to itself, but by acknowledging it is a "person" with the statutory definition, Spawn Mate in

no way acknowledges liability under the statute. As regards the other defendants in this case, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

17. In response to Paragraph 1833 of the Complaint, Spawn Mate denies the allegations as to itself. As regards the other defendants in this case, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

18. In response to Paragraphs 1834 and 1845 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent the Paragraph might be construed to state factual allegations, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

19. In response to Paragraphs 1836 and 1837 of the Complaint, Spawn Mate denies the allegations as to itself. As regards the other defendants in this case, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

20. In response to Paragraph 1838 of the Complaint, Spawn Mate incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

21. In response to Paragraph 1839 of the Complaint, Spawn Mate states that the allegations merely restate the content of statutes, which speak for themselves, and/or state conclusions of law. Thus, no response is required. To the extent the Paragraph might be

construed to make factual allegations against Spawn Mate, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

22. In response to Paragraph 1840 of the Complaint, Spawn Mate states that to the extent the allegations merely restate the content of an agreed order on consent or statutes, such agreed order on consent or statutes speak for themselves, and/or state conclusions of law. Thus, no response is required. To the extent the Paragraphs might be construed to make factual allegations against Spawn Mate, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

23. In response to Paragraphs 1841 through 1843 of the Complaint, Spawn Mate denies the allegations as to itself. As regards the other defendants in this case, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

24. In response to Paragraph 1844 of the Complaint, Spawn Mate incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

25. In response to Paragraph 1845 of the Complaint, Spawn Mate states that the allegations are conclusions of law requiring no response. To the extent the Paragraph might be construed to state factual allegations, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

26. In response to Paragraph 1846 of the Complaint, Spawn Mate states that the allegations merely restate the content of a statute, which speaks for itself, and/or states conclusions of law, requiring no response. To the extent the Paragraph might be construed to state factual allegations against Spawn Mate, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

27. In response to Paragraph 1847 of the Complaint, no response is required as the Paragraph does not make allegations against Spawn Mate. To the extent that the Paragraph might be construed to make allegations against Spawn Mate, Spawn Mate denies the allegations as to itself. As regards the other defendants in this case, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

28. In response to Paragraphs 1848 and 1849 of the Complaint, Spawn Mate denies the allegations as to itself. As regards to the other defendants in this case, Spawn Mate lacks sufficient information or knowledge to form a belief as to the truth of these allegations, and, therefore, denies the allegations.

### THIRD DEFENSE

The claims in the Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

The claims in the Complaint are barred by the doctrines of laches.

**FIFTH DEFENSE**

The claims are barred by waiver.

**SIXTH DEFENSE**

The claims are barred as a result of Plaintiffs failure to mitigate.

**SEVENTH DEFENSE**

LWD and/or members of the Plaintiff group failed to exercise reasonable care with respect to its/their activities at the Site(s), and thereby caused or contributed to any response costs that were incurred.

**EIGHTH DEFENSE**

The claims in the Complaint are barred because any costs allegedly incurred or to be incurred are not recoverable under 42 U.S.C §§ 9601, (23), (24), (25), and 9607(a)(4)(A) and (B) and other statutory provisions of CERCLA.

**NINTH DEFENSE**

LWD lacks standing or capacity to sue and its claims must, therefore, be dismissed.

**TENTH DEFENSE**

Any claim against Spawn Mate for joint and several liability is barred because the entities comprising LWD are themselves a liable or responsible party under CERCLA and any environmental harm allegedly caused by Spawn Mate, which is specifically denied, is divisible and/or is capable of apportionment.

## ELEVENTH DEFENSE

At all times, Spawn Mate exercised due care and conducted its activities reasonably within the state of the art for its business, and complied with applicable environmental laws, regulations, and standards.

## TWELFTH DEFENSE

One or more of the alleged releases or threatened releases of hazardous substances into the environmental upon which LWD's claims are predicated, arose or were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Spawn Mate has no contractual relationship, and Spawn Mate has no liability for same.

## THIRTEENTH DEFENSE

LWD's claims under CERCLA are barred to the extent that LWD's alleged costs of response are not reasonable or are otherwise not consistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300 *et seq.* applicable at the time such costs were incurred.

## FOURTEENTH DEFENSE

Spawn Mate is not liable to the extent its of the substances, if any, at the LWD Incinerator Site with respect to which LWD allegedly has or will allegedly incur costs do not constitute "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

## FIFTEENTH DEFENSE

If any liability may exist to Spawn Mate, which is expressly denied, it is divisible

and susceptible to apportionment and Spawn Mate to the extent liable (which is expressly denied) is no more than a *de minimis* contributor.

## SIXTEENTH DEFENSE

If any liability may exist to Spawn Mate, which is expressly denied, it is divisible and susceptible to apportionment and Spawn Mate to the extent liable (which is expressly denied) is no more than a *de micromis* contributor.

## SEVENTEENTH DEFENSE

Spawn Mate pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Spawn Mate prays for judgment dismissing the Complaint and awarding Spawn Mate its costs, attorneys' fees, and such further relief in its favor as may be just and proper.

Respectfully submitted,

/s/ Jacquelyn K. Wilson
_____
Jacquelyn K. Wilson
SAMUELSON, WILSON & ROE
210 North Fourth St, #201
San Jose, CA 95112
jkw@swr-law.com
Attorney for Defendant
SPAWN MATE, INC.

**NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE**
I hereby certify that I have electronically filed the foregoing with the clerk of the court by using the CM/ECF system on this the 16th day of December, 2012, which will send a

notice of electronic filing to all counsel of record in this action. Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Jacquelyn K. Wilson
_____
By: Jacquelyn K Wilson