UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. **5:12CV-00127-TBR** |
| v. | ) |
| | ) **NOTICE OF MOTION TO DISMISS** |
| ACF INDUSTRIES LLC, et al., | ) |
| | ) |
| Defendants. | ) |

Defendant, STAR GAS PARTNERS LP, moves for dismissal pursuant to Fed. R. Civ. P. 12 (b)(6) and/or 56. The reasons and authorities in support of this motion are set forth in the attached Affirmation and Affidavit.

Dated: White Plains, New York
December 14, 2012

_____
Paul E. Svensson
Hodges Walsh & Slater, LLP
Attorneys for Defendant
STAR GAS PARTNERS LP
55 Church Street, Suite 211
White Plains, NY 10601
Tel: 914-385-6000
Fax: 914-385-6060

To:
Ambereen K. Shaffie, Esq.
Gary D. Justis, Esq.
THE JUSTIS LAW FIRM, LLC
5251 W. 116th Street, Suite 200
Leawood, KS 66211

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **5:12CV-00127-TBR** |
| v. ) | |
| ) | **AFFIRMATION IN SUPPORT** |
| ACF INDUSTRIES LLC, et al., ) | **OF MOTION TO DISMISS** |
| ) | |
| Defendants. ) | *Electronically Filed* |
| ) | |

PAUL E. SVENSSON, ESQ., hereby affirms the following:

1. I am an attorney admitted *Pro Hac Vice* to practice law before this Court, and a member of Hodges Walsh & Slater, LLP, attorneys for Defendant STAR GAS PARTNERS LP.

2. This Affirmation is submitted in support of the within motion to dismiss the Complaint as against STAR GAS PARTNERS LP ("Star Gas") pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56 if the Court so converts the instant motion, on the grounds that Plaintiff, LWD PRP GROUP ("PRP Group") has failed to state a claim against STAR GAS.

3. Under Rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual tale alleged is implausible. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & 570 (2007). Moreover, a pleader must do more than merely incant labels, conclusions and the formulaic elements of a cause of action. Id. at 555.

5. Summary judgment under Rule 56 "is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." Browning v. Levy, 283 F.3d 761, 769 (6th Cir.2002) (citing Fed.R.Civ.P. 56(c)).

6. An Affidavit may be used to support a motion for summary judgment, if it meets four prerequisites: (1) sworn or otherwise subscribed as true under a risk of perjury; (2) made on personal knowledge; (3) set our facts that would be admissible in evidence; and (4) show that the maker is competent to testify on the matters expressed. See Rule 56(c)(4).

## BACKGROUND

7. This action relates to the removal of hazardous substances at the LWD Incinerator Site, undertaken pursuant to an administrative settlement with the U.S. Environmental Protection Agency ("EPA"). (Complaint ¶¶ 1, 10-22).

8. The PRP Group alleged that it incurred, and will continue to incur, costs related to the site. (¶¶ 23-27).

9. The PRP Group seeks cost recovery and contribution pursuant to CERCLA Sections 107(a) and 113(f) and Kentucky Revised Statutes §§ 224.01-400, declaratory relief and an allocation of past and future response costs. (¶ 2).

10. The PRP Group sued over 300 defendants each of whom allegedly generated or transported hazardous materials as manifested waste to the LWD Incinerator Site. (¶ 8-9).

11. The PRP Group alleges that Star Gas is a parent company to Cibro Petroleum Products, Inc. (¶1514).

12. Based solely upon calculations of waste shipments made by Cibro Petroleum Products, Inc. (¶¶1515-1516), it is alleged that Star Gas is responsible for 40,480 lbs. of hazardous materials. (¶1517).

13. The PRP Group makes three types of claims against Star Gas (and the other defendants).

14. First, it seeks recovery of response costs under CERCLA Section 107. (¶¶1821-36).

15. Second, the PRP Group seeks contribution under CERCLA Section 113 (¶¶1838-42) and contribution under Kentucky Revised Statutes §§ 224.01-400, which is also patterned after CERCLA. (¶1843).

