IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

LWD PRP GROUP,

Plaintiff,

v.

ACF INDUSTRIES LLC *et al.*

Defendants.

No. 5:12-cv-127-R

***Electronically Filed***

**DEFENDANT ACF INDUSTRIES LLC's ANSWER AND AFFIRMATIVE
DEFENSES TO THE COMPLAINT AND COUNTERCLAIMS**

Defendant ACF Industries LLC ("ACF"), through its counsel, submits the following

Answer and Affirmative Defenses to the Complaint of Plaintiff LWD PRP Group ("Plaintiff")

and asserts counterclaims as follows:

## STATEMENT OF THE CASE

1.      The allegations in Paragraph 1 characterize the nature of the action commenced by

Plaintiff and describe the relief sought by Plaintiff and, therefore, do not require a response.  To

the extent a response is required, ACF denies the allegations contained in Paragraph 1.

2.      The allegations in Paragraph 2 characterize the nature of the action commenced by

Plaintiff and describe the relief sought by Plaintiff and, therefore, do not require a response.  To

the extent a response is required, ACF denies the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.      Paragraph 3 is a legal conclusion to which no response is required.  To the extent a

response is required, ACF denies the allegations in Paragraph 3.

4.      Paragraph 4 is a legal conclusion to which no response is required.  To the extent a

response is required, ACF denies the allegations in Paragraph 4.

## FACTUAL BACKGROUND

5.      ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies them.

6.      ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7.      Paragraph 7 is a legal conclusion to which no response is required.  To the extent a response is required, ACF denies the allegations in Paragraph 7.

8.      ACF admits that that the United States Environmental Protection Agency ("EPA") issued EPA ID numbers to it, its affiliates, and predecessors.  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies them.

9.      ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies them.

10.      ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.      ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12.      ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.      ACF does not have sufficient information to form a belief as to the truth of the

allegations in Paragraph 13 and, therefore, denies them.

14.     ACF admits that EPA took actions to address unknown substances at the property located at 2745 Industrial Boulevard in Calvert City, Kentucky (the "Site").  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15.     ACF admits the allegations in Paragraph 15.

16.     ACF admits that EPA commenced a response action in March 2006.  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies them.

17.     ACF admits that hazardous substances were present on the Site.  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies them.

18.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21.     ACF admits that EPA and 58 potentially responsible parties entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (the "Removal Action AOC"), effective March 1, 2007, but states that the AOC speaks for itself and is the best evidence of its content.  ACF does not have sufficient information to form a belief as to the truth of

the remaining allegations in Paragraph 21 and, therefore, denies them.

22.     ACF admits that EPA issued a Notice of Completion dated September 29, 2009, but states that the notice speaks for itself and is the best evidence of its content.  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies them.

23.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26.     Paragraph 26 is a legal conclusion to which no response is required.  To the extent a response is required, ACF denies the allegations in Paragraph 26.

27.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

## THE PARTIES

28.     ACF does not have sufficient information regarding the LWD PRP Group to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29.     ACF admits that the LWD PRP Group sent a demand letter and offer of settlement, dated June 8, 2012 to ACF, but states that the letter speaks for itself and is the best evidence of its content.

30.     ACF admits that it is a successor to ACF Industries Inc., which acquired Shippers Car Line in 1927.  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies them.

31.     ACF admits that EPA issued EPA ID Nos. MOD006280119, ILD006273809, MOT300010022, and MOD122878309 to ACF's predecessors, subsidiaries or affiliates.

32.     ACF admits that, under EPA ID No. MOT300010022, shipments of approximately 19,500 lbs., 6,092 lbs., 7,455 lbs., and 7,330 lbs. of waste were sent to the facility in 1986, 1987, 1988, and 1989 respectively,  from a facility located at 1101 Bedford Avenue, North Kansas City, Missouri, to the Site.  ACF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies them.

33.     ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.     ACF admits the allegation in Paragraph 34.

35.     Paragraphs 35 – 1820 contain allegations regarding defendants other than ACF. ACF does not have sufficient information to form a belief as to the truth of the allegations regarding such other defendants in Paragraphs 35 -1820 and, therefore, denies them.

## COUNT I – COST RECOVERY

1821.   ACF incorporates by reference its answers to Paragraphs 1-1820.

1822.   ACF states that 42 U.S.C. § 9607(a)(4) speaks for itself.  To the extent Paragraph 1822 contains any allegation against ACF, ACF denies the allegations.

