UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

LWD PRP GROUP,

    PLAINTIFF,

v.

ACF INDUSTRIES LLC, ET AL.,

    DEFENDANTS.    CASE NO. 5:12-CV-000127-R

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Comes the Defendant, CNA International Inc. d/b/a/ MC Appliance Corporation ("CNA"), by counsel, and in accordance with Fed. R. Civ. P. 12(b)(2), respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint for lack of personal jurisdiction.

**I.    INTRODUCTION**

CNA is a distributor of appliances, including kitchen appliances. *See* Affidavit of Steve Cho, Vice President of CNA ¶ 2 (hereinafter "Cho Aff."). CNA is incorporated under the laws of Illinois with its headquarters and principal place of business located in Wood Dale, Illinois. *Id.* ¶¶ 1, 3. CNA's headquarters are home to the company's corporate functions. *Id.* ¶ 3. All management of CNA is operated through the Illinois headquarters. *Id.* None of CNA's corporate officers work in the state of Kentucky nor does CNA have employees in Kentucky, including any sales

1

representatives. *Id.* ¶ 4. Critical operational and administrative personnel who are involved with CNA's corporate policies, procedures regarding its employees, and sales are also located and work in Illinois. *Id.*

The plaintiff, LWD PRP Group ("Plaintiff"), is a Kentucky entity which has brought a civil action against various entities, including CNA, pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), for recovery of its past and future response costs allegedly incurred and to be incurred for response activities at a portion of LWD, Inc. Superfund Site at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky (hereinafter "LWD Incinerator Site"). The LWD Incinerator Site is where operations at the former LWD waste incinerator occurred, as well as the area where hazardous substances from the LWD waste incinerator migrated. *See* Complaint filed in this litigation ¶ 1 (hereinafter "Complaint"). Plaintiff seeks costs recovery and contribution pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f), and pursuant to Kentucky Revised Statutes § 224.01-400, for past and future response costs which it has allegedly paid and may pay in the future at the LWD Incinerator Site, along with a declaration as to each defendant's liability and an allocation of past and future response costs among all parties. Complaint ¶ 2.

Plaintiff has a laundry-list of defendants from whom it seeks to recover its costs including CNA, who has no connection to the LWD Incinerator Site or this lawsuit. Neither CNA nor any of its predecessors have ever owned or operated at the LWD Incinerator Site at issue. Cho Aff. ¶ 8-9. Furthermore, neither CNA nor any of its predecessors have ever transported any waste to the LWD Incinerator Site. Cho Aff. ¶ 10.

It is no surprise that Plaintiff does not and cannot plead sufficient facts showing the Court's personal jurisdiction, general or specific, over CNA. With respect to general jurisdiction, plaintiff has failed to make any allegations of fact that, if true, would be sufficient to constitute "continuous and systematic" contacts with Kentucky such that CNA could be deemed to be doing business in the forum. With respect to specific jurisdiction, Plaintiff similarly cannot establish the necessary facts for this Court to exercise its judicial powers over CNA. Plaintiff's allegations regarding CNA's alleged liability for the disposal of waste by Admiral, Division of Magic Chef at the LWD Incinerator Site are false and unsupported by any facts. CNA has no connections to the LWD Incinerator Site or any other events upon which this lawsuit is based; no other basis for personal jurisdiction exists.

For these reasons, and the reasons set forth more fully below, exercising jurisdiction over CNA would violate Due Process and offend traditional notions of fair play and substantial justice.

