**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | | |
|---|---|---|
| LWD PRP GROUP, | ) | |
| | ) | |
|     Plaintiff, | ) | *Electronically Filed* |
| | ) | |
|     v. | ) | No. 5:12-CV-127 |
| | ) | |
| ACF INDUSTRIES LLC; ACCENT STRIP, INC.; ADENA HEALTH SYSTEM; ADVANCE PROCESS SUPPLY CO.; ADVANCED RESOURCE RECOVERY, LLC; AERO-MARK, INC.; AGI-SHOREWOOD; AIRPORT TERMINAL SERVICES, INC.; ALAMCO WOOD PRODUCTS, LLC; ALL AMERICAN GROUP, INC.; ALL WASTE, INC.; ALLEGHENY COUNTY, PENNSYLVANIA; ALLEGHENY TECHNOLOGIES, INC.; ALLIANCE RESOURCE PARTNERS, LP; ALSCO INC.; AMERICAN GREETING CORP.; AMETEK, INC.; AMLI RESIDENTIAL PROPERTIES; AN-KOR RACK CO., INC.; THE ANDERSONS, INC.; ANDOVER COILS, LLC; APEX OIL COMPANY, INC.; ARELCO PLASTICS FABRICATING CO.; ARMS EQUIPMENT, INC.; ARTISTIC FINISHES, INC.; ATKORE INTERNATIONAL, INC.; AVX CORPORATION; B-B PAINT CORP.; B.H. BUNN CO.; B&B ROOFING & CONSTRUCTION; BASS PRO SHOPS, INC.; BATTS, INC.; BELL AND HOWELL, LLC; BEMIS COMPANY, INC.; BIPACCO COATINGS, LLC; BLAIN SUPPLY, INC.; BLUE BIRD CORPORATION; BMO HARRIS BANK N.A.; BPS, INC.; BRECKINRIDGE-GRAYSON COUNTY, KENTUCKY; BUNTON SEED CO.; BUTLER TOOL, INC.; C&R AG SUPPLY, INC.; CAA OF INDIANA, INC.; CARBOLINE COMPANY; CARMAN CLEANERS; CASTLE METAL FINISHING CORP.; CATALENT, INC.; CENTRAL ILLINOIS PUBLIC SERVICE COMPANY; CFPG LTD.; CHATTEM | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

CHEMICALS, INC.; CHEM GROUP, INC.;           )
CHEM PROCESSING, INC.; CHICAGO PARK          )
DISTRICT; CITY OF BOWLING GREEN,             )
KENTUCKY; CITY OF CEDAR RAPIDS,              )
IOWA; CITY OF KEOKUK, IOWA; CITY OF          )
LOUISVILLE, KENTUCKY; CLINTON                )
ELECTRONICS CORP.; CLONDALKIN                )
GROUP INC.; CM PACKAGING GROUP LLC;          )
CNA INTERNATIONAL INC.; COLUMBIA             )
COUNTY, NEW YORK; COLUMBIA GULF              )
TRANSMISSION COMPANY; COMMERCE               )
HOLDING CO., INC.; COMMERCIAL                )
VEHICLE GROUP, INC.; CONSOLIDATED            )
GRAPHICS, INC.; CONTINENTAL AG;              )
CONTINENTAL MOTORS, INC.; COOPER US,         )
INC.; CORNETT MACHINE SHOP, INC.;            )
CUPPLES PRODUCTS CO.; CURTIS-TOLEDO,         )
INC.; CURWOOD, INC.; CUSTOM                  )
AGRICULTURE FORMULATORS, INC.;               )
DAHLSTROM DISPLAY, INC.; DANAHER             )
CORP.; DARAMIC LLC; DAYCO PRODUCTS,          )
LLC; DAYTON SUPERIOR CORP.; DECOART,         )
INC.; DEL-HOMES, INC.; DELAWARE              )
TERMINAL CO.; DES MOINES AREA                )
COMMUNITY COLLEGE; DEWITT                    )
BARRELS, INC.; DIAMOND PACKAGING             )
CORPORATION; DIS-TRAN WOOD                   )
PRODUCTS; DISTTECH, INC.; DOMINION;          )
DORIC PRODUCTS, INC.; DRESSER                )
INDUSTRIES INC.; DRIV-LOK, INC.; DRIVE       )
SOURCE INTERNATIONAL, INC.; THE              )
DUROX CO.; E.D. ETNYRE & CO.;                )
EASTONBELL SPORTS, INC.;                     )
ECKO PRODUCTS                                )
GROUP, LLC; ECONOMY BOAT STORE;              )
EFTEC NORTH AMERICA LLC; EGGERS              )
INDUSTRIES, INC.; 1883 PROPERTIES, INC.;     )
ELECTRIC ENERGY, INC.; ELECTROLUX            )
NORTH AMERICA, INC.; EMC                     )
CORPORATION; ENVIRONMENTAL                   )
COATINGS, INC.; ENVIRONMENTAL                )
SERVICES OF NORTH AMERICA, INC.;             )
ESTRON CHEMICAL, INC.; EVANITE FIBER         )
CORPORATION; EVANS TEMPCON, INC.;            )
EXCEL TSD, INC.; EXIDE TECHNOLOGIES;         )
FANNIN COUNTY, TEXAS; FANSTEEL, INC.;        )

