IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| LWD PRP GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 5:12-CV-00127-TBR |
| V. | ) | |
| | ) | |
| ACF INDUSTRIES, LLC., | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| TRANSPORTATION, ET AL. | ) | |
| Defendants. | ) | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO F.R.Civ.P. 12(b)(1)

Plaintiff LWD PRP Group alleges that all of the Defendants named in their Complaint "generated and/or transported hazardous waste containing hazardous substances, and that this waste was disposed of at the LWD Incinerator Site." (Doc. 581, ¶8). Plaintiff's allegations regarding the State of Pennsylvania Department of Transportation's ("PennDOT") involvement with the LWD Incinerator Site are found at Paragraphs 766 through 770 of the Complaint. Plaintiff alleges that PennDot sent hazardous waste to the site. (Doc 581, ¶ 768).

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides the basis for challenging a federal court's jurisdiction over the subject matter of a plaintiff's complaint. As the Sixth Circuit Court of Appeals noted in <u>Am.Telecom Co., L.L.C. v. Lebanon</u>, 501 F.3d 534, 537 (6th Cir.2007), "[s]ubject matter jurisdiction is always a threshold determination" which a court

1

is to make. Upon determining that it lacks the requisite subject-matter jurisdiction, a district court must dismiss the plaintiff's case. Fed.R.Civ.P. 12(h)(3); See also, Smith v. Excel Maint.Services, Inc., 617 F.Supp.2d 520, 522 (W.D.Ky). Therefore, a claim which is barred on sovereign immunity grounds is properly dismissed by a federal court on subject matter jurisdiction grounds, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ARGUMENT

### A. The Eleventh Amendment Bars Suit against the Pennsylvania Department of Transportation

The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought. Kentucky v. Graham, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 87 L.Ed 2d 114 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed 2d 67 (1984).

It is well settled that Pennsylvania Department of Transportation is an agency or arm of the state, and therefore, entitled to the same Eleventh Amendment immunity which the Commonwealth enjoys. Goad v. Pennsylvania Department of Transportation, 530 F.Supp. 342, 344 (W.D.Pa. 1981); see also, Czapracki v. Pennsylvania Department of Transportation, 2008 WL 5129893, *4 (M.D. Pa). While the Pennsylvania General Assembly has expressly waived its immunity in nine very specific instances as set forth in 42 Pa. C.S.A. § 8522, none of those exceptions is at issue here. And in any event, when enacting its limited waiver of immunity, the Commonwealth specifically reserved its right under the Eleventh Amendment to immunity from suit in federal court. 42 Pa.C.S. §8521(b); see also Pa.Const.Art. I, §11; 1 Pa.C.S.A. §2310; Lavia v. Department of Corrections, 224 F.3d 190, 195 (3d Cir. 2000).

The Commonwealth of Pennsylvania Department of Transportation has not waived its' sovereign immunity thereby consenting to Plaintiff's lawsuit. Nor has Congress abrogated the states' sovereign immunity under the Comprehensive Environmental Response Compensation and Liability Act, ("CERCLA"), 42 U.S.C.§9601 et seq. The United States Supreme Court has ruled that states are protected by the Eleventh Amendment and are immune from suit from claims brought under CERCLA. See Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); see also Bergman v. Michigan State Transportation Comm'n, 665 F.3d 681, 683 (6thCir.2011)(stating that the U.S. Supreme Court made clear in 1996 that CERCLA does not abrogate Eleventh Amendment Immunity).

The same constitutional limitation recognized by the Supreme Court in its Seminole Tribe opinion applies with equal force to the State of Pennsylvania Department of Transportation's motion. As Congress did not have the authority to abrogate the States' sovereign immunity to private suits alleging recovery and contribution claims under CERCLA, it follows that the Plaintiff's CERCLA claims against the State of Pennsylvania Department of Transportation is barred on sovereign immunity grounds.

    **B.    Plaintiff's State Claim against Defendant Pennsylvania Department of Transportation Should Also Be Dismissed on Sovereign Immunity Grounds**

Count II of Plaintiff's Complaint seeks monetary contribution under CERCLA, as well as KY.Rev.Stat.224.01-400(25). As with Plaintiff's CERCLA claims, its' state law contribution claim is properly dismissed with prejudice by this Court in response to a Rule 12(b)(1) motion, as the Court cannot take supplemental jurisdiction of a private plaintiff's state law claims brought against state agencies. McNeilus Truck & Mfg., Inc. v. State of Ohio,

226 F.3d 429, 438 (6th Cir. 2000). Additionally, dismissal of Plaintiff's state law contribution claim is proper, because, as is the case with Plaintiff's CERCLA claims, the Pennsylvania Department of Transportation has not waived its sovereign immunity and consented to suit.

WHEREFORE, the reasons stated above, Defendant Pennsylvania Department of Transportation respectfully requests that this Honorable Court dismiss all counts of Plaintiff's Complaint against them with prejudice.

Respectfully submitted:

KATHLEEN G. KANE

Attorney General


By:     /s/ Sandra A. Kozlowski

SANDRA A. KOZLOWSKI
Deputy Attorney General
PA I.D.: 89127

Susan J. Forney
Chief Deputy Attorney General
Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:  January 31, 2013