UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
Case No.5:12CV-127-R
ELECTRONICALLY FILED

LWD PRP GROUP PLAINTIFF

VS.

YENKIN-MAJESTIC PAINT CORP, et al DEFENDANTS

**ANSWER OF YENKIN-MAJESTIC PAINT CORP.**

Comes the Defendant, Yenkin-Majestic Paint Corp., by and through counsel, and for its Answer to the Plaintiff's First Amended Complaint, states and alleges as follows:

**FIRST DEFENSE**

The Plaintiff's First Amended Complaint fails to state a cause of action as against this Defendant upon which relief can be granted and as such, must be dismissed.

**SECOND DEFENSE**

The following numerical paragraphs correspond with the numbered paragraphs contained in the Plaintiff's First Amended Complaint:

Allegation 1: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 2: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 3: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 4: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 5 through 27: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 28: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 29 through 1144: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 1145: Admits.

Allegation 1146: Admits.

Allegations 1147: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 1148: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 1149: Admits.

Allegations 1150 through 1171: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 1172 through 1188: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 1189 through 1194: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 1195 through 1200: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

**THIRD DEFENSE**

Subject to what discovery might reveal, the claims in Plaintiff's First Amended Complaint are barred by the appropriate and applicable statute of limitations.

**FOURTH DEFENSE**

Subject to what discovery might reveal, the claims in Plaintiff's First Amended Complaint are barred by the doctrine of laches.

**FIFTH DEFENSE**

Subject to what discovery might reveal, Plaintiff lacks standing or capacity to sue and its claims must, therefore, be dismissed.

**SIXTH DEFENSE**

Subject to what discovery might reveal, the claims in Plaintiff's First Amended Complaint are barred by waiver.

**SEVENTH DEFENSE**

Subject to what discovery might reveal, the alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

**EIGHTH DEFENSE**

Subject to what discovery might reveal, the alleged releases were federally permitted.

**NINTH DEFENSE**

Subject to what discovery might reveal, the alleged releases were *de micromis.*

**TENTH DEFENSE**

Subject to what discovery might reveal, the Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

**ELEVENTH DEFENSE**

Subject to what discovery might reveal, the damages complained of by the Plaintiff, if any there be, resulted from unforeseeable, independent, intervening, and superseding acts of negligence by others, including the Plaintiff such that the Plaintiff's First Amended Complaint as against this Defendant should be dismissed or proportionately mitigated.

**TWELFTH DEFENSE**

Subject to what discovery might reveal, at the time and place and upon the occasion which forms the basis for the Plaintiff's First Amended Complaint, the Plaintiff acted negligently and carelessly and failed to exercise ordinary care, which caused and/or contributed to the damages complained of, if any there be. But for said negligence and/or carelessness of the Plaintiff, the injuries and damages complained of, if any there be, would not and could not have occurred. By virtue of the foregoing negligence, the Plaintiff's First Amended Complaint herein is completely barred or should be proportionately mitigated.

WHEREFORE, Defendant Yenkin-Majestic Paint Corp., respectfully requests the First Amended Complaint be dismissed, with prejudice, for its costs herein expended and for all other relief to which it may be entitled.

Respectfully submitted,

BOEHL STOPHER & GRAVES, LLP

/s/ Richard L. Walter______
Richard L. Walter
410 Broadway
Paducah, KY 42001
270-442-4369
270-442-4689 fax
rwalter@bsgpad.com

ATTORNEY FOR DEFENDANT
YENKIN-MAJESTIC PAINT CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that on the day of February 2013, I electronically filed with the Clerk of Court, by using the CM/ECF system, the foregoing document which will send a notice of electronic filing to the following:

Hon. W. Fletcher McMurry
McMurry & Livingston, PLLC
PO Box 1700
Paducah, KY 4202-1700

Hon. Gary D. Justis
Hon. Ambereen Shaffie
The Justis Law Firm, PLLC
5251 West 116th Place, Suite 200
Leawood, KS 66211-7820
*Counsel for Plaintiff*

Hon. Duncan Pitchford
Whitlow Roberts Houston & Straub
PO Box 995
Paducah, KY 42002-0995

/s/ Richard L. Walter______
Richard L. Walter