UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-cv-127-R

LWD PRP GROUP                                          PLAINTIFF

v.             **ANSWER OF DEFENDANT, ALSCO, INC.
TO FIRST AMENDED COMPLAINT**

ACF INDUSTRIES LLC, et al.                         DEFENDANTS

## ANSWER

For its Answer to the First Amended Complaint (hereafter, "Complaint"), defendant Alsco, Inc. ("Alsco") states as follows:

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Defense

This Court lacks jurisdiction, in whole or in part, over Alsco and/or the subject matter of the Complaint.

### Third Defense

The Complaint fails to join a party under Rule 19.

### Fourth Defense

Alsco pleads in defense the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §9601 *et seq.* ("CERCLA") and of KRS 224.01-400

1

.

### Fifth Defense

The Complaint is barred, in whole or in part, and/or defenses to the Complaint are provided, by the following affirmative defenses set forth in CR 8.03:  accord and satisfaction, assumption of risk, contributory negligence, estoppel, fraud, illegality, laches, license, payment, release, statute of limitations, and wavier.

### Sixth Defense

To the extent Wesco Mfg., Inc. ("Wesco") has any liability with respect to the LWD Incinerator, as to which Alsco is without knowledge or information sufficient to form a belief as to the truth of the averment (hereafter, "Without Knowledge"), Alsco is not liable for the liabilities of Wesco.  The stock of Wesco was acquired by Steiner Company, Inc. in 1984 as part of an acquisition of the assets of Change-O-Matic by Steiner Company, Inc.  In 1984, Steiner Company, Inc. was an operating subsidiary of Alsco with its own employees, assets, and separate operations.  Since then, Steiner Company, Inc. has ceased operations, has no employees or assets, and currently is indebted to Alsco.

### Seventh Defense

As to the averments of the Complaint particular to Alsco:

Paragraph No. 83:  Alsco admits that by letter dated July 23, 2012, plaintiff demanded payment allegedly pursuant to CERCLA from Alsco for an allegedly equitable share of plaintiff's alleged LWD Incinerator response costs;

Paragraph No. 84:  Alsco denies;

Paragraph No. 85:   Alsco is Without Knowledge;

Paragraph 86:  Alsco is Without Knowledge;

Paragraph No. 87: Alsco is Without Knowledge; and

Paragraph No. 88: Alsco admits.

Alsco denies all averments of the Complaint particular to Alsco not expressly admitted above.

### Eighth Defense

Alsco denies Paragraph Nos. 8, 1183, 1187, 1188, 1192, 1193, 1194, 1196, 1198, 1199, and 1200 of the Complaint as they may relate to Alsco, is Without Knowledge as to the averments of the remainder of the Complaint, and denies any and all of those averments to the extent they allege or imply that Alsco is liable to plaintiff on the claims asserted in the Complaint.

### Demand for Relief

Alsco therefore demands:

A. Dismissal with prejudice of all claims asserted against it in the Complaint;

B. Alternatively, a judgment in its favor on all claims asserted against it in the Complaint;

C. A jury trial;

D. Its costs, including reasonable attorneys' fees; and

E. All other forms of equitable and/or legal relief to which it may be entitled.

FULTZ MADDOX HOVIOUS & DICKENS PLC
Benjamin C. Fultz
John David Dyche
Jennifer Metzger Stinnett


s/ John David Dyche
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000

*Counsel for Defendant, Alsco, Inc.*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on February 11, 2013. Notice of this filing will be sent to counsel for parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

s/ John David Dyche
*Counsel for Defendant, Alsco, Inc.*


8790/pldgs/answer

4