UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-127-R

LWD PRP GROUP,                                                                            PLAINTIFF

VS.       **ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT WATTS & DURR OIL COMPANY, INC. ELECTRONICALLY FILED**

ACF INDUSTRIES LLC, ET AL.,                                         DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes now the Defendant, Watts & Durr Oil Company, Inc., by counsel, and for its Answer and Affirmative Defenses herein to the First Amended Complaint, does state as follows:

**FIRST DEFENSE**

1. The First Amended Complaint should be dismissed or held for naught for failure to state a claim or cause of action for which the relief sought, or any relief may be granted.

2. The First Amended Complaint should be dismissed and held for naught on the basis of failure of consideration.

3. The First Amended Complaint should be dismissed and held for naught on the basis that the claims, if any be stated, are barred by the statute of limitations, waiver, laches, or estoppel.

4. The acts and omissions complained of, if any there be, are not, within reasonable certainty, attributable to this Defendant.

1

5. The acts and omissions complained of, if any there be, are the result of the negligence of the Plaintiff, its predecessors in interest, and their agents, employees, and representatives.

6. The acts and omissions complained of, if any there be, are the result of the acts of others, not this Defendant, or of acts of nature, or other intervening and/or superseding cause which are not the responsibility of this Defendant.

7. This Defendant reserves the right to assert additional affirmative defenses if this action otherwise proceeds against this Defendant upon the receipt of further information in the discovery process.

## SECOND DEFENSE

Without waiving any of the foregoing defenses, this Defendant answers the specific allegations of the First Amended Complaint as follows:

8. This Defendant is without sufficient information to either admit or deny the allegations asserted in paragraphs one and two of the First Amended Complaint, and therefore denies the same.

9. This Defendant admits the allegations of paragraphs three and four of the First Amended Complaint to the extent that jurisdiction and venue would be proper in this Court if there are any justiciable claims presented against this Defendant, which this Defendant denies.

10. This Defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 5 - 1099 of the First Amended Complaint, inclusive, and therefore denies the same.

11. This Defendant is without sufficient information at this time to either admit or deny the allegations of paragraphs 1100, 1101, 1102, and 1103 of the First Amended Complaint, although admitting that this Defendant did make a shipment in accordance with a duly issued manifest, which shipment was made by this Defendant in good faith and in reasonable reliance upon the representations of the Plaintiff and its predecessors, agents, representatives, and employees; all remaining allegations of those paragraphs are denied.

12. This Defendant admits the allegations of paragraphs 1104 of the First Amended Complaint, and does affirmatively state that no such response cost should be deemed owed or payable by this Defendant.

13. This Defendant denies the allegations of paragraphs 1105 - 1200 of the First Amended Complaint as they may relate to this Defendant, and denies any and all allegations to the extent they allege or imply that this Defendant is liable to the Plaintiff on the claims asserted in the Amended Complaint.

14. This Defendant denies each and every allegation of the First Amended Complaint not otherwise specifically admitted herein.

WHEREFORE, this Defendant respectfully demands as follows:

A. That the First Amended Complaint be dismissed and held for naught, and that the Plaintiff take nothing thereby;

B. For its costs and fees herein expended, including a reasonable attorney's fee;

C. For any and all other relief to which this Defendant appears to be entitled.

s/ Winter R. Huff
WINTER R. HUFF, Counsel for Defendant
Watts & Durr Oil Company, Inc.
ATTORNEYS SERVICES OF KENTUCKY, PLLC
P.O. Box 627
Monticello, KY 42633
Telephone: (606) 343-0055
AND
203 E. Mt. Vernon Street
Somerset, KY 42501
Telephone:  (606) 678-0181
Facsimile:  (888) 513-0853
winterhuff@hotmail.com

## CERTIFICATE OF SERVICE

On February 12, 2013, I electronically filed this document through the ECF system. Notice of this filing will be sent to counsel for parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

s/ Winter R. Huff
WINTER R. HUFF, Counsel for Defendant
Watts & Durr Oil Company, Inc.

4