IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-R

LWD PRP GROUP                                                                                              PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.                                                                      DEFENDANTS

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL RAILWAY EQUIPMENT COMPANY**
**(Electronically Filed)**

Comes Defendant National Railway Equipment Company ("Defendant") by counsel, and for its answer to Plaintiff's First Amended Complaint ("Amended Complaint"), states as follows:

**FIRST DEFENSE**

The Amended Complaint or portions of it fails to state a claim upon which relief can be granted against this Defendant and therefore must be dismissed.

**SECOND DEFENSE**

1.  Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Amended Complaint, and therefore denies the same, but does not deny matters properly of public record.

2.  With regard to Paragraphs 3 and 4 of the Amended Complaint, Defendant admits that jurisdiction and venue are proper in this Court. With regard to any other allegations in Paragraphs 3 and 4 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

1

3. With regard to Paragraphs 5 through 27 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

4. With regard to Paragraphs 28 through 686 of the Amended Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

5. With regard to Paragraph 687 of the Amended Complaint, Defendant admits that the LWD PRP Group sent a letter to Defendant dated June 8, 2012 demanding payment. Defendant denies the remaining allegations in Paragraph 687.

6. Defendant admits the allegations in Paragraph 688 of the Amended Complaint.

7. With regard to Paragraphs 689 through 691 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

8. Defendant admits the allegations in Paragraph 692 of the Amended Complaint.

9. With regard to Paragraphs 693 through 1171 of the Amended Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of

the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

10. With regard to Paragraph 1172 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

11. With regard to Paragraphs 1173 through 1180 of the Amended Complaint, Defendant states that these Paragraphs do not require a response as they merely restate the content of statutes, which statutes speak for themselves. To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

12. With regard to Paragraphs 1181 and 1182 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

13. Defendant admits the allegations in Paragraph 1183 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

14. Defendant denies the allegations in Paragraph 1184 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

15. With regard to Paragraphs 1185 and 1186 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

16. Defendant denies the allegations in Paragraphs 1187 and 1188 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

17. With regard to Paragraph 1189 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

18. With regard to Paragraph 1190 of the Amended Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

19. With regard to Paragraph 1191 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

20. Defendant denies the allegations in Paragraphs 1192 through 1194 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

21. With regard to Paragraph 1195 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

22. Defendant admits the allegations in Paragraph 1196 of the Amended Complaint.

23. With regard to Paragraph 1197 of the Amended Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

24. With regard to Paragraph 1198 of the Amended Complaint, no response is required of Defendant as this Paragraph does not make allegations regarding Defendant. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

25. Defendant denies the allegations in Paragraphs 1199 through 1200 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same, but does not deny matters properly of public record.

## **THIRD DEFENSE**

The claims in Plaintiff's Amended Complaint are barred by the applicable statute of limitations.

## FOURTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff lacks standing or capacity to sue and its claims must, therefore, be dismissed.

## SIXTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by waiver.

## SEVENTH DEFENSE

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

## EIGHTH DEFENSE

The alleged releases were federally permitted.

## NINTH DEFENSE

The alleged releases were de micromis.

## TENTH DEFENSE

Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Defendant National Railway Equipment Company respectfully requests the Amended Complaint be dismissed, with prejudice, for its costs herein expended and for all other relief to which it may be entitled.

                WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
                Attorneys for Defendant
                National Railway Equipment Company.


By:    */s/ J. Duncan Pitchford*
        J. Duncan Pitchford
        dpitchford@whitlow-law.com
        Nicholas M. Holland
        nholland@whitlow-law.com
        Post Office Box 995
        Paducah, Kentucky 42002-0995
        270-443-4516 (Telephone)
        270-443-4571 (Facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of February, 2013, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record, including Fletcher Schrock, Esq., fletch@ml-lawfirm.com, Gary Justis, Esq., gjustis@justislawfirm.com; and Ambereen Shaffie, Esq., ashaffie@justislawfirm.com, Counsel for Plaintiff.


      I further certify that I have served the following non-ECF participants via first class mail:

Mark Hopper, Esq.
DeLoof Hopper Dever & Wright PLLC
301 North Main Street, Suite 250
Ann Arbor, Michigan 48104
Attorney for Eftec North America, LLC

Madisonville Auto Parts, Inc.
55 North Scott Street
Madisonville, Kentucky 42431

Printers Printing Company, LLC
100 Frank E. Simon Avenue
Shepherdsville, Kentucky 40165

Hannan Maritime Corporation
102 West Emerson
Arlington Heights, Illinois 60005

Andover Coils, LLC
Post Office Box 4848
Lafayette, Indiana 47903

Zeller Technologies, Inc.
4250 Hoffmeister Avenue
St. Louis, Missouri 63125

Meredith Corporation
70 West Madison Street, Ste. 1800
Chicago, IL 60602

Spawn Mate, Inc.
260 Westgate Drive
Watsonville, CA 95076

Watts & Durr Oil Company, Inc.
P.O. Box 627
Monticello, KY 42633

Alsco, Inc.
215 South State Street, Suite 1200
Salt Lake City, UT 84111

Cooper US, Inc.
c/o Craig L.Weinstock, Esq.
Locke Lord LLP
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, TX 77002

Foster, Soyars & Associates
P.O. Box 24
Hopkinsville, KY 42241-0024
Attorneys for Housing Authority of Hopkinsville, KY

Thomas J. Keuler, Esq.
Denton & Keuler
P.O. Box 929
Paducah, KY 42002-0929
Attorney for James Marine, Inc.

Relocatable Confinement Facilities
Attn; Ken Holloway
5119 Quinn Road
Vacaville, CA 95688

All American Group, Inc.
Attn: Michael Healy
645 5th Avenue
New York, NY 10022

CNA International, Inc.
777 Mark Street
Wood Dale, IL 60191

Driv-Lok, Inc.
100 Park Avenue
Rockford, IL 61101

Triplett, Woolf & Garretson
2959 North Rock Road, Suite 300
Wichita, KS 67226
Attorneys for Mega Fabrication, Inc.

*/s/ J. Duncan Pitchford*
_____
J. Duncan Pitchford