UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| LWD PRP GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Act No. 5:12-CV-127-TBR |
| | ) | |
| v. | ) | |
| | ) | |
| ACF INDUSTRIES LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(Electronically Filed)

Comes the Defendant Louisville/Jefferson County Metro Government ("Louisville Metro"), a consolidated local government pursuant to K.R.S. Chapter 67C and governmental successor in interest to the City of Louisville, Kentucky and Jefferson County, Kentucky, and the Defendant Urban Renewal and Community Development Agency of Louisville ("Urban Renewal"), both by counsel, and for their Answers to the Plaintiff's First Amended Complaint, state as follows:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim for which relief may be granted against these Defendants.

## SECOND DEFENSE

The Court lacks jurisdiction over Defendants Louisville Metro and Urban Renewal and/or the subject matter of the First Amended Complaint.

## THIRD DEFENSE

To the degree that an immunity defense is applicable to either or both Defendants, the Defendants assert sovereign, governmental, official and qualified immunity, as defenses to this action.

## FOURTH DEFENSE

Defendants plead in their defense the provisions and defenses set out in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. 9601 et seq. and the provisions and defenses set out in KRS 224.01-400.

## FIFTH DEFENSE

Plaintiffs are barred from recovery under the First Amended Complaint due to their failure to exercise ordinary care and/or their failure to mitigate their damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were the result of intervening or superseding causes and are not the result of any act or omission of these Defendants.

## SEVENTH DEFENSE

Plaintiff's claims for damages may be subject to apportionment and these Defendants are not liable for the fault apportioned to others.

## EIGHTH DEFENSE

To the degree that Plaintiffs suffered damages as alleged in the First Amended Complaint, said damages were caused by the negligence of others.

## NINTH DEFENSE

Defendants assert any and all affirmative defenses available to them pursuant to FRCP 8 and FRCP 12, including but not limited to the Statute of Limitations.  Defendants assert the

foregoing defenses based upon the information currently available to them in order to avoid waiver.  Defendants reserve their right to amend their pleadings to assert additional defenses as information becomes available to them.

### TENTH DEFENSE

Defendants are not liable to the extent that any of their substances that were allegedly disposed of at the LWD incinerator site with respect to which Plaintiff has or will allegedly incur response costs did not constitute "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14).

### ELEVENTH DEFENSE

To the extent that any entity described in the First Amended Complaint was a department or agency of the former City of Louisville, Kentucky or the former Jefferson County, Kentucky, including Defendant Jefferson County Public Works, Defendant Louisville Metro accepts service therefor, but not sui juris.  Defendants Louisville Water Company, Louisville Metropolitan Sewer District and Transit Authority of River City are separate and distinct entities from Defendant Louisville Metro and Defendant Urban Renewal, and therefore, neither Louisville Metro nor Urban Renewal can legally accept service or file an Answer for them.

### TWELFTH DEFENSE

As to the averments contained in the First Amended Complaint which pertain to the Defendant Louisville Metro, Defendant Louisville Metro states:

1.      Plaintiff's averments contained in Paragraphs 286 through 291 deal with averments concerning the Louisville Water Company, which is a separate and distinct entity from Defendant Louisville Metro, and, therefore, Louisville Metro is without sufficient information or knowledge so as to ascertain the truth of the

averments, and therefore, deny same.  Defendant does not deny the existence of matters of public record.  Defendant Louisville Metro specifically denies that it is legally responsible for Louisville Water Company as alleged in paragraph 287.  Defendant admits that it has not paid any response costs as alleged in paragraph 291.

2.     As to the averments contained in Paragraphs 600 through 603 pertaining to Jefferson County Public Works, Defendant Louisville Metro states that it is without sufficient information or knowledge to ascertain the truth of the averments, and therefore, denies same.  Defendant does not deny the existence of matters of public record.  Defendant admits that it has not paid any response costs incurred by Plaintiff as stated in Paragraph 603 of the First Amended Complaint.

As to the averments contained in Paragraphs 1053 through 1056 of the First Amended Complaint which pertain to the Defendant Urban Renewal, Defendant states that it is without sufficient information or knowledge so as to ascertain the truth of the averments, and therefore, denies same.  Defendant does not deny the existence of matters of public record.  Defendant admits that it has not made any payment toward response costs as alleged in Paragraph 1056.

## THIRTEENTH DEFENSE

Defendants are without sufficient information or knowledge so as to ascertain the truth of the remaining allegations contained in the First Amended Complaint, and, therefore, deny some.  Defendants Louisville Metro and Urban Renewal do not, however, deny the existence of matters of public record.  Defendants hereby reserve their rights to amend their Answers as further information becomes available to them.

4

**FOURTEENTH DEFENSE**

Defendants Louisville Metro and Urban Renewal reserve their rights to counterclaim or cross-claim against other parties to this action or to file a Third Party Complaint as further information becomes available to them.

**FIFTEENTH DEFENSE**

Any averments in the First Amended Complaint not specifically admitted herein are hereby specifically denied.

WHEREFORE, Defendants Louisville Metro and Urban Renewal demand as follows:

1.     That the First Amended Complaint against each of them be dismissed with prejudice;

2.     A trial by jury;

3.     For their costs herein expended, including reasonable attorney fees; and

4.     For any and all other relief to which they may be entitled.

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


By: /s/ William P. O'Brien_____
    William P. O'Brien
    Jennifer B. Swyers
    Edward S. Carle
    Assistant Jefferson County Attorneys
    531 Court Place, Suite 900
    Louisville, Kentucky 40202
    (502) 574-3349
    Counsel for Defendants,
    Louisville Metro and Urban Renewal

## **CERTIFICATE**

I hereby certify that on February 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send a notice of electronic filing to all counsel of record.

/s/ Edward S. Carle
Edward S. Carle
Assistant Jefferson County Attorney

G:\Cases\CARLE, ED\EdCarle\LWD PRP GROUP\PLEADINGS\First Amended Complaint Answer_Lou.Metro and Urban Renewal