**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:12-CV-000127**

**LWD PRP GROUP**                                                       **PLAINTIFF**

**v.**

**ACF INDUSTRIES, LLC,** *ET AL.*                               **DEFENDANTS**

**ORDER**

On November 19, 2012, the Defendant, Ameren Illinois Company, f/k/a/ Central Illinois Public Service Company, moved to dismiss the Plaintiff's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot., DN 290.) The Plaintiff responded to that motion. (Pl.'s Resp., DN 369.) The Defendant replied. (Def.'s Reply, DN 425.) Later, the Court granted the Plaintiff's motion to file a first amended complaint. (Order of Jan. 30, 2013, DN 580.) The amended complaint does not alter the factual allegations or theories of recovery the Plaintiff asserts against the Defendant.

The Defendant now moves the Court to order that the motion to dismiss and parties' briefing accompanying such motion be applied to the first amended complaint. (Def.'s Mot., DN 610.) The Plaintiff has joined that motion. (Joint Mot., DN 615). In other words, in the interest of efficiency and judicial economy, the parties ask the Court to declare that the Defendant's motion to dismiss the original complaint and the response and reply thereto be applied to the first amended complaint without further briefing by the parties.

The Court has reviewed the parties' motions and finds that the factual allegations and theories of recovery the Plaintiff asserts against the Defendant in the original complaint are the same or substantially similar to the allegations and theories asserted in the first amended

complaint.  Therefore, having considered the matter and being fully advised, and upon the joint motion of the parties,

**IT IS HEREBY ORDERED** that the Defendant's motion to dismiss the original complaint and all briefing thereto are applicable to and submitted against the Plaintiff's first amended complaint.  There is no need for additional briefing in this matter.

The Clerk shall grant the motions at DN 610 and DN 615, but only to the extent that they apply the parties' motion and briefing to the first amended complaint.  Granting DN 610 and DN 610 does not dismiss Defendant Ameren Illinois Company.  The Court will determine whether to dismiss the Defendant when it addresses the substance of the Defendant's motion to dismiss in a memorandum opinion and order to be issued at a later date.