UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:12-CV-00127-TBR |
| v. | ) |
| | ) |
| ACF INDUSTRIES LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT
UNIVERSITY OF IOWA'S MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

Plaintiff LWD PRP Group filed this cause pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), to recover the LWD PRP Group's past and future response costs for response activities at the LWD Incinerator Site. The LWD Group seeks contribution under CERCLA from numerous potentially responsible parties ("PRPs"), including Defendant University of Iowa, (hereinafter the "University").

The University filed a Motion to Dismiss on February 13, 2013 (DN 602) (hereinafter "Motion to Dismiss"). The Court should deny University's Motion to Dismiss because in contracting with a transporter to remove waste on its behalf, it has performed functions that can be considered non-governmental, proprietary or commercial in nature (e.g. a private corporation could conduct such functions), and has therefore lost its immunity.

## BACKGROUND AND FACTS

The LWD Incinerator Site, located on the western portion of the LWD, Inc. Superfund Site at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky, operated under the Resource Conservation and Recovery Act ("RCRA") from approximately 1980 through mid-2004. Under RCRA, individuals who generate or transport hazardous waste must notify EPA or an authorized State agency of their waste disposal activities, and obtain a U.S. EPA Identification Number (hereinafter "EPA ID No."). Each Defendant in the instant case generated and/or transported waste containing hazardous substances disposed of at the Incinerator Site, identified by the EPA ID Nos. issued to each Defendant (hereinafter "Manifested Waste"). The LWD Incinerator Site operators then compiled the RCRA hazardous waste manifests, which list the waste shipments sent to the LWD Incinerator Site, into annual reports submitted to EPA (hereinafter "Annual Reports"). EPA then compiled the Annual Reports into a database identifying nexus PRPs and their respective EPA ID Nos. and waste amounts (hereinafter "LWD Database").

EPA conducted initial removal action efforts at the LWD Incinerator Site between March 2006 and February 2007. In March 2007, 58 PRPs, including members of the LWD PRP Group, entered into an Administrative Settlement Agreement and Order on Consent for Removal Action with EPA to conduct remaining removal action activities at the LWD Incinerator Site. As a result, and based on other response costs activities conducted and to be conducted by EPA, the State of Kentucky, and the LWD PRP Group, the LWD PRP Group has and continues to incur millions of dollars in past and future response costs at the LWD Incinerator Site.

On February 2, 2013, Defendant filed its Motion to Dismiss in this case. In its Memorandum in Support thereof, the University argues that it has not waived its immunity or

consented to suit in Federal Court. The University asserts no other facts specific to its status as a state entity to support its claims.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court construes the Complaint in the light most favorable to the Plaintiff, accepting all factual allegations in the Complaint as true, and drawing all reasonable inferences in Plaintiff's favor. *Gunesekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Dismissal is inappropriate unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle it to relief. *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir. 2001*).*

## ARGUMENT

While Plaintiff concedes that the States are generally shielded from suit in Federal Court under the Eleventh Amendment, there are, however, qualified exceptions to sovereign immunity. For example, a state entity waives sovereign immunity by performing functions that are proprietary or commercial in nature, as opposed to governmental functions.[1] *See Sawaya v. Tucson High School Dist. No. 1 of Pima County*, 78 Ariz 389, 393, 281 P.2d 105 (Ariz. 1955). The burden is upon the party seeking immunity to show that it is entitled to such protection. *D.L. Braughler Co., Inc. v. Kentucky,* 271 F.Supp. 2d 937, 940 (E.D. Ky. 2003).

