IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 5:12CV-127-TBR |
| | ) |
| ACF INDUSTRIES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, QUALITY METAL FINISHING, CO'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

NOW COMES the Defendant, QUALITY METAL FINISHING CO. ("QMF"), by and through its attorneys, OLIVER CLOSE, LLC, by Karl F. Winkler, and for its Answer and Affirmative Defenses to the First Amended Complaint of the Plaintiff, LWD PRP GROUP ("Plaintiff"), and asserts its Counterclaims as follows:

**STATEMENT OF THE CASE**

1. The allegations in Paragraph 1 characterize the nature of the action commenced by Plaintiff and describe the relief sought by Plaintiff and, therefore, do not require a response. To the extent a response is required, QMF denies the allegations contained in Paragraph 1.

2. The allegations in Paragraph 2 characterize the nature of the action commenced by Plaintiff and describe the relief sought by Plaintiff and, therefore, do not require a response. To the extent a response is required, QMF denies the allegations contained in Paragraph 2.

**JURISDICTION AND VENUE**

3. Paragraph 3 is a legal conclusion to which no response is required. To the extent a response is required, QMF denies the allegations in Paragraph 3.

4. Paragraph 4 is a legal conclusion to which no response is required. To the extent a response is required, QMF denies the allegations in Paragraph 4.

## FACTUAL BACKGROUND

5. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies them.

6. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7. Paragraph 7 is a legal conclusion to which no response is required. To the extent a response is required, QMF denies the allegations in Paragraph 7.

8. QMF admits that that the United States Environmental Protection Agency ("EPA") issued EPA ID numbers to it, its affiliates, and predecessors. QMF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies them.

9. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies them.

10. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

11. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13. QMF does not have sufficient information to form a belief as to the truth of theallegations in Paragraph 13 and, therefore, denies them.

14. QMF admits that EPA took actions to address unknown substances at the property located at 2745 Industrial Boulevard in Calvert City, Kentucky (the "Site"). QMF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15. QMF admits the allegations in Paragraph 15.

16. QMF admits that EPA commenced a response action in March 2006. QMF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies them.

17. QMF admits that hazardous substances were present on the Site. QMF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies them.

18. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. QMF admits that EPA and other potentially responsible parties entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (the "Removal Action AOC"), effective March 1, 2007, but states that the AOC speaks for itself and is the best

evidence of its content. QMF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies them.

22.     QMF admits that EPA issued a Notice of Completion dated September 29, 2009, but states that the notice speaks for itself and is the best evidence of its content. QMF does not have sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies them.

23.     QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.     QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25.     QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26.     Paragraph 26 is a legal conclusion to which no response is required. To the extent a response is required, QMF denies the allegations in Paragraph 26.

27.     QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

## THE PARTIES

28.     QMF does not have sufficient information regarding the LWD PRP Group to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29-832.   Paragraphs 29 through 832 contain allegations regarding defendants other than QMF. QMF does not have sufficient information to form a belief as to the truth of the allegations regarding such other defendants in Paragraphs 29 through 832, and, therefore, denies them.

833. QMF admits that LWD PRP Group sent a demand letter and offer of settlement dated October 19, 2012, to QMF, but states that the letter speaks for itself and is the best evidence of its content.

834. QMF admits the allegations contained in paragraph 834.

835. QMF admits on information and belief that whatever annual report is referenced may support this allegation, but has no information on how these reports converted the manifested gallons to pounds, whether the weight of the barrels is included or not, whether drums removed in 2005 by QMF are included or excluded, or any other quantitative information, and, therefore, denies this allegation and demands strict proof thereof.

836. QMF denies the allegations contained in paragraph 836.

837. QMF admits the allegations contained in paragraph 837.

838-1171. Paragraphs 838 through 1171 contain allegations regarding defendants other than QMF. QMF does not have sufficient information to form a belief as to the truth of the allegations regarding such other defendants in Paragraphs 838 through 1171, and, therefore, denies them.

## COUNT I – COST RECOVERY

1172. QMF incorporates by reference its answers to Paragraphs 1-1171.

1173. QMF states that 42 U.S.C. § 9607(a)(4) speaks for itself. To the extent Paragraph 1173 contains any allegation against QMF, QMF denies the allegations.

1174. QMF states that the definitions under Section 101 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") speak for themselves. To the extent Paragraph 1174 contains any allegations against QMF, QMF denies the allegations.

1175. QMF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1175 contains any allegations against QMF, QMF denies the allegations.

