UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-127-R

LWD PRP GROUP                                                                                               PLAINTIFF

v.

ACF INDUSTRIES, LLC, et al.                                                                         DEFENDANTS

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendants, named on the Exhibit A attached to the Motion, by counsel, tender the following Memorandum in Support of their Motion to Dismiss the Plaintiff's Second Amended Complaint ("Complaint"):

## INTRODUCTION

In the instant action, the Plaintiff, an unincorporated association of various companies that shipped wastes to the former LWD incinerator in Calvert City, Kentucky, seeks "cost recovery and contribution" under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") from other companies and organizations that also allegedly shipped wastes to the same facility. *Complaint* at ¶¶ 1-2.  In short, the Plaintiff seeks to recoup from the Defendants costs it ostensibly incurred by reason of an administrative settlement entered into with the United States Environmental Protection Agency ("USEPA") in March 2007. *Id.* at ¶¶22-28.

The Complaint also seeks to recover unknown purported future costs that *may* be incurred upon the conclusion of supposed pending negotiations with USEPA and the Kentucky Department of Environmental Protection ("KDEP"). *Id.* at ¶¶ 25, 29.  Despite this contention that some additional expenses may be incurred at some point yet to come, there is but a single set

1

of incurred costs at issue in this matter: the $9.5 million or so allegedly spent by the members of the Plaintiff by reason of the 2007 settlement agreement with USEPA.

However, neither the Plaintiff (nor its member companies) is entitled to bring a cost recovery action under CERCLA § 107(a), 42 U.S.C. § 9607(a), as asserted in Count I of the Complaint, for the costs incurred to date. Rather, the Plaintiff members' exclusive remedy, following the settlement with USEPA, is a contribution claim under CERCLA § 113(f), 42 U.S.C. § 9613(f). That claim carries with it a three year statute of limitations, commencing as of the date of the settlement, and by the time Plaintiff filed its current action, its member companies were barred from pursuing the once available contribution claim. As a result, the Plaintiff's CERCLA § 113(f) claim in Count II of the Complaint is, like its purported CERCLA § 107(a) claim in Count I, subject to dismissal.

Plaintiff's related claims for declaratory relief under CERCLA, set forth in County III, also fail due to a lack of substantive grounds to support the requested relief, specifically, an underlying CERCLA § 107(a) claim. The Plaintiff's remaining claims regarding its unconsummated settlement negotiations with the KDEP and for USEPA's fail to state a claim or are not yet ripe for consideration.

Finally, the named Plaintiff, LWD PRP Group, is not a real party in interest in this case. The Plaintiff's member companies, not the Plaintiff itself, entered into the settlement agreement with USEPA, and as such, any claim must be brought in the name of the member companies, and not the unincorporated association. Given these, and other reasons,[1] the Plaintiff's[2] Complaint should be dismissed.

---

[1] Many of the defendant parties named by the Plaintiff have no connection to the LWD Site. Although the Defendants must accept the allegations of the Complaint as true for purposes of this Motion, the Defendants do not waive any other applicable defenses to this action, including, but not limited to, the misidentification of parties by the Plaintiff, potential divisibility of the claimed liability, *see, e.g., ITT Industries, Inc. v. BorgWarner, Inc.,* 700 F.

## BACKGROUND

The LWD Incinerator site (the "LWD Site") is a 31.8 acre parcel in Calvert City, Kentucky upon which a number of successive companies, over several decades, operated a licensed, commercial facility for the incineration of hazardous and containerized waste. Complaint at ¶¶ 5-7. In February 2006, after abandonment of the LWD Site by its operators, USEPA determined that an emergency removal action was necessary at the LWD Site to eliminate what were considered imminent threats to the environment. *Id.* at ¶ 15. USEPA's removal actions commenced in March 2006 and were completed in February 2007. *Id.* at ¶¶ 17, 21.

