UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY
REGION 4

IN THE MATTER OF:
LWD, Inc. Site
Calvert City, Marshall County, KY


See Appendix A for list of
Respondents

ADMINISTRATIVE SETTLEMENT
AGREEMENT AND ORDER ON
CONSENT FOR REMOVAL ACTION


U.S. EPA Region 4
CERCLA Docket No. CERCLA-04-2007-
3759

Proceeding Under Sections 104, 106(a), 107
and 122 of the Comprehensive
Environmental Response, Compensation,
and Liability Act, as amended, 42 U.S.C.
§§ 9604, 9606(a), 9607 and 9622



10522657

2

## TABLE OF CONTENTS

I.      JURISDICTION AND GENERAL PROVISIONS .......................................3
II.     PARTIES BOUND ........................................3
III.    DEFINITIONS ........................................4
IV.     EPA FINDINGS OF FACT ........................................5
V.      EPA CONCLUSIONS OF LAW AND DETERMINATIONS ........................7
VI.     SETTLEMENT AGREEMENT & ORDER ........................................7
VII.    DESIGNATION OF CONTRACTOR, PROJECT COORDINATOR, AND ON-SCENE
        COORDINATOR ........................................8
VIII.   WORK TO BE PERFORMED ........................................9
IX.     SITE ACCESS ........................................14
X.      ACCESS TO INFORMATION ........................................14
XI.     RECORD RETENTION ........................................15
XII.    COMPLIANCE WITH OTHER LAWS ........................................16
XIII.   EMERGENCY RESPONSE AND NOTIFICATION OF RELEASES ...........16
XIV.    AUTHORITY OF ON-SCENE COORDINATOR ........................17
XV.     PAYMENT OF RESPONSE COSTS ........................................17
XVI.    DISPUTE RESOLUTION ........................................18
XVII.   FORCE MAJEURE ........................................19
XVIII.  STIPULATED PENALTIES ........................................19
XIX.    COVENANT NOT TO SUE BY EPA ........................................22
XX.     RESERVATIONS OF RIGHTS BY EPA ........................................22
XXI.    COVENANT NOT TO SUE BY RESPONDENTS ........................23
XXII.   OTHER CLAIMS ........................................24
XXIII.  CONTRIBUTION ........................................25
XXIV.   INDEMNIFICATION ........................................25
XXV.    INSURANCE ........................................26
XXVI.   FINANCIAL ASSURANCE ........................................26
XXVII.  MODIFICATIONS ........................................27
XXVIII. ADDITIONAL REMOVAL ACTIONS ........................................28
XXIX.   NOTICE OF COMPLETION OF WORK ........................................28
XXX.    SEVERABILITY/INTEGRATION/APPENDICES ........................28
XXXI.   EFFECTIVE DATE ........................................29

3

# I. JURISDICTION AND GENERAL PROVISIONS

1. This Administrative Settlement Agreement and Order on Consent ("Settlement Agreement" or "Agreement") is entered into voluntarily by the United States Environmental Protection Agency ("EPA") and the Respondents listed in Appendix A ("Respondents"). This Settlement Agreement provides for the performance of a removal action by Respondents at the LWD Site generally located at 2475 Industrial Boulevard in Calvert City, Marshall County, Kentucky.

2. This Settlement Agreement is issued under the authority vested in the President of the United States by Sections 104, 106(a), 107 and 122 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9604, 9606(a), 9607 and 9622, as amended ("CERCLA").

3. EPA has notified the Commonwealth of Kentucky of this action pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

4. EPA and Respondents recognize that this Settlement Agreement has been negotiated in good faith and that the actions undertaken by Respondents in accordance with this Settlement Agreement do not constitute an admission of any fact or any liability. Respondents do not admit, and retain the right to controvert in any subsequent proceedings other than proceedings to implement or enforce this Settlement Agreement, the validity of the findings of facts, conclusions of law, and determinations in Sections IV and V of this Settlement Agreement. Respondents agree to comply with and be bound by the terms of this Settlement Agreement and further agree that they will not contest the basis or validity of this Settlement Agreement or its terms.

# II. PARTIES BOUND

5. This Settlement Agreement applies to and is binding upon EPA and upon Respondents and their successors and assigns. Any change in ownership or corporate status of a Respondent including, but not limited to, any transfer of assets or real or personal property shall not alter such Respondent's responsibilities under this Settlement Agreement.

6. Respondents, without any admission of liability, are jointly and severally responsible for performing the Work required by this Settlement Agreement. In the event of the insolvency or other failure of any one or more Respondents to implement the requirements of this Settlement Agreement, the remaining Respondents shall complete all such requirements.

7. Respondents shall ensure that their contractors, subcontractors, and representatives receive a copy of this Settlement Agreement and comply with this Settlement Agreement. Respondents shall be responsible for any noncompliance with this Settlement Agreement.

4

## III. DEFINITIONS

8. Unless otherwise expressly provided herein, terms used in this Settlement Agreement which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Settlement Agreement or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq.*

b. "Day" shall mean a calendar day. In computing any period of time under this Settlement Agreement, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

c. "Effective Date" shall be the effective date of this Settlement Agreement as provided in Section XXXI.

d. "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

e. "KDEP" shall mean the Kentucky Department for Environmental Protection, a department of the Kentucky Environmental and Public Protection Cabinet, and any successor departments or agencies of the State.

f. "Future Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States incurs, beginning on the Effective Date of this Agreement, in reviewing or developing plans, reports and other items pursuant to this Settlement Agreement, verifying the Work, or otherwise implementing, overseeing, or enforcing this Settlement Agreement, including but not limited to, payroll costs, contractor costs, travel costs, laboratory costs, the costs incurred pursuant to Paragraph 35 (costs and attorneys fees and any monies paid to secure access, including the amount of just compensation), and Paragraph 45 (emergency response), and Paragraph 70 (work takeover).

g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

h. "National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

5

i. "Settlement Agreement or Agreement" shall mean this Administrative Settlement Agreement and Order on Consent and all appendices attached hereto. In the event of conflict between this Settlement Agreement and any appendix, this Settlement Agreement shall control.

j. "Paragraph" shall mean a portion of this Settlement Agreement identified by an Arabic numeral.

k. "Parties" shall mean EPA and Respondents.

l. "Past Response Costs" shall mean all response costs incurred by EPA prior to the Effective Date, including Interest.

m. "RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

n. "Respondents" shall mean those Parties identified in Appendix A.

o. "Section" shall mean a portion of this Settlement Agreement identified by a Roman numeral.

p. "Site" shall mean the LWD, Inc. Superfund Site, which includes the facility located at 2475 Industrial Boulevard, Calvert City, Marshall County, Kentucky, and depicted generally on the map attached as Appendix B, as well as any area where hazardous substances that migrated from the facility have come to be located.

q. "State" or "Commonwealth" shall mean the State or Commonwealth of Kentucky.

r. "Waste Material" shall mean 1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); 2) any pollutant or contaminant under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33); and 3) any "solid waste" under Section 1004(27) of RCRA, 42 U.S.C. § 6903(27);.

s. "Work" shall mean all activities Respondents are required to perform under this Settlement Agreement.

## IV.  EPA FINDINGS OF FACT

9.  Respondents are listed in Appendix A, and consist of parties identified by EPA as potentially responsible parties ("PRPs") pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

10.  The Site includes the former LWD, Inc. facility, located at 2475 Industrial Boulevard, Calvert City, Marshall County, Kentucky. The former LWD, Inc. facility is currently owned by Bluegrass Incineration Services, LLC.

6

11. The Site operated as a landfill and hazardous waste incinerator from the 1950's through 2004. Numerous persons and businesses owned and/or operated the Site throughout this period, including, but not limited to: Airco, Inc., Petrolite Corporation, LWD, Inc. and other LWD related entities, Amos H. Shelton, General Environmental Services, LLC, K & B Capital, LLC, Bluegrass Incineration Service, LLC, Robert Kattula, and Glen O'Connell.

12. *The Site operated under RCRA Interim Status from approximately 1980 through mid-2004.* Over the course of operations, the operating entities submitted multiple hazardous waste permit applications that were denied by KDEP, received numerous Notices of Violations from KDEP, and failed to comply with multiple Agreed Orders intended to address the environmental issues at the Site.

13. From the 1980s through 2004, hundreds of generators arranged for the disposal of hazardous substances at the Site.

14. RCRA Site inspections performed by KDEP throughout many of the years of operation documented widespread environmental compliance issues and violations, including leaking drums, leaking roll-offs, containers with holes, waste accumulating in containment areas, accumulated waste that was fuming and had strong solvent odors, and pumps leaking scrubber water.

15. On-Site incineration of hazardous waste ceased in January 2004, and the owner, Bluegrass Incineration Services, LLC, abandoned the Site in October 2005, leaving extensive volumes of hazardous waste on the Site.

16. In February 2006, KDEP requested assistance from EPA's CERCLA Emergency Response and Removal Branch ("ERRB").

17. ERRB performed a removal site evaluation on February 28, 2006, determining that initiation of a time-critical removal action was necessary to stabilize the Site due to the release or threat of release of hazardous substances posed by a large tank farm and containment area on the brink of filling up with contaminated water and releasing water off-site.

