UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
Case No.5:12CV-127-R
ELECTRONICALLY FILED

LWD PRP GROUP                                                                                    PLAINTIFF

VS.

YENKIN-MAJESTIC PAINT CORP, et al                                            DEFENDANTS

## ANSWER OF YENKIN-MAJESTIC PAINT CORP.

Comes the Defendant, Yenkin-Majestic Paint Corp., by and through counsel, and for its Answer to the Plaintiff's Second Amended Complaint, states and alleges as follows:

## FIRST DEFENSE

The Plaintiff's Second Amended Complaint fails to state a cause of action as against this Defendant upon which relief can be granted and as such, must be dismissed.

## SECOND DEFENSE

The following numerical paragraphs correspond with the numbered paragraphs contained in the Plaintiff's Second Amended Complaint:

Allegation 1: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 2: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 3: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 4: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 5 through 29: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 30: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 31 through 817: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 818: Admits.

Allegation 819: Admits.

Allegations 820: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 821: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegation 822: Admits.

Allegations 823 through 847: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 848 through 865: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 866 through 871: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

Allegations 872 through 877: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the same.

### THIRD DEFENSE

Subject to what discovery might reveal, the claims in Plaintiff's Second Amended Complaint are barred by the appropriate and applicable statute of limitations.

### FOURTH DEFENSE

Subject to what discovery might reveal, the claims in Plaintiff's Second Amended Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

Subject to what discovery might reveal, Plaintiff lacks standing or capacity to sue and its claims must, therefore, be dismissed.

### SIXTH DEFENSE

Subject to what discovery might reveal, the claims in Plaintiff's Second Amended Complaint are barred by waiver.

### SEVENTH DEFENSE

Subject to what discovery might reveal, the alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

### EIGHTH DEFENSE

Subject to what discovery might reveal, the alleged releases were federally permitted.

## NINTH DEFENSE

Subject to what discovery might reveal, the alleged releases were *de micromis.*

## TENTH DEFENSE

Subject to what discovery might reveal, the Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

## ELEVENTH DEFENSE

Subject to what discovery might reveal, the damages complained of by the Plaintiff, if any there be, resulted from unforeseeable, independent, intervening, and superseding acts of negligence by others, including the Plaintiff such that the Plaintiff's Second Amended Complaint as against this Defendant should be dismissed or proportionately mitigated.

## TWELFTH DEFENSE

Subject to what discovery might reveal, at the time and place and upon the occasion which forms the basis for the Plaintiff's Second Amended Complaint, the Plaintiff acted negligently and carelessly and failed to exercise ordinary care, which caused and/or contributed to the damages complained of, if any there be.  But for said negligence and/or carelessness of the Plaintiff, the injuries and damages complained of, if any there be, would not and could not have occurred.  By virtue of the foregoing negligence, the Plaintiff's Second Amended Complaint herein is completely barred or should be proportionately mitigated.

<tt>Case 5:12-cv-00127-GNS-HBB   Document 868   Filed 04/30/13   Page 5 of 6 PageID #: 4002</tt>

WHEREFORE, Defendant Yenkin-Majestic Paint Corp., respectfully requests the Second Amended Complaint be dismissed, with prejudice, for its costs herein expended and for all other relief to which it may be entitled.

        Respectfully submitted,

        BOEHL STOPHER & GRAVES, LLP

        /s/ Richard L. Walter\_\_\_\_\_
        Richard L. Walter
        410 Broadway
        Paducah, KY  42001
        270-442-4369
        270-442-4689 fax
        rwalter@bsgpad.com

        ATTORNEY FOR DEFENDANT
        YENKIN-MAJESTIC PAINT CORP.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the   day of April 2013, I electronically filed with the Clerk of Court, by using the CM/ECF system, the foregoing document which will send a notice of electronic filing to the following:

Hon. W. Fletcher McMurry
McMurry & Livingston, PLLC
PO Box 1700
Paducah, KY  4202-1700

Hon. Gary D. Justis
Hon. Ambereen Shaffie
The Justis Law Firm, PLLC
5251 West 116th Place, Suite 200
Leawood, KS  66211-7820
*Counsel for Plaintiff*

Hon. Duncan Pitchford

<tt>5</tt>

Whitlow Roberts Houston & Straub
PO Box 995
Paducah, KY  42002-0995

/s/ Richard L. Walter_____
Richard L. Walter