UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:12-CV-00127-JHM

LWD PRP GROUP                                                                PLAINTIFF

v.

CENTRAL ILLINOIS PUBLIC SERVICE
COMPANY, ET AL.,                                                             DEFENDANT

**ORDER**

This matter is before the Court on Defendant's Motions to Dismiss the original complaint and each amendment thereof pursuant to Fed. R. Civ. P. 12(b)(6) . [DN 290, 610 and 890]. The Plaintiff, LWD PRP Group, (LWD), brought this action against Central Illinois Public Service Company (CIPS)  and several hundred other entities seeking contribution for clean up costs associated with the LWD Incinerator Site located in Calvert City, Kentucky.  The movant here is actually Ameren Illinois Company, the alleged successor to CIPS.  Ameren Illinois Company seeks dismissal of the claims against CIPS claiming that it has settled all claims asserted by LWD against CIPS.

On a motion to dismiss for failure to state a claim, the Court must accept as true all the allegations stated in the complaint.  Ameren's 12(b)(6) motion attempts to litigate its defense to the claim based  on the terms of a Settlement Agreement.  However, the scope of the settlement is disputed.

Both parties have presented matters outside the pleadings.  Fed. R. Civ. P. 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

At this stage, the Court chooses to exclude those matters and focus instead on the allegations of the complaints. Simply put, the allegations are sufficient to state a claim against Central Illinois Public Service Company for response costs associated with the LWD Incinerator Site.

This issue will undoubtedly be revisited at some point. The scope of discovery between these parties should be limited initially toward a resolution of this question. By that time, hopefully, it can be determined whether CIPS is even the proper defendant or if Ameren Illinois Company is truly its successor. Additionally, at that time, the scope of the release will be directly in issue and the parties can focus on appropriate issues of interpretation, i.e., whether the Court must construe the Settlement Agreement within the four corners of the document or whether the agreement is susceptible to at least two reasonable interpretations allowing the Court to consider extrinsic evidence.

For the foregoing reasons, the motions to dismiss are **denied.**

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 18, 2013

2