# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CIVIL ACTION NO. 5:12-CV-00127-JHM**

**LWD PRP GROUP**                                                                      **PLAINTIFF**

**v.**

**UNIVERSITY OF IOWA, ET AL.,**                                      **DEFENDANT**

## ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendant University of Iowa pursuant to Fed. R. Civ. P. 12(b)(1) and (6). [DN 602]. The Plaintiff, LWD PRP Group, (LWD)**,** brought this action against the University of Iowa (University) and several hundred other entities seeking contribution for clean up costs associated with the LWD Incinerator Site located in Calvert City, Kentucky. The University seeks dismissal based on sovereign immunity and Eleventh Amendment immunity.

In response, LWD argues that a state entity waives sovereign immunity by performing functions that are proprietary rather than governmental. In reply, the University argues that the proprietary vs governmental function argument misses the mark because that question goes to sovereign immunity rather than Eleventh Amendment immunity. The University cites to an Eighth Circuit case which held that the University is entitled to Eleventh Amendment immunity. <u>Brine v. Univ. of Iowa</u>, 90 F.3d 271, 275 (1996).

In this case, there is no practical significant difference between sovereign immunity and Eleventh Amendment immunity. [1] Although most courts which have confronted this issue have

---

[1] Despite the narrowness of its terms, since <u>Hans v. Louisiana</u>, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), we have understood the Eleventh Amendment to stand not so much for

found that state universities share in their state's Eleventh Amendment immunity, the particular circumstances of each university so claiming must be examined. <u>Sherman v. Curators of the University of Missouri</u>, 16 F.3d 860, 863 (8th Cir. 1994). The main focus is on the degree of local autonomy and control enjoyed by the university and whether the funds used to pay any award will come form state funds. Furthermore, despite the Defendant's argument to the contrary, the proprietary vs. governmental functions question is one of the factors to consider in the analysis. <u>Kovats v. Rutgers, The State Univ.</u>, 822 F.2d 1303, 1307 (3d Cir. 1987).

Whether the University of Iowa is entitled to Eleventh Amendment immunity cannot be decided at this time because there is no evidence in the record to analyze. The University's suggestion that <u>Brine v. Univ. of Iowa</u>, is dispositive of the issue is rejected. The required analysis cannot be determined from a reading of that case. The burden is on the University to show that it is entitled to immunity and it has not done so yet. It very well may be so entitled but a little more work is required to prove it.

The motion to dismiss is **denied.**

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

June 24, 2013

---

what it says, but for the presupposition of our constitutional structure which it confirms: that the States entered the federal system with their sovereignty intact; that the judicial authority in Article III is limited by this sovereignty. <u>Blatchford v. Native Village of Noatak</u>, 501 U.S. 775, 779, 111 S.Ct. 2578, 2581 (1991)