UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| LWD PRP GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:12-CV-127-JHM-LLK |
| v. | ) | |
| | ) | |
| ACF INDUSTRIES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT OWENS CORNING
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Owens Corning, through its attorneys, Shumaker, Loop & Kendrick, LLP, submits this answer to plaintiff LWD PRP Group's Second Amended Complaint:

1. In response to paragraphs 1-502, defendant Owens Corning lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies those allegations.

2. In response to paragraph 503, Owens Corning admits that plaintiff LWD PRP Group sent Owens Corning a letter dated October 19, 2012, demanding that Owens Corning pay its equitable share of LWD Incinerator Site Response costs.

3. In response to paragraph 504, defendant Owens Corning denies that it is the parent and/or successor to Alpha/Owens Corning and/or defendant Owens-Illinois, Inc.

4. In response to paragraphs 505-507, Owens Corning lacks knowledge or information sufficient to form a belief about the truth of those allegations and, therefore, denies the allegations.

5. In response to paragraph 508, defendant Owens Corning admits that it has not paid response costs incurred by the LWD PRP Group at the LWD Incinerator Site. Defendant

Owens Corning denies that it has any obligation to pay any response costs incurred by the LWD PRP Group at the LWD Incinerator Site.

6. In response to paragraphs 509-877, defendant Owens Corning lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies those allegations.

## AFFIRMATIVE DEFENSES

1. All allegations contained in plaintiff's complaint which are not specifically admitted are denied.

2. This Court lacks personal jurisdiction over defendant Owens Corning.

3. Plaintiff's process relating to defendant Owens Corning was insufficient.

4. Plaintiff's service of process on defendant Owens Corning was insufficient.

5. Plaintiff's complaint fails to state a claim for relief which can be granted against defendant Owens Corning.

6. Plaintiff's claims are barred by the statutes of limitations and statutes of repose applicable to plaintiff's claims.

7. Plaintiff lacks standing to assert the claims.

8. Defendant Owens Corning reserves the right to assert additional affirmative defenses as investigation and discovery proceed.

9. Any claims of the LWD PRP Group against Owens Corning were discharged by the United States Bankruptcy Court in *In re Owens Corning*, No. 00-3837, United States Bankruptcy Court for the District of Delaware.

WHEREFORE, having fully answered, defendant Owens Corning respectfully requests that (a) plaintiff LWD PRP Group take nothing by its pretended cause of action against

defendant Owens Corning; (b) any relief sought by plaintiff LWD PRP Group against defendant Owens Corning be denied; (c) the costs of this defense be assessed against the plaintiff LWD PRP Group; and (d) such other and further relief as the Court may deem just and equitable be granted to defendant Owens Corning.

## COUNTERCLAIMS

For its counterclaims, pursuant to Federal Rules of Civil Procedure 8 and 13, Owens Corning alleges:

1. Plaintiff/Counterclaim Defendant LWD PRP Group filed its Second Amended Complaint on March 29, 2013, against over 200 defendants, including Owens Corning, seeking cost recovery, contribution and declaratory relief pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613.

2. LWD PRP Group seeks to recover costs it allegedly incurred and will incur in connection with the remediation of environmental contamination at the property located at 2745 Industrial Boulevard in Calvert City, Kentucky (the "Site").

3. Owens Corning asserts these counterclaims, pursuant to Sections 113(f) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9613(f), 9613(g)(2) and 28 U.S.C. § 2291, against LWD PRP Group for contribution for any costs, damages or other monetary relief adjudged against Owens Corning should it be liable for response costs incurred or to be incurred at the Site.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1367, and 42 U.S.C. §§ 9613(b) and 9620.

5, Venue in this action is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b), because the claims for response costs arose in this district, and because the alleged

release of hazardous substances and/or the alleged damages resulting therefrom occurred in this district.

## GENERAL ALLEGATIONS

6. The LWD PRP Group and/or its members and/or their predecessors and affiliates generated and/or transported waste containing hazardous substances, which was disposed of at the Site.

7. According to paragraphs 15, 17 and 21 of the Second Amended Complaint, the United States Environmental Protection Agency incurred removal costs related to the Site.

8. According to paragraphs 22 and 23 of the Second Amended Complaint, a number of potentially responsible parties ("PRPs") entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (the "Removal Action AOC") and, pursuant to the Removal Action AOC, incurred response costs.

9. According to Paragraphs 27 and 29 of the Second Amended Complaint, the LWD PRP Group has incurred and will continue to incur response costs related to the Site.

