UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-127-M

LWD PRP GROUP                                                PLAINTIFF

v.

ACF INDUSTRIES, LLC, et al.                         DEFENDANTS

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendants listed on Exhibit A, by counsel, for their Reply to "Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss" state as follows:

**INTRODUCTION**

Plaintiff's Response ignores the unequivocal language of the 2007 ASAOC, relying instead upon a tortured reading of CERCLA rejected by the Sixth Circuit to create a scenario in which its claims survive. As previously set forth by the Defendants, the sole justiciable claim held by the members of the Plaintiff is one for contribution under Section 113 of CERCLA. The Supreme Court, the Sixth Circuit, other circuit courts and other district courts in the Sixth Circuit evaluating the issue all agree that the statute of limitations applicable to these claims is the three-year limitation set forth in CERCLA Section 113(g)(3)(B). Despite its incongruous arguments to the contrary, Plaintiff cannot escape the fact its members' only viable claims expired well before the filing of this matter, and the same should be dismissed.

The Court should also dismiss Plaintiff's claims under Section 107(a) as Plaintiff's complaint fails to plead the existence of any costs except those incurred under the 2007 ASAOC, which costs Plaintiff admits can only be recovered under Section 113. Finally, this Court should not permit Plaintiff to continue to prosecute this case in the name of the PRP Group, as it is not a real party in interest and has no claims under CERCLA.

1

**ARGUMENT**

I. **The Applicable Statute of Limitations for Contribution Is the Three-Year Limitation Set Forth in Section 113(g)(3)(B) of CERCLA.**

    A.   <u>Plaintiff admits it is limited to a Section 113(f) contribution claim for its 2007 ASAOC Costs</u>.

Plaintiff admits, of necessity, that it "must seek contribution under Section 113(f) of CERCLA" for any claims stemming from the 2007 ASAOC and it "cannot also assert a claim under § 107(a)" for those same claims. Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss (DN 914) at 11 (hereinafter, "Response"). Of course, this is compelled by both case law (explored more fully in the original Motion and *infra*) and the text of the 2007 ASAOC itself. In *ITT Indus., Inc. v. BorgWarner, Inc.*, the Sixth Circuit held that "[t]o maintain the vitality of § 113(f) . . . PRPs . . . who have entered into a[n] . . . administratively approved settlement must seek contribution under § 113(f)." *ITT Indus., Inc. v. BorgWarner, Inc.*, 506 F.3d 452, 458 (6th Cir. 2008). The 2007 ASAOC – which the members of the Plaintiff executed – is such an "administratively approved settlement" and provides that:

> The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), pursuant to which Respondents have, as of the Effective Date, resolved their liability to the United States for the Work and Future Response Costs.

*2007 ASAOC* at ¶ 78(b) (attached as Exhibit B to Defendants' Memorandum in Support of Motion to Dismiss (DN 776)). Again, as admitted by Plaintiff, "where a party has been [the] subject of a CERCLA enforcement action and can assert a claim under § 113(f), that party cannot also assert a claim under § 107(a)". Response at 11 (quoting *ITT Indus., Inc. v. BorgWarner, Inc.*, 615 F. Supp. 2d 640, 648 (W.D. Mich. 2009)).

2

B. <u>The specific CERCLA statute of limitations for contribution actions, Section 113(g)(3), applies to all CERCLA contribution actions</u>.

While Plaintiff admits it is limited to a contribution claim under Section 113(f)(3)(B) for its 2007 ASAOC costs, it proposes this Court should "borrow" the statute of limitations for a cause of action it does not have, Section 107(a) cost recovery, rather than applying the CERCLA statute of limitations for Section 113(f) contribution actions. In addition to ignoring the express language of the 2007 ASAOC, this argument relies upon an idea – soundly rejected by the reasoning of the U.S. Supreme Court and barred by applicable precedent – that this suit is somehow *not* a contribution claim but an "initial action for the recovery of costs" under Section 107, and is therefore subject to the statute of limitations for cost recovery actions related to removal set forth in Section 113(g)(2)(A).

