IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )  **Civil Action No. 5:12-CV-00127-JHM** |
| | ) |
| AK STEEL CORP.; ACCENT STRIPE INC.; | )  **ANSWER, AFFIRMATIVE** |
| AERO-MARK, INC.; ALL AMERICAN | )  **DEFENSES & COUNTER-CLAIMS** |
| GROUP, INC.; ALLIED WASTE | ) |
| INDUSTRIES, INC.; REPUBLIC SERVICES, | )  *ELECTRONICALLY FILED* |
| INC.; BROWNING-FERRIS INDUSTRIES | ) |
| OF PENNSYLVANIA, INC.; CECOS | ) |
| INTERNATIONAL, INC.; AMERICA | ) |
| FUJIKURA LTD.; AMERICAN | ) |
| WOODMARK CORP.; ANDOVER COILS, | ) |
| LLC; ARELCO PLASTIC FABRICATING | ) |
| CO.; AVERY DENNISON CORP.; B-B | ) |
| PAINT CORP.; BMO HARRIS BANK, N.A.; | ) |
| BAKER HUGHES INC.; BANTA CORP.; RR | ) |
| DONNELLEY & SONS CO.; BAYER | ) |
| CROPSCIENCE, INC.; BAYER | ) |
| HEALTHCARE LLC; BELWITH | ) |
| PRODUCTS, LLC; HICKORY HARDWARE, | ) |
| INC.; BORGESS MEDICAL CENTER; | ) |
| BROWN'S PLATING SERVICE, INC.; CFPG | ) |
| LTD.; CARBOLINE CO.; CARMAN | ) |
| CLEANERS; CENTRAL ILLINOIS PUBLIC | ) |
| SERVICE CO.; CHAMPION | ) |
| LABORATORIES, INC.; CITGO | ) |
| PETROLEUM CORP.; CITY OF CEDAR | ) |
| RAPIDS, IOWA; CLONDALKIN GROUP | ) |
| INC.; COLONIAL PIPELINE CO.; | ) |
| COLUMBIA COUNTY, NEW YORK; | ) |
| COOPER STANDARD AUTOMOTIVE, INC.; | ) |
| COOPER US, INC.; COVIDIEN LTD.; | ) |
| COVALENCE SPECIALTY ADHESIVES | ) |
| LLC; CUMMINS INC.; CYCLE CHEM, | ) |
| INC.; DAHLSTROM DISPLAY, INC.; | ) |
| DENSO INTERNATIONAL AMERICA, INC.; | ) |
| DENSO MANUFACTURING MICHIGAN, | ) |
| INC.; DES MOINES AREA COMMUNITY | ) |
| COLLEGE; DRESSER-RAND CO.; | ) |
| DRIV-LOK, INC.; DRUG & LABORATORY | ) |

