UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **LWD PRP GROUP,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Civil Action No. 5:12-CV-127-JHM ) |
| **ACF INDUSTRIES LLC, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

**PLAINTIFF'S ANSWER TO DEFENDANT
CENTRAL ILLINOIS PUBLIC SERVICE COMPANY'S
AMENDED ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS**

Plaintiff LWD PRP Group ("Plaintiff"), by and through counsel, for its Answer to the Amended Answer, Affirmative Defenses & Counterclaims ("Counterclaims") of Defendant Central Illinois Public Service Company ("CIPS"),[1] states as follows:

1. Paragraph No. 1 of CIPS's Counterclaims contains only a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies all allegations contained in Paragraph No. 1 of CIPS's Counterclaims.

2. Plaintiff denies all allegations contained in Paragraph No. 2 of CIPS's Counterclaims.

3. Plaintiff admits Paragraph No. 3 of CIPS's Counterclaims.

4. Plaintiff admits Paragraph No. 4 of CIPS's Counterclaims.

---

[1] The Answer and Counterclaims were filed by "Ameren Services Company f/k/a Central Illinois Public Services Company." Plaintiff's Second Amended Complaint names "Central Illinois Public Services Company" as a defendant, not "Ameren Services Company." Plaintiff does not agree with Ameren Services Company's attempt to rename the defendant named in the Second Amended Complaint or its attempt to bootstrap any argument that it will make in the future by attempting to rename this defendant in its Answer and Counterclaims.

5. In response to Paragraph No. 5 of CIPS's Counterclaims, Plaintiff realleges and incorporates by reference each of the allegations contained in its Second Amended Complaint. Plaintiff denies all remaining allegations contained in Paragraph No. 5 of CIP's Counterclaims.

6. In response to Paragraph No. 6 of CIP's Counterclaims, Plaintiff realleges and incorporates by reference each of the allegations contained in its Second Amended Complaint. Plaintiff denies all remaining allegations contained in Paragraph No. 6 of CIP's Counterclaims.

7. In response to Paragraph No. 7 of CIPS's Counterclaims, Plaintiff incorporates by reference its responses to Paragraph Nos. 1 through 6 of its Answer to CIPS's Counterclaims as if fully set forth herein.

8. Plaintiff denies all allegations contained in Paragraph No. 8 of CIPS's Counterclaims.

9. Plaintiff denies all allegations contained in Paragraph No. 9 of CIPS's Counterclaims.

10. Plaintiff denies all allegations contained in Paragraph No. 10 of CIPS's Counterclaims.

11. In response to Paragraph No. 11 of CIPS's Counterclaims, Plaintiff incorporates by reference its responses to Paragraph Nos. 1 through 10 of its Answer to CIPS's Counterclaims as if fully set forth herein.

12. In response to Paragraph No. 12 of CIPS's Counterclaims, Plaintiff admits that there is a present and actual controversy between the LWD PRP Group and all defendants in this action concerning their respective rights and obligations with respect to the response costs associated with the LWD Incinerator Site. Plaintiff denies all remaining allegations contained in Paragraph No. 12 of CIPS's Counterclaims.

13. Plaintiff denies all allegations contained in Paragraph No. 13 of CIPS's Counterclaims.

14. In response to Paragraph No. 14 of CIPS's Counterclaims, Plaintiff incorporates by reference its responses to Paragraph Nos. 1 through 13 of its Answer to CIPS's Counterclaims as if fully set forth herein.

15. In response to Paragraph No. 15 of CIPS's Counterclaims, Plaintiff states that Plaintiff entered into a confidential settlement agreement with "Ameren Illinois Company, Successor to Central Illinois Public Services Company" for the *de minimus* waste amount attributable to the entity identified on EPA's LWD Database as "Ameren Services Co." with EPA ID No. MOG000001359. Plaintiff denies that it ever entered into settlement with or otherwise released CIPS for the non-*de minimus* waste contributions from the entities identified as "C.I.P.S." on EPA's LWD Database, with EPA ID Nos. ILD000667212 or ILD065236226.[2] Plaintiff denies all remaining allegations contained in Paragraph No. 15 of CIPS's Counterclaims.

16. Plaintiff denies all allegations contained in Paragraph No. 16 of CIPS's Counterclaims.

17. Plaintiff denies all allegations contained in Paragraph No. 17 of CIPS's Counterclaims.

18. Plaintiff denies all allegations contained in Paragraph No. 18 of CIPS's Counterclaims.

---

[2] This issue was fully briefed before the Court in the sealed Plaintiff's Response to Defendant Central Illinois Public Service Company's Motion to Dismiss (DN 369), and Plaintiff incorporates by reference all allegations and arguments contained within said Response as if fully set forth herein.

19. Plaintiff denies all allegations contained in Paragraph No. 19 of CIPS's Counterclaims.

20. Plaintiff denies all allegations contained in Paragraph No. 20 of CIPS's Counterclaims.

21. Plaintiff denies all allegations contained in Paragraph No. 21 of CIPS's Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of CIPS's Counterclaims fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The First and Second Claims for Relief contained within CIPS's Counterclaims are barred by the contribution protections afforded to Plaintiff's members under Section 113(f)(2) of CERCLA, 42 U.S.C. § 113(f)(2).

### THIRD AFFIRMATIVE DEFENSE

Each of CIPS's Counterclaims is barred in whole or in part by the equitable doctrines of laches, waiver and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

CIPS is estopped from recovering against Plaintiff or its member's response costs attributable to CIPS's own actions.

Plaintiff reserves the right to assert additional defenses in response to CIPS's Counterclaims as this cause continues and further information is discovered.

WHEREFORE, having fully answered CIPS's Counterclaims, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor on each of CIPS's Counterclaims, award Plaintiff costs and expenses, including attorney's fees in defending CIPS's Counterclaims, and for such other and further relief as the Court deems just and proper under the circumstances.

Dated:  July 22, 2013       Respectfully submitted,

/s/ Gary D. Justis
Gary D. Justis                 admitted *pro hac vice*
Joshua L. Bailey               admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
5251 W. 116th Place, Suite 200
Leawood, KS  66211-7820
Telephone:  (913) 998-6102
Facsimile:  (913) 998-6101
Email:  gjustis@justislawfirm.com
Email:  jbailey@justislawfirm.com

and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, KY  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2013, a copy of the foregoing Answer to Defendant Central Illinois Public Service Company's Amended Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

      /s/ Gary D. Justis  
      Gary D. Justis