IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **LWD PRP GROUP,**              ) <br>                              ) <br>     **LWD PRP Group,**           ) <br>                              ) <br> **v.**                                 ) <br>                              ) <br> **ACF INDUSTRIES LLC, et al.**    ) <br>                              ) <br>     **Defendants.**              ) <br>                              ) | **Civil Action No. 5:12-CV-00127-JHM-HBB** |

**PLAINTIFF'S RESPONSE TO DEFENDANT AMERICA FUJIKURA LTD.'S
RULE 12(b)(6) MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff LWD PRP Group ("LWD PRP Group") respectfully submits the following

Response to the Rule 12(b)(6) Motion to Dismiss filed by Defendant America Fujikura Ltd.

("America Fujikura") (DN 957) and accompanying Memorandum in Support (DN 957-1).

America Fujikura argues the LWD PRP Group's Second Amended Complaint, when accepted as

true and properly viewed in the light most favorable to the LWD PRP Group, fails to satisfy the

pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009), and subsequent Sixth Circuit cases. As the LWD PRP Group will

demonstrate, the Second Amended Complaint has stated plausible claims for relief under

CERCLA and has placed all defendants, including America Fujikura, on sufficient and fair

notice as to the exact nature of the claims being alleged against them. Furthermore, America

Fujikura's Rule 12(b)(6) motion impermissibly presents materials outside of the pleadings to

refute the LWD PRP Group's allegations that America Fujikura is the successor to Texas Magnet

Wire Company ("Texas Magnet"). These materials were not attached to the Second Amended

Complaint and are not matters of public record, and the Court should not consider the outside

materials for the purposes of gauging the sufficiency of the LWD PRP Group's Second Amended Complaint.

By way of background, the LWD PRP Group is the group of potentially responsible parties ("PRPs") who are cooperating fully with the United States Environmental Protection Agency ("EPA") and the State of Kentucky ("State") to address environmental concerns related to the former hazardous waste incinerator area at the LWD, Inc. Superfund Site in Calvert City, Kentucky ("LWD Incinerator Site"). The LWD PRP Group is comprised of over 50 PRPs in their own right, along with hundreds of other PRPs who have settled with the LWD PRP Group and assigned their CERCLA and State statutory and common law rights at the LWD Incinerator Site to the LWD PRP Group members. All told, the LWD PRP Group and its assignors represent over 90% of the cooperating PRPs who have been asked to contribute to the response cost activities at the LWD Incinerator Site.

The LWD PRP Group filed this cause pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA") against the non-cooperating PRPs at the LWD Incinerator Site to recover the millions of dollars the LWD PRP Group and its assignors have and will spend to cooperate with EPA and the State in addressing the environmental concerns at the LWD Incinerator Site in the past and over the next 30 plus years. The non-cooperating defendant PRPs represent less than 10% of the PRPs who have been asked to contribute to response cost activities at the LWD Incinerator Site.

Unlike the LWD PRP Group and its assignors, America Fujikura is a non-cooperating PRP at the LWD Incinerator Site. Indeed, as this case progresses, one of the factors for the Court to consider when allocating each PRP's respective equitable share of LWD Incinerator Site

response costs is the degree of cooperation exhibited by each PRP. *See, e.g., AlliedSignal, Inc. v. Amcast Int'l Corp.*, 177 F. Supp. 2d 713, 754-56 (S.D. Ohio 2001) ("[i]n the appropriate case, a party's failure to cooperate with the cleanup of a hazardous waste site could serve as the basis for equitably allocating a greater share of response costs. . . ."). In response to the LWD PRP Group's well-pled, 247-page, 877-pargraph Second Amended Complaint, America Fujikura has filed a Motion to Dismiss, which is just one of several likely steps America Fujikura will take to continue to refuse to cooperate at the LWD Incinerator Site.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) motions turn purely on legal issues, not an assessment of the evidence. *Technology Recycling Corp. v. City of Taylor,* 186 Fed. Appx. 624, 640 n.5 (6th Cir. 2006) (comparing Fed. R. Civ. P. 12(c) inquiry with 42 U.S.C. § 1988 fee inquiry). When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) refusing to dismiss a complaint when viewed in favor of plaintiff); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (remanding dismissal of TILA claims). In doing so, the Court must "draw all reasonable inferences in Plaintiff's favor." *Directv v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (stating that courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery) (citation omitted)). "A court may dismiss a complaint [under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' 'Detailed factual allegations' are not required, but the Rule does call for sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### III.   ARGUMENT

