UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:12-cv-00127-M |
| ) | |
| AK STEEL CORPORATION, et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**REPLY IN SUPPORT OF
MOTION TO DISMISS AMERICA FUJIKURA LTD.**

Defendant America Fujikura Ltd. ("AFL") should be dismissed from this case because Plaintiff has failed to plead sufficient factual allegations to state a claim upon which relief can be granted. Specifically, Plaintiff has not alleged any facts to support its bare legal conclusion that AFL is a successor to Texas Magnet Wire Company. Plaintiff's Response to AFL's Motion to Dismiss does nothing to cure this fatal flaw. The inadequacy of Plaintiff's allegations regarding AFL is evident from the face of the Complaint, even without regard to the affidavit and exhibits AFL presented in support of its motion to dismiss. Consequently, AFL's motion to dismiss should be granted and AFL should be dismissed from this case with prejudice. In the alternative, AFL would not oppose this Court's conversion of its Motion to Dismiss to a Motion for Summary Judgment to determine whether any genuine dispute as to a material fact exists.

**I.     The Second Amended Complaint Is Facially Deficient with Respect to AFL**

In order to maintain a cause of action against AFL under Sections 107(a) and 113(f) of CERCLA, Plaintiff must allege, among other elements, that AFL is a "covered person" as that term is defined in the statute. 42 U.S.C. § 9607(a). The Complaint is devoid of any factual

allegations that support Plaintiff's assertion that AFL is among the parties that "generated and/or transported waste containing hazardous substances" to the LWD Incinerator Site ("Site"). Second Am. Compl. ¶ 9. Instead, the Complaint merely asserts that AFL is the "successor" to an entity named Texas Magnet Wire Company ("Texas Magnet"), and refers to records of manifested waste sent to the Site by Texas Magnet. *Id*. at ¶¶ 66–70. The allegation that AFL is a successor to Texas Magnet is a mere conclusion of law. Missing from the Complaint are ***any*** factual allegations that would tie AFL to Texas Magnet.

Under Kentucky law, a corporation can only become the legal "successor" to another corporation through the sale or merger of that corporation.[1] *See, e.g.*, *Pearson ex rel. Trent v. National Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Plaintiff does not allege any sale, merger, or other transaction by which AFL purportedly became the "successor" to Texas Magnet. This critical omission renders the Complaint defective as a matter of law with respect to AFL.

In its response to AFL's motion to dismiss ("Response"), Plaintiff attempts to draw support from the Supreme Court's nearly thirty-year-old formulation of the standard for dismissal under Rule 12(b)(6), without recognizing that this standard has been overruled by *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). Response at 3 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). *Twombly* raised the bar for notice pleading, and requires plaintiffs to set forth the grounds of entitlement to relief using more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555. Plaintiff's allegations against AFL simply do not meet this standard.

---

[1] In the context of CERCLA actions, courts apply state law regarding successor liability. *See Anspec Co., Inc. v. Johnson Controls, Inc.*, 922 F.2d 1240, 1245 (6th Cir. 1991).

Although a court must accept as true all well-plead *facts* in evaluating a 12(b)(6) dismissal, the court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citations omitted). Plaintiff's unsupported statement in the Complaint that "AFL is the 'successor' to Texas Magnet" is precisely the type of "bare assertion[] or legal conclusion[]" that justifies dismissal. Second Am. Compl. ¶ 66. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (citation omitted). In its Response, Plaintiff acknowledges that this conclusory statement is the Complaint's only allegation relating to the necessary element that AFL be among the categories of "covered persons" under CERCLA. The Complaint contains not a single factual allegation describing the basis upon which Plaintiff draws the legal conclusion that AFL is the successor to Texas Magnet. The Complaint does not allege that an asset sale or other transaction occurred by which AFL could potentially have become the legal successor to Texas Magnet. Without more, the Complaint fails to allege facts to support a necessary element of the claim against AFL.

Plaintiff attempts to excuse this pleading deficiency by arguing that AFL "is well aware" of the basis of its alleged successor liability. But whatever "awareness" of Plaintiff's claims that AFL could potentially gather from Plaintiff's post-Complaint correspondence, this is simply not the standard under 12(b)(6). Plaintiff must actually allege facts *in the Complaint* to demonstrate how AFL purportedly became the successor to Texas Magnet. Instead, the Complaint offers only a bare legal conclusion on this element. Although Plaintiff is not required to *prove* that AFL is the successor to Texas Magnet at this stage in the proceedings, it must at least allege *facts* that would support this legal conclusion, if accepted as true.

