UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-127-M

LWD PRP GROUP                                                                                              PLAINTIFF

v.

ACF INDUSTRIES, LLC, et al.                                                     DEFENDANTS

**MOTION FOR RECONSIDERATION OR ALTERNATIVELY
MOTION FOR INTERLOCUTORY APEAL OR MOTION
TO STAY PENDING OUTCOME OF APPEAL**
(Electronically Filed)

      Defendants set forth on the attached Exhibit A ("Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 59(e), move the Court for reconsideration of its February 7, 2014, Memorandum Opinion and Order (the "Order") denying the Defendants' motion to dismiss. As grounds therefore, Defendants state that the Court's analysis of the claims presented rests upon an error in fact which is material to the Order. Contrary to the distinction made in Section III.B of the Order, the 2007 ASAOC, which underlies the Plaintiff's claim in this matter, is identical in all material respects to the ASAOC at issue in *Hobart Corp., et al. v. Waste Management of Ohio, Inc.*, 840 F. Supp. 2d 1013 (S.D. Ohio 2011) ("*Hobart I*") and *Hobart Corp., et al. v. Waste Management of Ohio, Inc.*, 935 F. Supp. 2d 1086 (S.D. Ohio 2013) ("*Hobart II*"). The *Hobart* ASAOC, like the 2007 ASAOC, is unquestionably and expressly based upon an administrative settlement under CERCLA §122(h), and therefore triggered the contribution claim statute of limitations under CERCLA §113(g)(3).

      Moreover, it is manifest legal error to conclude that the PRP Group initiated "an initial action for recovery of the costs" under Section 107(a) with regard to its 2007 ASAOC costs. Not only does such a characterization ignore applicable Supreme Court precedent, the express

language of the underlying 2007 ASAOC, and previous decisions of the Sixth Circuit, but the Plaintiff itself repeatedly *admits* in its briefing to the Court that it is pursuing a Section 113 contribution claim for costs related to the 2007 ASAOC.  The avenues of recovery are "clearly distinct", *United States v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007), and to utilize the limitations period applicable to one remedy (Section 107 cost recovery) for a contribution action under Section 113 "would work considerable damage to the statute."  *RSR Corp. v. Commercial Metals Co.*, 496 F.3d 552, 557 (6th Cir. 2007).  Taking these two most basic errors into account, Defendants urge the Court to reconsider its initial decision with respect to the statute of limitations applicable to the Plaintiff's claim for contribution based upon the 2007 ASAOC.

Should the Court believe reconsideration is not warranted, the Defendants request the Court certify the question of the applicable statute of limitations for the Plaintiff's Section 113 contribution claim for interlocutory appeal pursuant to 28 U.S.C. §1292(b).  This legal issue drives a significant portion of the claims brought by the Plaintiff and the outcome of the question will materially advance the outcome of the instant litigation.  Therefore, it is an ideal candidate for interlocutory appeal.

Alternatively, the Court should stay the instant action pending the outcome of the *Hobart* appeal, which is scheduled for argument this spring before the Sixth Circuit (13-3273).  The ASAOC in *Hobart* and the 2007 ASAOC in the instant action are the same as to their material operative provisions, and the decision in *Hobart* will be determinative of the Section 113 limitations issue in the instant action.

## STANDARD

Motions to reconsider under Fed. R. Civ. P. 59(e) are granted "if there is a clear error of law, see *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.

1998); newly discovered evidence, see *id.*, an intervening change in controlling law, *Collision v. International Chemical Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis v. Jellico Community Hospital*, 912 F.2d 129, 133 (6th Cir. 1990); *Collision*, 34 F.3d, at 236; *Hayes*, 8 F.3d, at 90-91 n.3." *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Similarly, reconsideration is proper where a manifest error in fact exists in the original opinion leading to a clear error by the court. *See*, *e.g.*, *Doe v. Patton*, 381 F.Supp.2d 595, 605 (E.D. Ky. 2005) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The Defendants acknowledge that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie Tribe*, 146 F.3d, at 374 (citing FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)) and that such motions "are extraordinary and sparingly granted", *Western Kentucky Royalty Trust v. Armstrong Coal Reserves, Inc.*, 2013 WL 4500189, 4:11CV-114-M (Aug 21, 2013) at *2 (citations omitted); however, a review of the record reveals the instant action to be such an extraordinary circumstance.