16. Third, it seeks a declaratory judgment under CERCLA Section 113(g)(2). (¶¶ 1844-46). Under that Statute, PRP Group seeks a judgment "against all defendants holding them liable for their respective shares of response costs that will be binding in any subsequent action to recover further response costs." (¶1847). The PRP Group also claims entitlement to a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. (¶1848). Pursuant to that Act, it seeks a judgment "against all Defendants for past and future response costs incurred in connection with the LWD Incinerator Site." (¶1149).

17. As the following will show, Star Gas is not a parent company to, and has no equity interest in, Cibro Petroleum Products, Inc., thus even if the PRP Group is able to prove their claims against Cibro Petroleum Products, Inc., it cannot maintain an action against Star Gas.

18. A request for voluntary withdrawal of the Complaint - on the grounds that Star Gas is not a parent company to, and has no equity interest in, Cibro Petroleum Products, Inc. - was sent to Plaintiff's counsel c/o Ambereen K. Shaffie, Esq. and Gary D. Justis, Esq. of THE JUSTIS LAW FIRM, LLC, 5251 W. 116th Street, Suite 200, Leawood, KS 66211 on December 3, 2012, annexed hereto as **EXHIBIT A**.

19. To date, no response has been received.

### ARGUMENT

### THE CLAIM MUST BE DISMISSED OR SUMMARY JUDGMENT GRANTED BECAUSE STAR GAS IS NOT A PARENT COMPANY AND HAS NO EQUITY INTEREST IN CIBRO PETROLEUM PRODUCTS, INC.

20. The Affidavit of Richard G. Oakley is annexed hereto as **EXHIBIT B**.

21. Mr. Oakley is the Vice-President and Controller for Petro Inc. with principal offices located at 2187 Atlantic Street, Stamford, CT 06904.

22. Mr. Oakley confirmed that Star Gas is the parent company for Petro Inc.

23. The Complaint, however, as noted, was served upon Star Gas "as the parent company to Cibro Petroleum Products, Inc." (¶1514).

24. Mr. Oakley conducted a search to determine if Star Gas Partners, LP was the parent company, or had any equity interest in, Cibro Petroleum Products, Inc.

25. After completing his search, he averred that Star Gas is not, and has never been, the parent company to Cibro Petroleum Products, Inc., and that Star Gas does not, and has never, had an equity interest in Cibro Petroleum Products, Inc.

26. Based upon the foregoing, it is respectfully submitted that Star Gas is not a parent company to, and has no equity interest in, Cibro Petroleum Products, Inc., thus

even if the PRP Group is able to prove their claims against Cibro Petroleum Products, Inc., it cannot maintain an action against Star Gas.

27. As such, it is respectfully submitted that the claims against Star Gas must be dismissed pursuant to Rule 12(b)(6) and/or Rule 56.

WHEREFORE it is respectfully requested that the claims against Star Gas be dismissed pursuant to Rule 12(b)(6) and/or Rule 56 together with such further or other relief as the Court deems to be just and fair.

Dated: December 14, 2012
      White Plains, NY

Respectfully submitted,

_____
Paul E. Svensson
Hodges Walsh & Slater, LLP
Attorneys for Defendant
STAR GAS PARTNERS LP
55 Church Street, Suite 211
White Plains, NY 10601
Tel: 914-385-6000
Fax: 914-385-6060

## CERTIFICATE OF SERVICE

On this 17th Day of December 2012, I electronically filed this document through the ECF system, which we send a notice of electronic filing to counsel for Plaintiff LWD Group and counsel to the other defendants in this matter.

Respectfully submitted,

*Paul E. Svensson*

Paul E. Svensson
Hodges Walsh & Slater, LLP
Attorneys for Defendant
STAR GAS PARTNERS LP
55 Church Street, Suite 211
White Plains, NY 10601
Tel: 914-385-6000
Fax: 914-385-6060