1823.   ACF states that the definitions under Section 101 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") speak for themselves.   To

the extent Paragraph 1823 contains any allegations against ACF, ACF denies the allegations.

1824.    ACF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1824 contains any allegations against ACF, ACF denies the allegations.

1825.    ACF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1825 contains any allegations against ACF, ACF denies the allegations.

1826.    ACF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1826 contains any allegations against ACF, ACF denies the allegations.

1827.    ACF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1827 contains any allegations against ACF, ACF denies the allegations.

1828.    ACF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1828 contains any allegations against ACF, ACF denies the allegations.

1829.    ACF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1829 contains any allegations against ACF, ACF denies the allegations.

1830.    Paragraph 1830 is a legal conclusion to which no response is required.  To the extent Paragraph 1830 contains any allegations against ACF, ACF denies the allegations.

1831.    Paragraph 1831 is a legal conclusion to which no response is required.  To the extent Paragraph 1831 contains any allegations against ACF, ACF denies the allegations.

1832.    ACF admits the allegation in Paragraph 1832 to the extent it pertains to ACF.  ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 1832 as they pertain to other defendants and, therefore, denies them.

1833.    Paragraph 1833 is a legal conclusion to which no response is required.  To the extent

the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

1834.   ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 1834 and, therefore, denies them.

1835.   ACF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 1835 and, therefore, denies them.

1836.   Paragraph 1836 is a legal conclusion to which no response is required.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

1837.   Paragraph 1837 is a legal conclusion regarding state law to which no response is required.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

Paragraph 1837 further describes Plaintiff's prayer for relief and contains conclusions of law to which no response is required.  ACF denies Plaintiff is entitled to judgment in its favor or any such other relief.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

## COUNT II – CONTRIBUTION

1838.   ACF incorporates by reference its answers to Paragraphs 1-1837.

1839.   ACF states that 42 U.S.C. § 9613 speaks for itself.  To the extent Paragraph 1839 contains any allegations against ACF, ACF denies the allegations.

1840.   ACF states that the Removal Action AOC speaks for itself.  To the extent Paragraph 1840 contains any allegations against ACF, ACF denies the allegations.

1841.   Paragraph 1841 is a legal conclusion to which no response is required.  To the extent Paragraph 1841 contains any allegations against ACF, ACF denies the allegations.

1842.   Paragraph 1842 is a legal conclusion to which no response is required.  To the extent Paragraph 1842 contains any allegations against ACF, ACF denies the allegations.

1843.   Paragraph 1843 is a legal conclusion regarding state law to which no response is required.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

Paragraph 1843 further describes Plaintiff's prayer for relief and contains conclusions of law to which no response is required.  ACF denies Plaintiff is entitled to judgment in its favor or any such other relief.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

## COUNT III – DECLARATORY RELIEF

1844.   ACF incorporates by reference its answers to Paragraphs 1-1843.

1845.   Paragraph 1845 is a legal conclusion to which no response is required.  To the extent Paragraph 1842 contains any allegations against ACF, ACF denies the allegations.  ACF does not

have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

1846.   ACF states that 42 U.S.C. § 9613 speaks for itself.  To the extent Paragraph 1846 contains any allegations against ACF, ACF denies the allegations.

1847.   Paragraph 1847 is a legal conclusion to which no response is required.  To the extent Paragraph 1847 contains any allegations against ACF, ACF denies the allegations.

1848.   Paragraph 1848 is a legal conclusion to which no response is required.  To the extent Paragraph 1848 contains any allegations against ACF, ACF denies the allegations.

1849.   Paragraph 1849 is a legal conclusion regarding state law to which no response is required.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

Paragraph 1849 further describes Plaintiff's prayer for relief to which no response is required.  ACF denies Plaintiff is entitled to judgment in its favor or any such other relief.  To the extent the paragraph contains any allegations, ACF denies such allegations as they pertain to ACF.  ACF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to properly serve ACF with the Summons and Complaint within the time

proscribed by the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from recovering against ACF for response costs attributable to its own actions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is liable under CERCLA for the costs incurred to clean the Site.  To the extent ACF has any liability under CERCLA, which ACF denies, Plaintiff may not recover from ACF more than ACF's fair, equitable and proportionate share of the costs, damages and other expenses sought, or otherwise recover more than the amount of such relief for which the Plaintiff may be liable.