## II.     PLAINTIFF'S ALLEGATIONS OF FACT

This lawsuit is brought by Plaintiff LWD PRP Group, which consists of a group of potentially responsible parties for a Superfund Site in Kentucky, which includes the LWD Incinerator Site, where a former hazardous waste incinerator operated from the 1970s until 2004. Complaint ¶¶ 5, 28. Plaintiff seeks cost recovery and contribution from each defendant, including CNA, pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f), and pursuant to Kentucky Revised Statutes § 224.01-400, for past and future response costs which Plaintiff has paid and may pay in the future at the LWD Incinerator Site, along with a declaration as to each defendant's liability and an allocation of past and future response costs among all parties. *Id.* ¶ 2. Plaintiff alleges that each of the defendants, and/or their predecessors and/or affiliated entities, generated and/or

3

transported waste containing hazardous substances, which waste was disposed of at the LWD Incinerator Site. *Id.* ¶ 8. With respect to the specific allegations as to CNA, Plaintiff has claimed the following:

- By letter dated June 8, 2012, Plaintiff demanded that CNA pay its equitable share of LWD Incinerator Site response costs pursuant to Sections 107(a) and 113(f)(1) of CERCLA. *Id.* ¶ 358.
- CNA is the successor to Admiral, Division of Magic Chef. *Id.* ¶ 359.
- EPA issued EPA ID No. ILD067417337 to Admiral, Division of Magic Chef. *Id.* ¶ 360.
- According to Annual Reports for the LWD Incinerator Site, three shipments of manifested waste containing hazardous substances totaling 78,885 lbs. were transported from Admiral, Division of Magic Chef, with EPA ID No. ILD067417337, to the LWD Incinerator Site in 1986. *Id.* ¶ 361.
- The total weight attributable to CNA at the LWD Incinerator Site is 78,885 lbs. *Id.* ¶ 362.
- To date, CNA has not paid any response costs incurred by Plaintiff at the LWD Incinerator Site. *Id.* ¶ 363.

Plaintiff's allegations of fact are wrong and therefore the Complaint must be dismissed against CNA for the Court's lack of personal jurisdiction. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974) ("Where a motion to quash and dismiss is filed, supported by affidavits, the non-moving party may not rest upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction."). Contrary to Plaintiff's allegation that CNA is the successor to Admiral, Division of Magic Chef, CNA is actually not the successor, as shown below. Therefore, since Plaintiff

cannot show that CNA is the successor to an alleged potentially responsible party and CNA has no other connections to Kentucky, the Court cannot exercise personal jurisdiction over CNA.

## III. LEGAL STANDARD

### A. THERE IS NO BASIS FOR THE COURT TO EXERCISE JURISDICTION OVER CNA.

A court's jurisdictional reach is limited by the Due Process Clause of the 14th Amendment, which protects a person from litigation in a forum with which he has had no meaningful ties or contacts. *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 471-72 (1985). The "bedrock principle" of this due process analysis is that a defendant is not subject to jurisdiction unless the defendant has had sufficient contacts with the forum such that the assertion of jurisdiction will not violate "traditional notions of fair play and substantial justice." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).

When a motion to dismiss is made, the *plaintiff* bears the burden of establishing the necessary contacts between a non-resident defendant and the forum. *Id.* (emphasis added); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Third Nat'l Bank in Nashville v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, *set forth specific facts* showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458 (emphasis added). "Presented with a properly supported 12(b)(2) motion and opposition, the court . . . may decide the motion upon the affidavits alone[.]" *Id.* In the present case, although it is Plaintiff's burden to establish personal jurisdiction over CNA, CNA is providing an affidavit establishing and confirming that Plaintiff cannot meet its burden.