| | |
|---|---|
| FARRELL-CALHOUN PAINT, INC.; FAYETTE COUNTY SCHOOLS, KENTUCKY; FIBA TECHNOLOGIES, INC.; FILER AUTO BODY, INC.; FILTER SYSTEMS, INC.; THE FINISHING COMPANY; FLEET IMAGE OF LANSING, INC.; FORTUNE BRANDS HOME & SECURITY, INC.; FOX VALLEY SYSTEMS,INC.; FREEHOLD CARTAGE, INC.; FRESH MEADOWS-NEW YORK DRY CLEANERS; THE GATES CORPORATION; GENERAL LOOSE LEAF BINDERY CO.; GEORGIA WORLD CONGRESS CENTER; GORDON SMITH & CO.; GRAFTOBIAN LTD.; GREAT DANE L.P.; GREENLEE DIAMOND TOOL CO.; GREENWAY ENVIRONMENTAL, INC.; GRUP ANTOLIN NORTH AMERICA, INC.; HANNAH MARITIME CORP.; HARDINGE INC.; HAS COMPLETION CENTER, INC.; HAWKINS, INC.; HEARTH & HOME TECHNOLOGIES, INC.; HEICO CORPORATION; HERITAGE ENVIRONMENTAL SERVICES, INC.; HERITAGE TRANSPORT, LLC; HEXCEL CORP.; HEYMAN PROPERTIES; HILLAERO MODIFICATION CENTER; HINKLE CHAIR CO., INC.; HOGE LUMBER CO.; HOLLISTER INCORPORATED; HORNING WIRE CORPORATION; HOUGHTON INTERNATIONAL, INC.; HOUSING AUTHORITY OF HOPKINSVILLE, KENTUCKY; HSBC NORTH AMERICA HOLDINGS, INC.; HUGHES PARKER INDUSTRIES, LLC; HURST CHEMICAL COMPANY; HUSCO INTERNATIONAL, INC.; HYDE PARK ONE HOUR MARTINIZING; ILLINOIS DEPARTMENT OF AGRICULTURE; ILLINOIS DEPARTMENT OF CORRECTIONS; ILLINOIS DEPARTMENT OF TRANSPORTATION; ILLINOIS STATE UNIVERSITY; INSULATED ROOFING CONTRACTORS; THE INTERPUBLIC GROUP OF COMPANIES, INC.; IOWA PRECISION INDUSTRIES, INC.; IPC GLOBAL SOLUTIONS; IRWIN SEATING CO.; J.C. BAKER & SON, INC.; JAMES MARINE, INC.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