Courts are split on whether state universities are shielded by the Eleventh Amendment. *See Hopkins v. Clemson Agric. College of S.C.*, 221 U.S. 636, 648-49 (1911) (no immunity); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir.1990) (immunity granted), cert. denied

---

[1] The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has held that, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; *Duhne v. New Jersey*, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280; *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 51, 64 S.Ct. 873, 875, 88 L.Ed. 1121; *Fitts v. McGhee*, 172 U.S. 516, 524, 19 S.Ct. 269, 272, 43 L.Ed. 535. *See also Monaco v. Mississippi*, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282.

sub nom. *Wharton v. Dube*, 111 S.Ct. 2814 (1991); *Thompson v. City of L.A.*, 885 F.2d 1439, 1442-43 (9th Cir.1989) (immunity granted); *Skehan v. State System of Higher Educ.*, 815 F.2d at 244 (finding Pennsylvania State System of Higher Education entitled to Eleventh Amendment immunity); *Kovats v. Rutgers, The State Univ.*, 822 F.2d 1303, 1312 (3d Cir.1987) (no immunity; school had significant autonomy and separate corporate existence); *Schuler v. University of Minn.*, 788 F.2d 510, 516 (8th Cir.1986), cert. denied, 479 U.S. 1056 (1987) (immunity granted); *Hander v. San Jacinto Junior College*, 522 F.2d 204, 205 (5th Cir.1975) (no immunity).

In general, "[w]hether a public university is entitled to Eleventh Amendment immunity is a fact-intensive review that calls for individualized determinations." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007). Courts examine several factors including "the way state law treats the entity." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 199 (9th Cir. 1988). Other factors include whether the university has a separate corporate existence, significant autonomy, whether it has its lands and funds under control or management of the state, and the state's own laws. *Bostanci v. New Jersey City Univ.*, 2010 WL 4961621 (N.J. Dec. 1, 2010).

As a threshold matter, the University has not provided any facts or allegations to support its conclusory assertion that it is entitled to Eleventh Amendment sovereign immunity. For its Motion to Dismiss, the University summarily concludes for the Court that it is a state entity entitled to Eleventh Amendment sovereign immunity, despite the fact that such a legal conclusion must be based upon a fact-intensive review and individualized determination.

Further, the facts, when viewed in the light most favorable to the Plaintiff, demonstrate that the University performed a function that was proprietary, and not governmental, in nature.

Courts have held that where a state entity performs functions that are proprietary and non-governmental in nature, particularly where it gains a "tangible benefit," the entity loses Eleventh Amendment sovereign immunity. See *Sawaya v. Tucson High School Dist. No. 1 of Pima County*, 78 Ariz. 389, 393, 281 P.2d 105, 108 (Ariz. 1955) (Where the court held that immunity did not apply where a school district leased a stadium and gained tangible benefit from that lease). Proprietary functions involve undertakings of a sort that private persons or businesses might engage in for profit, especially if done with the purpose of raising revenue or participating in a commercial market. *Brabson v. Floyd County Bd. of Educ.*, 862 F.Supp.2d 571, 574-75 (E.D. Ky. 2012)

      Similarly, in this case, the University engaged in conduct of a proprietary, rather than governmental nature. The University contracted with a waste hauler for the transportation of its waste materials. Commercial waste removal and recycling industries operate in billion-dollar markets, and the University entered this commercial marketplace by contracting for the removal of its waste streams, which provided both economic and tangible benefits to the University. Here, the University performed a function that a corporation normally engages in – contracting with a waste removal entity to dispose of its hazardous waste.

## **CONCLUSION**

      For the foregoing reasons, Plaintiff LWD PRP Group respectfully requests that this Court enter an appropriate Order denying Defendant University of Iowa's Motion to Dismiss, and for such other and any further relief as the Court deems just and appropriate under the circumstances.

Dated:  March 12, 2013        Respectfully submitted,

/s/ Ambereen Shaffie
Ambereen Shaffie        admitted *pro hac vice*
Gary D. Justis        admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
5251 W. 116th Place, Suite 200
Leawood, KS  66211-7820
Telephone:  (913) 998-6100
Facsimile:  (913) 998-6101
Email:  gjustis@justislawfirm.com
Email:  ashaffie@justislawfirm.com

and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, Kentucky  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2013, a true and correct copy of the foregoing Agreed Order was served electronically on all counsel of record in this matter by means of the Court's CM/ECF electronic filing system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Ambereen Shaffie
Ambereen Shaffie