1176. QMF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1176 contains any allegations against QMF, QMF denies the allegations.

1177. QMF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1177 contains any allegations against QMF, QMF denies the allegations.

1178. QMF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1178 contains any allegations against QMF, QMF denies the allegations.

1179. QMF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1179 contains any allegations against QMF, QMF denies the allegations.

1180. QMF states that the definitions under Section 101 of CERCLA speak for themselves. To the extent Paragraph 1180 contains any allegations against QMF, QMF denies the allegations.

1181. Paragraph 1181 is a legal conclusion to which no response is required. To the extent Paragraph 1181 contains any allegations against QMF, QMF denies the allegations.

1182. Paragraph 1182 is a legal conclusion to which no response is required. To the extent Paragraph 1182 contains any allegations against QMF, QMF denies the allegations.

1183. QMF admits the allegation in Paragraph 1183 to the extent it pertains to QMF. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 1183 as they pertain to other defendants and, therefore, denies them.

1184. Paragraph 1184 is a legal conclusion to which no response is required. To the extent the paragraph contains any allegations, QMF denies such allegations as they pertain to QMF. QMF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

1185. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 1185 and, therefore, denies them.

1186. QMF does not have sufficient information to form a belief as to the truth of the allegations in Paragraph 1186 and, therefore, denies them.

1187. Paragraph 1187 is a legal conclusion to which no response is required. To the extent the paragraph contains any allegations, QMF denies such allegations as they pertain to QMF. QMF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

1188. Paragraph 1188 is a legal conclusion regarding state law to which no response is required. To the extent the paragraph contains any allegations, QMF denies such allegations as they pertain to QMF. QMF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

WHEREFORE, the Defendant, QMF, requests the Court find against the Plaintiff and for QMF and assess costs to Plaintiff, or if it finds against QMF that it equitably apportion any

amounts among Plaintiff, QMF, and all other parties, and any further relief the Court sees fit to grant.

## COUNT II – CONTRIBUTION

1189. QMF incorporates by reference its answers to Paragraphs 1-1188.

1190. QMF states that 42 U.S.C. § 9613 speaks for itself. To the extent Paragraph 1190 contains any allegations against QMF, QMF denies the allegations.

1191. QMF states that the Removal Action AOC speaks for itself. To the extent Paragraph 1191 contains any allegations against QMF, QMF denies the allegations.

1192. Paragraph 1192 is a legal conclusion to which no response is required. To the extent Paragraph 1192 contains any allegations against QMF, QMF denies the allegations.

1193. Paragraph 1193 is a legal conclusion to which no response is required. To the extent Paragraph 1193 contains any allegations against QMF, QMF denies the allegations.

1194. Paragraph 1194 is a legal conclusion regarding state law to which no response is required. To the extent the paragraph contains any allegations, QMF denies such allegations as they pertain to QMF. QMF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

WHEREFORE, the Defendant, QMF, requests the Court find against the Plaintiff and for QMF and assess costs to Plaintiff, or if it finds against QMF that it equitably apportion any amounts among Plaintiff, QMF, and all other parties, and any further relief the Court sees fit to grant.

## COUNT III – DECLARATORY RELIEF

1195. QMF incorporates by reference its answers to Paragraphs 1-1194.

1196. QMF denies the allegations contained in paragraph 1196.

1197. QMF states that 42 U.S.C. § 9613 speaks for itself. To the extent Paragraph 1197 contains any allegations against QMF, QMF denies the allegations.

1198. Paragraph 1198 is a legal conclusion to which no response is required. To the extent Paragraph 1198 contains any allegations against QMF, QMF denies the allegations.

1199. Paragraph 1199 is a legal conclusion to which no response is required. To the extent Paragraph 1199 contains any allegations against QMF, QMF denies the allegations.

1200. Paragraph 1200 is a legal conclusion regarding state law to which no response is required. To the extent the paragraph contains any allegations, QMF denies such allegations as they pertain to QMF. QMF does not have sufficient information to form a belief as to the truth of any allegations as they pertain to other defendants and, therefore, denies them.

WHEREFORE, the Defendant, QMF, requests that the Court find the claims lack the degree of certainty necessary to create a case or controversy and therefore declaratory judgment is not appropriate and find against the Plaintiff and for QMF, and any other relief the Court sees fit to grant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a person within the exceptions at §9607(b) and, therefore, cannot obtain relief under §9607(a).