Following the USEPA's emergency removal action, on March 1, 2007, USEPA Region 4 and a selective set of fifty-eight (58) former LWD customers entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (the "2007 2007 ASAOC") to complete the remaining removal actions at the LWD Site.³ *Id.* at ¶ 22. The members of the "LWD PRP Group" were parties to the 2007 ASAOC or are the successors in interest to such parties; however, not all signatories to the 2007 ASAOC are members of the LWD PRP Group. *Id.* at ¶ 22-23.

---

Supp.2d 848, 877 (W.D. Mich. 2010) (citations omitted); the failure of the Plaintiff to plead it has incurred costs not attributable to it, or other similar defenses.

²      For purposes of convenience, save when discussing the fact the Plaintiff is not the real party in interest in this matter, Defendants will refer in the argument below to the "Plaintiff" and, except as otherwise noted, the reference shall be inclusive of the purported membership of the Plaintiff and the requested relief applicable to those members.

³      A true and correct copy of the 2007 ASAOC, which is a public record, is attached as Exhibit B to this memorandum. The Court's consideration of the 2007 ASAOC does not result in this motion being converted into a motion for summary judgment because the 2007 ASAOC is a public record and is explicitly referred to in the Complaint at paragraph 21. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (holding that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

In the 2007 ASAOC, the former LWD customer signatories (referred to therein as "Respondents" or "PRPs") agreed to complete a removal action ("Work") and reimburse USEPA for its future oversight related costs associated with such removal action ("Future Response Costs"). In return, *inter alia*, the USEPA agreed "not to sue or take administrative action" against the settling PRPs for such matters. *See* Exhibit A, Section XIX; ¶ 67. The parties further stipulated that the "[2007 ASAOC] constitutes an administrative settlement for purposes of Section 114(f)(2) of CERCLA" and that the 2007 ASAOC is "an administrative settlement for purposes of Section 114(f)(3)(B) of CERCLA, *see* 42 U.S.C. § 9613(f)(3)(B), pursuant to which the [certain members of the Plaintiff] have, as of the Effective Date, resolved their liability to the United States for the Work, and Future Response Costs." *Id.* at Section XXIII; ¶ 78. The Effective Date of the 2007 ASAOC is March 1, 2007. *Id.* at Section XXXI; ¶ 94.

On August 23, 2012, the LWD PRP Group filed suit against other alleged former customers of the LWD incinerator. The Complaint alleged claims for cost recovery under CERCLA § 107(a) and applicable state law (Count I), contribution under CERCLA § 113(f) and applicable state law (Count II), and declaratory relief pursuant to CERCLA § 113(g)(2) (Count III). *See* Complaint at ¶¶ 2; 848-877. It stated that the members of the LWD PRP Group have incurred approximately $9.5 million in response costs under the 2007 ASAOC. Plaintiff further alleged that it was "currently negotiating" with USEPA regarding USEPA's past response costs and with KDEP regarding "certain remediation, monitoring and maintenance activities" at the LWD Site and, as a result, may incur additional costs. *Id.* at ¶ 24-27. However, the Plaintiff does not allege it (or any of its members) has undertaken any additional activities at the LWD Site as a result of these discussions. Nor does the Plaintiff suggest it has paid any additional

response costs associated with the LWD Site, whether because of these negotiations, voluntarily or otherwise, besides than the $9.5 million purportedly incurred by reason of the 2007 ASAOC.

The Complaint claims that each defendant is liable to the Plaintiff as an arranger, generator, or transporter of materials to the LWD Site. Complaint at ¶ 860. On December 31, 2012, the LWD PRP Group sought leave to amend its complaint to add numerous additional parties, including the current movants. Leave to amend was granted on January 30, 2013. Finally, on March 29, 2013, the Plaintiff again amended its complaint, this time to include a claim against the record title holder of the LWD Site, as well as to amend or correct certain named parties to the action, but made no substantive change to its allegations.[4]

## STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) considers the sufficiency of the pleadings and whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). When considering a motion to dismiss, the "district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir.1999) (citing *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995)). Taken together, the "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 550 U.S. at 555 (internal citation and quotation marks omitted).

Nevertheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[4] For purposes of this Motion, references to the "Complaint", unless otherwise stated, refer to the Second Amended Complaint.

5

of action will not do." *Id.* Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, *supra*). Where it can be shown that a claim is barred by the applicable statute of limitations, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6). *See*, *e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (stating that dismissal is appropriate under Rule 12(b)(6) when "the allegations in the complaint affirmatively show that the claim is time barred"); *RSR Corp. v. Commercial Metals Co.*, 496 F.3d 552, 556 (6th Cir. 2007) (dismissing a CERCLA claim on a Rule 12(b)(6) motion because the claim was brought outside of the applicable statute of limitations).

## ARGUMENT

**I. Plaintiff's Claim for Cost Recovery Under CERCLA § 107(a) and State Law Must Be Dismissed Because Plaintiff's Exclusive Remedy is under CERCLA § 113(f)(3)(B).**

Count I of Plaintiff's Complaint alleges that Plaintiff is entitled to "cost recovery" under CERCLA § 107(a) from Defendants for "past and future response costs" that the Plaintiff has allegedly incurred or may incur in the future in connection with the LWD Site. Complaint at ¶ 865. Plaintiff also states that it is entitled to cost recovery under the related Kentucky statute, KRS 224.01-400(25), which states that "[d]efenses to liability, limitations to liability, and <u>rights to contribution</u> shall be determined in accordance with Sections 101(35), 101(40), 107(a) to (d), 107(q) and (r), and 113(f) of the Comprehensive Environmental Response Compensation and Liability Act, as amended." (Emphasis added). This claim must be dismissed because Plaintiff's sole available cause of action is an action for contribution under CERCLA § 113(f)(3)(B). As discussed below, when a plaintiff possesses a CERCLA § 113(f) claim for a set of CERCLA

response costs, it may not assert a claim for cost recovery under CERCLA § 107(a) for the same set of costs.

### A. CERCLA Provides for Two Distinct Actions for Reimbursement.

The Supreme Court of the United States has noted that CERCLA provides two "distinct" but complementary remedies to parties seeking reimbursement for response or removal costs that they have paid to clean up contaminated sites. *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 163 (2004); *United States v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007). The first, "cost recovery," is available to parties that have voluntarily incurred clean-up costs without administrative or judicial intervention and arises from CERCLA § 107(a). *See generally Atlantic Research*, 551 U.S. at 138-139. The second, "contribution," is available to those parties that have been compelled to pay or expend clean-up costs in response to a civil action or pursuant to a settlement agreement. *Id.* Although contribution actions had been allowed by courts as an implied remedy previously, CERCLA § 113(f) was added to the statute by the 1986 Superfund Amendments and Reauthorization Act ("SARA") to explicitly authorize a contribution action for parties "during or following" a legal action under Section 106 or 107(a) and provided such to parties that have "resolved [their] liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in <u>an administrative or judicially approved settlement</u>." (Emphasis added).

In *Atlantic Research*, the Court pointed out that "the remedies available in §§ 107(a) and 113(f) complement each other by providing causes of action 'to persons in different procedural circumstances.'" 551 U.S. at 139 (quoting *Consolidated Edison Co. of N.Y. v. UGI Utilities, Inc.*, 423 F.3d 90, 99 (2nd Cir. 2005). The Court, considering the legislative history of CERCLA noted that:

7

> Section 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under § 106 or § 107(a). And § 107(a) permits cost recovery (as distinct from contribution) by a private party that has itself incurred cleanup costs. Hence, <u>a PRP that pays money to satisfy a settlement agreement</u> or a court judgment <u>may pursue § 113(f) contribution</u>. But by reimbursing response costs paid by other parties, the PRP has not incurred its own costs of response and therefore cannot recover under § 107(a). <u>As a result, though eligible to seek contribution under § 113(f)(1), the PRP cannot simultaneously seek to recover the same expenses under § 107(a).</u>