18. The initial Action Memorandum regarding this Site was signed on March 5, 2006. Two additional Action Memoranda were signed in April and August 2006.

19. *Based on the abandoned status of the Site, EPA commenced the time-critical response* action the week of March 5, 2006. Results from sampling performed by EPA showed that high levels of numerous hazardous substances were still present on Site.

20. In 2006, pursuant to 42 U.S.C. § 9606, EPA issued orders to certain current and former owners and operators of the Site, Robert Kattula, K&B, LLC, Bluegrass Incineration Services, LLC, and Glen O'Connell, requiring these parties to conduct the removal work at the Site. Each of those current and former owners has failed to undertake the removal work required by those orders and are in violation of the orders.

7

## V. EPA CONCLUSIONS OF LAW AND DETERMINATIONS

20. Based on the Findings of Fact set forth above, and the Administrative Record supporting this removal action, EPA has determined that:

      a. The LWD Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

      b. The contamination found at the Site, as identified in the Findings of Fact above, include "hazardous substance(s)" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

      c. Each Respondent is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

      d. Each Respondent is a liable party under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is liable for performance of response actions and for response costs incurred and to be incurred at the Site.

      i.     Respondents listed in Appendix A arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous substances at the facility, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3) or accept or accepted hazardous substances for transport to the facility, within the meaning of Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4).

      e. The conditions described in Paragraphs 9 through 20 of the Findings of Fact above constitute an actual or threatened "release" of a hazardous substance from the facility as defined by Section 101(22) of CERCLA, 42 U.S.C.§ 9601(22).

      f. The removal action required by this Settlement Agreement is necessary to protect the public health, welfare, or the environment and, if carried out in compliance with the terms of this Agreement, will be considered consistent with the NCP, as provided in Section 300.700(c)(3)(ii) of the NCP.

## VI. SETTLEMENT AGREEMENT AND ORDER

21. Based upon the foregoing EPA Findings of Fact, EPA Conclusions of Law and Determinations, and the Administrative Record for this Site, it is hereby Ordered and Agreed that Respondents shall comply with all provisions of this Settlement Agreement, including, but not limited to, all attachments to this Settlement Agreement and all documents incorporated by reference into this Settlement Agreement.

8

## VII.  DESIGNATION OF CONTRACTOR, PROJECT COORDINATOR, AND ON-SCENE COORDINATOR

22.  Respondents shall retain one or more primary contractors to perform Phase 1 of the Work as indicated in Paragraph 27 and shall notify EPA of the name(s) and qualifications of such contractor(s) prior to the Effective Date. Respondents shall retain one or more primary contractors to perform Phases 2 through 4 of the Work as indicated in Paragraph 27 and shall notify EPA of the name(s) and qualifications of such contractor(s) 10 Days prior to the draft work plan due date for each respective Phase.  Respondents shall also notify EPA of the name(s) and qualification(s) of any other contractor(s) or subcontractor(s) retained to perform the Work at least 10 Days prior to commencement of such Work.  EPA retains the right to disapprove of any or all of the contractors and/or subcontractors retained by Respondents.  If EPA disapproves of a selected contractor, Respondents shall retain a different contractor and shall notify EPA of that contractor's name and qualifications within 5 Days of EPA's disapproval.  The proposed contractor must demonstrate compliance with ANSI/ASQC E-4-1994, "Specifications and Guidelines for Quality Systems for Environmental Data Collection and Environmental Technology Programs" (American National Standard, January 5, 1995), by submitting a copy of the proposed contractor's Quality Management Plan ("QMP").  The QMP should be prepared in accordance with "EPA Requirements for Quality Management Plans (QA/R-2)" (EPA/240/B0-1/002), or equivalent documentation as required by EPA.  Any decision not to require submission of the contractor's QMP should be documented in a memorandum from the OSC and Regional QA personnel to the Site file.

23.  Within 2 Days after the Effective Date, Respondents shall designate a Project Coordinator who shall be responsible for administration of all actions by Respondents required by this Settlement Agreement and shall submit to EPA the designated Project Coordinator's name, address, telephone number, and qualifications.  To the greatest extent possible, the Project Coordinator shall be present on Site or readily available during Site work.  EPA retains the right to disapprove of the designated Project Coordinator.  If EPA disapproves of the designated Project Coordinator, Respondents shall retain a different Project Coordinator and shall notify EPA of that person's name, address, telephone number, and qualifications within 10 Days following EPA's disapproval.  Receipt by Respondents' Project Coordinator of any notice or communication from EPA relating to this Settlement Agreement shall constitute receipt by all Respondents.

24.  EPA has designated Glenn Adams of the Emergency Response and Removal Branch, Region 4, as its On-Scene Coordinator ("OSC").  Except as otherwise provided in this Settlement Agreement, Respondents shall direct all submissions required by this Settlement Agreement via certified mail to the OSC at 61 Forsyth Street, S.W., Atlanta, Georgia, 30303.

25.  EPA and Respondents shall have the right, subject to Paragraph 23, to change their respective designated OSC or Project Coordinator.  Respondents shall notify EPA 10 Days before such a change is made.  The initial notification may be made orally, but shall be promptly followed by a written notice.

9

## VIII.  WORK TO BE PERFORMED

26.  Respondents shall perform the following time-critical removal activities in four Phases described below and in Paragraph 27.  Phase 1 will consist of the Work set forth in (a); Phase 2 will consist of continuing Phase 1 activities and the Work set forth in (b), (c), and (d); Phase 3 will consist of continuing Phase 1 and Phase 2 activities and the Work set forth in (e) and (f); and Phase 4 will consist of continuing Phase 1, Phase 2 and Phase 3 activities and the Work set forth in (g).

a.  Secure the Site by maintaining fencing around the perimeter and providing after hours security to limit access by unauthorized persons.  A daily log shall be maintained which documents persons entering and exiting from the Site.  Operate and maintain the onsite waste water treatment system.

b.  Characterize the volume and nature of all remaining hazardous substances located in tanks, drums, roll-off boxes, storage tanks, and other containers located onsite, including, but not limited to, ash, sludges, and liquids.

c.  Arrange for necessary lab analyses to identify and profile all hazardous substances for disposal.

d.  Dispose of all hazardous substances generated as part of the removal action at an EPA-approved disposal facility.

e.  Remove hazardous substances from the interior and exterior of all onsite structures and remove and decontaminate process equipment including, but not limited to:  floors, walls, ceilings, tanks, piping, incinerators, duct work, pumps, valves, bag houses, scrubbers, sumps, containment areas, conveyers, waste or sludge pits or tanks and other ancillary equipment.

f.  Dismantle, decontaminate, and remove the facility incinerator structure and associated piping and tankage, and dilapidated buildings on-site.  Any concrete slabs left in place should be decontaminated.

g.     (1) Sample and characterize surface soils, surface water and sediment throughout the Site, including the surface of the known landfill area, to identify areas that may have been impacted by hazardous substances;

(2) Sample and characterize surface soils, surface water, and sediment along drainage pathways that may have been impacted by hazardous substances;

(3) Investigate the facility property to determine the presence of buried drums, tanks, and/or containers near the surface excluding within the known landfill area;

(4) Sample soils and/or sediment beneath concrete slabs and/or structures to determine the presence of hazardous substances;

    (5) Sample existing on-site (facility property) monitoring wells to determine impact from hazardous substances related to buried drums, tanks, containers, and/or below concrete slabs; and

    (6) Collect upgradient surface water samples in the off-facility property drainage pathways to define the extent, if any, of contamination originating from the facility property.

27.  Work Plan and Implementation.

    a. Phase 1: Within 5 Days of the Effective Date of this Agreement, Respondents shall submit to EPA for approval, a draft work plan addressing Phase 1 of the Work (hereinafter Phase 1). The draft work plan for Phase 1 shall provide a description of the actions required by this Settlement Agreement. As part of Phase 1, Respondents shall prepare a Quality Assurance Project Plan ("QAPP") in accordance with "EPA Requirements for Quality Assurance (QA/G-5)" (EPA/600 / R -908-018, February 1998) (hereinafter QA/B-5). EPA may approve, disapprove, require revisions to, or modify the draft work plan in whole or in part. If EPA requires revisions, Respondents shall submit a revised draft work plan within 2 Days of receipt of EPA's notification of the required revisions. Within 5 Days of EPA approval of the Phase 1 work plan, Respondents shall mobilize to the Site to implement Phase 1.

    b.    (1) Phase 2: Within 15 days of the Effective Date of this Agreement, Respondent shall submit to EPA for approval, a draft work plan addressing Phase 2 of the Work (hereinafter Phase 2). The draft work plan for Phase 2 shall provide a description of, and an expeditious schedule for, the actions required by this Settlement Agreement. As part of Phase 2, Respondents shall prepare a QAPP in accordance with QA/G-5.

    (2) Phase 3: Within 45 days of the Effective Date of this Settlement Agreement, Respondents shall submit to EPA for Approval, a draft work plan addressing Phase 3 of the work to be performed onsite (hereinafter Phase 3). The draft work plan for Phase 3 shall provide a description of, and an expeditious schedule for, the actions required by this Settlement Agreement. As part of Phase 3, Respondents shall prepare a QAPP in accordance with QA/G-5.