10. The Site is a "facility" within the meaning of 42 U.S.C. § 9601(9).

11. The LWD PRP Group or its member are "persons" within the meaning of 42 U.S.C. § 9601(21).

## FIRST CLAIM FOR RELIEF
## CONTRIBUTION UNDER CERCLA § 113(F)

12. Owens Corning alleges and incorporates by reference paragraphs 1 through 11 of these counterclaims.

13. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability on persons that currently own or operate a facility, that previously owned or operated a facility at the time of disposal or that arranged for disposal at or transported hazardous substance to a facility.

14. Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides, in pertinent part, that:

> Any person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under section 106 or under section 107(a). []. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

15. Upon information and belief, the LWD PRP Group is liable or potentially liable as an "owner," "operator," and/or "arranger" within the meaning of §§ 101 and 107(a) of CERCLA, 42 U.S.C. §§ 9061(20), 9607(a), relating to the hazardous substances disposed of, released at, and/or impacting the Site.

16. The LWD PRP Group has filed this civil action under Section 107(a), alleging that Owens Corning is liable to the LWD PRP Group for unreimbursed response costs that the LWD PRP Group has incurred or will incur in response to releases and threatened release of hazardous substances at the Site.

17. If Owens Corning is found liable for response costs, Owens Corning is entitled to contribution from the LWD PRP Group for the response costs in accordance with Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

SECOND CLAIM FOR RELIEF
DECLARATORY RELIEF UNDER CERCLA 113(g)(2) AND 25 U.S.C. § 2201

18. Owens Corning alleges and incorporates by reference paragraphs 1 through 17 of these counterclaims.

19. The LWD PRP Group has alleged that it will continue to incur response costs in the future with respect to the environmental contamination at the Site.

20. An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists among the parties in this action concerning their respective obligations and

potential liability for response costs already incurred and that may be incurred in the future as a result of the release or threatened release of hazardous substances at the Site.

21. Pursuant to 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201, Owens Corning seeks a declaratory judgment that Owens Corning is not liable and that the LWD PRP Group is jointly and severally liable for response costs or damages related to the Site that will be binding in any subsequent action to recover further response costs or damages.

## THIRD CLAIM FOR RELIEF
## CONTRIBUTION

22. Owens Corning alleges and incorporates by reference paragraphs 1 through 21 of these counterclaims as if fully set forth herein.

23. If Owens Corning is held liable to the LWD PRP Group in this action, Owens Corning will incur response costs and/or damages for the Site.

24. The acts or omissions of the LWD PRP Group or its predecessor-in-interest caused or contributed to contamination at the Site and, therefore, caused or contributed to any response costs that Owens Corning may incur.

25. The LWD PRP Group is liable to Owens Corning for contribution in an amount equal to the excess over and above Owens Corning's equitable share of response costs and damages related to the Site that are not duplicative of response costs or damages recoverable by Owens Corning under CERCLA.

WHEREFORE, Owens Corning respectfully demands the following relief from the Court:

1. Entry of judgment in favor of Owens Corning dismissing the LWD PRP Group's claims as against Owens Corning in their entirety;

2. If Owens Corning is held liable for any response costs and/or damages, entry of judgment in favor of Owens Corning and against the LWD PRP Group for contribution pursuant to 42 U.S.C. § 9613(f);

3. Pursuant 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201, entry of a declaratory judgment that the LWD PRP Group is liable to Owens Corning for contribution for all future response costs and damages related to the Site;

4. Attorneys' fees, interest and costs of suit incurred by Owens Corning to the full extent authorized by law; and

5. Any other relief the Court deems just and equitable.

Respectfully submitted,

*/s/ Louis E. Tosi*
Louis E. Tosi (0019756)
SHUMAKER, LOOP & KENDRICK, LLP
North Courthouse Square
1000 Jackson Street
Toledo, Ohio 43604
Telephone: (419) 241-9000
Fax: (419) 241-6894
E-mail: ltosi@slk-law.com

Attorneys for Defendant Owens Corning

*/s/ Michael J. O'Callaghan*
Michael J. O'Callaghan (0043874)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street, Suite 2400
Columbus, Ohio 43215
Telephone: (614) 463-9441
Fax: (614) 463-1108
E-mail: mocallaghan@slk-law.com

CERTIFICATE OF SERVICE

On June 26, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notice of filing to all counsel of record.

                                                              */s/ Louis E. Tosi*
                                                          An Attorney for Defendant Owens Corning