> i. *Plaintiff admits the limitations period for a Section 113 contribution claim is three years from the date of a Section 122(h) settlement.*

Plaintiff admits that Section 113(g)(3) provides the applicable limitations period for a cost recovery settlement with the EPA under CERCLA Section 122(h), namely:

> No action for contribution for any response costs or damages may be commenced more than 3 years after –
> \*   \*   \*
> (B) the date of an administrative order under section 9622(g) [122(g)] of this title (relating to de minimis settlements or 9622(h) [122(h)] of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

*See* Response at 16. Nevertheless, Plaintiff argues this limitation period somehow does not apply to its Section 113 claim based upon the 2007 ASAOC by ignoring the actual terms of that settlement agreement.

      *ii.*  *The 2007 ASAOC expressly provides that it is a Section 122(h) settlement.*

In an attempt to avoid the express language of the statute, Plaintiff mischaracterizes the 2007 ASAOC as "not a Section 122(h) settlement." Response at 16; 16 n. 5. However, a review of the 2007 ASAOC reveals the Plaintiff's members expressly <u>agreed</u> the contrary to be the case:

> The Parties <u>agree</u> that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA. 42 U.S.C.§ 9613(f)(2), and that Respondents are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and <u>122(h)(4)</u> of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are the Work and Future Response Costs.

2007 ASAOC at ¶ 76(a) (emphasis added). It could not be more simply and succinctly stated. As in *Hobart II*, "[d]espite their best efforts to distance themselves, Plaintiff[] cannot escape the unambiguous language" of the 2007 ASAOC. *Hobart Corp. v. Waste Management of Ohio, Inc.*, Nos. 3:10-cv-195; 3:12-cv-213, 2013 WL 503141 (S.D. Ohio Feb. 8, 2013) at *6. The 2007 ASAOC specifies it is a Section 122(h) settlement, so there can be no question that the applicable limitations period is three years from the date of the order.[1]

 C. <u>A Section 107 limitations period is irrelevant to a claim for contribution under Section 113(f).</u>

Putting aside Plaintiff's attempts to distance itself from its own settlement agreement, Plaintiff's reading of the CERCLA statute, as well as the Tenth Circuit's 1997 *Sun Co., Inc. v. Browning-Ferris, Inc.* case on which Plaintiff heavily relies, have been rejected by the Sixth Circuit. This rejection is compelled by the Supreme Court's more recent decisions regarding the distinct remedies of cost recovery and contribution and the applicable limitation periods. As a

---

[1] Unlike the 2007 ASAOC at issue here, which expressly provides that it is a Section 112(h) settlement, the AOC at issue in *ITT Industries* did <u>not</u> do so. *See ITT Industries*, 506 F.3d at 455 ("The AOC was executed pursuant to §§ 122(a) and 122(d)(3) of CERCLA."); *Hobart II*, 2013 WL 503141 at *9 (noting the AOC in *Hobart II* was "factually distinguishable" from the one in *ITT Industries* because it expressly referenced §122(h)).

4

result, the statute of limitations for Section 107 cost recovery claims has no bearing on the case at hand. The correct reading of the statute, and the one endorsed by the Supreme Court, the Sixth Circuit, and the district courts in the Sixth Circuit, is that Section 113(g)(3) provides the statute of limitations for all contribution actions for any response costs incurred as a result of a settlement giving rise to contribution rights under Section 113(f).

> i. Sixth Circuit precedent holds that <u>all</u> contribution claims are subject to a three-year limitations period.

The Plaintiff's tortured statute of limitations arguments depend upon two extra-circuit cases – *Sun Co., Inc. v. Browning-Ferris, Inc.*, 124 F.3d 1187 (10th Cir. 1997) and *Geraghty and Miller, Inc. v. Conoco*, 234 F.3d 917 (5th Cir. 2000).[2] Unfortunately for Plaintiff, "[t]he district courts of this circuit are, of course, bound by pertinent decisions of [the Sixth Circuit] even if they find what they consider more persuasive authority in other circuits." *Transmatic, Inc. v. Gulton Indus., Inc.*, 601 F.2d 904, 913 n. 22 (6th Cir. 1979) (internal quotation marks and citations omitted). The Sixth Circuit concluded (and rightly so, in light of recent Supreme Court precedent) "the point of this section of the statute [Section 113 (g)], as the introductory clause indicates, is to establish a time bar for contribution actions for 'any response costs or damages.'" *RSR Corp. v. Commercial Metals Co.*, 496 F.3d 552, 557 (6th Cir. 2007)(quoting 42 U.S.C. §9613(g)(3)). The Sixth Circuit noted that the legislative history of CERCLA suggests Congress intended to "codify a uniform three-year statute of limitations for all contribution actions." *Id.* at 558. As the court explained, "the face of the amendments…reveals a design to codify one