DISPOSAL, INC.; DUKE ENERGY CORP.;                  )
DUNCAN AVIATION, INC.; EAGLE                        )
INDUSTRIES, INC.; EAGLE INDUSTRIES,                 )
LLC; ECOFLO, INC.; THE                              )
ENVIRONMENTAL QUALITY CO.; EQ                       )
ILLINOIS; EQ RESOURCE RECOVERY,                     )
INC.; ENVIRONMENTAL SERVICES OF                     )
NORTH AMERICA, INC.; EVERETT                        )
SMITH GROUP, LTD.; EAGLE OTTAWA                     )
LLC; EXCEL TSD, INC.; EXXON MOBIL                   )
CORP.; EXXONMOBIL ENVIRONMENTAL                     )
SERVICES CO.; THE FINISHING CO.;                    )
GENERAL ELECTRIC CO.; GEORGIA-                      )
PACIFIC LLC; GREENLEE DIAMOND                       )
TOOL CO.; GREENWAY                                  )
ENVIRONMENTAL, INC.; H.B. FULLER                    )
CO.; HCA REALTY, INC.; OLYMPIA                      )
FIELDS OSTEOPATHIC HOSPITAL;                        )
TERRE HAUTE REGIONAL HOSPITAL,                      )
LP; HANNAH MARITIME CORP.; HEARTH                   )
& HOME TECHNOLOGIES, INC.;                          )
HORNING WIRE CORP.; HOUSING                         )
AUTHORITY OF HOPKINSVILLE,                          )
KENTUCKY; INDEPENDENT TERMINAL                      )
AND PIPELINE CO.; TRANSMONTAIGNE                    )
PRODUCT SERVICES INC.; INDIANA-                     )
KENTUCKY ELECTRIC CORP.;                            )
INGERSOLL-RAND CO.; TRANE US INC.;                  )
INTERNATIONAL PAPER CO.; J.C. BAKER                 )
& SON, INC.; JMC STEEL GROUP; JAMES                 )
MARINE, INC.; HARTLEY MARINE LLC;                   )
KINDER MORGAN ENERGY PARTNERS                       )
LP; KOCH INDUSTRIES, INC.; FLINT                    )
HILLS RESOURCES, LP; LEEDS SEATING                  )
CO.; MACON RESOURCES, INC.;                         )
MARINETTE MARINE CORP.; MEGAFAB,                    )
INC.; MICROBAC LABORATORIES, INC.;                  )
MOMENTIVE SPECIALTY CHEMICALS                       )
INC.; NATIONAL DETROIT, INC.;                       )
NATIONAL RAILWAY EQUIPMENT CO.;                     )
NEWMARKET CORP.; AFTON CHEMICAL                     )
CORP.; NISSAN NORTH AMERICA, INC.;                  )
OSRAM SYLVANIA PRODUCTS, INC.;                      )
OWENS CORNING; OWENS-ILLINOIS,                      )
INC.; PMRS, INC.; PSC, LLC; PHILIP                  )
SERVICES CORP.; PACIFIC CYCLE, INC.;                )

PACIFIC WESTERN RESIN CO.; SIMPSON     )
INVESTMENT CO.; PACTIV LLC;            )
PARADIGM AEROSPACE CORP.; PARKER       )
PLASTICS CORP.; PEOPLES NATURAL        )
GAS CO. LLC; PEORIA DISPOSAL CO.;      )
PDC LARBORATORIES, INC.; PERMA-FIX     )
ENVIRONMENTAL SERVICES, INC.;          )
PERMA-FIX OF DAYTON, INC.; PERMA-      )
FIX OF ORLANDO, INC.; PERMA-FIX OF     )
SOUTH GEORGIA, INC.; PRINTPACK,        )
INC.; QUALITY DISTRIBUTION INC.;       )
QUALITY METAL FINISHING CO.; RAIL      )
SERVICES, INC.; RAPID RACK             )
HOLDINGS, INC.; REGAL BELOIT           )
AMERICA, INC.; RELOCATABLE             )
CONFINEMENT FACILITIES, INC.;          )
RESERVE ENVIRONMENTAL SERVICES,        )
INC.; RIO TINTO ALCAN; PECHINEY        )
PLASTIC PACKAGING INC.; THE ROBERT     )
CARLTON HANGER CO.; SABRELINER         )
CORP.; SCHENECTADY CHEMICALS,          )
INC.; SI GROUP, INC.; SPIRIT SERVICES  )
CO.; VAN DYNE & CROTTY CO.;            )
STERLING HARDWARE, LLC;                )
SUMITOMO ELECTRIC WINTEC               )
AMERICA, INC.; SUMITOMO ELECTRIC       )
WIRING SYSTEMS, INC.; SUNOCO INC.;     )
SUPERIOR EQUIPMENT CO.; HARRY          )
SPIROS, INC.; TALLENT ROOFING, INC.;   )
TESA TAPE, INC.; TESSENDERLO           )
KERLEY, INC.; TEXTRON INC.; TRIUMPH    )
AEROSTRUCTURES, LLC; TREMCO INC.;      )
DAP PRODUCTS INC.; TRI-CITY TANK       )
WASH, INC.; NORTH AMERICAN TANK        )
CLEANING, INC.; TRIMAS CORP.; RIEKE    )
CORP.; UNITED INDUSTRIES CORP.;        )
CHEMSICO, INC.; UNIVERSITY OF          )
ILLINOIS-URBANA MAIN CAMPUS;           )
UNIVERSITY OF IOWA; VALERO             )
MARKETING AND SUPPLY CO.; VALERO       )
RETAIL HOLDINGS, INC.; THE PREMCOR     )
REFINING GROUP INC.; VERTELLUS         )
SPECIALTIES INC.; VIACOM INC.;         )
VILLAGE OF SAUGET, ILLINOIS; W.R.      )
GRACE & CO.; WATTS & DURR OIL CO.;     )
WESTERN RUST-PROOF CO.; WHEELER        )