District court decisions both before and after *Twombly* have held that "CERCLA does not contain any heightened pleading requirements." *See, e.g., City of Waco v. Schouten*, 385 F. Supp. 2d 595, 600-01 (W.D. Tex. 2005) (holding CERCLA contribution plaintiff was not required to prove defendant was an owner/operator under CERLCA prior to an adequate opportunity for discovery); *City of Waukegan, Ill. v. Nat'l Gypsum Co.*, 587 F. Supp. 2d 997, 1004 (N.D. Ill. 2008) (denying motion to dismiss and rejecting defendant's speculation that CERCLA plaintiff could not meet its burden of proof); *City of Gary, Indiana v. Shafer*, 683 F. Supp. 2d 836, 862 (N.D. Ind. 2010) (holding that notice pleading does not require any magic words to describe the relief sought) (citation omitted)); and *Warwick Administrative Group v. Avon Products, Inc.*, 820 F. Supp. 116, 121 (S.D.N.Y. 1993) (holding that there is no judicial creation of heightened pleading requirements) (*citing Leatherman v. Tarrant Count Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993)). Even after the Supreme Court's ruling in *Twombly,* federal courts continue to adhere to a basic notice pleading standard. For example, after *Twombly*, the Sixth Circuit held that the determination of whether the complaint raises a claim for relief above the speculative level "does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir.

2008) (*quoting in part Twombly*, 550 U.S. at 547). Nonetheless, by evaluating the allegations in the Second Amended Complaint in relationship to the four required elements of a CERCLA claim, LWD PRP Group will demonstrate why the Second Amended Complaint easily meets the standards set forth in *Iqbal/Twombly*.

To state a claim under either CERCLA Sections 107(a) or 113(f), the LWD PRP Group must allege that: (1) the Site is a "facility"; (2) a release or threatened release of a hazardous substance has occurred; (3) the release has caused LWD PRP Group to incur "necessary costs of response"; and (4) America Fujikura falls within one of four categories of PRPs. *U.S. v. Consolidated Coal Co.*, 345 F.3d 409, 413 (6th Cir. 2003); *Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 653 (6th Cir. 2000); *Centerior Serv. Co. v. Acme Scrap & Metal Corp.*, 1523 F.3d 344, 347-48 (6th Cir. 1998). Only the four elements of a CERCLA claim must be alleged at the pleading stage. *See, e.g., Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (holding CERCLA plaintiff need not allege the particular manner in which a release or threatened release occurred to state a *prima facie* CERCLA claim).

The Second Amended Complaint contains abundant allegations that the LWD Incinerator Site is "facility" as defined in CERCLA. Second Am. Compl. ¶¶ 1-2, 5-11. The Second Amended Complaint also contains sufficient allegations that a release or threatened release of hazardous substances has occurred at or from the Site. Second Am. Compl. ¶¶ 14-21. The Second Amended Complaint also contains sufficient allegations that the release or threatened release of hazardous substances has caused the LWD PRP Group to incur "necessary costs of response. Second Am. Compl. ¶¶ 23-29.

Finally, the Second Amended Complaint contains sufficient allegations to establish the America Fujikura falls within one of four categories of liable parties. Second Am. Compl. ¶¶ 66-

70. The Second Amended Complaint alleges that America Fujikura is the successor to Texas Magnet, which allegations sufficiently place America Fujikura on notice of the claims against it. Second Am. Compl. ¶ 66. Indeed, America Fujikura's own Motion to Dismiss and Memorandum in Support demonstrates that America Fujikura is well aware of the bases of its alleged successor liability. The Second Amended Complaint also alleges the EPA ID Number of Texas Magnet, the predecessor to America Fujikura, and the quantities of manifested hazardous waste attributable to America Fujikura, as successor to Texas Magnet. Second Am. Compl. ¶¶ 67-68.