Moreover, even if Plaintiff had alleged plausible facts showing the occurrence of a transaction that could potentially make AFL the legal successor to Texas Magnet, the Complaint

3

would still lack any factual allegations to overcome the applicable presumption against successor liability.[2] *National Feeding Systems*, 90 S.W.3d at 49. Specifically, Plaintiff would have to allege facts to support the applicability of one of the enumerated exceptions to the rule that successor corporations are not liable for the debts or obligations of their predecessors in order to survive a motion to dismiss. But the Complaint contains no such factual allegations.

On its face, the Complaint falls short of the standard for notice pleading that plaintiffs must satisfy to state a claim upon which relief can be granted. It lacks any factual allegations that would allow the court to "draw the reasonable inference" that AFL is liable for the alleged disposal of hazardous substances by Texas Magnet at the Site. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is the case regardless of whether the Court considers the affidavit and exhibits offered by AFL. In the absence of *any* facts supporting the conclusory allegation of successor liability in the Complaint, Plaintiff's claims against AFL must be dismissed as a matter of law.

## II. Alternatively, the Court Should Convert this Motion into a Motion for Summary Judgment

As demonstrated above, the Complaint articulates no factual basis for contending that AFL is the legal successor to Texas Magnet, or that AFL bears responsibility for waste generated by Texas Magnet. Accordingly, dismissal of the claims against AFL is warranted based solely on the contents (or lack thereof) of the Complaint, without reference to the affidavit or exhibits submitted by AFL. However, if the court would find consideration of these documents to be beneficial, AFL would not oppose the Court's conversion of this motion into a motion for

---

[2] In addition to alleging a particular asset sale or other transaction purporting to create a successor relationship, Plaintiff would have to allege that one of the following exceptions exist to the general rule that successor corporations do not assume the debts or liabilities of their predecessors: (1) the purchaser expressly or impliedly agrees to assume such debts or other liabilities; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts. *National Feeding Systems*, 90 S.W.3d at 49. Plaintiff has not done so.

4

summary judgment pursuant to Fed. R. Civ. P. 12(d). Given the nature of the dispute and the correspondence between the parties following AFL's attempt to resolve this matter without expending the Court's resources, a summary judgment motion would not be premature at this stage of the proceeding.

Notably, the documents AFL provided as exhibits to its motion to dismiss first came to AFL's attention when *Plaintiff* provided them to AFL. The affidavit AFL offered merely confirms the historical events noted in the exhibits. When AFL attempted to resolve this matter with Plaintiff extra-judicially, Plaintiff sent AFL copies of these publicly-available web pages as an attempt to demonstrate AFL's purported status as a successor to Texas Magnet. But, as AFL explained in correspondence to Plaintiff, nothing in these documents supports the conclusion that AFL is Texas Magnet's corporate successor. They do not show any asset sale or other transaction between AFL and Texas Magnet that could potentially create a successor relationship. Nor do they show that an exception to the rule against successor liability would apply, even if AFL could be shown to be the successor of Texas Magnet.

AFL is not in possession of any documents or materials relating to Texas Magnet other than the web page print-outs it received from Plaintiff, which AFL presented as exhibits to provide the Court with background information regarding the parties' attempts to resolve this matter outside of this proceeding. Thus, requiring AFL to engage in formal discovery would not serve the interests of justice.

## CONCLUSION

For the reasons set forth above and in accordance with Fed. R. Civ. P. 12(b)(6), AFL respectfully requests that this Court dismiss Plaintiff's claims against it, with prejudice, for

failure to state a claim upon which relief can be granted; or in the alternative, convert AFL's motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).

Respectfully submitted,

*/s/ Dennis J. Conniff*
Dennis J. Conniff
Emily C. McKinney
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400
(502) 581-1087 (fax)

*Counsel for America Fujikura Ltd.*

**CERTIFICATE OF SERVICE**

      I certify that on February 7, 2014, I electronically filed this Reply in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this matter.

      */s/ Dennis J. Conniff*
      Dennis J. Conniff
      Emily C. McKinney
      Frost Brown Todd LLC
      400 West Market Street, 32nd Floor
      Louisville, Kentucky 40202
      (502) 589-5400
      (502) 581-1087 (fax)

      *Counsel for America Fujikura Ltd.*