## ARGUMENT

I. **The Order Incorrectly Found a Distinction Between the *Hobart II* ASAOC and the 2007 AOC underlying the Plaintiff's Claims in this Action When None Actually Exists.**

In the Opinion, the Court justifies the contradictory decisions in this case and *Hobart II* by distinguishing the *Hobart* ASAOC and the 2007 ASAOC. Upon review of the two ASAOCs, however, the distinction identified by the Court simply does not exist.

In citing to *Hobart II*, the Court concluded that the ASAOC at issue in that action differed from that in this case because it "stated that it was entered into pursuant to the authority

delegated by the President and authorized by 'Sections 104, 107 and 122, including Section 122(h), of CERCLA,'" and thereby triggered the statute of limitations under Section 113(g)(3). In contrast, the Court found that Section 122(h) "was not expressly referenced" in the 2007 ASAOC. *Order* at 18-19. However, a review of the two documents reveals no such difference and that the ASAOC's are indistinguishable with regard to their reference to Section 122(h). First, the *Hobart* ASAOC (attached as Exhibit B) at Paragraph 2:

> This Settlement Agreement is issued under the authority vested in the President of the United States by Sections 104, 107 and 122 of the Comprehensive Environmental Response, Compensation, and liability Act, as amended, 42 U.S.C. §§ 9604, 9607 and 9622 ("CERCLA").

Next, the 2007 ASAOC (attached as Exhibit C), at Paragraph 2:

> This Settlement Agreement is issued under the authority vested in the President of the United States by Sections 104, 106(a), 107 and 122 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9604, 9606(a), 9607 and 9622 as amended ("CERCLA").

Notably, neither of the orders contains an express reference to Section 122(h) in their opening jurisdictional paragraphs, which the Court found critical in distinguishing *Hobart II* from the instant case. Both orders do cite to Section 122(h), however, in setting forth the contribution protection afforded by the ASAOC; first, with the *Hobart* ASAOC at Paragraph 96:

> a. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Respondents are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are the Work, and Future Response Costs.
>
> b. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9113(f)(3)(B) [sic], pursuant to which Respondents have, as of the

>Effective Date, resolved their liability to the United States for the Work, and Future Response Costs.

Next, the 2007 ASAOC, at Paragraph 78:

>a. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA. 42 U.S.C.§ 9613(f)(2), and that Respondents are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA. 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are the Work and Future Response Costs.
>
>b. The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), pursuant to which Respondents have, as of the Effective Date, resolved their liability to the United States for the Work and Future Response Costs.

There can be no question that the two administrative orders are, in their operative provisions, identical. The citation in *Hobart II* to an express reference of Section 122(h) simply does not appear in the ASAOC. Instead, that reference appears only in the complaint filed in that action. *See Hobart II*, 923 F. Supp. 2d at 1096 ("**Paragraph 4 of the Second Amended Complaint** specifically states that the EPA entered into the ASAOC pursuant to the authority delegated to it by the President and authorized by "Sections 104, 107 and 122, including Section 122(h), of CERCLA.") (emphasis added). The *Hobart II* decision properly concludes that where a party binds itself, where it "expressly agrees" that the ASAOC is "an 'administrative settlement' for purposes of Section 113(f)(3)(B) of CERCLA", that party is limited to a Section 113 contribution claim, with the three year limitations period for that claim beginning as of the date of settlement. *Id*.