### SIXTH AFFIRMATIVE DEFENSE

ACF denies that the Plaintiff may hold it jointly and severally liable for the alleged injuries, costs, damages and expenses because there are distinct and divisible harms and there is a reasonable basis for apportionment of the harms suffered at the Site.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred insofar as: (i) Plaintiff has failed to satisfy the prerequisites and requirements of the National Contingency Plan ("NCP"); or (ii) the actions allegedly undertaken by the Plaintiff are and were not consistent with the NCP.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred insofar as they seek to recover costs, damages and expenses other than "response cost" as that term is defined by Section 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25).

**NINTH AFFIRMATIVE DEFENSE**

To the extent ACF has any liability under CERCLA, which ACF denies, then ACF is entitled to a set-off against liability for the greatest of, or any combination of: (1) any amounts actually paid, stipulated to or otherwise agreed to by any person for any of the costs, damages and expenses alleged in the Complaint; (2) the equitable share of the liability of any person that receives a release from liability or covenant not to sue with respect to any of the costs, damages or expenses alleged in the Complaint; and (3) the equitable "orphan" share of any person.

**TENTH AFFIRMATIVE DEFENSE**

If any materials containing hazardous substances generated, owned or possessed by ACF were disposed of at the Site, such hazardous substances were not responsible for or related to the release or threatened release of hazardous substances that has allegedly caused Plaintiff to incur response costs.

**ELEVENTH AFFIRMATIVE DEFENSE**

No officers, directors, or employees of ACF nor any of its predecessors-in-interest were vested with the authority to arrange for the disposal of waste containing hazardous substances at the Site, and any such conduct, if it occurred at all, was unknown to ACF, was unpermitted and was ultra vires.

## TWELFTH AFFIRMATIVE DEFENSE

The actions or omissions of third parties over whom ACF had no control and with whom ACF had no contractual relationship were the sole cause of the alleged contamination at issue, and ACF exercised due care in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of third parties.  Plaintiff's claims, therefore, are barred by Section 107(b) of CERCLA, 42 U.S.C. § 9607(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they include claims for future costs which are speculative and/or uncertain.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to recover attorneys' fees in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff s claims are barred for failure to join necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are not ripe for judicial review.

## EIGHTEENTH AFFIRMATIVE DEFENSE

ACF hereby reserves the right to assert additional defenses that may be pertinent to the Plaintiff's claims when the precise nature of said claims is ascertained through discovery and based

upon the facts developed as this matter progresses.

## COUNTERCLAIMS

For its counterclaims herein, pursuant to Federal Rules of Civil Procedure 8 and 13, ACF hereby alleges as follows:

1.      Plaintiff/Counterclaim Defendant LWD PRP Group ("LWD PRP Group") filed a Complaint on August 31, 2012 against approximately 334 defendants, including ACF Industries LLC ("ACF"), seeking cost recovery, contribution and declaratory relief pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613.

2.      LWD PRP Group seeks to recover costs it allegedly incurred and will incur in connection with the remediation of environmental contamination at the property located at 2745 Industrial Boulevard in Calvert City, Kentucky (the "Site").

3.      ACF asserts these counterclaims, pursuant to Sections 113(f) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9613(f), 9613(g)(2), and 28 U.S.C. § 2201, against LWD PRP Group for contribution for any costs, damages, or other monetary relief adjudged against ACF should it be liable for response costs incurred or to be incurred at the Site.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1367, and Sections 113(b) and 120 of CERCLA, 42 U.S.C. §§ 9613(b) and 9620.

5.      Venue in this action is proper pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the claims for response costs arose in this district, and because the alleged release of hazardous substances and/or the alleged damages resulting therefrom occurred in this district.

## **GENERAL ALLEGATIONS**

6.     The LWD PRP Group and/or its members and/or their predecessors and affiliates generated and/or transported waste containing hazardous substances, which was disposed of at the Site.

7.     According to Paragraph 1831 of the Complaint, there has been a "release" or "threatened release" of "hazardous substances" into the environment at or from the Site within the meaning set forth in CERCLA Sections 101(14) and 101(22), 42 U.S.C. §§ 9601(14) and 9601(22).

8.     According to Paragraphs 13-20 and 23 of the Complaint, the United States Environmental Protection Agency incurred response costs related to the Site.

9.     According to Paragraphs 21 and 22 of the Complaint, a number of potentially responsible parties ("PRPs") entered in to an Administrative Settlement Agreement and Order on Consent for Removal Action (the "Removal Action AOC") and, pursuant to the Removal Action AOC, incurred response costs.