### B. PLAINTIFF CANNOT OVERCOME THE LIMITS OF DUE PROCESS TO SUBJECT CNA TO JURISDICTION IN KENTUCKY.

The Supreme Court has distinguished between "general jurisdiction" and "specific jurisdiction," holding that either may provide adequate grounds for exercising personal jurisdiction over a defendant. *Youn*, 324 F.3d at 417-18; *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction only arises when a non-resident defendant's contacts with the forum are so substantial, so continuous, and so systematic, that a court must conclude these contacts take the place of a physical presence in the forum. *Youn*, 324 F.3d at 418 (*citing Perkins v. Banquet Consol. Mining Co.*, 342 U.S. 437, 448 (1952)); *see also Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir.2002) (citing *Third Nat'l Bank*, 882 F.2d at 1089). The Supreme Court has declined to announce an explicit test for determining whether contacts are "continuous and systematic." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012). "However, it is well understood that 'continuous and systematic' is a high bar to reach. Defendants contacts must 'render them essentially at home in the forum State.'" *Martin v. Candle Queen Candles, LLC*, 2012 WL 2952542 at *2 (W.D. Ky July 19, 2012) (finding that maintaining some sales representatives and a website allowing Kentucky residents to order defendants' products online does not confer general jurisdiction over the defendants); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) ("Mere purchases [made in the forum State], even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions.").

Conversely, a court may exercise specific jurisdiction only when the underlying cause of action arises out of the non-resident's activities within the forum

state, and when Due Process requirements are satisfied. *Helicopteros*, 466 U.S. at 414-15; *see also Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381-82 (6th Cir. 1968) (articulating a three-part test to determine whether "specific jurisdiction" exists). In *Southern Mach. Co.*, the Sixth Circuit adopted the three-part test for "specific jurisdiction" as the only test in Kentucky for determining whether a non-resident defendant is subject to jurisdiction in this state. Specifically, a Kentucky court cannot exercise jurisdiction over a non-resident defendant unless it concludes that each of the following three requirements are met: (1) the defendant must have purposely availed himself of the privilege of conducting business within the forum; (2) the cause of action must arise from the defendant's activities in the forum; and (3) the defendant's contacts with the forum must make the exercise of jurisdiction reasonable. 401 F.2d at 381; *Nat'l Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1137-38 (6th Cir. 1982).

Under either of the two applicable standards – general and specific jurisdiction – the conclusion is the same: CNA is not subject to jurisdiction in Kentucky.

IV. **ARGUMENT**

As stated above, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth *specific facts* showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458 (emphasis added). The arguments below show that the Court cannot exercise personal jurisdiction over CNA because it is clear that Plaintiff's allegations regarding personal jurisdiction are incurably lacking or otherwise indisputably false.

    A.    **PLAINTIFF HAS NOT MADE A PRIMA FACIE SHOWING THAT CNA IS SUBJECT TO GENERAL JURISDICTION IN KENTUCKY.**

The complaint is void of any allegations that would subject CNA to general jurisdiction in Kentucky. General jurisdiction only arises when a non-resident defendant's contacts with the forum are so continuous and so systematic, that a court must conclude these contacts take the place of a physical presence in the forum. *Youn*, 324 F.3d at 418 (*citing Perkins v. Banquet Consol. Mining Co.*, 342 U.S. 437, 448 (1952)). In determining whether a plaintiff has made a showing of general jurisdiction, Courts have set forth several nonexclusive factors to consider in an analysis of general jurisdiction: whether a defendant is licensed to do business in the forum state and has an agent for service of process in that state; whether a defendant maintains an office, bank account, telephone listing, or employees in the forum; whether a defendant owns any property in the forum; whether a defendant solicits sales by telephone or otherwise in the forum state; whether a defendant has paid taxes to the forum state or collected sales tax for the forum state; and the volume of a defendant's business in the forum. *U.S. Cavalry Store, Inc. v. IronWolf Enterprises*, 2006 WL 149010, at *3 (W.D. KY Jan. 17, 2006) (citing *Helicopteros*, 466 U.S. at 416-19 and *Conti*, 977 F.2d at 981).