3

| | |
|---|---|
| JARDEN CORPORATION; JEFFERSON COUNTY PUBLIC WORKS; JMC STEEL GROUP; KELLWOOD CO.; KEMPEN PAINT CO.; KENTUCKYONE HEALTH, INC.; KRAUTH ELECTRIC CO.; LAUREL MOUNTAIN WHIRLPOOLS, INC.; LBC HOUSTON, LP; LEEDS SEATING COMPANY; LEON PLASTICS, INC.; LONE STAR INDUSTRIES, INC.; LONGABERGER CO.; LOUISVILLE & JEFFERSON COUNTY M.S.D.; M.C. CHEMICAL COMPANY; MACON RESOURCES, INC.; MADISONVILLE AUTO PARTS, INC.; MALTA WINDOWS & DOORS; MARCHEM CORPORATION; MARINETTE MARINE CORPORATION; MATHEWS MARBLE MANUFACTURING, INC.; MCLAUGHLIN BODY COMPANY; THE MCPHERSON COMPANIES; MEGAFAB, INC.; MEI LLC; MEREDITH CORPORATION; MERIDIAN AUTOMOTIVE SYSTEMS, INC.; METAL FORMS CORP.; MEYER STEEL DRUM, INC.; MICHIGAN DEPARTMENT OF CORRECTIONS; MICROBAC LABORATORIES, INC.; MID-VALLEY PIPELINE CO.; MID-WESTERN COMMERCIAL ROOFERS, INC.; THE MIDDLEBY CORPORATION; MITSUBISHI MOTORS NORTH AMERICA, INC.; MOEN INCORPORATED; MOTION INDUSTRIES, INC.; MOTOR CASTINGS CO., INC.; MOUNTAINEER GAS CO.; MURRAY EQUIPMENT INC.; NAGLE PUMPS, INC.; NATIONAL DETROIT, INC.; NATIONAL RAILWAY EQUIPMENT CO.; NAUTILUS, INC.; NEW JERSEY DEPARTMENT OF TRANSPORTATION; NILFISK-ADVANCE, INC.; NITTO DENKO AMERICA, INC.; OAKDALE CONSTRUCTION CO.; OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS; OHIO DEPARTMENT OF TRANSPORATION; OSRAM SYLVANIA PRODUCTS, INC.; PADUCAH RENT-A-CAR, INC.; THE PANTRY, INC.; PARKER PLASTICS CORP.; PATRIACH PARTNERS, LLC; PCI SERVICES, INC.; PENNSYLVANIA DEPARTMENT OF TRANSPORATION; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

PENNSYLVANIA URBAN REDEVELOPMENT )
AUTHORITY; THE PENRAY COMPANIES, )
INC.; PEOPLES NATURAL GAS COMPANY )
LLC; PETERBILT MOTORS COMPANY; )
PETROCLEAN, INC.; PHILIP SERVICES )
CORPORATION; PILOT TRAVEL CENTERS )
LLC; PINELLAS COUNTY SCHOOL BOARD; )
PIT STOP GROCERY; PLASCORE, INC.; )
PLASTICS ENGINEERING CO.; PLY GEM )
HOLDINGS INC.; PLYWOOD & DOOR )
MANUFACTURERS CORP.; PMRS, INC.; )
PORT JEFFERSON COUNTRY CLUB; )
POWEREX INC.; PRECISION PRODUCTS )
GROUP, INC.; PSC, LLC; PUBLISHERS )
PRINTING CO., LLC; QUBICAAMF )
WORLDWIDE; R.G. SMITH CO., INC.; )
RAWLINGS SPORTING GOODS CO., INC.; )
RELOCATABLE CONFINEMENT )
FACILITIES; RESCAR, INC.; RESERVE )
ENVIRONMENTAL SERVICES, INC.; )
REXNORD INDUSTRIES, INC.; RG STEEL, )
LLC; RICERCA INC.; RIVERSIDE )
CORRECTIONAL FACILITY; ROCKFORD )
MANUFACTURING GROUP, INC.; )
ROCKLAND CORP.; ROLL FORMING )
CORPORATION; SAFEWAY INC.; )
SAINTGOBAIN ABRASIVES, INC.; )
SCA AMERICAS; SCHOOT GEMTRON )
CORPORATION; SCHUMACHER ELECTRIC )
CORP.; SCOTT INDUSTRIES, LLC; )
SEA GULL LIGHTING )
PRODUCTS, LLC; SEARS HOLDING )
CORPORATION; SEMI BULK SYSTEMS, INC.; )
SEMLING-MANKE CO.; SEVILLE FLEXPACK )
CORP.; SHAW-LUNDQUIST ASSOCIATES, )
INC.; SHOP N' GAS, INC.; SIGNATURE )
FLIGHT SUPPORT; SLOCUM PONTIAC )
SUBARU INC.; SMITH & WESSON HOLDING )
CORP.; SOLUCORP INDUSTRIES, LTD.; )
SOUTH COUNTY TECHNICAL SCHOOL; )
SPARTAN MOTORS, INC.; SPAWN MATE, )
INC.; THE STANDARD GROUP; STAR GAS )
PARTNERS, L.P.; STERIS CORP.; STERLING )
HARDWARE, LLC; STMICROELECTRONICS; )
STOLLE MACHINERY COMPANY, LLC; )
STOLPER INDUSTRIES, INC.; STOUT )