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from recovering against QMF for response costs attributable to its own actions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is liable under CERCLA for the costs incurred to clean the Site. To the extent QMF has any liability under CERCLA, which QMF denies, Plaintiff may not recover from QMF more than QMF's fair, equitable and proportionate share of the costs, damages and other expenses sought, or otherwise recover more than the amount of such relief for which the Plaintiff may be liable.

## SIXTH AFFIRMATIVE DEFENSE

QMF denies that the Plaintiff may hold it jointly and severally liable for the alleged injuries, costs, damages and expenses because there are distinct and divisible harms and there is a reasonable basis for apportionment of the harms suffered at the Site.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred insofar as: (I) Plaintiff has failed to satisfy the prerequisites and requirements of the National Contingency Plan ("NCP"); or (ii) the actions allegedly undertaken by the Plaintiff are and were not consistent with the NCP.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred insofar as they seek to recover costs, damages and expenses other than "response cost" as that term is defined by Section 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25).

**NINTH AFFIRMATIVE DEFENSE**

To the extent QMF has any liability under CERCLA, which QMF denies, then QMF is entitled to a set-off against liability for the greatest of, or any combination of: (1) any amounts actually paid, stipulated to or otherwise agreed to by any person for any of the costs, damages and expenses alleged in the Complaint; (2) the equitable share of the liability of any person that receives a release from liability or covenant not to sue with respect to any of the costs, damages or expenses alleged in the Complaint; and (3) the equitable "orphan" share of any person.

**TENTH AFFIRMATIVE DEFENSE**

If any materials containing hazardous substances generated, owned or possessed by QMF were disposed of at the Site, such hazardous substances were not responsible for or related to the release or threatened release of hazardous substances that has allegedly caused Plaintiff to incur response costs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not the subject of a civil action as required by §9613(f)(1) and therefore cannot make a claim for contribution under CERCLA.

**TWELFTH AFFIRMATIVE DEFENSE**

The actions or omissions of third parties over whom QMF had no control and with whom QMF had no contractual relationship were the sole cause of the alleged contamination at issue,

and QMF exercised due care in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of third parties. Plaintiff's claims, therefore, are barred by Section 107(b) of CERCLA, 42 U.S.C. § 9607(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they include claims for future costs which are speculative and/or uncertain.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to recover attorneys' fees in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are not ripe for judicial review.

### SEVENTEENTH AFFIRMATIVE DEFENSE

QMF hereby reserves the right to assert additional defenses that may be pertinent to the Plaintiff's claims when the precise nature of said claims is ascertained through discovery and based upon the facts developed as this matter progresses.

### COUNTERCLAIMS

For its counterclaims herein, pursuant to Federal Rules of Civil Procedure 8 and 13, QMF hereby alleges as follows:

1.   Plaintiff/Counterclaim Defendant LWD PRP Group ("LWD PRP Group") filed its First Amended Complaint on December 31, 2012, against approximately 237 defendants, including Quality Metal Finishing Co. ("QMF"), seeking cost recovery, contribution and

declaratory relief pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613.

2. LWD PRP Group or its members set out in Paragraph 28 of the First Amended Complaint (collectively referred to as "LWD PRP Group") seeks to recover costs it allegedly incurred and will incur in connection with the remediation of environmental contamination at the property located at 2745 Industrial Boulevard in Calvert City, Kentucky (the "Site").

3. QMF asserts these counterclaims, pursuant to Sections 113(f) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9613(f), 9613(g)(2), and 28 U.S.C. § 2201, against LWD PRP Group for contribution for any costs, damages, or other monetary relief adjudged against QMF should it be liable for response costs incurred or to be incurred at the Site.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1367, and Sections 113(b) and 120 of CERCLA, 42 U.S.C. §§ 9613(b) and 9620.

5. Venue in this action is proper pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the claims for response costs arose in this district, and because the alleged release of hazardous substances and/or the alleged damages resulting therefrom occurred in this district.

## GENERAL ALLEGATIONS

6. The LWD PRP Group and/or its members and/or their predecessors and affiliates generated and/or transported waste containing hazardous substances, which was disposed of at the Site.

7. According to Paragraphs 14, 16, and 20 of the First Amended Complaint, the United States Environmental Protection Agency incurred removal costs related to the Site.

8. According to Paragraphs 21 and 22 of the First Amended Complaint, a number of potentially responsible parties ("PRPs") entered in to an Administrative Settlement Agreement and Order on Consent for Removal Action (the "Removal Action AOC") and, pursuant to the Removal Action AOC, incurred response costs.