551 U.S. at 139 (emphasis added). Particularly relevant to this case, the Court also noted that "at least in the case of reimbursement, the PRP cannot choose the 6–year statute of limitations for cost-recovery actions [under § 107(a)] over the shorter limitations period for § 113(f) contribution claims." *Id.*

### B. A Party with a CERCLA §113(f) Claim May Not Bring an Action Pursuant to CERCLA § 107(a).

Every United States Court of Appeals to consider the question, including the Sixth Circuit, has held that a party with a CERCLA §113(f) contribution claim cannot also seek recovery under CERCLA § 107(a). *See Bernstein v. Bankert*, 702 F.3d 964, 979-80 (7th Cir. 2012); *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1237 (11th Cir. 2012); *Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594, 603-604 (8th Cir. 2011); *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 225-26, 229 (3rd Cir. 2010); *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 128 (2nd Cir. 2010); *ITT Indus., Inc. v. BorgWarner, Inc.*, 506 F.3d 452, 458 (6th Cir. 2008). This is the only construction consistent with the legislative history of CERCLA and with applicable canons of construction.

As the Seventh Circuit stated in *Bernstein*, "[t]hrough SARA, Congress intentionally amended CERCLA to include express rights to contribution, subject to certain prerequisites. If [CERCLA § 107(a)] already provided the rights of action contemplated by the SARA

amendments, then the amendments were just so many superfluous words." "[T]o allow a qualifying contribution plaintiff to proceed under [CERCLA § 107(a)] would in effect nullify the SARA amendment and abrogate the requirements Congress placed on contribution claims under [CERCLA § 113]." *Bernstein*, 702 F.3d at 979 (citations omitted); *see also Niagara Mohawk*, 596 F.3d at 128 (same). Otherwise, "if a party subject to a consent decree could simply repackage its § 113(f) claim for contribution as one for recovery under § 107(a), then the structure of CERCLA remedies would be completely undermined." *Solutia*, 672 F.3d at 1236.

The Sixth Circuit similarly has held that "[t]o maintain the vitality of § 113(f)…PRPs . . . who have entered into a[n] . . . administratively approved settlement <u>must seek contribution under § 113(f)</u>." *ITT Indus., Inc.*, 506 F.3d at 458 (6th Cir. 2008) (emphasis added). The Western District of Michigan, on remand in the *ITT* case, succinctly summed up the issue: "where a party has been the subject of a CERCLA enforcement action and can assert a claim under § 113(f), that party cannot also assert a claim under § 107(a)". *ITT Indus., Inc. v. Borg Warner*, 615 F. Supp. 2d 640, 648 (W.D. Mich 2009). Thus, the relevant question is whether a party has resolved its liability to the government for "some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement"; if so, it may only proceed under CERCLA § 113(f). *See Bernstein*, 702 F.3d at 980.

Recently, the United States District Court for the Southern District of Ohio had occasion to evaluate the question of whether a party had resolved its liability to the government for "some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement", in *Hobart Corp. v. Waste Management of Ohio, Inc.*, 2013 WL 503141, Nos. 3:10-cv-195; 3:12-cv-213 (S.D. Ohio Feb. 8, 2013) ("*Hobart II*"). In *Hobart II*, the District Court followed the decisions of the Second, Sixth, Seventh, Eighth and Eleventh

9

Circuit Courts of Appeals and noted that "the dispositive question in this case…is whether the ASAOC constitutes an 'administrative settlement' for purposes of § 113(f)(3)(B). If it does, then a contribution action under § 113(f) was the exclusive remedy available to Plaintiffs." *Id.* at *5. The court determined that the ASAOC in that matter was an "administrative settlement" and dismissed the plaintiffs' CERCLA § 107(a) claim accordingly. In making that determination, the district court considered the plain language of the ASAOC in that case, which provided:

> 96. a. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Respondents are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are the Work, and Future Response Costs.
>
> b. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9113(f)(3)(B) [sic], pursuant to which Respondents have, as of the Effective Date, resolved their liability to the United States for the Work, and Future Response Costs.