    (3) Phase 4: Within 90 days of the Effective Date of this Settlement Agreement, Respondents shall submit to EPA for Approval, a draft work plan addressing Phase 4 of the work to be performed onsite (hereinafter Phase 4). The draft work plan for Phase 4 shall provide a description of, and an expeditious schedule for, the actions required by this Settlement Agreement. As part of Phase 4, Respondents shall prepare a QAPP in accordance with QA/G-5.

    EPA may approve, disapprove, require revisions to, or modify the draft work plans (Phase 2, Phase 3, and Phase 4) in whole or in part. If EPA requires revisions, Respondents shall submit a revised draft work plan within 14 Days of receipt of EPA's notification of the required revisions. Upon request, EPA shall meet with Respondents to discuss the revised or modified work plan. Respondents shall implement the work plan as approved in writing by EPA in accordance with the

11

schedule approved by EPA. Once approved, or approved with modifications, the work plan, the schedule, and any subsequent modifications shall be incorporated into and become fully enforceable under this Settlement Agreement.

c. Respondents shall not commence any Work except in conformance with the terms of this Settlement Agreement. Respondents shall not commence implementation of the Phase 2, Phase 3 or Phase 4 work plans developed hereunder until receiving written EPA approval pursuant to Paragraph 27.b.

28. Health and Safety Plan. Respondents shall submit for EPA review and comment a master health and safety plan that covers the four work plan phases and any additional removal work determined to be necessary pursuant to Paragraph 90 that ensures the protection of the public health and safety during performance of on-Site work under this Settlement Agreement. The portion of the health and safety plan related to each work plan phase shall be due at the time of the corresponding work plan. This plan shall be prepared in accordance with EPA's Standard Operating Safety Guide (PUB 9285.1-03, PB 92-963414, June 1992). In addition, the plan shall comply with all currently applicable Occupational Safety and Health Administration ("OSHA") regulations found at 29 C.F.R. Part 1910. If EPA determines that it is appropriate, the plan shall also include contingency planning. Respondents shall incorporate all changes to the plan recommended by EPA and shall implement the plan during the pendency of the removal action.

29. Quality Assurance and Sampling.

a. All sampling and analyses performed pursuant to this Settlement Agreement shall conform to EPA direction, approval, and guidance regarding sampling, quality assurance/quality control ("QA/QC"), data validation, and chain of custody procedures. Respondents shall ensure that the laboratory used to perform the analyses participates in a QA/QC program that complies with the appropriate EPA guidance. Respondents shall follow, as appropriate, "Quality Assurance/Quality Control Guidance for Removal Activities: Sampling QA/QC Plan and Data Validation Procedures" (OSWER Directive No. 9360.4-01, April 1, 1990), and "Environmental Investigations Standard Operating Procedures and Quality Assurance Manual," November 2001, U.S. Environmental Protection Agency Region 4, as guidance for QA/QC and sampling. Respondents shall only use laboratories that have a documented Quality System that complies with ANSI/ASQC E-4 1994, "Specifications and Guidelines for Quality Systems for Environmental Data Collection and Environmental Technology Programs" (American National Standard, January 5, 1995), and "EPA Requirements for Quality Management Plans (QA/R-2) (EPA/240/B-01/002, March 2001)," or equivalent documentation as determined by EPA. EPA may consider laboratories accredited under the National Environmental Laboratory Accreditation Program ("NELAP") as meeting the Quality System requirements.

b. Upon request by EPA, Respondents shall have such a laboratory analyze samples submitted by EPA for QA monitoring. Respondents shall provide to EPA the QA/QC procedures followed by all sampling teams and laboratories performing data collection and/or analysis.

12

     c. Upon request by EPA, Respondents shall allow EPA or its authorized representatives to take split and/or duplicate samples. Respondents shall notify EPA not less than 7 Days in advance of any sample collection activity, unless shorter notice is agreed to by EPA. EPA shall have the right to take any additional samples that EPA deems necessary. Upon request, EPA shall allow Respondents to take split or duplicate samples of any samples it takes as part of its oversight of Respondents' implementation of the Work.

     30. Post-Removal Site Control. In accordance with the work plan schedules, or as otherwise directed by EPA, Respondents shall submit a proposal for post-removal Site control consistent with Section 300.415(*l*) of the NCP and OSWER Directive No. 9360.2-02. Upon EPA approval, Respondents shall implement such controls and shall provide EPA with documentation of all post-removal site control arrangements. However, for areas where Respondents do not have legal authority to implement such controls, Respondents shall use best efforts to implement such controls. For purposes of this Paragraph, "best efforts" includes the payment of reasonable sums of money to persons who are not otherwise liable under CERCLA for this Site in consideration for implementing such controls.

     31. Reporting.

     a. Respondents shall submit a written progress report to EPA concerning actions undertaken pursuant to this Settlement Agreement every 7th Day after the date of receipt of EPA's approval of the work plan until termination of this Settlement Agreement, unless otherwise directed in writing by the OSC. These reports shall describe the Work that was performed the preceding week, including any problems encountered, a summary of validated analytical data received during the reporting period, and the Work to be performed in the next week, including, anticipated problems, and planned resolutions of past or anticipated problems.

     b. Respondents shall submit three copies of all plans, reports or other submissions required by this Settlement Agreement, or any approved work plan to the OSC. Upon request by EPA, Respondents shall submit such documents in electronic form.

     c. Respondents who own or control property at the Site shall, at least 30 Days prior to the conveyance of any interest in real property at the Site, give written notice to the transferee that the property is subject to this Settlement Agreement and written notice to EPA of the proposed conveyance, including the name and address of the transferee. Respondents who own or control property at the Site also agree to require that their successors comply with the immediately proceeding sentence and Sections IX (Site Access) and X (Access to Information).

     32. Final Report. Within 30 Days after completion of all Work required by this Settlement Agreement, Respondents shall submit for EPA review and approval a final report summarizing the actions taken to comply with this Settlement Agreement. The final report shall conform, at a minimum, with the requirements set forth in Section 300.165 of the NCP entitled "OSC Reports," and "Superfund Removal Procedures: Removal Response Reporting – POLREPS and OSC Reports" (OSWER Directive No. 9360.3-03, June 1, 1994). The final report shall include a good faith estimate of total costs or a statement of actual costs incurred in complying with the

13

Settlement Agreement, a listing of quantities and types of materials removed off-Site or handled on-Site, a discussion of removal and disposal options considered for those materials, a listing of the ultimate destination(s) of those materials, a presentation of the analytical results of all sampling and analyses performed, and accompanying appendices containing all relevant documentation generated during the removal action (*e.g.*, manifests, invoices, bills, contracts, and permits). The final report shall also include the following certification signed by a person who supervised or directed the preparation of that report:

"Under penalty of law, I certify that to the best of my knowledge, after appropriate inquiries of all relevant persons involved in the preparation of the report, the information submitted is true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations."

33. Off-Site Shipments.

a. Respondents shall, prior to any off-Site shipment of Waste Material from the Site to an out-of-state waste management facility, provide written notification of such shipment of Waste Material to the appropriate state environmental official in the receiving facility's state and to the On-Scene Coordinator. However, this notification requirement shall not apply to any off-Site shipments when the total volume of all such shipments will not exceed 10 cubic yards.

i. Respondents shall include in the written notification the following information: 1) the name and location of the facility to which the Waste Material is to be shipped; 2) the type and quantity of the Waste Material to be shipped; 3) the expected schedule for the shipment of the Waste Material; and 4) the method of transportation. Respondents shall notify the state in which the planned receiving facility is located of major changes in the shipment plan, such as a decision to ship the Waste Material to another facility within the same state, or to a facility in another state.

ii. The identity of the receiving facility and state will be determined by Respondents following the award of the contract for the removal action. Respondents shall provide the information required by Paragraph 33(a) and 33(b) as soon as practicable after the award of the contract and before the Waste Material is actually shipped.

b. Before shipping any hazardous substances, pollutants, or contaminants from the Site to an off-site location, Respondents shall obtain EPA's certification that the proposed receiving facility is operating in compliance with the requirements of CERCLA Section 121(d)(3), 42 U.S.C. § 9621(d)(3), and 40 C.F.R. § 300.440. Respondents shall only send hazardous substances, pollutants, or contaminants from the Site to an off-site facility that complies with the requirements of the statutory provision and regulation cited in the preceding sentence.

14

## IX. SITE ACCESS

34. If the Site, or any other property where access is needed to implement this Settlement Agreement, is owned or controlled by any of the Respondents, such Respondents shall, commencing on the Effective Date, provide EPA, the State, and their representatives, including contractors, with access at all reasonable times to the Site, or such other property, for the purpose of conducting any activity related to this Settlement Agreement.