---

[2] Plaintiff also advances a grossly misleading characterization of *Bernstein v. Bankert,* 702 F.3d 964 (7th Cir. 2012) as allegedly supporting its position. However, a brief review of *Bernstein* reveals it supports the conclusion of the Sixth Circuit that where a contribution action is available, it is the exclusive remedy and a three-year limitations period applies. *See id.* at 978-79; Section C(iii) *infra*.

limitations period for contribution actions and another period for cost-recovery actions." *Id.*[3] Thus, where, as here, the plaintiff has a contribution claim, it cannot "borrow" the limitations period for a cost recovery claim to save an untimely contribution claim from dismissal.

> ii. *A plaintiff claiming under Section 113(f) may not circumvent the three-year statute of limitations for contribution actions by instead choosing a statute of limitations applicable to Section 107(a) claims.*

The Sixth Circuit's *RSR* analysis rests upon the finding by the Supreme Court that the remedies of cost recovery and contribution are "two 'clearly distinct' remedies." *United States v. Atl. Research Corp.*, 551 U.S. 128, 138 (2007) (quoting *Cooper Indus., Inc. v. Aviall Services., Inc.*, 543 U.S. 157, 163, n.3 (2004)). In *Atlantic Research*, the Supreme Court expressly rejected the contention that "[c]ontribution is merely a form of cost recovery" and reiterated that the remedies were "complementary yet distinct." *Id.* at 138. It further noted that each of these remedies is governed by a distinct statute of limitations, and that a party with a Section 113(f) contribution cause of action is not entitled to choose the statute of limitations for cost recovery actions. *Id.* at 139.

Further, the Supreme Court in *Cooper Industries* confirmed that all contribution actions are governed by the statute of limitations set forth in Section 113(g)(3). After noting that "CERCLA provide[s] for a right to cost recovery in certain circumstances, § 107(a), and <u>separate rights to contribution in other circumstances</u>, §§ 113(f)(1), 113(f)(3)(B)," 543 U.S. at 163 (emphasis added), the Court stated that:

> § 113 provides two express avenues of contribution: § 113(f)(1) ("during or following specified civil actions) and § 113(f)(3)(B)

---

[3] Nothing contained in *ITT Industries, supra*, changes this analysis as applied to the case at bar. Putting aside the fact the later panel decision cannot overrule the earlier decision in *RSR*, in *ITT*, the court found that there did not exist a contribution claim upon which action could be taken, because there had not been a resolution within the ambit of Section 113(f)(3)(B). *See ITT*, 506 F.3d at 460. Here, as in *Hobart II*, the administrative order at issue recites <u>on its face</u> that it falls within Section 122(h), a category of administrative orders the *ITT* decision acknowledges triggers the three-year limitations period in Section 113(g)(3)(B). *See Hobart II* at *9.

> (after an administrative or judicially approved settlement that resolves liability to the United States or a State). Section § 113(g)(3) then provides two corresponding 3-year limitation periods for contribution actions, one beginning on the date of judgment, § 113(g)(3)(A), and <u>one beginning on the date of settlement</u>, § 113(g)(3)(B)."

543 U.S. at 167 (emphasis added).

> > iii   The Supreme Court's decisions in <u>Atlantic Research</u> and <u>Cooper Industries</u> effectively overrule <u>Sun</u> and <u>Geraghty</u>, and the Seventh Circuit <u>Bernstein</u> case does not support Plaintiff's position.

Plaintiff's argument that it is entitled to the benefit of the statute of limitations for Section 107(a) cost recovery claims depends entirely on a misreading of the statute was first endorsed by the Tenth Circuit in *Sun Co., Inc. v. Browning-Ferris, Inc.*, 124 F.3d 1187 (10th Cir. 1997) and later adopted by the Fifth Circuit in *Geraghty and Miller, Inc. v. Conoco Inc.*, 234 F.3d 917 (5th Cir. 2000). However, both these opinions rely upon a construction of the statute rejected by the Supreme Court in its subsequent *Cooper Industries* and *Atlantic Research* opinions outlined above. Not only do these extra-circuit opinions not bind the Court, a review of the decisions reveals it should disregard them in favor of the later-decided Supreme Court and Sixth Circuit decisions outlined above.