**LUMBER, LLC; THE WILLIAMS** )
**COMPANIES, INC.; WILLIAMS GAS** )
**PIPELINE CO., LLC; SOUTHERN STAR** )
**CENTRAL GAS PIPELINE, INC.;** )
**WILLIAMSON COUNTY HOUSING** )
**AUTHORITY; WOCKHARDT USA LLC;** )
**PHARMACEUTICAL BASICS, INC.;** )
**YENKIN-MAJESTIC PAINT CORP.; YORK** )
**INTERNATIONAL CORP.; CENTRAL** )
**ENVIRNOMENTAL SYSTEMS, INC.;** )
**ZELLER TECHNOLOGIES, INC.; ZENECA** )
**SPECIALTIES; ASTRAZENECA** )
**PHARMACEUTICALS LP; and** )
**BLUEGRASS INCINERATION SERVICES,** )
**LLC,** )
)
      **Defendants.** )

**ANSWER, AFFIRMATIVE DEFENSES & COUNTER-CLAIMS**
**OF DEFENDANT AMEREN ILLINOIS COMPANY, f/k/a**
**CENTRAL ILLINOIS PUBLIC SERVICE COMPANY**

Defendant AMEREN ILLINOIS COMPANY, f/k/a CENTRAL ILLINOIS PUBLIC

SERVICE COMPANY ("CIPS"), by its undersigned counsel, answers the Second Amended

Complaint, asserts Affirmative Defenses thereto and alleges its Counter-Claims as follows:

**I.**      **ANSWER TO SECOND AMENDED COMPLAINT**

**STATEMENT OF THE CASE**

1.      CIPS admits that Plaintiff purports to have styled this action as set forth in this

paragraph.  CIPS denies any liability and denies the remaining allegations in this paragraph.

2.      CIPS admits that the Plaintiff purports to seek the relief set forth in paragraph 2.

CIPS denies that it is liable to Plaintiff for this or any other relief and denies the remaining

allegations in this paragraph.

**JURISDICTION AND VENUE**

3.      CIPS admits the allegations in this paragraph.

4.      CIPS admits that venue is proper in this District, but denies the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

5.      CIPS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

6.      CIPS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

7.      CIPS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

8.      This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS admits that RCRA contains certain requirements that speak for themselves and denies Plaintiff's characterizations that are inconsistent with those requirements.

9.      CIPS denies the allegations in this paragraph to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

10-29.      CIPS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## THE PARTIES

30-159.      CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies them.

160.      CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

161.    CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

162.    CIPS denies the allegations in this paragraph.

163.    CIPS denies the allegations in this paragraph.

164-847.    CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies them.

### COUNT I — COST-RECOVERY

848.    CIPS alleges and incorporates by reference its answers to Paragraph Nos. 1 through 847 of this Complaint as if fully restated herein.

849.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

850.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

851.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

852.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

853.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

854.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

855.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

856.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

857.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

858.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations in this paragraph to the extent they relate to CIPS.  To the extent the allegations relate to other defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

859.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS admits that it is a "person" within the meaning of CERCLA. CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other defendants and therefore denies them.

860.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies these allegations to the extent they are directed toward

it.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

861.    This paragraph contains legal conclusions to which no answer is required. Further, this paragraph is directed toward Bluegrass Incineration and not toward CIPS.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

862.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

863.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

864.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

865.    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## COUNT II— CONTRIBUTION

866.     CIPS alleges and incorporates by reference its answers to Paragraph Nos. 1 through 865 of this Complaint as if fully restated herein.

867.     This paragraph alleges legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

868.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

869.     CIPS denies the allegations in this paragraph to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

870.     This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

871.     This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## COUNT III — DECLARATORY RELIEF

872.     CIPS alleges and incorporates by reference its answers to Paragraph Nos. 1 through 868 of this Complaint as if fully restated herein.