The LWD PRP Group is not required to prove the allegations contained in the Second Amended Complaint at the pleadings stage of this action. The allegations contained in the well-pled Second Amended Complaint, when accepted as true and viewed in the light most favorable to the LWD PRP Group, are sufficient to establish the plausibility of the LWD PRP Group's CERCLA claims against America Fujikura.

Although framed as a Rule 12(b)(6) motion, America Fujikura offers materials outside of the pleadings to refute the LWD PRP Group's allegations that America Fujikura is the successor to Texas Magnet. America Fujikura Mem. at 2-5. As a general rule, matters outside of the pleadings are not to be considered by the Court in ruling on a 12(b)(6) motion to dismiss. *See, e.g., Weiner v. Klais and Co., Inc.*, 108 F. 3d 86, 88-89 (6th Cir. 1997) (considering plan documents where claims were based on rights under the plan but rejecting service agreements not mentioned directly or indirectly in plaintiff's complaint); *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989) (holding that matters outside the pleadings will not be considered, and that all well-pleaded facts must be taken as true).

Rather than discussing the specific allegations contained in the well-pled Second Amended Complaint, America Fujikura attaches seven exhibits to its Rule 12(b)(6) motion, all of

which are outside of the pleadings. Essentially, America Fujikura asks the Court to rule in its favor based on an assessment of evidence only it provides, without any discovery, and not on the sufficiency of the allegations contained in the Second Amended Complaint. The Court should not consider the materials attached to America Fujikura's Rule 12(b)(6) motion because these materials are outside of the pleadings. The Second Amended Complaint does not refer to the documents, and the documents, standing alone, are not central to the LWD PRP Group's claims. *See, e.g., Weiner v. Klais,* 108 F. 3d at 88-89. Moreover, the materials proffered by America Fujikura are rife with authenticity issues and the LWD PRP Group has yet to have the chance to obtain any discovery from America Fujikura on these documents or on any other issue in this case. Finally, the materials proffered by America Fujikura are not matters of public record of which the Court may take judicial notice. *See, e.g., Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008) (affirming district court's discretionary decision to reject public documents where evidence only captured part of the incident and would provide a distorted view of the events).

The Court also should not convert America Fujikura's Motion to Dismiss into a motion for summary judgment under Fed. R. Civ. P. 56. A summary judgment motion is premature at this time. There has been no discovery in this case and the parties have yet to even exchange Rule 26(a) initial disclosures. The LWD PRP Group performed a diligent pre-litigation inquiry, but without formal discovery the LWD PRP simply does not have access to critical information and materials held exclusively by America Fujikura or otherwise available through discovery.

In sum, the Second Amended Complaint alleges all facts that are necessary to provide the basis and elements of the LWD PRP Group's CERCLA causes of action against all defendants, including America Fujikura. In accordance with the standards of review set forth herein, the

LWD PRP Group has stated plausible claims for relief under CERCLA and has placed all

defendants, including America Fujikura, on sufficient and fair notice as to the exact nature of the

claims being alleged against them.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff LWD PRP Group respectfully requests that this Court

enter an appropriate Order denying Defendant America Fujikura Ltd.'s Motion to Dismiss, and

for such other and any further relief as the Court deems just and appropriate under the

circumstances.  In the event the Court decides to convert America Fujikura Ltd.'s Rule 12(b)(6)

Motion to Dismiss into a motion for summary judgment under Rule 56, Plaintiff LWD PRP

Group respectfully requests the Court grant all parties reasonable opportunity to present all

materials and legal arguments pertinent to such a summary judgment motion.

Dated:  January 21, 2014

Respectfully submitted,

/s/ Gary D. Justis
Gary D. Justis                  admitted *pro hac vice*
Joshua Bailey                   admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
5251 W. 116th Place, Suite 200
Leawood, Kansas  66211-7820
Telephone:  (913) 998-6100
Facsimile:  (913) 998-6101
Email: gjustis@justislawfirm.com
       jbailey@justislawfirm.com

        and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, Kentucky  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP
GROUP

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2014, a copy of the foregoing LWD PRP Group's Response to Defendant America Fujikura Ltd.'s Rule 12(b)(6) Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Gary D. Justis
Gary D. Justis