There can also be no question that the 2007 ASAOC is a 122(h) settlement because it involves the very type of settlement that is permitted by that section,

specifically the settlement of a claim under section 107 "for costs incurred by the United States Government." 42 U.S.C. §9622(h)(1). While not *all* of the costs under the 2007 ASAOC are the repayment of the USEPA's response costs, this does not overcome the fact that the 2007 ASAOC is, in fact, a settlement under 122(h); the fact the settlement covers more than one category of costs does not mean it no longer a Section 122(h) settlement. Furthermore, there is no justification for the Court's apparent finding that, because the Plaintiff has entered into a separate settlement for the repayment of other response costs incurred by the USEPA, the 2007 ASAOC cannot be a 122(h) settlement. No provision of CERCLA necessitates the conclusion that there can be only one 122(h) settlement applicable to a particular site.

A comprehensive reading of the statute and applicable circuit precedent compel this result. While the Court justified borrowing the statute of limitations from 113(g)(2) by holding that the Plaintiff's action is "an initial action for recovery of costs," it failed to give meaning to the balance of that portion of 113(g)(2) which states that the section sets forth limitations for "an *initial action for recovery of the costs referred to in section [107]*," which relates to cost recovery actions and not the clearly distinct remedy of contribution. Moreover, contrary to the conclusions in the Order, neither *RSR*, *supra*, nor *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 443 (6th Cir. 2004) stand for the idea that an agreed Section 122(h) settlement such as the one in this action, results in the "borrowing" of the Section 107 limitations period, applicable to actions for cost recovery, instead of utilizing the statutorily-mandated statute of limitations under Section 113(g)(3) for a contribution claim.

In *GenCorp*, the Court noted that the parties agreed the action at issue was a Section 107 claim because the costs were incurred "not as the result of a court judgment or settlement with the government but as the result of a unilateral administrative order issued by the EPA under § 9606." *GenCorp*, 390 F.3d at 443 (citing, *inter alia*, *Sun Oil v. Browning-Ferris, Inc.*, 124 F.3d 1187 (10th Cir. 1997)). Similarly, in *RSR*, the Court noted that *Sun Oil* applied only when EPA issued a "unilateral administrative order" not, as was the case in *RSR*, where the underlying EPA action was an administrative settlement consented to by RSR. *RSR*, 496 F.3d at 559 (citing *Sun Oil*, *supra*). As noted previously by the Defendants, *RSR* compels (as found by *Hobart II*) a finding that the Plaintiff's claim is barred by the three year limitations period found in Section 113(g)(3)(B). *See Hobart II*, 923 F. Supp. 2d at 1096 (citing *RSR*, 496 F.3d at 557-58) (noting that *RSR* finds Section 113(g) establishes a uniform limitations period for contribution actions); *RSR*, 496 F.3d at 558 (finding the legislative history to Section 113(g) evinces an intent to "codify a uniform three-year statute of limitations for all contribution actions") (citation omitted).

The *ITT Industries* decision, referenced by the Court in its Order, further supports the conclusion that the Plaintiff's claims are barred by Section 113(g)(3)(B). In *ITT Industries*, the court rejected the idea the underlying settlement formed the basis for a valid contribution claim under Section 113(f)(3)(B) (thus triggering the Section 113(g)(3)(B) limitations period) for two reasons – the fact the administrative order was not executed pursuant to Section 122(h) and the fact it did not resolve any of the plaintiff's liability in certain respects. *ITT Industries*, 506 F.3d at 459-461. The court repeatedly noted that the administrative order at issue in that action was "was executed

pursuant to §§ 122(a) and 122(d)(3) of CERCLA". *ITT Industries*, 506 F.3d at 455. *See also id.* at 460 ("the AOC does not fall within the §§ 122(g) or 122(h) settlements as required by the statute of limitations as enumerated under § 113(g), as it was executed pursuant to § 122(a)"). The *ITT Industries* court rested this conclusion on the fact the administrative order in that action contained a recital in its conclusions of law citing "§§ 104(a)(1) and 122(a) of CERCLA"; a citation absent from the 2007 ASAOC. Building from this, the *ITT Industries* court concluded the AOC at issue was not an "administratively or judicially approved settlement" under Section 113(f)(3)(B), as it contained no reference to Section 122(g) or 122(h), and therefore the plaintiff could not bring a contribution claim. Since it was not pursuing a contribution claim, the corresponding statute of limitations in Section 113 (g)(3)(B) did not apply. *Id.* at 461 ("settlements reached pursuant to § 122(a) . . . are insufficient to constitute an administratively approved settlement under § 113(f)(3)(B)").