10.     According to Paragraphs 25 to 27 of the Complaint, the LWD PRP Group has incurred and will continue to incur response costs related to the Site.

11.     The Site is a "facility" within the meaning set forth in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

12.     The LWD PRP Group is a "person" within the meaning set forth in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## FIRST CLAIM FOR RELIEF
## CONTRIBUTION UNDER CERCLA § 113(f)

13.    ACF alleges and incorporates by reference paragraphs 1 through 12 of these counterclaims as if fully set forth herein.

14.    Section 107(a) of CERCLA, 42 U.S.C. §9607(a), imposes liability on persons that currently own or operate a facility, that previously owned or operated a facility at the time of disposal, or that arranged for disposal at or transported hazardous substance to a facility.

15.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides, in pertinent part, that:

> Any person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under section 106 or under section 107(a). [].  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

16.    Upon information and belief, the LWD PRP Group is liable or potentially liable as an "owner," "operator," and/or "arranger" within the meaning of §§ 101 and 107(a) of CERCLA, 42 U.S.C. §§ 9601(20), 9607(a), relating to the hazardous substances disposed of, released at, and/or impacting the Site.

17.    The LWD PRP Group has filed this civil action under Section 107(a), alleging that ACF is liable to the LWD PRP Group for unreimbursed response costs that the LWD PRP Group has incurred or will incur in response to releases and threatened release of hazardous substances at the Site.

18.    If ACF is found liable to for response costs, ACF is entitled to contribution from the LWD PRP Group for the response costs in accordance with Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

**SECOND CLAIM FOR RELIEF**
**DECLARATORY RELIEF UNDER CERCLA 113(g)(2) AND 28 U.S.C. § 2201**

19.     ACF alleges and incorporates by reference paragraphs 1 through 18 of these counterclaims as if fully set forth herein.

20.     The LWD PRP Group has alleged that it will continue to incur response costs in the future with respect to the environmental contamination at the Site.

21.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between the parties in this action concerning their respective obligations and potential liability for response costs already incurred and that may be incurred in the future as a result of the release or threatened release of hazardous substances at the Site.

22.     Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, ACF seeks a declaratory judgment that ACF is not liable and that the LWD PRP Group  is jointly and severally liable for response costs or damages related to the Site that will be binding in any subsequent action to recover further response costs or damages.

**THIRD CLAIM FOR RELIEF**
**CONTRIBUTION**

23.     ACF alleges and incorporates by reference paragraphs 1 through 22 of these counterclaims as if fully set forth herein.

24.     If ACF is held liable to the LWD PRP Group in this action, ACF will incur response costs and/or damages for the Site.

25.     The acts or omissions of the LWD PRP Group or its predecessor-in-interest caused or contributed to contamination at the Site, and, therefore, caused or contributed to any

16

response costs that ACF may incur.

26.    The LWD PRP Group is liable to ACF for contribution in an amount equal to the excess over and above ACF's equitable share of response costs and damages related to the Site that are not duplicative of response costs or damages recoverable by ACF under CERCLA.

**WHEREFORE**, ACF respectfully demands the following relief from the Court:

(1)    Entry of judgment in favor of ACF dismissing the LWD PRP Group's claims as against ACF in their entirety;

(2)    If ACF is held liable for any response costs and/or damages, entry of judgment in favor of ACF and against the LWD PRP Group for contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f);

(3)    Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, entry of a declaratory judgment that the LWD PRP Group is liable to ACF for contribution for all future response costs and damages related to the Site;

(4)    Attorneys' fees, interest and costs of suit incurred herein to the full extent authorized by law; and,

(5)    Any other relief the Court deems just and equitable.

Dated: December 17, 2012

Respectfully Submitted,


By:  /s/ M. Stephen Pitt_____

M. Stephen Pitt
H. Carl Horneman
WYATT, TARRANT & COMBS, LLP
500 W. Jefferson Street, Suite 2800
Louisville, Kentucky  40202-2898
(502) 562-7372

*Local Counsel for Defendant ACF Industries LLC*

Douglas A. Cohen
Scott A. Muska
Brown Rudnick LLP
CityPlace I, 38th Floor
185 Asylum Street
Hartford, CT  06103
Telephone:        (860) 509-6500
Facsimile:        (860) 509-6501
Email:  dcohen@brownrudnick.com
            smuska@brownrudnick.com

*Attorneys for Defendant ACF Industries LLC*