The plaintiff has failed to allege facts like those above or that CNA has any contacts to Kentucky because none exist. CNA has no ties to Kentucky. CNA's headquarters and principal place of business is located in Wood Dale, Illinois. Cho Aff. ¶ 3. CNA's headquarters are home to the company's corporate functions. *Id*. All management of CNA is operated through the Illinois headquarters. *Id*. None of CNA's corporate officers work in the state of Kentucky nor does CNA have employees in Kentucky, including any sales representatives. *Id*. at ¶ 4. Critical operational and administrative personnel who are involved with CNA's corporate

policies, procedures regarding its employees, and sales are also located and work in Illinois. *Id.* CNA does not have any business operations in Kentucky and does not have an agent for service of process in Kentucky. *Id.* ¶ 5. CNA's website does not specifically target Kentucky residents or favor transactions with Kentucky residents over transactions with residents of other states.[1] *Id.* at ¶ 6. CNA does not directly solicit or specifically market to Kentucky residents. *Id.* Neither CNA nor any of its predecessors have ever owned or operated on the LWD Incinerator Site at issue in this litigation. *Id.* ¶¶ 8-9. Under these circumstances, the Court cannot confer jurisdiction over CNA.

    **B.    PLAINTIFF HAS NOT MADE A PRIMA FACIE SHOWING THAT CNA IS SUBJECT TO SPECIFIC JURISDICTION IN KENTUCKY.**

Plaintiff also fails to allege facts that can be supported once challenged by the defendant sufficient to establish a *prima facie* case for asserting specific jurisdiction. To withstand a motion to dismiss, a plaintiff seeking to invoke specific jurisdiction must plead sufficient facts to establish that (1) the defendant purposefully availed itself of the benefits of the forum or purposefully directed its activities at the forum; (2) the plaintiff's claims arise from the defendant's alleged forum-related activities; **and** (3) the court's exercise of jurisdiction over the defendant is reasonable. *Southern Mach. Co*, 401 F.3d at 381; *see also Third Nat'l Bank*, 882 F.2d at 1089-

---

[1] Although products may be purchased from CNA through www.amazon.com, no more than five CNA products have been purchased by Kentucky residents in 2012 via www.amazon.com. *Id.* ¶ 7. Such sales do not confer jurisdiction on CNA by Kentucky courts. *See Martin*, 2012 WL 2952542 at *2-3 (holding that even though defendants may have maintained some sales representatives and sold some of their products to Kentucky residents, that was insufficient to establish general jurisdiction). CNA's sales on www.amazon.com do not specifically target Kentucky residents or favor transactions with Kentucky residents over transactions with residents from other states. *Id.*

1090. Plaintiff fails this test, as its sole allegations cannot be supported by specific facts.[2]

### 1. BECAUSE CNA HAS NOT PURPOSEFULLY DIRECTED ITS ACTIVITIES AT KENTUCKY, THERE IS NO SPECIFIC JURISDICTION OVER CNA.

A court will not exercise long-arm jurisdiction over a non-resident unless the defendant has purposefully directed its activities at the forum. *Intera Corp. v. Henderson*, 428 F.3d 605, 616-17 (6th Cir. 2005); *see, e.g., Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112-13 (1987) (plurality opinion). Under this requirement, a defendant does not purposefully avail himself of a forum unless he engages in some activity that provides him with "fair warning" that he may be required to defend a lawsuit in that forum. *Youn*, 324 F.3d at 418 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Even in a case where the cause of action arose in the plaintiff's home state, that state may not exercise *in personam* jurisdiction if the defendant has not purposefully entered into a connection with it such that he should reasonably anticipate being haled into court there." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989) (internal citations omitted). The "purposeful availment" requirement protects a defendant from being forced to appear to defend itself in a jurisdiction solely because of random, fortuitous or attenuated contacts. *Intera Corp.*, 428 F.3d at 616.

Plaintiff has not alleged any facts and cannot present any evidence to satisfy this first requirement. CNA did not purposely direct any of its products to Kentucky. Cho Aff. ¶¶ 6-7. CNA has done nothing to directly distribute its products to individuals and entities residing in Kentucky. *Id.* CNA does not have

---

[2] As explained above, once the defendant challenges the plaintiff's allegations in support of personal jurisdiction by an affidavit, the plaintiff must set forth specific facts to support personal jurisdiction.

any business operations in Kentucky and does not have an agent for service of process in Kentucky. *Id.* ¶ 5. As such, CNA has done nothing to purposefully avail itself of the privilege of conducting business in Kentucky such that it would expect to be haled into court in the state.