INDUSTRIES, INC.; STP, INC.; STREATER, )
INC.; STRIPPER FURNITURE RESTORATION )
INC.; SUN-TIMES MEDIA HOLDINGS, LLC; )
SUNRISE PACKAGING FILM; SUPERIOR OIL )
COMPANY, INC.; SYNTECHNICS, INC.; T&F )
INDUSTRIES INC.; TAKEDA )
PHARMACEUTICALS NORTH AMERICA, )
INC.; TECH 2000 WOODWORKS, INC.; )
TETRA PAK INC.; TI AUTOMOTIVE; TITAN )
EXPRESS, INC.; TITAN INTERNATIONAL, )
INC.; TITAN TUBE FABRICATORS, INC.; )
TOM FRANK ENTERPRISES, INC.; TOWER )
INTERNATIONAL, INC.; TRANSIT )
AUTHORITY OF RIVER CITY, KENTUCKY; )
TRI-CON INDUSTRIES, LTD.; TRUMBULL )
RIVER SERVICE, INC.; TWA INC.; )
TWINPLEX MANUFACTURING CO.; UNITED )
PETROLEUM SERVICE, INC.; UNITED )
STATES GYPSUM CO.; UNIVERSAL MUSIC )
GROUP, INC.; UNIVERSITY OF )
ILLINOISURBANA MAIN CAMPUS; )
UNIVERSITY OF IOWA; URBAN RENEWAL )
& COMMUNITY DEVELOPMENT AGENCY; )
US ECOLOGY, INC.; USEC, INC.; VANCHEM, )
INC.; VI-JON, INC.; W.R. GRACE & CO.; )
WABTEC CORP.; WADE BILLADEAU FARMS, )
INC.; WARREN PAINT & COLOR CO.; )
WASTE EXPRESS, INC.; WATTS & DURR )
OIL COMPANY, INC.; WESTWIND )
COMPOSITES INC.; WHEELER LUMBER, LLC; )
WIL-RICH LLC; WILLERT HOME PRODUCTS, )
INC.; WIPAIRE, INC.; WOLVERINE PIPE LINE )
CO.; WOODWARD, INC.; WURTH USA, INC.; )
XPAC, INC.; YENKIN-MAJESTIC PAINT )
CORP.; YUNKER INDUSTRIES, INC.; ZALK )
JOSEPHS FABRICATORS LLC; ZELLER )
TECHNOLOGIES, INC., )

       Defendants.

**DEFENDANTS', THE ILLINOIS DEPARTMENT OF AGRICULTURE, THE ILLINOIS DEPARTMENT OF CORRECTIONS, THE ILLINOIS DEPARTMENT OF TRANSPORTATION AND THE BOARD OF TRUSTEES OF ILLINOIS STATE UNIVERSITY, MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(1) MOTION TO DISMISS**

Defendants, the Illinois Department of Agriculture ("IDOA"), the Illinois Department of Corrections ("IDOC"), the Illinois Department of Transportation ("IDOT"), and the Board of Trustees of Illinois State University ("ISU") (collectively, the "State of Illinois Defendants"), submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I.     STATEMENT OF FACTS

Plaintiff alleges that all of the Defendants named in their Complaint "generated and/or transported hazardous waste containing hazardous substances, and that this waste was disposed of at the LWD Incinerator Site[.]" Compl. ¶ 8.  Plaintiff's allegations regarding the State of Illinois Defendants involvement with the LWD Incinerator Site are found at Paragraphs 864 through 883 of the Complaint.  Plaintiff alleges that each of the four State of Illinois Defendants sent hazardous waste to the Site. Compl. ¶¶ 866, 871, 876, and 881.

## II.     ARGUMENT

### A.     Standards Applicable to Rule 12(b)(1) Motions

Federal Rule of Civil Procedure 12(b)(1) provides the basis for challenging a federal court's jurisdiction over the subject matter of a plaintiff's complaint. As the Sixth Circuit Court of Appeals noted in *Am. Telecom Co., L.L.C. v. Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007), "[s]ubject matter jurisdiction is always a threshold determination" which a court is to make. Upon determining that it lacks the requisite subject-matter jurisdiction, a district court must dismiss the plaintiff's case. Fed.R.Civ.P. 12(h)(3); *See also, Smith v. Excel Maint. Services, Inc.*, 617 F.Supp.2d 520, 522 (W.D. Ky.).   Accordingly, a claim which is barred on sovereign immunity grounds is properly dismissed by a federal court on subject matter jurisdiction grounds, pursuant to Federal Rule of Civil Procedure 12(b)(1).