9. According to Paragraphs 25 to 27 of the First Amended Complaint, the LWD PRP Group has incurred and will continue to incur response costs related to the Site.

10. The Site is a "facility" within the meaning set forth in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

11. The LWD PRP Group or its member are "persons" within the meaning set forth in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

### FIRST CLAIM FOR RELIEF
### CONTRIBUTION UNDER CERCLA § 113(f)

12. QMF alleges and incorporates by reference paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. Section 107(a) of CERCLA, 42 U.S.C. §9607(a), imposes liability on persons that currently own or operate a facility, that previously owned or operated a facility at the time of disposal, or that arranged for disposal at or transported hazardous substance to a facility.

14. Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides, in pertinent part, that:

> Any person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under

14

section 106 or under section 107(a). []. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

15. Upon information and belief, the LWD PRP Group is liable or potentially liable as an "owner," "operator," and/or "arranger" within the meaning of §§ 101 and 107(a) of CERCLA, 42 U.S.C. §§ 9601(20), 9607(a), relating to the hazardous substances disposed of, released at, and/or impacting the Site.

16. The LWD PRP Group has filed this civil action under Section 107(a), alleging that QMF is liable to the LWD PRP Group for unreimbursed response costs that the LWD PRP Group has incurred or will incur in response to releases and threatened release of hazardous substances at the Site.

17. If QMF is found liable for response costs, QMF is entitled to contribution from the LWD PRP Group for the response costs in accordance with Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF UNDER CERCLA 113(g)(2) AND 28 U.S.C. § 2201

18. QMF alleges and incorporates by reference paragraphs 1 through 17 of these counterclaims as if fully set forth herein.

19. The LWD PRP Group has alleged that it will continue to incur response costs in the future with respect to the environmental contamination at the Site.

20. An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between the parties in this action concerning their respective obligations and potential liability for response costs already incurred and that may be incurred in the future as a

result of the release or threatened release of hazardous substances at the Site.

21. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, QMF seeks a declaratory judgment that QMF is not liable and that the LWD PRP Group is jointly and severally liable for response costs or damages related to the Site that will be binding in any subsequent action to recover further response costs or damages.

### THIRD CLAIM FOR RELIEF
### CONTRIBUTION

22. QMF alleges and incorporates by reference paragraphs 1 through 21 of these counterclaims as if fully set forth herein.

23. If QMF is held liable to the LWD PRP Group in this action, QMF will incur response costs and/or damages for the Site.

24. The acts or omissions of the LWD PRP Group or its predecessor-in-interest caused or contributed to contamination at the Site, and, therefore, caused or contributed to any response costs that QMF may incur.

25. The LWD PRP Group is liable to QMF for contribution in an amount equal to the excess over and above QMF's equitable share of response costs and damages related to the Site that are not duplicative of response costs or damages recoverable by QMF under CERCLA.

**WHEREFORE**, QMF respectfully demands the following relief from the Court:

1. Entry of judgment in favor of QMF dismissing the LWD PRP Group's claims as against QMF in their entirety;

2. If QMF is held liable for any response costs and/or damages, entry of judgment in favor of QMF and against the LWD PRP Group for contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f);

3. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, entry of a declaratory judgment that the LWD PRP Group is liable to QMF for contribution for all future response costs and damages related to the Site;

4. Attorneys' fees, interest and costs of suit incurred herein to the full extent authorized by law; and,

5. Any other relief the Court deems just and equitable.

> QUALITY METAL FINISH CO., Defendant
>
> BY: OLIVER CLOSE LLC
>
> BY:     s/ Karl F. Winkler
>         Karl F. Winkler, Esq.

PREPARED BY:
Karl F. Winkler, Esq.
OLIVER CLOSE LLC
124 North Water Street, Suite 300
Rockford, IL 61107
815.963.0009
815.963.0339 fax
kwinkler@oliverclose.com

CERTIFICATE OF SERVICE

The undersigned certifies that, on March 27, 2013, a copy of the foregoing Defendant, Quality Metal Finishing, Co.'s Answer and Affirmative Defenses to the First Amended Complaint and Counterclaim was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's Electronic Case Filing System.

                                           s/ Karl F. Winkler
                                           Karl F. Winkler

PREPARED BY:
Karl F. Winkler, Esq.
OLIVER CLOSE LLC
124 North Water Street, Suite 300
Rockford, IL 61107
815.963.0009
815.963.0339 fax
kwinkler@oliverclose.com