Given this unequivocal language, which distinguished the ASAOC in that case from settlement agreements in other cases where CERCLA § 107(a) actions were not barred, the Southern District of Ohio found that the plaintiffs' sole cause of action was for contribution under CERCLA § 113(f) and dismissed the CERCLA § 107(a) claim. *Id.* at *6-7.

    **C.    The Plaintiff in this Case is Limited to its Section 113(f) Claim for Contribution.**

Just like in the *Hobart II* case, the entities that allegedly are members of the Plaintiff have entered into an administratively approved settlement with the government that resolves their liability for "some or all of a response action or for some or all of the costs of such action." As a

result, the signatories to the 2007 ASAOC are limited to an action under § 113(f). In language that is identical to the relevant language in the *Hobart II* case, the 2007 ASAOC states that:

> 78. a. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA. 42 U.S.C.§ 9613(f)(2), and that Respondents are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA. 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are the Work and Future Response Costs.
>
> b. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(b) of CERCLA, 42 U.S.C. § 9613(f)(3)(b), pursuant to which Respondents have, as of the Effective Date, resolved their liability to the United States for the Work and Future Response Costs.

As the Southern District of Ohio stated, "the Plaintiff[] cannot escape the unambiguous language" of the 2007 ASAOC and, as a result, is limited to bringing a CERCLA § 113(f) claim. This Court should, therefore, dismiss Plaintiff's claim for cost recovery under CERCLA § 107(a).

In addition, Plaintiff has no claim for cost recovery pursuant to the related state law. The Kentucky code on which Plaintiff relies has no provision for cost recovery actions. However, KRS 224.01-400(25), provides that "[d]efenses to liability, limitations to liability, and <u>rights to contribution</u> shall be determined in accordance with Sections 101(35), 101(40), 107(a) to (d), 107(q) and (r), and 113(f) of the Comprehensive Environmental Response Compensation and Liability Act, as amended." (Emphasis added). Because this statute references and incorporates CERCLA and, by implication, interpreting case law thereunder, if Plaintiff has no claim for cost recovery under CERCLA § 107(a), then it has no claim for such cost recovery pursuant to state

law, either. Thus, Plaintiff's cost recovery claim under state law must also be dismissed, with any remedy being limited to a contribution action as discussed herein.

### II. Plaintiff's CERCLA § 113(f) Contribution Claim Must Be Dismissed Because Plaintiff is Limited to a Claim under CERCLA § 113(f)(3)(B), which is Barred by the Statute of Limitations.

Count II of Plaintiff's Complaint seeks contribution pursuant to CERCLA §§ 113(f)(1) and f(3)(B). Both of these claims must be dismissed. First, Plaintiff does not possess a claim under CERCLA § 113(f)(1). Second, any claim the Plaintiff would have been able to assert under CERCLA § 113(f)(3)(B) is time barred by the applicable statute of limitations. Each is explained more fully below.

#### A. Plaintiff Has No Claim Under Section 113(f)(1)

CERCLA § 113(f)(1) provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section [107(a)] of this title, during or following any civil action under section [106] of this title or under section [107(a)] of this title." The Supreme Court of the United States has unequivocally held that a party has a claim under this section only after it has been the subject of an action under CERCLA §§ 106 or 107. *See Cooper Industries*, 543 U.S. at 168 (stating that "Section 113(f)(1)…authorizes contribution claims only 'during or following' a civil action under § 106 or § 107(a), and it is undisputed that Aviall has never been subject to such an action. Aviall therefore has no §113(f)(1) claim"). Plaintiff makes no allegation that it (or its purported members) has been subject to an action under CERCLA §§ 106 and 107(a). Therefore, it has no claim under CERCLA § 113(f)(1).

#### B. Plaintiff's Section 113(f)(3)(B) Action is Time Barred.

CERCLA § 113(f)(3)(B) provides that "[a] person who has resolved its liability to the United States or the State for some or all of a response action or some or all of the costs of such

12

action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2)." 42 U.S.C. § 9613(f)(3)(B). As established above, the 2007 ASAOC stipulates that it is such an administrative settlement.