35. Where any action under this Settlement Agreement is to be performed in areas owned by or in possession of someone other than Respondents, Respondents shall use their best efforts to obtain all necessary access agreements within 14 Days after the Effective Date, or as otherwise specified in writing by the OSC. Respondents shall immediately notify EPA if after using their best efforts they are unable to obtain such agreements. For purposes of this Paragraph, "best efforts" includes the payment of reasonable sums of money in consideration of access to persons who are not otherwise liable under CERCLA for this Site. Respondents shall describe in writing their efforts to obtain access. EPA may then assist Respondents in gaining access, to the extent necessary to effectuate the response actions described herein, using such means as EPA deems appropriate. Respondents shall reimburse EPA for all costs and attorney's fees incurred by the United States in obtaining such access to properties not part of the former LWD, Inc. facility, in accordance with the procedures in Section XV (Payment of Response Costs).

36. Notwithstanding any provision of this Settlement Agreement, EPA retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## X. ACCESS TO INFORMATION

37. Respondents shall provide to EPA, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to the Work at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Work. Respondents shall also make available to EPA, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

38. Respondents may assert business confidentiality claims covering part or all of the documents or information submitted to EPA under this Settlement Agreement to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Respondents that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to Respondents.

15

39. Respondents may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Respondents assert such a privilege in lieu of providing documents, they shall provide EPA with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the contents of the document, record, or information; and 6) the privilege asserted by Respondents. However, no documents, reports or other information created or generated pursuant to the requirements of this Settlement Agreement shall be withheld on the grounds that they are privileged.

40. No claim of confidentiality shall be made with respect to any data evidencing conditions at the Site, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information *evidencing conditions at or around the Site.*

## XI.  **RECORD RETENTION**

41. Until 10 years after Respondents' receipt of EPA's notification pursuant to Section XXIX (Notice of Completion of Work), each Respondent shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary. However, Respondents may contact EPA prior to the end of the retention period and provide EPA with these records. Until 10 years after Respondents' receipt of EPA's notification pursuant to Section XXIX (Notice of Completion of Work), Respondents shall also instruct their contractors and agents to preserve all documents, records, and information of whatever kind, nature or description relating to performance of the Work.

42. At the conclusion of this document retention period, Respondents or a representative shall notify EPA at least 90 Days prior to the destruction of any such records or documents, and, upon request by EPA, Respondents shall deliver any such records or documents to EPA. Respondents may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Respondents assert such a privilege, they shall provide EPA with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted by Respondents. However, *no documents, reports or other information created or generated pursuant to the requirements of this Settlement Agreement shall be withheld on the grounds that they are privileged.*

43. Each Respondent hereby certifies individually that to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its

16

potential liability regarding the Site since notification of potential liability by EPA or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XII. COMPLIANCE WITH OTHER LAWS

44. Respondents shall perform all actions required pursuant to this Settlement Agreement in accordance with all applicable local, state, and federal laws and regulations except as provided in Section 121(e) of CERCLA, 42 U.S.C. § 6921(e), and 40 C.F.R. §§ 300.400(e) and 300.415(j). In accordance with 40 C.F.R. § 300.415(j), all on-Site actions required pursuant to this Settlement Agreement shall, to the extent practicable, as determined by EPA, considering the exigencies of the situation, attain applicable or relevant and appropriate requirements ("ARARs") under federal environmental or state environmental or facility siting laws. Respondents shall identify ARARs in the work plans subject to EPA approval.

## XIII. EMERGENCY RESPONSE AND NOTIFICATION OF RELEASES

45. In the event of any action or occurrence during performance of the Work which causes or threatens a release of Waste Material from the Site that constitutes an emergency situation or may present an immediate threat to public health or welfare or the environment, Respondents shall immediately take all appropriate action. Respondents shall take these actions in accordance with all applicable provisions of this Settlement Agreement, including, but not limited to, the Health and Safety Plan, in order to prevent, abate or minimize such release or endangerment caused or threatened by the release. Respondents shall also immediately notify the OSC or, in the event of his/her unavailability, the Regional Duty Officer, Emergency Response and Removal Branch, EPA Region 4, at 404-562-8700, of the incident or Site conditions. In the event that Respondents fail to take appropriate response action as required by this Paragraph, and EPA takes such action instead, Respondents shall reimburse EPA all costs of the response action not inconsistent with the NCP pursuant to Section XV (Payment of Response Costs).

46. In addition, in the event of any release of a hazardous substance at the Site that constitutes an emergency situation, Respondents shall immediately notify Glenn Adams, OSC, at (404) 229-9508. If unavailable, Respondents shall immediately notify the duty OSC at 404-562-8700 or the National Response Center at (800) 424-8802. Respondents shall submit a written report to EPA within 7 Days after each release, setting forth the events that occurred and the measures taken or to be taken to mitigate any release or endangerment caused or threatened by the release and to prevent the reoccurrence of such a release. This reporting requirement is in addition to, and not in lieu of, reporting under Section 103(c) of CERCLA, 42 U.S.C. § 9603(c), and Section 304 of the Emergency Planning and Community Right-To-Know Act of 1986, 42 U.S.C. § 11004, *et seq.*

17

## XIV. AUTHORITY OF ON-SCENE COORDINATOR

47.  The OSC shall be responsible for overseeing Respondents' implementation of this Settlement Agreement.  The OSC shall have the authority vested in an OSC by the NCP, including the authority to halt, conduct, or direct any Work required by this Settlement Agreement, or to direct any other removal action undertaken at the Site.  Absence of the OSC from the Site shall not be cause for stoppage of work unless specifically directed by the OSC.

## XV. PAYMENT OF RESPONSE COSTS

48.  Payments for Future Response Costs.

a.  Respondents shall pay EPA all Future Response Costs not inconsistent with the NCP.  On a periodic basis, EPA will send Respondents a bill requiring payment that includes a Superfund Cost Recovery Package Imaging and On-Line System (SCORPIOS) Report, which includes direct and indirect costs incurred by EPA and its contractors.  Respondents shall make all payments within 30 Days of receipt of each bill requiring payment, except as otherwise provided in Paragraph 50 of this Settlement Agreement.  Respondents may request additional documentation, limited to supporting documentation for a certified SCORPIOS report and necessary work performed documents.  Such request for documentation must be made within fifteen (15) Days of Respondents' receipt of the bill, and in such case, Respondents shall have thirty (30) additional Days after receipt of the additional documentation to pay such costs.

b.  Respondents shall make all payments required by this Paragraph by a certified or cashier's check or checks made payable to "EPA Hazardous Substance Superfund," referencing the name and address of the party(ies) making payment and EPA Site/Spill ID number A4LQ.  Respondents shall send the check(s) to:

> U.S. Environmental Protection Agency
> Region 4 Superfund Receivable
> P.O. Box 371099M
> Pittsburgh, PA  15251

c.  At the time of payment, Respondents shall send notice that payment has been made to Paula V. Batchelor, U.S. EPA, Region 4, Superfund Enforcement and Information Management Branch, 61 Forsyth Street, S.W., Atlanta, GA  30303.

d.  The total amount paid by Respondents pursuant to Paragraph 48(a) shall be deposited in the LWD, Inc., Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

49.  In the event that the payment for Future Response Costs is not made within 30 Days of Respondents' receipt of a bill or within 30 Days of receipt of EPA's standard work performed documents when such request has been made within 15 days of receipt of bill, Respondents shall

18

pay Interest on the unpaid balance. The Interest on Future Response Costs shall begin to accrue on the date of the bill and shall continue to accrue until the date of payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the United States by virtue of Respondents' failure to make timely payments under this Section, including but not limited to, payment of stipulated penalties pursuant to Section XVIII.

50. Respondents may dispute all or part of a bill for Future Response Costs submitted under this Settlement Agreement, if Respondents allege that EPA has made an accounting error, or if Respondents allege that a cost item is inconsistent with the NCP or not within the definition of Future Response Costs. If any dispute over costs is resolved before payment is due, the amount due will be adjusted as necessary. If the dispute is not resolved before payment is due, Respondents shall pay the full amount of the uncontested costs to EPA as specified in Paragraph 48 on or before the due date. Within the same time period, Respondents shall pay the full amount of the contested costs into an escrow account. Respondents shall simultaneously transmit a copy of both checks to the persons listed in Paragraph 48(c) above. If the United States prevails in the dispute, within 10 days of the resolution of the dispute, Respondents shall pay the sums due (with accrued Interest) to the United States from the escrow account and other sources, if needed, in the manner described in Paragraph 48. If Respondents prevail concerning any aspect of the contested costs, Respondents shall pay that portion of the costs (plus accrued Interest) for which they did not prevail to the United States in the manner described in Paragraph 48; Respondents shall be disbursed any balance in the escrow account and shall not be responsible for making payment of the portion of the costs for which Respondents prevailed.

## XVI. DISPUTE RESOLUTION

51. Unless otherwise expressly provided for in this Settlement Agreement, the dispute resolution procedures of this Section shall be the exclusive mechanism for resolving disputes arising under this Settlement Agreement. The Parties shall attempt to resolve any disagreements concerning this Settlement Agreement expeditiously and informally.

52. If Respondents object to any EPA action taken pursuant to this Settlement Agreement, including billings for Future Response Costs, they shall notify EPA in writing of their objection(s) within 21 Days of such action, unless the objection(s) has/have been resolved informally. EPA and Respondents shall have 30 Days from EPA's receipt of Respondents' written objection(s) to resolve the dispute through formal negotiations (the "Negotiation Period"). The Negotiation Period may be extended at the sole discretion of EPA. Upon request, EPA representatives at the staff level shall meet with Respondents during the Negotiation Period.