In *Sun*, the Tenth Circuit reasoned that it could apply the statute of limitations applicable to cost recovery actions under Section 107 to a Section 113 contribution action because "'a § 113(f) action for contribution *is* an action under § 107'" as it is "an action for recovery of the *costs referred to* in §107." *Sun*, 124 F.3d at 1191 (emphasis in original) *(quoting Bancamerica Commercial Corp. v. Mosher Steel of Kansas,* 100 F.3d 792, 801 (10th Cir. 1995)). The Fifth Circuit adopted this view in *Geraghty*. *See Geraghty*, 234 F.3d at 924-25. However, the Supreme Court subsequently rejected the notion central to these two cases that contribution is simply a "form" of cost recovery, and held that a party may not "choose" between

7

the statute of limitations for cost recovery actions and that for contribution actions. *See Atlantic Research*, 551 U.S. at 138-39. Rather, a party in a contribution action must adhere to the limitations period assigned by Congress to those actions.

In addition to the *Sun* and *Geraghty* cases, Plaintiff wrongly contends that the Seventh Circuit adopted the Tenth Circuit's *Sun* holding in *Bernstein v. Bankert,* 702 F.3d 964 (7th Cir. 2012). That assertion is grossly misleading. In *Bernstein*, the Seventh Circuit found that where the trigger for a contribution claim had been met, the three year statute of limitations applied and barred the potential claim because a contrary conclusion would "'abrogate the requirements Congress placed on contribution claims under § 9613.'" *Id.* at 979 (quoting *Niagara Mohawk Power Corp. v. Chevron USA, Inc.*, 596 F.3d 112, 128 (2nd Cir. 2010). When it evaluated the two settlement agreements before it, the Seventh Circuit found one did give rise to a time barred contribution action, but one supported only a Section 107(a) cost recovery action. *Id.* at 984. At no point did the Seventh Circuit suggest it found sympathy with the contorted *Sun* logic or that it believed a contribution plaintiff could claim a cost recovery limitations period with respect to a Section 113(f) claim.

> iv.  Other District Courts in the Sixth Circuit have followed circuit precedent, and the Supreme Court's analysis in <u>Atlantic Research</u>, to reject the Plaintiff's theory.

District Courts in the Sixth Circuit have also rejected Plaintiff's convoluted logic that Section 113(g)(2), applicable to Section 107(a) cost recovery, should apply to contribution claims brought pursuant to Section 113(f)(3)(B). *See, e.g., Carrier Corp. v. Piper*, 460 F. Supp. 2d 827 (W.D. Tenn. 2006) (rejecting the *Sun* logic and finding that Section 113(g)(3) is the statute of limitations for claim brought pursuant to Section 113(f)(3)(B)).

Similarly, in the *Hobart I* decision, which provides a close analogy to the case at hand, the Southern District of Ohio, citing to *Cooper Industries* and *RSR Corp.*, noted that "[c]ourts have generally recognized that CERCLA contains a 3-year statute of limitations period for Section 113 contribution claims, without further refining the scope of the types of contribution claims." *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 840 F. Supp. 2d 1013, 1034 (S.D. Ohio 2011).

This Court should reject the outdated and irrelevant precedent cited by Plaintiff and should apply the precedent of the Sixth Circuit as other District Courts in this Circuit have. As a result, it should enforce the Section 113(g)(3) statute of limitations against Plaintiff's contribution claim and dismiss that claim as time-barred.

## II. The Plaintiff's Complaint Does Not Set Forth a Cognizable Claim Under Section 107(a).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) places at issue the sufficiency of the pleadings and whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Harchar*, 694 F.3d 639, 644 (6th Cir. 2012) (citations omitted). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp*, 550 U.S. at 555 (internal quotation marks omitted).

Plaintiff's Second Amended Complaint ("SAC") simply does not allege that Plaintiff has incurred <u>any</u> costs to date entitling it to now assert a Section 107(a) claim. While the Plaintiff makes much in its Response that it has "voluntarily" incurred various costs at the Site for which

9

it may recover under Section 107, a review of the SAC finds that all alleged costs to date relate to work performed pursuant to the 2007 ASAOC, costs Plaintiff acknowledges are subject only to a Section 113(f) claim. At no time in its SAC does Plaintiff allege that it has incurred any costs other than those incurred under the 2007 ASAOC. Indeed, by first alleging these alleged voluntarily incurred costs in its Response, Plaintiff acknowledges the deficiency of its pleading.