873.     CIPS denies the allegations in this paragraph to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

874.     This paragraph alleges legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

875.     CIPS admits that Plaintiff purports to seek the alleged relief against all Defendants.  CIPS denies that the Defendants are entitled to the alleged relief or to any relief from CIPS.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

876.     CIPS denies that Plaintiff is entitled to the declaratory judgment it seeks against CIPS or to any judgment it may seek from CIPS.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

877.     CIPS denies that Plaintiff is entitled to the judgment it seeks against CIPS or to any judgment it may seek from CIPS.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

## RESERVATION OF RIGHTS

CIPS reserves its right to amend its Answer based on any information revealed by further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## II.     ADDITIONAL DEFENSES

Without waiving any of the specific denials set forth in the foregoing Answer and without assuming the burden of proof with respect to any issue for which Plaintiff bears the burden of proof as a matter of law, CIPS asserts the following additional and affirmative defenses to the claims in the Second Amended Complaint:

## FIRST DEFENSE

The allegations in Plaintiff's Second Amendment Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the release set forth in paragraph 5.1 of the SETTLEMENT AGREEMENT BETWEEN LWD PRP GROUP AND AMEREN ILLINOIS COMPANY, SUCCESSOR TO CENTRAL ILLINOIS PUBLIC SERVICE COMPANY FOR THE LWD INCINERATOR SITE dated June 25, 2012.

### THIRD DEFENSE

To the extent that Plaintiff has failed to bring their claims within the applicable statutes of limitations, Plaintiff's claims are time-barred and should be dismissed.

### FOURTH DEFENSE

Any alleged damages suffered by Plaintiff and any release or threatened release of hazardous substances or other pollutants or contaminants, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of a third party or third parties other than CIPS, its agents, employees or any party with an contractual relationship, existing directly or indirectly, with CIPS within the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3).

### FIFTH DEFENSE

Plaintiff cannot state a claim for relief under Section 107(a) of CERCLA, because, *inter alia*, Plaintiff's claims arise from the payment of monies under administrative settlements with the United States Environmental Protection Agency and/or are claims for reimbursement, and not direct claims for expenditure of response costs.

### SIXTH DEFENSE

Plaintiff cannot state a claim for contribution under Section 113(f) of CERCLA because, *inter alia*, Plaintiff has not incurred, and will not incur, expense costs or damages in excess of their equitable share.  In an allocation of responsibility under CERCLA, Plaintiff should recover nothing, or less than its demand, for equitable reasons, including but not limited to its own conduct and liability, and considering the efforts and amounts that CIPS has already expended or will expend.

### SEVENTH DEFENSE

Plaintiff's request for a declaratory judgment under Section 113(g)(2) of CERCLA is barred because Plaintiff cannot sustain an action under Section 107(a) of CERCLA.

## EIGHTH DEFENSE

Should liability be imposed, the liability of CIPS is not joint, but severable and apportionable, because the alleged harm giving rise to Plaintiff's claim for response costs is divisible, and because the imposition of joint and several liability is otherwise inappropriate.

## NINTH DEFENSE

To the extent Plaintiff has recovered or will recover any costs from another person or entity or from CIPS under any contract or any statute other than CERCLA, Plaintiff is precluded by § 114(b) of CERCLA, 42 U.S.C. § 9614(b), from receiving reimbursement for those costs from CIPS under CERCLA.

## TENTH DEFENSE

Plaintiff is not the real party in interest because it is not a "person" as defined by CERCLA.

## ADOPTION OF OTHER DEFENSES

CIPS asserts and hereby incorporates by reference all affirmative defenses made by any other Defendant in this action, if applicable.

## RESERVATION OF RIGHTS

CIPS reserves its right to amend these Affirmative Defenses to assert any defenses that further investigation and discovery reveal to be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant

fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## III.   COUNTER-CLAIMS

While reserving all of its defenses and expressly denying that it is liable to Plaintiff for any matter set forth in the Second Amended Complaint, pursuant to Federal Rules of Civil Procedure 8 & 13 and all other applicable rules, AMEREN ILLINOIS COMPANY, f/k/a CENTRAL ILLINOIS PUBLIC SERVICE COMPANY ("CIPS"), as Counter-Claim Plaintiff, asserts the following Counter-Claims against LWD PRP GROUP, as Counter-Claim Defendant, and in support thereof alleges as follows:

### NATURE OF THE COUNTERCLAIMS

1.       CIPS brings these counter-claims pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.       Through these counter-claims, CIPS seeks, *inter alia*:

a.       Contribution from Counter-Claim Defendant for its equitable, pro rata share of costs incurred in response to the release or threatened release of hazardous substances into the environment as alleged in the Second Amended Complaint, including costs that Counter-Claim Defendant seeks to recover from CIPS, but only to the extent that CIPS is found liable for any of the response costs or other damages claimed in the Second Amended Complaint, plus interest and costs;

b.       A declaratory judgment regarding the parties' respective liabilities for future costs expended in response to the release or threatened release of hazardous substances into the environment as described in the Second Amended Complaint, but only to the extent that CIPS is found liable for any of the response costs or other damages claimed in the Second

Amended Complaint, which will be binding in any subsequent action or actions to recover response costs; and

        c.    A monetary judgment in its favor and against Counter-Claim Defendant based on Counter-Claim Defendant's breach of its covenant not to sue set forth in the parties' Settlement Agreement.

## JURISDICTION

3.    This court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 9613.

## VENUE

4.    Venue in the District is proper under 42 U.S.C. § 9613(b) because the alleged release or damages underlying the claims occurred in this District.

## GENERAL ALLEGATIONS

5.    For the purposes of these Counter-Claims, CIPS repeats, realleges, and incorporates herein by reference each of the allegations contained in Plaintiff's Second Amended Complaint and CIPS' answers thereto as set forth *supra*.

6.    Counter-Claim Defendant allegedly has been identified by the United States Environmental Protection Agency ("EPA") as a responsible party for the LWD Incinerator Site (the "Site") in Calvert City, Kentucky.  Among other things, members of Counter-Claim Defendant's group allegedly entered into an Administrative Settlement Agreement and Order on Consent for Removal Action with EPA in March 2007, according to the Second Amended Complaint.  SAC ¶ 22.  Furthermore, Counter-Claim Defendant alleges that it is currently negotiating with EPA regarding a settlement pursuant to Section 122(h) of CERCLA, 42 U.S.C. § 9622(h), for EPA's past response costs at the LWD Incinerator Site, which costs exceed $5

million.  SAC ¶ 24.  Counter-Claim Defendant alleges it has incurred more than $9.5 million in response costs for the Site.  SAC ¶ 27.

## FIRST CLAIM FOR RELIEF
(Contribution under CERCLA § 113(f))

7.     CIPS repeats, realleges and incorporates herein by reference each of the allegations contained in paragraphs 1-6 above as though fully set forth herein.

8.     In the event that Counter-Claim Defendant is able to prove the allegations in its Second Amended Complaint with respect to CIPS' alleged liability for the release or threatened release of hazardous substances, which CIPS has denied or otherwise answered, then any such release or threatened release that Counter-Claim Defendant alleges is one for which EPA has already determined that Counter-Claim Defendant is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

9.     In the event that Counter-Claim Defendant is able to prove the allegations in its Second Amended Complaint with respect to CIPS' liability for the release or threatened release of hazardous substances, which CIPS has denied or otherwise answered, then Counter-Claim Defendant is jointly and severally liable, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all necessary response costs incurred in response to the contamination alleged in the Second Amended Complaint.

10.     To the extent that CIPS is found liable for any of the response costs or other damages claimed by Counter-Claim Defendant in its Second Amended Complaint, then, pursuant to Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), Counter-Claim Defendant is liable in contribution to CIPS for Counter-Claim Defendant's equitable, pro-rata share of response costs caused by the release or threatened release of hazardous substances

alleged in the Second Amended Complaint, including response costs incurred by Counter-Claim Defendant.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment under CERLCA § 113(g))

11.    CIPS repeats, realleges, and incorporates herein by reference each of the allegations contained in paragraphs 1-10 above as though fully set forth herein.

12.    There is an actual controversy between CIPS and Counter-Claim Defendant concerning their respective rights and obligations under the law associated with costs of responding to the environmental conditions alleged in this Counter-Claim and the Second Amended Complaint.

13.    CIPS is entitled to a declaratory judgment under Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), and also pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, declaring the parties' respective liability for the costs of response and other damages associated with the environmental conditions alleged in this Counter-Claim in the Second Amended Complaint, such declaration to be binding in any subsequent action or actions to recover response costs or damages.