Contrary to the conclusion in the Order, the decision in *ITT Industries* does not turn on a question of categories of cost to determine if a contribution claim was available. *Order* at 18. Instead, as noted above, the *ITT Industries* court rejected the idea the AOC at issue met the threshold of an actionable settlement under Section 113(f)(3)(B) because the plaintiff in that action had not "resolved *any* of its liability to the United States" in two critical respects. The Court found that due to these gaps, this absence of resolution of liability, not the fact the order covered more than one category of costs, the plaintiff was not a person who has "resolved its liability to the United States" under the statute. *Id.* at 460-61.

There can be no question, however, that the 2007 ASAOC is a Section 122(h) settlement – like the ASAOC in *Hobart*, it recites the fact on its face. Nor can there be any question that it resolves the Plaintiff's "liability to the United States" under Section 113(f)(3)(B), as again, it recites the fact on its face. Were it not such a settlement, the Plaintiff could not bring the claims which it admits it is pursuing, contribution claims under Section 113, and it would not be entitled to contribution protection for the costs that it claims as damages in this case. The Plaintiff is not, again by its own admission, pursuing a Section 107 cost recovery action, because it cannot – "a plaintiff is limited to a contribution remedy when one is available." *Bernstein v. Bankert*, 733 F.3d 190, 206 (7th Cir. 2013). When that is the case, there is no question in pursuing this contribution remedy – one which is "distinct", not derivative of, a Section 107 cost recovery claim -- under *RSR* and *ITT Industries*, not to mention *Atlantic Research*, *supra*, that the applicable limitations period is three years from the date of the settlement which forms the basis of such claim. The Plaintiff cannot claim the benefit of the operative "contribution" section of the 2007 ASAOC while at the same time attempting to avoid the limitations period applicable to such claims.

Like *Hobart II*, which is indistinguishable from the case at bar, the Plaintiff's contribution claim must be dismissed as it was brought well after the applicable three year limitations period expired.

**II.  Should the Court Determine Reconsideration is not Warranted, it Should Certify the Matter for Interlocutory Appeal or stay the Proceedings Pending the Decision in *Hobart II*.**

In the event the Court determines that reconsideration of its decision is inappropriate, the Defendants request that the Court certify the issue of the applicable

statute of limitations for interlocutory appeal. Certification of interlocutory orders for immediate appeal is available under 28 U.S.C. §1292(b) where the question presented is "a central, controlling question of law for immediate appeal when such an appeal 'may materially advance the ultimate termination of the litigation.'" *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 660 (6th Cir. 2013) (quoting 28 U.S.C. §1292(b)); *Coalition for Health Concern v. LWD, Inc.*, 60 F.3d 1188, 1190 (6th Cir. 1995) (same). An issue is controlling if resolution on appeal would either lead to reversal or "if interlocutory review might save time for the district court, and time and expense for the litigants." *In re Big Rivers Corp.*, 266 B.R. 100, 104 (W.D. Ky. 2000) (quotation and citations omitted). The question of whether or not a decision would "materially advance" the outcome of the litigation is within the discretion of the district court, but if the conduct of the litigation would be significantly different based upon the outcome of the appeal, certification may be said to materially advance the outcome. *Cf. In re: City of Memphis*, 293 F.3d. 345, 351 (6th Cir. 2002) ("When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.") (citation and quotation omitted).

   Here, there can be little question as to the issue of material advancement: if the Defendants, and the court in *Hobart II*, are correct, a substantial portion of the Plaintiff's claims are time-barred. Indeed, based upon available evidence, there would be little remaining of the Plaintiff's claim – its Section 107 claim subject to dismissal, its Section 113 claim barred by the applicable statute of limitations – such that the only remaining

issue would be the putative future costs to be paid by Plaintiff under the KDEP Order, which as of the date of this filing, is still not final.