### 2. BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS THAT, IF ACCEPTED AS TRUE, WOULD SHOW THAT FORUM-RELATED ACTIVITIES BY CNA CAUSED ITS ALLEGED HARM, IT HAS FAILED TO ESTABLISH A PRIMA FACIE CASE FOR SPECIFIC JURISDICTION.

The second requirement for specific jurisdiction is satisfied only if the cause of action arises from the defendant's activities in the forum. "The law of this circuit is that the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts." *Third Nat'l Bank*, 882 F.2d at 1091 n.2 (6th Cir. 1989) (internal citations omitted). It is not sufficient for there to be some general nexus between the defendant's actions and the plaintiff's claims. Rather, the plaintiff's claims must have a "substantial connection with the defendant's in-state activities." *Id.* at 1091.

Plaintiff has asserted that CNA is the successor to Admiral, Division of Magic Chef, the alleged responsible party for the disposal of waste at the LWD Incinerator Site, and therefore obligated to pay for the alleged liabilities of its predecessor. Complaint ¶¶ 358, 359. However, CNA is not the successor to Admiral, Division of Magic Chef. Cho Aff. ¶ 11. Plaintiff has failed to allege any facts showing when or how CNA purportedly became the successor to Admiral, Division of Magic Chef, because it cannot do so in good faith. Plaintiff cannot show any agreement or other document to support its allegation that CNA is a successor in interest to any entity that may be responsible for response or recovery costs in this action. Therefore, Plaintiff will not be able to carry its burden of "by affidavit or otherwise, set[ting]

forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458.

### 3. BECAUSE CNA HAS NOT PURPOSEFULLY DIRECTED ITS ACTIVITIES AT KENTUCKY, THE EXERCISE OF SPECIFIC JURISDICTION OVER IT IS NOT REASONABLE.

To determine whether the final requirement is met, the Court is to consider the defendant's overall contacts with the forum and, based on those contacts, determine whether it would be reasonable to exercise jurisdiction over the foreign defendant. *Asahi*, 480 U.S. 102; *Southern Mach. Co.*, 401 F.2d at 381; *U.S. Cavalry Store, Inc.*, 2006 WL at *5 ("It follows as a matter of course that if the first two factors are not met, it would be unreasonable to subject a Pennsylvania defendant to suit in Kentucky simply because it responded to a solicitation from a Kentucky company to enter a contract no part of the performance of which occurred in Kentucky."). In *Asahi*, the Supreme Court evaluated this requirement by weighing the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. *Id.* at 113.

In this case, like *Asahi,* to exercise personal jurisdiction over CNA would be unreasonable and unfair. As explained above, CNA has no ties to Kentucky – it conducts no business in the state nor does it have any representatives, employees, or any other connections to the state. Therefore, although Kentucky has a strong interest in adjudicating this case, it would be unreasonable to exercise personal jurisdiction over CNA, since it did not purposely avail itself of conducting business in this state and the case does not arise out of any actions taken by CNA or any of its predecessors.

## V.     **CONCLUSION**

For the reasons set forth above, Defendant, CNA, by counsel, and in accordance with Fed. R. Civ. P. 12(b)(2), respectfully request that this Court dismiss Plaintiff's claims against it for lack of personal jurisdiction.


DATED: December 17, 2012                    Hunton & Williams LLP

                                                          By:   /s/ Belynda Reck
                                                                 Belynda Reck, admitted *pro hac vice*
                                                                 Hunton & Williams LLP
                                                                 550 S. Hope Street, Suite 2000
                                                                Los Angeles, CA 90071
                                                                breck@hunton.com
                                                                Counsel for Defendant
                                                               CNA INTERNATIONAL INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2012, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Julieta Stepanyan
Julieta Stepanyan