7

On a Rule 12(b)(1) motion, this court must take the allegations contained in Plaintiff's Complaint as true and construe them in the light most favorable to the Plaintiff. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). Once a defendant has brought a Rule 12(b)(1) motion, however, the burden then falls on the plaintiff to demonstrate to the court that the court has subject-matter jurisdiction to hear the plaintiff's claims. *Lewis v. Whirlpool* Corp., 630 F.3d 484, 487 (6th Cir. 2011)

**B.   Plaintiff's Federal CERCLA Claims Should Be Dismissed Pursuant to the Doctrine of Sovereign Immunity, as Provided for Under the Eleventh Amendment**

1.   <u>With Limited Exceptions, A State Cannot be Subjected to Suit in State or Federal Court</u>

As the Sixth Circuit Court of Appeal has noted, "[f]rom birth, the States and Federal government enjoyed certain immunities from suit in state and federal courts." *Ernst v. Rising,* 427 F.3d 351, 358 (6th Cir. 2005) (citing *Alden v. Maine,* 527 U.S. 706, 715 (1991)). That immunity was ultimately enshrined in the Constitution's Eleventh Amendment and "'an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Pennhurst St. Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (internal citations omitted).

The sovereign immunity provided by the Eleventh Amendment to states is not absolute, however, and the United States Supreme Court has recognized certain exceptions to this immunity. First, a state has the option of waiving its sovereign immunity to suit, provided it makes its waiver in clear and unambiguous terms. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, fn. 1 (1985). Second, the states' sovereign immunity may be abrogated by Congress when acting pursuant to the Constitution's Fourteenth Amendment. *Id.* at 238. Finally, under the doctrine of *Ex parte Young*, 209 U.S. 123, 155-56 (1908), a state may not avail itself of

8

sovereign immunity when it is subject to a lawsuit seeking only injunctive relief for alleged violations of federal law by a state official. *Ernst,* 427 F.3d at 358.

None of these three exceptions apply to the present case. The State of Illinois Defendants have not waived their sovereign immunity thereby consenting to the Plaintiff's lawsuit. Nor, as explained in more detail below in Section B.3, has Congress abrogated the states' sovereign immunity under the Comprehensive Environmental Response Compensation and Liability Act, ("CERCLA"), 42 U.S.C. § 9601 *et seq*. Finally, the Plaintiff's Complaint makes no allegations that any of the State of Illinois Defendants' respective officials have ever violated federal law, thus bringing it within the *Ex parte Young* exception, as Plaintiff is not seeking injunctive relief through its complaint, only money.

  2. The State of Illinois Defendants Are All "Arms of the State," for Purposes of Applying Sovereign Immunity

The Eleventh Amendment's grant of sovereign immunity protects states and their constituent agencies and departments, which are considered "arms of the states." *See, Pennhurst State Sch. and Hospital,* 465 U.S. at 123-24. The United States Supreme Court's cases have considered a number of factors when analyzing the question of whether an entity is an "arm of the state." *See, e.g., Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30 (1994); *See also, Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984). The factor which the Supreme Court has identified as being the most significant to this inquiry concerns "the vulnerability of the state's purse" to judgments imposed on a state's departments or agencies by federal courts. *Hess*, 513 U.S. at 48. The question of whether the entity engages in what are typically seen as functions associated with state government is also relevant. *Pennhurst State Sch.*, 465 U.S. at 124.

By these two measures, the four State of Illinois Defendants are properly seen as arms of the State of Illinois. First, as discussed in more detail below, each of the four State of Illinois Defendants is funded, in no small part, through the State's annual appropriation and budgeting process, which is initiated by the State's Governor. Ill. Const. art. VIII, Sec. 2.