One of the "requirements Congress placed on contribution claims under [§ 113]" is the limitations period for bringing such claims. *Niagara Mohawk*, 596 F.3d at 128. Section 113(g)(3) of CERCLA sets forth a single statute of limitations applicable to all actions for contribution. Specifically, it provides that:

> No action for contribution for any response costs or damages may be commenced more than 3 years after –
> (A) the date of judgment in any action under this chapter for recovery of such costs or damages, or
> (B) The date of an administrative order under section [122(g)] of this title (relating to de minimis settlements) or [122(h)] of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

42 U.S.C. § 9613(g)(3).

The Supreme Court of the United States has confirmed that this statute provides the appropriate statute of limitations for all contribution actions, noting that "Section 113(g)(3)… provides two corresponding 3-year limitations periods for contribution actions, one beginning at the date of judgment, § 113(g)(3)(A), and <u>one beginning at the date of settlement</u>, § 113(g)(3)(B)." *Cooper Industries*, 543 U.S. at 167 (emphasis added); *see also ITT Indus.*, 506 F.3d 452 at 459 n. 3 (noting that "[t]he statute of limitations for asserting a contribution claim under [Section 113] is three years"); *Hobart Corp. v. Waste Management of Ohio, Inc.*, 840 F.Supp. 2d 1013, 1034 (S.D. Ohio 2011) ("*Hobart I*")(stating that "[c]ourts have generally recognized that CERCLA contains a 3-year statute of limitations for Section 113 contribution claims").

In this case, the "date of settlement" was the Effective Date of the 2007 ASAOC: March 1, 2007.  *See Hobart II* at \*6 (finding the date of settlement to be the "Effective Date of the 2007 ASAOC").  As a result, the Plaintiff's claim for contribution under Section 113(f)(3)(B) expired on March 1, 2010 and was long barred by the time suit was filed on August 23, 2012, much less the time by which the movants were added as party defendants on December 31, 2012.  Accordingly, Plaintiff no longer has a claim under Section 113(f)(3)(B), and this Court must dismiss that claim.

### C.     Plaintiff's Claim for Contribution Under State Law Must Also Be Dismissed.

In addition, Plaintiff's claim for contribution pursuant to KRS 224.01-400(25) must be dismissed for the same reason that its claim for cost recovery pursuant to that statute must be dismissed.  If Plaintiff has no claim under CERCLA § 113(f), it has no claim under a state law incorporating that statute by reference.

### III.    Plaintiff's Claim for a CERCLA Declaratory Judgment Must Be Dismissed as it Lacks Entitlement to a Judgment on Liability.

Count III of Plaintiff's Complaint seeks a declaratory judgment stating that the Defendants are liable for future response costs that Plaintiff might incur, referencing CERCLA § 113(g)(2) and 28 U.S.C. §§2201-2202.  Because Plaintiff, as outlined above, has no current substantive cause of action, it is not entitled to a declaratory judgment.

CERCLA § 113(g)(2) provides, in pertinent part, that in a cost recovery action under CERCLA § 107, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." 42 U.S.C. § 9613(g)(2).  Because Plaintiff's § 107(a) claim must be dismissed, it has no right to a declaratory judgment pursuant to § 113(g)(2).  *See Hobart I*, 840 F.Supp.2d at 1037-38 (dismissing a claim for declaratory judgment to the extent that the court

dismissed plaintiffs' § 107(a) claims); *Hobart II* at *8 (noting that "the viability of the declaratory judgment claim hinges on the viability of the substantive CERCLA claims"); *see also Union Station Assoc. LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226, 1230 (W.D. Wash. 2002) (noting that, after § 107 and § 113 claims were dismissed, "no substantive federal claims exist upon which to base Union's declaratory judgment claims").