53. Any agreement reached by the parties pursuant to this Section shall be in writing and shall, upon signature by both parties, be incorporated into and become an enforceable part of this Settlement Agreement. If the Parties are unable to reach an agreement within the Negotiation Period, an EPA management official at the Chief, Emergency Response and Removal Branch, Superfund Division, level or higher will issue a written decision on the dispute to Respondents. EPA's decision shall be incorporated into and become an enforceable part of this Settlement Agreement. Respondents' obligations under this Settlement Agreement shall not be tolled by

19

submission of any objection for dispute resolution under this Section. Following resolution of the dispute, as provided by this Section, Respondents shall fulfill the requirement that was the subject of the dispute in accordance with the agreement reached or with EPA's decision, whichever occurs.

## XVII.  FORCE MAJEURE

54.  Respondents agree to perform all requirements of this Settlement Agreement within the time limits established under this Settlement Agreement, unless the performance is delayed by a *force majeure*. For purposes of this Settlement Agreement, a *force majeure* is defined as any event arising from causes beyond the control of Respondents, or of any entity controlled by Respondents, including but not limited to their contractors and subcontractors, which delays or prevents performance of any obligation under this Settlement Agreement despite Respondents' best efforts to fulfill the obligation.  *Force majeure* does not include financial inability to complete the Work, or increased cost of performance of the Work.

55.  If any event occurs or has occurred that may delay the performance of any obligation under this Settlement Agreement, whether or not caused by a *force majeure* event, Respondents shall notify EPA orally within 5 Days of when Respondents first knew that the event might cause a delay.  Within 10 Days thereafter, Respondents shall provide to EPA in writing an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Respondents' rationale for attributing such delay to a *force majeure* event if they intend to assert such a claim; and a statement as to whether, in the opinion of Respondents, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Failure to comply with the above requirements shall preclude Respondents from asserting any claim of *force majeure* for that event for the period of time of such failure to comply and for any additional delay caused by such failure.

56.  If EPA agrees that the delay or anticipated delay is attributable to a *force majeure* event, the time for performance of the obligations under this Settlement Agreement that are affected by the *force majeure* event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the *force majeure* event shall not, of itself, extend the time for performance of any other obligation.  If EPA does not agree that the delay or anticipated delay has been or will be caused by a *force majeure* event, EPA will notify Respondents in writing of its decision.  If EPA agrees that the delay is attributable to a *force majeure* event, EPA will notify Respondents in writing of the length of the extension, if any, for performance of the obligations affected by the *force majeure* event.

## XVIII.  STIPULATED PENALTIES

57.  Respondents shall be liable to EPA for stipulated penalties in the amounts set forth in Paragraphs 58 and 59 for failure to comply with the requirements of this Settlement Agreement specified below, unless excused under Section XVII (*Force Majeure*).  "Compliance" by

20

Respondents shall include completion of the activities under this Settlement Agreement or any work plan or other plan approved under this Settlement Agreement identified below in accordance with all applicable requirements of law, this Settlement Agreement, and any plans or other documents approved by EPA pursuant to this Settlement Agreement and within the specified time schedules established by and approved under this Settlement Agreement.

58. Stipulated Penalty Amounts - Work.

a. The following stipulated penalties shall accrue per violation per Day for any noncompliance with any scheduled deadlines for the Work to be Performed pursuant to Section VIII, including any Work required pursuant to work plans or other submittals. :

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $575 | 1st through 14th Day |
| $1,500 | 15th through 30th Day |
| $3,000 | 31st Day and beyond |

59. Stipulated Penalty Amounts. The following stipulated penalties shall accrue per violation per Day for noncompliance with any other requirements pursuant to this Settlement Agreement, including due dates for payment, not otherwise included in Paragraph 58 :

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $275 | 1st through 14th Day |
| $625 | 15th through 30th Day |
| $1,250 | 31st Day and beyond |

60. In the event that EPA assumes performance of a significant portion of the Work due to Respondents' noncompliance pursuant to Paragraph 70 of Section XX, Respondents shall be liable for a stipulated penalty in the amount of $100,000. This penalty is in addition to any penalties pursuant to paragraphs 58, 59, or 66.

61. All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. However, stipulated penalties shall not accrue: 1) with respect to a deficient submission under Section VIII (Work to be Performed), during the period, if any, beginning on the 31st Day after EPA's receipt of such submission until the date that EPA notifies Respondents of any deficiency; and 2) with respect to a decision by the EPA Management Official at the Chief of the Emergency Response and Removal Branch, Superfund Division, level or higher, under Paragraph 53 of Section XVI (Dispute Resolution), during the period, if any, beginning on the 21st Day after the Negotiation Period begins until the date that the EPA management official issues a final decision regarding such dispute. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Settlement Agreement.

21

62. Following EPA's determination that Respondents have failed to comply with a requirement of this Settlement Agreement, EPA may give Respondents written notification of the failure and describe the noncompliance. EPA may send Respondents a written demand for payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified Respondents of a violation.

63. All penalties accruing under this Section shall be due and payable to EPA within 30 Days of Respondents' receipt from EPA of a demand for payment of the penalties, unless Respondents invoke the dispute resolution procedures under Section XVI (Dispute Resolution). All payments to EPA under this Section shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances Superfund," shall be mailed to U.S. Environmental Protection Agency, U.S. Environmental Protection Agency, Region 4 Superfund Receivable, P.O. Box 371099M, Pittsburgh, PA 15251, shall indicate that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID Number A4LQ, the EPA Docket Number CERCLA-04-2007-3759, and the name and address of the party(ies) making payment. Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to EPA as provided in Paragraph 48(c), and to Paula Batchelor, U.S. EPA, Region 4, Superfund Enforcement and Information Management Branch, 61 Forsyth Street, S.W., Atlanta, GA 30303.

64. The payment of penalties shall not alter in any way Respondents' obligation to complete performance of the Work required under this Settlement Agreement.

65. Except as provided in Paragraph 61, penalties shall continue to accrue during any dispute resolution period, but need not be paid until 15 Days after the dispute is resolved by agreement or by receipt of EPA's decision. If Respondents prevail in the dispute resolution, no penalties shall be due.

66. If Respondents fail to pay stipulated penalties when due, EPA may institute proceedings to collect the penalties, as well as Interest. Respondents shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 63. Nothing in this Settlement Agreement shall be construed as prohibiting, altering, or in any way limiting the ability of EPA to seek any other remedies or sanctions available by virtue of Respondents' violation of this Settlement Agreement or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Sections 106(b) and 122(*l*) of CERCLA, 42 U.S.C. §§ 9606(b) and 9622(*l*), and punitive damages pursuant to Section 107(c)(3) of CERCLA, 42 U.S.C. § 9607(c)(3). Provided, however, that EPA shall not seek civil penalties pursuant to Section 106(b) or 122(*l*) of CERCLA or punitive damages pursuant to Section 107(c)(3) of CERCLA for any violation for which a stipulated penalty is provided herein, except in the case of a willful violation of this Settlement Agreement or in the event that EPA assumes performance of a significant portion of the Work pursuant to Section XX, Paragraph 70. Notwithstanding any other provision of this Section, EPA may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Settlement Agreement.

22

## XIX.  COVENANT NOT TO SUE BY EPA

67.  In consideration of the actions that will be performed and the payments that will be made by Respondents under the terms of this Settlement Agreement, and except as otherwise specifically provided in this Settlement Agreement, EPA covenants not to sue or to take administrative action against Respondents pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), for performance of the Work and for recovery of Future Response Costs.  This covenant not to sue shall take effect upon the Effective Date and is conditioned upon the complete and satisfactory performance by Respondents of all obligations under this Settlement Agreement, including, but not limited to, payment of Future Response Costs pursuant to Section XV.  This covenant not to sue extends only to Respondents and does not extend to any other person.

## XX.  RESERVATIONS OF RIGHTS BY EPA

68.  Except as specifically provided in this Settlement Agreement, nothing herein shall limit the power and authority of EPA or the United States to take, direct, or order all actions necessary to protect public health, welfare, or the environment or to prevent, abate, or minimize an actual or threatened release of hazardous substances, pollutants or contaminants, or hazardous or solid waste on, at, or from the Site.  Further, nothing herein shall prevent EPA from seeking legal or equitable relief to enforce the terms of this Settlement Agreement, from taking other legal or equitable action as it deems appropriate and necessary, or from requiring Respondents in the future to perform additional activities pursuant to CERCLA or any other applicable law.

69.  The covenant not to sue set forth in Section XIX above does not pertain to any matters other than those expressly identified therein.  EPA reserves, and this Settlement Agreement is without prejudice to, all rights against Respondents with respect to all other matters, including, but not limited to:

a.  claims based on a failure by Respondents to meet a requirement of this Settlement Agreement;

b.  liability for costs not included within the definition of Future Response Costs and all Past Response Costs;

c.  liability for performance of response action other than the Work;

d.  criminal liability;

e.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

f.  liability arising from the past, present, or future disposal, release or threat of release of Waste Materials outside of the Site; and

23

g. liability for costs incurred or to be incurred by the Agency for Toxic Substances and Disease Registry related to the Site.