With respect to the damages incurred by Plaintiff, the "well-pled" SAC asserts that members of the LWD PRP Group entered into the 2007 ASAOC to perform work specified by EPA at the Site and pay EPA for its future response costs at the Site. SAC ¶¶ 23-29, at pp 8-9. Additionally, according to the SAC, the LWD PRP Group is currently negotiating with KDEP regarding future remediation, monitoring and maintenance activities,[4] work to be performed under some future negotiated order at the behest of KDEP. Thus, as alleged in Plaintiff's self-styled "well-pled" SAC, to date the only response costs incurred by the Plaintiff are those related to the 2007 ASAOC since the actions under that agreement are the only response actions undertaken by Plaintiff taken to date; any other actions or costs are, by the averments of the SAC, being negotiated for some future determination.

Plaintiff newly asserts that it has voluntarily incurred costs "to perform studies … and to otherwise cooperate with KDEP regarding certain remediation, monitoring and maintenance activities." *See* Response at 9. This is not set forth in the SAC. The Court cannot rely upon the numerous new and unsupported allegations in Plaintiff's Response, since those cannot be considered on a motion to dismiss.[5]

---

[4] As admitted by the Plaintiff, the potential future EPA past costs settlement is limited to a possible Section 113(f) claim. Plaintiff could not pursue such costs under Section 107(a). *See* Response at 11.

[5] The Court should also disregard Plaintiff's unsupported allegations that Defendants are somehow inappropriately interfering with or delaying approval of the past cost settlement between the LWD PRP Group members and EPA. Indeed, as can be seen from the comment (attached hereto as Exhibit B), a public record of which the Court may take judicial notice, the Defendants' comment rests on the fact the PRP Group and USEPA

This underscores the impropriety of Plaintiff's pleading of Section 107(a) and 113(f) claims in relation to potential settlements with EPA and KDEP that are not in effect (as acknowledged by Plaintiff regarding the EPA past cost settlement) or are the subject of wholly-unsupported statements as to status (*e.g.*, that the PRP Group's negotiations with the KDEP have "culminated in a settlement-in-principle").[6] With great presumption, Plaintiff argues that "the Court must assume all LWD PRP Group members will execute the agreement with KDEP and the State." Response at 25. However, there is no basis in the law (and Plaintiff provides none) to treat an allegation regarding *negotiations* toward an agreement as "fact" that an agreement has concluded and costs incurred. The specific pleadings of the SAC are not to be so blithely ignored.

Even if one puts aside Plaintiff's strained assumptions, the SAC does not provide Plaintiff with a viable Section 107 claim. Plaintiff itself contends that its Section 107 claim depends upon the idea it has somehow "voluntarily" incurred response costs at the Site. *See*, *e.g.*, Response at 11-12. However, even if its pleading could be read to have pled costs incurred other than those related to the 2007 ASAOC, the pleading simply does not set forth that such "costs" were voluntarily incurred. Rather, to use the Plaintiff's own language, such activities were "required" by either the EPA or the Commonwealth of Kentucky. *See* Response at 4. Plaintiff's inability to identify any incurred costs beyond the 2007 ASAOC, much less any costs it voluntarily incurred, is fatal to its Section 107 claim.

---

have refused to allow the Defendants to participate in settling claims at the LWD Site. *See Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 467 (6th Cir. 2011) (in the context of a motion to dismiss, court may consider *inter alia*, "public records") (citations omitted). Until the settlement is final and approved, any claim based on that settlement is speculative.

[6] There should be no question that the Section 107(a) and Section 113(f) claims for costs under settlements with EPA and KDEP that are even now not concluded are premature.