## THIRD CLAIM FOR RELIEF
(Breach of Settlement Agreement)

14.    CIPS repeats, realleges and incorporates herein by reference each of the allegations contained in paragraphs 1-6 above as though fully set forth herein.

15.    On or about June 25, 2012, Plaintiff and CIPS entered into a Settlement Agreement entitled "Settlement Agreement Between LWD PRP Group and Ameren Illinois Company, Successor to Central Illinois Public Service Company for the LWD Incinerator Site" (the "Settlement Agreement").   CIPS incorporates by reference the terms of the Settlement

Agreement, a true and correct copy which was previously tendered under seal and attached as Exhibit A to CIPS's Memorandum of Law in Support of Defendant Ameren Illinois Company, F/K/A Central Illinois Public Service Company's Motion to Dismiss [DN 291].

16.     Pursuant to the Agreement, *inter alia*, CIPS promised to pay "a fixed and specific sum to fully and completely settle its potential liability for Covered Matters at the LWD Incinerator Site, and to be indemnified from certain potential LWD Incinerator Site Claims."

17.     For its part, *inter alia*, Plaintiff promised to "release[], forever discharge[] and covenant[] not to sue" CIPS with respect to "Covered Matters."

18.     "Covered Matters" include the matters alleged by the Plaintiff in this case.

19.     CIPS fully performed its obligations under the Settlement Agreement.

20.     Plaintiff materially breached its obligations under the Settlement Agreement by, *inter alia*, filing this lawsuit against CIPS notwithstanding its express covenant not to sue.

21.     CIPS has been damaged by Plaintiff's breach.  CIPS' damages include all attorneys' fees, expenses and costs incurred in being forced to defend itself and bring affirmative claims in this litigation notwithstanding Plaintiff's covenant not to sue.

## RESERVATION OF RIGHTS

CIPS reserves the right to bring additional counter-claims against Plaintiff, with leave of court, as facts become known in further investigation and discovery.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Counterclaim-Plaintiff CIPS requests that this Court enter judgment in its favor and against Plaintiff/Counter-Claim Defendant as follows:

A.       Contribution from Plaintiff/Counter-Claim Defendant for its equitable, pro-rata share of costs expended and to be expended in response to the release or threatened release of hazardous substances identified in the Second Amended Complaint, plus interest;

B.       A declaratory judgment against Plaintiff/Counter-Claim Defendant, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), finding Counter-Claim Defendant liable for all response costs that will be incurred by CIPS in responding to releases and/or threatened releases of hazardous substances with respect to the Site, and/or finding Counter-Claim Defendant liable for its equitable, pro-rata share of all response costs incurred by CIPS, as well as those response costs alleged in the Second Amended Complaint;

C.       Judgment in its favor and against Plaintiff/Counter-Claim Defendant based on Counter-Claim Defendant's breach of the Settlement Agreement, including awarding CIPS its attorneys' fees, expenses costs in defending against Plaintiff's action and asserting its Counter-Claims against Counter-Claim Defendant;

D.       Trial by jury; and

E.       Granting CIPS such other and further relief as this Court deems just and proper.

Dated: July 3, 2013                         AMEREN ILLINOIS COMPANY f/k/a
                                             CENTRAL ILLINOIS PUBLIC SERVICE
                                             COMPANY

                                             By: s/ Elmer J. George
                                             Elmer J. George
                                             105 West Main Street
                                             Lebanon, Kentucky 40033
                                             (270) 692-2161

                                             Dallas E. George
                                             Dallas E. George, PLLC

105 West Main Street
Lebanon, Kentucky  40033
(270) 692-2161
Joseph F. Madonia (joe.madonia@btlaw.com)
(admitted *pro hac vice*)
Alison C. Conlon (alison.conlon@btlaw.com)
(admitted *pro hac vice*)
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois  60606
T: (312) 357-1313
F: (312) 759-5646

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify that I served true and correct copies of the

foregoing **Answer, Affirmative Defenses & Counter-Claim of Defendant Ameren Illinois**

**Company, f/k/a Central Illinois Public Service Company** on all counsel of record via the

Court's CM/ECF system on July 3, 2013.

/s/  Elmer J. George  _____