Similarly, the issue presented is one of a controlling question of law – either the Plaintiff is barred by the statute of limitations from pursuing its claims related to the 2007 ASAOC or it is not. There is no factual issue in dispute; the questions presented are purely ones of law. *Cf. Wood v. Tompkins*, 33 F.3d 600, 604 (6th Cir. 1994) (When reviewing an interlocutory appeal arising from a district court's denial of a 12(b)(6) motion to dismiss, the appellate court has no authority to review disputed questions of fact. Therefore, our review of the district court's decision is limited to pure questions of law.) (quotation and citations omitted).

Alternatively, the Court should stay this matter pending the ruling of the Sixth Circuit in the *Hobart* case. As noted previously (and contrary to the Court's previous finding), there is no material difference between the operative provisions of the ASAOC at issue in *Hobart* and the 2007 ASAOC in this case. Further, the underlying facts of the cases are also strikingly similar. The *Hobart* appeal stands fully briefed, with argument set to occur this spring. The Sixth Circuit's decision in that matter will, unquestionably, bind this Court and determine the outcome of the legal issues presented by the case at bar. The Court has within its inherit authority the ability to grant such a stay, and in evaluating the question of whether to do so, other district courts in this Circuit have looked to "weighing of the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citation

omitted); *see also Higgins v. BAC Home Loans Servicing, LP*, 2012 WL 533247, 5:12CV-183-C (E.D. Ky. Oct. 29, 2012) at *2 (same)(quoting *Ghee*, *supra*). Given the fact the decision in *Hobart II* will have a "dispositive effect" on this action, that a stay will have no impact on the public welfare,[1] and innumerable resources of the litigants and the Court can be saved by such a stay, the Court should grant the same in this action.

## CONCLUSION

The Order issued by the Court relies upon an incorrect factual distinction, one which, upon examination, does not exist. Given this error, reconsideration of the Order is warranted. The instant case, and the underlying 2007 ASAOC, are identical to the Hobart ASAOC, and the same decision reached by the *Hobart II* court – that the Plaintiff has no Section 107 claim and its Section 113 claim is time-barred – should be reached here. The Plaintiff cannot claim the benefit of the 2007 ASAOC (the ability to pursue a contribution action against these Defendants) while at the same time avoid the limitations period it agreed to by execution of the same.

Should the Court determine reconsideration is not warranted, it should certify this matter for immediate appeal, as the final determination of the legal issues presented by the motion to dismiss will unquestionably materially affect the outcome of this litigation. Alternatively, the Court should stay this proceeding pending the outcome of the *Hobart* appeal. Given that the underlying legal issues are identical, the outcome of that appeal will determine the outcome of the same issues in this litigation. Economy of judicial and party resources will be served, and no harm will come to the public by such action. The

---

[1] It should be recalled that there are currently no ongoing remediation activities at the LWD Site, only groundwater monitoring. Even if the KDEP order becomes final, KDEP is holding sufficient funds to cover the costs of the initial remediation activity contemplated by that order. Delay in resolution of this matter thus will have no effect on the LWD Site or any possible contamination from the Site.

Plaintiff cannot show any immediate harm to it, as it has already incurred the costs it seeks from the Defendants.

WHEREFORE, the Defendants respectfully request the Court reconsider its prior opinion, or if not, either certify this matter for interlocutory appeal or stay it pending the outcome of the *Hobart* appeal.

          WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
          *Attorneys for Defendant*

          By: */s/ J. Duncan Pitchford*
              J. Duncan Pitchford
              Nicholas M. Holland
              300 Broadway
              Post Office Box 995
              Paducah, Kentucky 42002-0995
              Telephone: (270) 443-4516
              Facsimile: (270) 443-4571
              dpitchford@whitlow-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2014, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

I further certify that I have served non-ECF participants via first class mail.

          /s/ J. Duncan Pitchford
             J. Duncan Pitchford