Additionally, each of the State of Illinois Defendant engages in activities that are traditionally understood as being a function of state government. For example, the IDOA is responsible for promoting agriculture within the State of Illinois. 20 ILCS 205/205-15 (2010). Similarly, IDOC operates several prisons and other detention facilities within the State of Illinois. *See Johnson v. Avery,* 393 U.S. 483, 486 (1969) ("There is no doubt that discipline and administration of state detention facilities are state functions.") IDOT, which oversees, constructs, and maintains the State's highways, also engages in activities that have typically been viewed as state functions. *Raymond Motor Transp., Inc. v. Rice,* 434 U.S. 429, 444, fn. 18 (1978) (The Court noting "that the States shoulder primary responsibility for the construction, maintenance, and policing of their highway[.]"). Finally, state governments, such as Illinois, have historically promoted higher education, and the founding of ISU is a product of this long-standing state interest. *Bd. of Educ. of State of Illinois v. Bakewell,* 122 Ill. 339, 10 N.E. 378 (1887). And to that end, the Illinois General Assembly enacted the legislation which created the "body politic and corporate which shall be styled the Board of Trustees of Illinois State University" and which is charged with the operation of the university. 110 ILCS 675/20-10 (2010).

The Sixth Circuit has developed a four-factor test for determining whether an entity is an "arm of the state," for sovereign immunity purposes. *S.J. v. Hamilton County,* 374 F.3d 416, 420 (6th Cir. 2004) (internal citations omitted). Under the *S.J.* test, a court should consider the

following factors: (1) whether the state would [potentially] be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding. *S.J.,* 374 F.2d at 420. These four factors, as applied to the State of Illinois Defendants, demonstrate beyond question that all four of these Defendants are "arms of the state."

First, any judgment which this Court might render against the State of Illinois Defendants, would be paid by the State of Illinois' treasury. *See, Foley v. AFSCME, Council 31, Local No. 2258,* 199 Ill. App. 3d 6, 14, 556 N.E.2d 581, 586 (1st Dist. 1990) ("a judgment against the Illinois Department of Corrections and Illinois Department of Central Management Services here would effectively be against the State of Illinois[.]" In some instances, a claim brought against a state agency must first be awarded by the Illinois Court of Claims, which, in turn, requires the Illinois General Assembly to appropriate the funds necessary to pay the awarded claim. *Carlson v. Bd. of Regents of Regency Univ. Sys.*, 47 Ill. Ct. Cl. 171 (1994) (finding the State liable for injuries suffered by ISU student and awarding the student $100,000).[1] Such funds are then paid out by the Illinois Treasury, upon order of the Illinois Comptroller. 15 ILCS 405/2 (2010).

Second, all of the Illinois State Defendants are under the jurisdiction and control of the State of Illinois. The Illinois Departments of Agriculture, Corrections, and Transportation are each departments of the Executive Branch of the State Illinois. 20 ILCS 5/5-15 (2010). And, just as significantly, each of the four State of Illinois Defendants has been recognized by state and/or federal courts as being arms of the State of Illinois. *People ex rel. Witte v. Big Creek Drainage Dist. No. 2*, 159 Ill. App. 3d 576, 580, 512 N.E.2d 62, 64 (5th Dist. 1987) (IDOA); *Brandon v. Bonell*, 368 Ill. App. 3d 492, 510, 858 N.E. 2d 465, 487 (2nd Dist. 2006) (IDOC) (also noting that

---

[1] Pursuant to 705 ILCS 505/23, such awards are paid out of funds appropriated by the Illinois General Assembly.

"[g]enerally, an agency of the state is considered an arm of the state" and is immune from suit in state court.); *Dept. of Trans. v. Drury Displays, Inc.,* 327 Ill. App. 3d 881, 882, 764 N.E. 2d 166, 168 (5th Dist. 2002) (IDOT); and *Hoffman v. Yack,* 57 Ill. App.3d 744, 747, 373 N.E.2d 486, 489 (5th Dist. 1978) (ISU), and *Moore v. Watson,* 838 F.3d 735, 753, fn. 26 (N.D. Ill. 2012) (finding that all Illinois state universities are considered to be arms of the state, for purposes of Eleventh Amendment analysis.).

Third, under the Illinois Civil Administrative Code, the Governor of the State of Illinois is invested with the authority to appoint the respective heads of the Illinois Departments of Agriculture, Corrections, and Transportation. 20 ILCS 5/5-605 (2010). Upon being confirmed for their positions by the Illinois General Assembly, these individuals are required to take an oath of office, and their signed oath is then filed with the Illinois Secretary of State. 20 ILCS 5/5-615 (2010).