Similarly, 28 U.S.C. §§ 2201-2202 does not support declaratory relief here. Consistent with the Constitutional requirement that federal courts will only decide "cases and controversies," 28 U.S.C. § 2201(a) provides that declaratory relief will only issue in cases of "actual controversy." Since there remains no "actual controversy" in this case with the dismissal of its substantive claims, Plaintiff has no basis for its claim for declaratory judgment.

### IV. To The Extent that Plaintiff's Claims Are Based on Speculative Damages, Those Claims Must Be Dismissed as Failing to State a Claim or as Unripe.

In addition to costs experienced as a result of the 2007 ASAOC, the Plaintiff also alleges that it is "currently negotiating with EPA regarding a settlement pursuant to Section 122(h) of CERCLA…for EPA's past response costs at the LWD Incinerator Site, which costs exceed $5 million" and "is also currently negotiating with KDEP regarding certain remediation, monitoring and maintenance activities that KDEP is requiring to be conducted at the LWD Incinerator Site, and regarding KDEP's past and future response costs." Complaint at ¶ 24-27. To the extent that the Plaintiff bases his claims under Section 107(a) and 113(f) on these as-yet-inconclusive negotiations, the Plaintiff fails to state a claim on which relief can be granted. In the alternative, such claims are not yet ripe for judicial review.

### A. The Plaintiff Does Not Have a Claim Under CERCLA for Such Speculative Future Costs.

Under the plain language of CERCLA § 113(f) and the *Cooper Industries* decision, a claim for contribution under that section is only available "during or following any civil action" under CERCLA §§ 106 or 107(a) or if an entity has "resolved its liability" to the government. Further, as established above, a claim for cost recovery under § 107(a) requires that the claimant have voluntarily incurred clean-up costs, rather than incurring such costs as a result of a settlement agreement or civil action, and Plaintiff does not suggest that any such costs have ben voluntarily incurred. Because, by the Plaintiff's own admission, settlement negotiations with EPA and KDEP are ongoing and because Plaintiff does not allege that it has been subject to any civil action under § 106 or § 107(a), the Plaintiff has no claim for any of the purported costs allegedly under negotiation.

### B. Plaintiff's Claims for Such Damages Are Not Ripe for Adjudication.

Even assuming arguendo that the Plaintiff could somehow establish an action under CERCLA for such damages, its claims are not yet ripe for adjudication. In considering whether a claim is ripe for adjudication, this Court must consider (1) "the likelihood that the harm alleged will ever come to pass;" (2) the sufficiency of the factual record; and (3) "the hardship that refusing to consider plaintiff's prospective claims would impose upon the parties." *United Steelworkers of America, Local 2116 v. Cyclops Corp.,* 860 F.2d 189, 194–95 (6th Cir.1988). This is necessary to prevent the court system from "entangling themselves in abstract disagreements" when a case is "anchored in future events that may not occur as anticipated" or even at all. *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997) (citations omitted). In this case, all of the factors weigh in favor of dismissing any claims based on the speculative costs alleged by Plaintiff.

First, there is absolutely no certainty regarding "the likelihood that the harm alleged will ever come to pass," and Plaintiff has made no allegations in its Complaint regarding such likelihood. As in any negotiations, the purported current negotiations may result in a settlement agreement, they may breakdown and result in future enforcement action or they may result in nothing at all. Some members of the LWD PRP Group may settle with the EPA or KDEP while others decide to forego settlement. Future remediation requirements and activities (if any) are unknown and any resulting expenses for which contribution may be sought may arise from wastes generated by some but not all of current Defendants or from less than all of the wastes of any particular Defendant. Moreover, KDEP and EPA may seek cost recovery from the members of the LWD PRP Group as well as one or more Defendants in this case, making any contribution claims against those Defendants moot. As a result, the likelihood that the harm alleged will actually come to pass is purely speculative at this time. Second, because of the uncertainty regarding these negotiations, the factual record does not establish the extent of the damages alleged or how likely they are to come to pass. Finally, Plaintiff will experience no hardship because it will not lose its rights to seek contribution for any such costs if they actually do occur. As a result, this Court should dismiss Plaintiff's claims at this time.