70. <u>Work Takeover</u>. In the event EPA determines that Respondents have ceased implementation of any portion of the Work, are seriously or repeatedly deficient or late in their performance of the Work, or are implementing the Work in a manner which may cause an endangerment to human health or the environment, EPA may assume the performance of all or any portion of the Work as EPA determines necessary. Seven Days prior to assuming the performance of all or any portion of the Work, EPA will provide written notice of its intent to take over the Work. Respondents may invoke the procedures set forth in Section XVI (Dispute Resolution) to dispute EPA's determination that takeover of the Work is warranted under this Paragraph. Costs incurred by the United States in performing the Work pursuant to this Paragraph shall be considered Future Response Costs that Respondents shall pay pursuant to Section XV (Payment of Response Costs). Notwithstanding any other provision of this Settlement Agreement, EPA retains all authority and reserves all rights to take any and all response actions authorized by law.

## XXI. <u>COVENANT NOT TO SUE BY RESPONDENTS</u>

71. Except with respect to any contribution claims against the United States pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), Respondents covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Work, Future Response Costs, or this Settlement Agreement, including, but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund established by 26 U.S.C. § 9507, based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

These covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 69 (b), (c), and (e) - (g), but only to the extent that Respondents' claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

72. Nothing in this Agreement shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

73. Respondents agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any

24

person where the person's liability to Respondents with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

74. *The waiver in Paragraph 73 shall not apply with respect to any defense, claim, or cause of action that a Respondent may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Respondent.* This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

a. that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6972, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b. *that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.*

## XXII. <u>OTHER CLAIMS</u>

75. By issuance of this Settlement Agreement, the United States and EPA assume no liability for injuries or damages to persons or property resulting from any acts or omissions of Respondents. The United States or EPA shall not be deemed a party to any contract entered into by Respondents or their directors, officers, employees, agents, successors, representatives, assigns, contractors, or consultants in carrying out actions pursuant to this Settlement Agreement.

76. Except as expressly provided in Section XXI (Covenant Not to Sue by Respondents) and Section XIX (Covenant Not to Sue by EPA), nothing in this Settlement Agreement constitutes a satisfaction of or release from any claim or cause of action against Respondents or any person not a party to this Settlement Agreement, for any liability such person may have under CERCLA, other statutes, or common law, including but not limited to any claims of the United States for costs, damages and interest under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607.

77. No action or decision by EPA pursuant to this Settlement Agreement shall give rise to any right to judicial review, except as set forth in Section 113(h) of CERCLA, 42 U.S.C. § 9613(h).

25

## XXIII. CONTRIBUTION

78.     a. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C.§ 9613(f)(2), and that Respondents are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are the Work and Future Response Costs.

b. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), pursuant to which Respondents have, as of the Effective Date, resolved their liability to the United States for the Work and Future Response Costs.

c. Except as provided in Section XXI (Covenant Not to Sue by Respondents) of this Settlement Agreement, nothing in this Settlement Agreement precludes the United States or Respondents from asserting any claims, causes of action, or demands for indemnification, contribution, or cost recovery against any persons not parties to this Settlement Agreement. Nothing herein diminishes the right of the United States, pursuant to Sections 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons, including the United States, to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

## XXIV. INDEMNIFICATION

79. Respondents shall indemnify, save and hold harmless the United States, its officials, agents, contractors, subcontractors, employees and representatives from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Respondents, their officers, directors, employees, agents, contractors, or subcontractors, in carrying out actions pursuant to this Settlement Agreement. In addition, Respondents agree to pay the United States all costs incurred by the United States, including but not limited to attorneys fees and other expenses of litigation and settlement, arising from or on account of claims made against the United States based on negligent or other wrongful acts or omissions of Respondents, their officers, directors, employees, agents, contractors, subcontractors and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Settlement Agreement. The United States shall not be held out as a party to any contract entered into by or on behalf of Respondents in carrying out activities pursuant to this Settlement Agreement. Neither Respondents nor any such contractor shall be considered an agent of the United States.

80. The United States shall give Respondents notice of any claim for which the United States plans to seek indemnification pursuant to this Section and shall consult with Respondents prior to settling such claim.

81. Respondents waive all claims against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States, arising from or on account

26

of any contract, agreement, or arrangement between any one or more of Respondents and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays. In addition, Respondents shall indemnify and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any one or more of Respondents and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

## XXV. INSURANCE

82. At least 7 Days prior to commencing any on-Site work under this Settlement Agreement, Respondents shall secure, and shall maintain for the duration of this Settlement Agreement, comprehensive general liability insurance and automobile insurance with limits of $1 million dollars, combined single limit. Within the same time period, Respondents shall provide EPA with certificates of such insurance and a copy of each insurance policy. In addition, for the duration of the Settlement Agreement, Respondents shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Respondents in furtherance of this Settlement Agreement. If Respondents demonstrate by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering some or all of the same risks but in an equal or lesser amount, then Respondents need provide only that portion of the insurance described above which is not maintained by such contractor or subcontractor.

## XXVI. FINANCIAL ASSURANCE

83. By signing this Settlement Agreement, Respondents hereby represent they have the financial ability to perform the Work required herein. If the financial ability of any Respondent or Respondents change, such that the previous sentence may no longer be accurate, Respondents shall immediately notify EPA in writing explaining the nature of the financial change. Upon receipt of such notification by Respondents, EPA may require, in its undisputable discretion, that Respondents shall, within 30 Days of receipt of written notification by EPA, obtain and present to EPA for approval one of the forms of financial assurance listed below, in the amount of $7,000,000:

     a. A surety bond guaranteeing performance of the Work;

     b. One or more irrevocable letters of credit equaling the total estimated cost of the Work;

     c. A trust fund;

     d. A guarantee to perform the Work by one or more parent corporations or subsidiaries, or by one or more unrelated corporations that have a substantial business relationship with at least one of Respondents; or

e. A demonstration that one or more of the Respondents satisfy the requirements of 40 C.F.R. Part 264.143(f).

f. An escrow account in which EPA is named as a third party beneficiary and Respondents agree to use the money in the escrow account solely for the Work. The terms of any escrow account under this Section shall be reviewed and approved by EPA.

84. If Respondents seek to demonstrate the ability to complete the Work through a guarantee by a third party pursuant to Paragraph 83(a) of this Section, Respondents shall demonstrate that the guarantor satisfies the requirements of 40 C.F.R. Part 264.143(f). If Respondents seek to demonstrate their ability to complete the Work by means of the financial test or the corporate guarantee pursuant to Paragraph 83(d) or (e) of this Section, they shall resubmit sworn statements conveying the information required by 40 C.F.R. Part 264.143(f) annually, on the anniversary of the Effective Date. In the event that EPA determines that the financial assurances provided pursuant to this Section are inadequate, Respondents shall, within 30 Days of receipt of notice of EPA's determination, obtain and present to EPA for approval one of the other forms of financial assurance listed in Paragraph 83 of this Section. Respondents' inability to demonstrate financial ability to complete the Work shall not excuse performance of any activities required under this Settlement Agreement.

85. If, after the Effective Date, Respondents can show that the estimated cost to complete the remaining Work has diminished below the amount set forth in Paragraph 83 of this Section, Respondents may, on any anniversary date of the Effective Date, or at any other time agreed to by the Parties, reduce the amount of the financial security provided under this Section to the estimated cost of the remaining Work to be performed. Respondents shall submit a proposal for such reduction to EPA, in accordance with the requirements of this Section, and may reduce the amount of the security upon approval by EPA. In the event of a dispute, Respondents may reduce the amount of the security in accordance with the written decision resolving the dispute.

86. Respondents may change the form of financial assurance provided under this Section at any time, upon notice to and approval by EPA, provided that the new form of assurance meets the requirements of this Section. In the event of a dispute, Respondents may change the form of the financial assurance only in accordance with the written decision resolving the dispute.

## XXVII. MODIFICATIONS

87. The OSC may make modifications to any plan or schedule in writing or by oral direction. Any oral modification will be memorialized in writing by EPA promptly, but shall have as its effective date the date of the OSC's oral direction. Upon request, EPA shall meet with Respondents to discuss any modifications. Any other requirements of this Settlement Agreement may be modified in writing by mutual agreement of the parties.

88. If Respondents seek permission to deviate from any approved work plan or schedule, Respondents' Project Coordinator shall submit a written request to EPA for approval outlining the

proposed modification and its basis.  Respondents may not proceed with the requested deviation until receiving oral or written approval from the OSC pursuant to Paragraph 87.

89.  No informal advice, guidance, suggestion, or comment by the OSC or other EPA representatives regarding reports, plans, specifications, schedules, or any other writing submitted by Respondents shall relieve Respondents of their obligation to obtain any formal approval required by this Settlement Agreement, or to comply with all requirements of this Settlement Agreement, unless it is formally modified.