Nor is the proper course to permit Plaintiff to amend its complaint yet again. As noted above, there is <u>nothing</u> in any version of Plaintiff's "well pled" SAC to suggest the Plaintiff or its members have incurred any costs beyond those of the 2007 ASAOC at the Site. The case at bar does not present a situation whereby a plaintiff has omitted a minor factual detail or other non-material element. It is not just that the SAC contains insufficient "factual content" to support its allegations; it contains <u>no</u> factual content whatsoever. *Harchar*, 694 F.3d at 644. There was no "sufficient and fair notice"; rather, Plaintiff completely failed to make any mention whatsoever of a critical element to one of its alleged claims. *Response* at 31. Plaintiff, which previously twice amended its Complaint upon leave of the Court, does not claim "that new facts emerged" or that it was somehow previously unaware of these alleged voluntary costs. *See Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir 2005). Rather, it faces the situation of the plaintiffs in *Benzon* – it finds itself in a "different legal light" given the motion filed by these Defendants. *Id.* (internal quotation marks omitted). It cannot now, faced with a motion to dismiss, seek a judicial mulligan to correct this fatal omission. Accordingly, Plaintiff's Section 107 claim must be dismissed.

Plaintiff's lack of substantive claims under either Section 107 or Section 113 requires the Court dismiss the SAC in its entirety, including Plaintiff's claims for declaratory judgment, which are contingent upon Plaintiff's substantive claims. *See Hobart II* at *9 (noting that "the viability of the declaratory judgment claim hinges on the viability of the substantive CERCLA claims").

**III.     The Unincorporated Association is Improperly Named as Plaintiff And Is Not the Real Party in Interest With Respect to the Section 113(f) Claim.**

The Court should not permit the "LWD PRP Group" to continue to prosecute this case because the unincorporated association is not the real party in interest. Plaintiff relies upon the generic standing requirements for an unincorporated association and *Karras v. Teledyne Indus., Inc.*, 191 F. Supp. 2d 1162 (S.D. Cal. 2002) to support its contention that the LWD PRP Group may proceed in its own name. However, Plaintiff ignores the fact that "the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1544 (2d ed.1990) and that the relief in this case "requires the participation of individual members in the lawsuit" as mandated under *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 334 (1977). Specifically, as set forth in *Cooper Industries*, in order to have a Section 113(f) claim, a party must either: (1) have been subject to a civil action pursuant to Section 106 or 107(a); or (2) have settled its claim with the government. *Cooper Industries*, 543 U.S. at 166. The "LWD PRP Group" itself cannot meet this test, only its members can, and, therefore, only its members may assert a claim under Section 113(f).

Plaintiff's attempt to spin the *Boarhead Farm Agreement v. Advanced Environmental Technology Corp.* case in its favor is also unavailing. While the *Boarhead Farm* court recognized that unincorporated PRP groups are commonplace, it specifically found that the group members, and not the association itself, were the real parties in interest because they individually had the right to sue "for contribution under CERCLA § 113." *Boarhead Farm Agreement v. Advanced Envtl. Tech. Corp.*, 381 F. Supp. 2d 427, 432 (E.D. Pa. 2005). The Court so held "despite the fact that here, the PRPs paid for remediation by contributing to the

13

Agreement Group which, acting as an intermediary, then pooled the funds and paid the contractors conducting the remediation." *Id.* As a result, the Court required that the individual group members be named in the caption and this Court should require the same of the LWD PRP Group members.

## CONCLUSION

In the end, Plaintiff cannot avoid two facts: (1) its members executed a settlement agreement pursuant to Section 122(h) of CERCLA; and (2) the contribution claims available to the Plaintiff's members expired three years after the date of that settlement agreement. Any claims the Plaintiff may have had arising out of that agreement expired long before it commenced this action.

Similarly, Plaintiff does not presently hold any type of viable Section 107 claim to levy against Defendants. The only costs alleged in Plaintiff's SAC relate to the 2007 ASAOC, which it admits could have only been recovered through a timely-brought Section 113 contribution action. Simply stated, it identifies no additional costs incurred to date, much less any that it incurred "voluntarily." Finally, Plaintiff cannot prosecute claims as an unincorporated association as any claims which may exist belong solely to its individual members.

These defects being fatal to the Plaintiff's Complaint, the Defendants pray the Court dismiss the same with prejudice.

Respectfully submitted,

WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
*Attorneys for Defendants*

By: */s/ J. Duncan Pitchford*
J. Duncan Pitchford
Nicholas M. Holland
300 Broadway
Post Office Box 995
Paducah, Kentucky 42002-0995
Telephone: (270) 443-4516
Facsimile: (270) 443-4571
dpitchford@whitlow-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2013, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

I further certify that I have served non-ECF participants via first class mail.

*/s/ J. Duncan Pitchford*
J. Duncan Pitchford