Similarly, the composition of the Board of Trustees of Illinois State University and the manner in which it operates is dictated by state law. Thus, the Governor of Illinois is authorized to appoint seven of the Board of Trustees' eight members (the eighth member, who is to be a student, is elected by the university's student body. 110 ILCS 675/20-15 (2010). State law invests the Board of Trustees with responsibility for all aspects of the University's operations and management. 110 ILCS 675/20-10 (2010). And, as provided for under state law, the Board of Trustees is responsible for hiring the University's president, deans, and all other necessary employees. 110 ILCS 675/20-45 (2010).

Fourth, the Governor of the State of Illinois is required to maintain the fiscal integrity of the State. Ill. Const. art. VIII, Sec. 2. In order to fulfill this mandate, prior to the start of each fiscal year, the Governor's office prepares and submits a state budget to the Illinois General

Assembly, which includes an allocation for "every department, authority, public corporation and quasi-public corporation of the State, every State college and university and every other public agency created by the State[.]" *Id.*

The application of the factors from *Hess and Pennhurst Sch. & Hosp.,* as well as each of the 6th Circuit's four factors from *S.J.*, demonstrate that the four State of Illinois Defendants are each an "arm of the state," for purposes of analyzing and applying the doctrine of sovereign immunity. It therefore follows that all four Defendants are able to assert this doctrine in response to Plaintiff's claims and for the Court to dismiss this case on sovereign immunity grounds.

        3.      <u>The United States Supreme Court Held That Congress Did Not Abrogate the States' Sovereign Immunity for Purposes of CERCLA</u>

Nine years after CERCLA's enactment, the United States Supreme Court, in *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 23 (1989), held that Congress had abrogated the States' sovereign immunity from suits brought under CERCLA, pursuant to its authority under the Commerce Clause. However, in 1996, in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996), the Supreme Court reversed its holding in *Union Gas,* finding that the case had been "wrongly decided and that it should be, and now is, overruled." *Seminole Tribe*, at 66. The Supreme Court specifically found that Article I of the Constitution "cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction[,]" and held that the Seminole Tribe's suit against the State of Florida was barred on sovereign immunity grounds. *Id.* at 72-73.

The same constitutional limitation recognized by the Supreme Court in its *Seminole Tribe* opinion applies with equal force to the State of Illinois Defendants' motion. As Congress did not have the authority to abrogate the States' sovereign immunity to private suits alleging cost

13

recovery and contribution claims under CERCLA, it follows that the Plaintiff's CERCLA claims against the State of Illinois Defendants are barred on sovereign immunity grounds. Therefore, the State of Illinois Defendants' motion to dismiss this case is properly granted by this Court.

### C. Plaintiff's State Claim Against Defendants Should Also Be Dismissed on Sovereign Immunity Claims

Count III of Plaintiff's Complaint seeks monetary contribution under CERCLA, as well as Ky. Rev. Stat. 224.01-400(25). As with Plaintiff's CERCLA claims, its state law contribution claim is properly dismissed with prejudice by this Court in response to a Rule 12(b)(1) motion, as the Court cannot take supplemental jurisdiction of a private plaintiff's state law claims brought against state agencies. *McNeilus Truck & Mfg., Inc. v. State of Ohio*, 226 F.3d 429, 438 (6th Cir.2000) (citing *Pennhurst,* 465 U.S. 89 at 123). Additionally, dismissal of Plaintiff's state law contribution claim is proper, because, as is the case with Plaintiff's CERCLA claims, the Illinois State Defendants have not waived their sovereign immunity and consented to suit.

### III. CONCLUSION

For the reasons stated above, Defendants, the Illinois Department of Agriculture, the Illinois Department of Corrections, the Illinois Department of Corrections, and the Illinois State University, respectfully request that this Court dismiss all counts of Plaintiff's Complaint against them with prejudice.

Respectfully submitted,

LISA MADIGAN,
Attorney General of the State of Illinois

MATTHEW J. DUNN, Chief
Environmental Enforcement/
Asbestos Litigation Division

ELIZABETH WALLACE, Chief,
Environmental Bureau North

s/Evan J. McGinley
EVAN J. McGINLEY (IARDC # 6237655)
Assistant Attorney General
69 West Washington Street, Suite 1800
Chicago, Illinois 60602
Telephone:     312/814-3153
Facsimile:      312/814-2647
emcginley@atg.state.il.us

*Counsel for Defendants the Illinois Department of Agriculture, the Illinois Department of Corrections, the Illinois Department of Transportation, and the Board of Trustees of Illinois State University*