## V. The "LWD PRP Group" is Not a Real Party in Interest in This Case.

Finally, the LWD PRP Group is not a party in interest in this case and is not entitled to bring suit for the claims of its purported members. Fed. R. Civ. P. 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." It further provides that executors, administrators, guardians, bailees, trustees, a party with whom or in whose name a contract has been made for another's benefit, and any party authorized by statute "may sue in their own names without joining the person for whose benefit the action is brought." By its own

admission, the LWD PRP Group is not the real party in interest in this case and, therefore, the action must be brought in the names of the real parties in interest: the companies who signed the 2007 2007 ASAOC and are members of the "LWD PRP Group."

Plaintiff's complaint is brought in the name of the LWD PRP Group. *See* Complaint at ¶ 2 ("The LWD PRP Group seeks cost recovery and contribution . . ."). It further states that the "LWD PRP Group consists of the following entities" and lists numerous corporate entities among its members. *Id.* ¶ 30.[5] However, there is no allegation that the "LWD PRP Group" is itself an incorporated entity or that the LWD PRP Group has any existence whatsoever except as a loose association of companies. Indeed, while the Plaintiff alleges it is the "assignee" of certain claims, or at least will be so in the future, *id.*, there is no allegation that any of the listed alleged member companies assigned any claims to the Plaintiff. Instead, the Plaintiff claims that it is acting on behalf of those entities "in their own right"; i.e., those entities still hold their claims (if any) for cost recovery or contribution associated with the LWD Site. *Id*. Apparently as an entity (whatever entity it might be), the Plaintiff does not hold the rights of those listed member companies.

Furthermore, the "LWD PRP Group" itself is not a party to the 2007 ASAOC and, therefore, has no claim under CERCLA §113(f). Instead, as shown by a review of the 2007 ASAOC, it is the individual alleged signatory members of the Plaintiff which entered into the 2007 ASAOC, and which, by the Plaintiff's admission, hold whatever resultant rights of recovery as may exist under CERCLA. As a result, the LWD PRP Group is not a real party in interest in this suit, and may not sue in its own name. *See Boarhead Farm Agreement Group v.*

---

[5] Even in the identification of the purported members of the LWD PRP Group, the Complaint is woefully inadequate, identifying such entities as "Atlantic Richfield Company/BP Products North America, Inc./The Standard Oil Company" and "Shell Oil Company and Its Affiliates and Subsidiaries." *See* Complaint at ¶ 28. Exactly which company, or companies, is being identified by these amorphous allegations cannot be determined.

*Advanced Envtl. Tech. Corp.*, 381 F.Supp.2d 427, 433 (E.D. Pa. 2005) (holding in a CERCLA case that "under the statute, the PRPs are the real parties in interest, despite the fact that here, the PRPs paid for remediation by contributing to the Agreement Group which, acting as an intermediary, then pooled the funds and paid the contractors conducting the remediation"). Because of this self-admitted jurisdictional defect in the Plaintiff's complaint, in addition to the reasons set forth previously, the Court should dismiss its action.

## **CONCLUSION**

Because (i) the Plaintiff is limited to an action under Section 113(f)(3)(B), (ii) any such action is time barred, (iii) any of Plaintiff's claims based on incomplete negotiations with KDEP or EPA are non-existent or unripe for adjudication, and (iv) the Plaintiff is not the real party interest in this case, the Defendants respectfully request that this Court dismiss the entirety of Plaintiff's complaint in this matter.

                                    WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
                                    *Attorneys for Defendant*

By: */s/ J. Duncan Pitchford*
      J. Duncan Pitchford
      Nicholas M. Holland
      300 Broadway
      Post Office Box 995
      Paducah, Kentucky 42002-0995
      Telephone: (270) 443-4516
      Facsimile: (270) 443-4571
      dpitchford@whitlow-law.com