## XXVIII.  ADDITIONAL REMOVAL ACTIONS

90.  If EPA determines that additional time-critical removal actions not included in an approved plan are necessary to protect public health, welfare, or the environment, EPA will notify Respondents of that determination.  Unless otherwise stated by EPA, within 30 Days of receipt of notice from EPA that additional removal actions are necessary to protect public health, welfare, or the environment, Respondents shall submit for approval by EPA a work plan for the additional removal actions.  The plan shall conform to the applicable requirements of Section VIII (Work to Be Performed) of this Settlement Agreement.  Upon EPA's approval of the plan pursuant to Section VIII, Respondents shall implement the plan for additional removal actions in accordance with the provisions and schedule contained therein.  This Section does not alter or diminish the OSC's authority to make oral modifications to any plan or schedule pursuant to Section XXVII (Modifications). Upon request, EPA shall meet with Respondents to discuss any additional time-critical removal actions EPA has determined are necessary to protect public health, welfare, or the environment.

## XXIX.  NOTICE OF COMPLETION OF WORK

91.  When EPA determines, after EPA's review of the Final Report, that all Work has been fully performed in accordance with this Settlement Agreement, with the exception of any continuing obligations required by this Settlement Agreement, including any post-removal site controls, payment of Future Response Costs, or record retention, EPA will provide written notice to Respondents.  If EPA determines that any such Work has not been completed in accordance with this Settlement Agreement, EPA will notify Respondents, provide a list of the deficiencies, and require that Respondents modify the work plan if appropriate in order to correct such deficiencies.  Respondents shall implement the modified and approved work plan and shall submit a modified Final Report in accordance with the EPA notice.  Failure by Respondents to implement the approved modified work plan shall be a violation of this Settlement Agreement.

## XXX.  SEVERABILITY/INTEGRATION/APPENDICES

92.  If a court issues an order that invalidates any provision of this Settlement Agreement or finds that Respondents have sufficient cause not to comply with one or more provisions of this Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI. EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this ___ day of _____, 2007.

For Respondent _____

By

Title _____

It is so ORDERED and Agreed this _28_ day of _Feb_ , 2007.

BY _____  DATE: _2/28/07_____

Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _3/1/07_

# Appendix A

1.      Air Products and Chemicals, Inc. and related entities, to wit: Air Products, Inc., Permea Division; Air Products Incorporated; Air Products Manufacturing Corp.; Air Products Oxygen Plant; and Air Products, L.P.

2.      Albaugh, Inc.

3.      Amak Brake L.L.C.

4.      Ambrake Corporation

5.      Arkema, Inc. (f/k/a Atochem North America, Inc., Elf Atochem North America, Inc., Atofina Chemicals, Inc. and Pennwalt Corporation)

6.      Ashland Inc.

7.      Beazer East, Inc.

8.      Teva Pharmaceuticals USA, Inc. f/k/a Biocraft Laboratories, Inc.

9.      Chevron U.S.A., Inc., Texaco, Inc. and Union Oil Company of California

10.     DanChem Technologies, Inc.

11.     DSM Chemicals North America, Inc.

12.     Eastman Kodak Company

13.     Environmental Enterprises, Inc.

14.     Equistar Chemicals, LP

15.     FMC Corporation

16.     General Motors Corporation

17.     Goodrich Corporation

18.     CNA Holdings, Inc. f/k/a Hoechst Celanese

19.     Illinois Central Railroad Company

20.     InChem Corp.

21.     Koppers, Inc.

# Appendix A

22.  The Lubrizol Corporation

23.  Marathon Oil Company

24.  Marathon Petroleum Company LLC

25.  Catlettsburg Refining, LLC

26.  Marathon Pipe Line LLC

27.  NCR Corporation

28.  Chase Brass & Copper, Inc.

29.  Giant Resource Recovery-Sumter, Inc. and Giant Resource Recovery - Attalla, Inc. (formerly Southeastern Chemical & Solvent Co. and M & M Chemical Co., respectively)

30.  PepsiCo, Inc.

31.  Pfizer, Inc.

32.  Phelps Dodge Magnet Wire Company, a division of Phelps Dodge Industries, Inc.

33.  ConocoPhillips Company

34.  Pollution Control Industries, Inc., and Pollution Control Industries of Indiana, Inc.

35.  Millennium Petrochemicals, Inc., f/k/a Quantum Chemical Corporation/ USI Division a/k/a USI Chemicals Company

36.  Rineco

37.  R.T. Vanderbilt Company, Inc. (f/k/a Vanderbilt Chemical Corporation)

38.  Sasol North America, Inc.

39.  Shell

40.  Steelcase Inc.

41.  Hamilton Sundstrand Corporation

42.  Givaudan Flavors Corporation

# Appendix A

43.　　Texas Eastern Products Pipeline Company, L.L.C., and its affiliates and subsidiaries, including without limitation, TE Eastern Products Pipeline Company, *Limited Partnership and TEPPCO GP, Inc.*

44.　　Texas Gas Transmission, LLC

45.　　Textileather Corporation

46.　　T H Agriculture & Nutrition, L.L.C.

47.　　United States Steel Corporation

48.　　*Waste Control Specialists LLC*

49.　　Westlake Vinyls Corporation

50.　　Recticel Foam Corporation

51.　　Atlantic Richfield Company & BP Products of North America, Inc.

52.　　Dart Container Corporation

53.　　*Weyerhaeuser Company*

54.　　Safety-Kleen Systems, Inc.

55.　　Milliken & Company

56.　　Toyota Motor Engineering & Manufacturing North America, Inc.

57.　　ISP Chemicals LLC; ISP Freetown Fine Chemicals Inc.; ISP Technologies Inc.

58.　　*SET Environmental, Inc./Treatment One*

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A:  List of Respondents
      Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21st day of Feb , 2007.

For Respondent Air Products and Chemicals, Inc.
                  and related Air Products' entities

By _____

Title Vice President and General Manager,
      Industrial Chemicals Division


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23 day of February 2007.

For Respondent  Albaugh, Inc.

By  Stuart Feldskin  _Stuart Feldst_

Title  Vice President

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

## XXXI. **EFFECTIVE DATE**

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _21st_ day of _February_ 2007.

For Respondent _AMAK BRAKE L.L.C._

By _Roy Deaton_

Title _President_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____    DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21ˢᵗ day of February 2007.

For Respondent *AMBRAKE CORPORATION*

By *[signature]*

Title *SECRETARY*

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

30

## XXXL EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

IN THE MATTER OF:
LWD, Inc. Site
Calvert City, Marshall County, KY

ADMINISTRATIVE SETTLEMENT AGREEMENT AND ORDER ON CONSENT FOR REMOVAL ACTION

Agreed this 23 day of February , 2007.

For Respondent     Arkema Inc.

By

Title   Director Environment and Sustainable Development

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _26_ day of _Feb_, 2007.

For Respondent _Ashland Inc_

By _Michael S. Roe_

Title _Senior Counsel_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A:  List of Respondents
      Appendix B:  Map of the Site

### XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23rd day of February 2007.

For Respondent *Beazer East, Inc.*

By *Joe M. Blink*

Title *Vice President*

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

### XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26th day of February, 2007.

For Respondent
Teva Pharmaceuticals USA, Inc.
(F/k/a Biocraft Laboratories, Inc.)
By Richard Egosi

Title  Senior Vice President and General Counsel

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

*Chevron*

1

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 22nd day of February, 2007.

For Respondents Chevron U.S.A. Inc., Texaco Inc. and Union Oil Company of California

By: *Frank P. Soen*

Title: Assistant Secretary, Vice President and Secretary, and Assistant Secretary, respectively



It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

30

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

   Appendix A:  List of Respondents
   Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this  26 day of  Feb.,  2007.

For Respondent  DanChem Technologies, Inc.

By  _M D Bar_____

Title  President/CEO

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____      DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26 day of Feb., 2007.

For Respondent DSM Chemicals North America, Inc.

By _David Chatter_

Title PRESIDENT

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____    DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

### XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21 day of February 2007.

For Respondent  Eastman Kodak Company

By  David M. Kim

Title  Vice President

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____       DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

### XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21 day of Feb , 2007.

For Respondent Environmental Enterprises Inc.

By _____

Title President

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 19 day of _February_ 2007.

For Respondent Equistar Chemicals LP

By _Deborah Wilbryk_

Title _Director, Retired Liabilities_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

>  Appendix A:  List of Respondents
>  Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26th day of Feb , 2007.

For Respondent  _FMC_

By _Robert J. Forbes_

Title _Director, Environment_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 20 day of February 2007.

For Respondent General Motors Corporation

By James P. Walle

Title ATTORNEY  P31198

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

        Appendix A:  List of Respondents
        Appendix B:  Map of the Site

### XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23 day of Feb, 2007.

For Respondent Goodrich Corporation

By: _____
      Bruce C. Amig
      Director Global Remediation Services


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____       DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23rd day of February, 2007.

For Respondent CNA Holdings, Inc., f/k/a Hoechst Celanese

By _____

    James R. Shields

Title President and Treasurer


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____ DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

     Appendix A:  List of Respondents
     Appendix B:  Map of the Site

## XXXI.  **EFFECTIVE DATE**

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _20_ day of _February_, 2007.

For Respondent _Illinois Central Railroad Company_

By    _7 Pall_    Normand Pellerin
                      2007.02.20 15:16:23
                      -05'00'

Title    _Assistant Vice President —_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 20 day of Febru 2007.

For Respondent  In Chem Corp.

By  _BD HCl_

Title  Dir of Engineerj & Env. Compliance

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____         DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26th day of February 2007.

For Respondent  Koppers Inc.

By _Jesie Stf_

Title _Vice President Safety & Environmental Affairs_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A:  List of Respondents
      Appendix B:  Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21st day of February, 2007.

For Respondent LUBRIZOL CORPORATION

By *Albert Brightwell*

Title *VP HSEC*


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21st day of  February , 2007.

For Respondent _____ Marathon Oil Company _____

By _____

Title _____ Assistant Treasurer _____

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____         DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A: List of Respondents
> Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21ˢᵗ day of February , 2007.

For Respondent _____ Marathon Petroleum Company LLC _____

By _____

Title _____ Senior Vice President _____

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____       DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

{226786.DOC}

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

     Appendix A: List of Respondents
     Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21st day of _February_ , 2007.

For Respondent _____ Catlettsburg Refining LLC _____

By _____

Title _____ President _____

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

{226786.DOC}

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 22 day of _February_ , 2007.

For Respondent _____ Marathon Pipe Line LLC _____

By _____ VLM

Title _____ President _____

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____  DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

{226786.DOC}

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegates.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 29 day of _____, 2007.

For Respondent NICK Corporation

By _____

Title _____

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26th day of February, 2007.

For Respondent: Chase Brass & Copper, Inc.

By: *Curtis M Richards*

Curtis M. Richards
Vice President, Environment, Health & Safety
Olin Corporation


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

        Appendix A:  List of Respondents
        Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this ___ day of _____, 2007.

For Respondent(s):
Giant Resource Recovery – Sumter, Inc., and Giant Resource Recovery – Attalla, Inc.
(formerly Southeastern Chemical & Solvent Company and M & M Chemical Company, respectively)

By: _Stq P. Holl_____

Title: Director, Environmental Affairs


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____         DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 14 day of February 2007.

For Respondent PepsiCo, Inc.

By Mark McGowan

Title Vice President Division Counsel for Foods

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26 day of February 2007.

For Respondent  *Pfizer Inc.*

By *Carol A. Caruga Herman*

Title X *Vice President* and Assistant General Counsel

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A: List of Respondents
      Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _23_ day of _February_, 2007.

For Respondent  Phelps Dodge Magnet Wire Company,
              a division of Phelps Dodge Industries, Inc.

By _____
  S. David Colton

Title _Senior Vice President and General Counsel_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____      DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A: List of Respondents
> Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this **23** day of **Feb**, 2007.

For Respondent ConocoPhillips Company

By William G. Kitchen

Title Mgr. Risk Mgt & Remediation


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A: List of Respondents
      Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23 day of Feb , 2007.

For Respondent Pollution Control Industries, Inc., A Delaware Corporation, on behalf of itself and for Pollution Control Industries of Indiana, Inc. a former Indiana Corporation

By:
John Newell
Title President, Pollution Control Industries, Inc.

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____    DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _19_ day of _February_, 2007.

For Respondent Millennium Petrochemicals, Inc., f/k/a Quantum Chemical Corporation/USI Division a/k/a USI Chemicals Company

By _Deborah W Krysh_
Title _Director Retained Liabilities_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 19 day of _February_ 2007.

For Respondent Equistar Chemicals LP

By _Deborah Wright_
Title _Director, Retired Liabilities_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _26_ day of _February_____, 2007.

For Respondent _____Rineco_____

By _____

Title _Director, Environmental & Regulatory Compliance_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 20 day of Feb, 2007.

For Respondent  R. T. Vanderbilt Co., Inc.

By _____
    Roger K. Price

Title  President & COO _____


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

30

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23 day of Feb , 2007.

For Respondent Sasol North America Inc.

By Charles f Pilot ??

Title President

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____       DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 22 day of February 2007.

For Respondent _____

By  John Sexton

Title Director of Environmental Services

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____      DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A: List of Respondents
> Appendix B: Map of the Site

## XXXL EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 23 day of February 2007.

For Respondent  STEELCASE INC.

By

Title David A. Rinard


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this __ day of _____, 2007.

For Respondent    Hamilton Sundstrand Corporation (Successor in interest to Sundstrand)

By _____  Clinton L. Gardiner

Title _____  Vice President and General Counsel


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 20 day of February 2007.

For Respondent Givaudan Flavors Corporation

By _James E. Gruple_

Title _Sr. VP - General Counsel_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

  Appendix A: List of Respondents
  Appendix B: Map of the Site

### XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26th day of Feb , 2007. 9th

For Respondent _TE Products Pipeline Company, Limited Partnership_
By: TEPPCO GP, Inc., its general partner
By _P. A. Totten_

Title _Vice President & General Counsel_
Name: _Patricia A. Totten_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A: List of Respondents
    Appendix B: Map of the Site


## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26 day of February, 2007.

For Respondent Texas Gas Transmission, LLC

By Alan Englebert Dgimi

Title VP-Ops & Eng.


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A:  List of Respondents
      Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 22 day of *February*, 2007.

For Respondent

By

Title *Sr. Operations Manager*

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A:  List of Respondents
Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 21st day of February, 2007.

For Respondent *T H Agriculture & Nutrition, LLC*

By *[signature]*

Title *President*

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

Settlement Agreement, Respondents shall remain bound to comply with all provisions of this Settlement Agreement not invalidated or determined to be subject to a sufficient cause defense by the court's order.

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A: List of Respondents
      Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 19th day of February 2007.

For Respondent United States Steel Corporation

By William J. McKim

Title Assistant General Counsel

Send all notices to:

David L. Smiga
United States Steel Corporation
600 Grant Street, Room 1500
Pittsburgh, PA 15219-2800
(412) 433-2851
Fax: (412) 433-2964
Email: dlsmiga@uss.com


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____   DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A:  List of Respondents
      Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this _2ⁿ_ day of _Feb._, 2007.

For Respondent _Waste Control Specialists_

By _[signature]_

Title _President & CFO_


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____    DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

      Appendix A:  List of Respondents
      Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26 day of FEB, 2007.

For Respondent WESTLAKE Vinyls Corporation

By Gary A. Shemwell

Title Plant Manager.

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____    DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this ___ day of _____ 2007.

For Respondent _RECTICEL FOAM CORPORATION_

By **Philippe JOUS**
Title _PRESIDENT_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____         DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 20th day of Feb , 2007.

For Respondent Atlantic Richfield Company + BP Products North America Inc.

By Jack F. Mahon Attorney-In-Fact

Title Regional Manager

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

     Appendix A:  List of Respondents
     Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 28 day of February 2007.

For Respondent Dart Container Corporation

By _____

Title Assistant General Counsel
Assistant Secretary

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE: _____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

    Appendix A:  List of Respondents
    Appendix B:  Map of the Site

### XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 28th day of _Feb._, 2007.

For Respondent _Weyerhaeuser Co._

By _John P. A_____

Title _Sr. Environmental Mgr_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____          DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

        Appendix A:  List of Respondents
        Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this ___ day of _____ 2007.

For Respondent __Safety-Kleen Systems, Inc.__

By _____
     Virgil W. Duffie, III
Title __Assistant Secretary__


It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

  Appendix A: List of Respondents
  Appendix B: Map of the Site

## XXXI. EFFECTIVE DATE

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 2 day of M__, 2007.

For Respondent M.ll.k_ + C_

By _____ J_h_ M. B__ly

Title E_ D___ct_

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____     DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93. This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement:

Appendix A: List of Respondents
Appendix B: Map of the Site

### XXXI. **EFFECTIVE DATE**

94. This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26 day of FEB , 2007.

For Respondent Toyota Motor Engineering & Manufacturing North America, Inc.

By Seiichi Sudo

Title PRESIDENT

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____      DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

## XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 6TH day of MARCH, 2007.

For Respondent   ISP Chemicals LLC, ISP Freetown Fine Chemicals Inc., ISP Technologies Inc.
                 and their respective predecessors and successors.

By

Title SR. VP. OPERATIONS

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____        DATE:_____

Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE: _____

29

93.  This Settlement Agreement and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement.  The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Settlement Agreement.  The following appendices are attached to and incorporated into this Settlement Agreement:

> Appendix A:  List of Respondents
> Appendix B:  Map of the Site

### XXXI.  EFFECTIVE DATE

94.  This Settlement Agreement shall be effective one Day after the Settlement Agreement is signed by the Regional Administrator or his/her delegatee.

The undersigned representatives of Respondents certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and to bind the parties they represent to this document.

Agreed this 26th day of Feb, 2007.

For Respondent  SET Environmental, Inc / Treatment One

By  _____

Title  President

It is so ORDERED and Agreed this _____ day of _____, 2007.

BY: _____       DATE:_____
Shane Hitchcock, Chief
Emergency Response and Removal Branch
Superfund Division
Region 4
U.S. Environmental Protection Agency

EFFECTIVE DATE:  _____

APPENDIX B

# Site Overview Map

