IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

LWD PRP GROUP,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
        v.                                        )   Civil Action No. 5:12-CV-00127-JHM
                                                  )
ACCENT STRIPE INC.; ALL AMERICAN                  )   AMENDED ANSWER,
GROUP, INC.; AMERICA FUJIKURA LTD.;               )   AFFIRMATIVE DEFENSES &
AMERICAN WOODMARK CORP.;                          )   COUNTER-CLAIMS
ANDOVER COILS, LLC; ARELCO                         )
PLASTIC FABRICATING CO.; B-B PAINT                )   *ELECTRONICALLY FILED*
CORP.; BMO HARRIS BANK, N.A.; BAKER               )
HUGHES INC.; BANTA CORP.; R.R.                     )
DONNELLEY & SONS CO.; BAYER                        )
CROPSCIENCE, INC.; BAYER                           )
HEALTHCARE LLC; BORGESS MEDICAL                   )
CENTER; BROWN'S PLATING SERVICE,                  )
INC.; CFPG LTD.; CARBOLINE CO.;                   )
CARMAN CLEANERS; CENTRAL                           )
ILLINOIS PUBLIC SERVICE CO.;                      )
CHAMPION LABORATORIES, INC.; CITY                 )
OF CEDAR RAPIDS, IOWA;                             )
CLONDALKIN GROUP INC.; COLONIAL                   )
PIPELINE CO.; COLUMBIA COUNTY,                    )
NEW YORK; COOPER-STANDARD                          )
AUTOMOTIVE, INC.; CYCLE CHEM, INC.;               )
DAHLSTROM DISPLAY, INC.; DENSO                    )
INTERNATIONAL AMERICA, INC.;                      )
DENSO MANUFACTURING MICHIGAN,                     )
INC.; DRESSER-RAND CO.; DRIV-LOK,                 )
INC.; DRUG & LABORATORY DISPOSAL,                 )
INC.; DUKE ENERGY CORP.; DUNCAN                   )
AVIATION, INC.; EAGLE INDUSTRIES,                 )
INC.; EAGLE INDUSTRIES, LLC; THE                  )
ENVIRONMENTAL QUALITY CO.; EQ                     )
ILLINOIS; EQ RESOURCE RECOVERY,                   )
INC.; ENVIRONMENTAL SERVICES OF                   )
NORTH AMERICA, INC.; EXCEL TSD,                   )
INC.; EXXON MOBIL CORP.;                          )
EXXONMOBIL ENVIRONMENTAL                          )
SERVICES CO.; THE FINISHING CO.;                  )
GENERAL ELECTRIC CO.;                             )
GEORGIAPACIFIC                                    )

LLC; GREENLEE DIAMONDTOOL CO.;          )
GREENWAY ENVIRONMENTAL, INC.;           )
H.B. FULLERCO.; HCA REALTY, INC.;       )
OLYMPIA FIELDS OSTEOPATHIC              )
HOSPITAL; TERRE HAUTE REGIONAL          )
HOSPITAL, LP; HANNAH MARITIME           )
CORP.; HEARTH & HOME                    )
TECHNOLOGIES, INC.; HORNING WIRE        )
CORP.; HOUSING AUTHORITY OF             )
HOPKINSVILLE, KENTUCKY;                 )
INDEPENDENT TERMINAL AND                )
PIPELINE CO.; TRANSMONTAIGNE            )
PRODUCT SERVICES INC.;                  )
INDIANAKENTUCKY                         )
ELECTRIC CORP.; INGERSOLL-RAND          )
CO.; TRANE US INC.; INTERNATIONAL       )
PAPER CO.; J.C. BAKER & SON, INC.; JMC  )
STEEL GROUP; KINDER MORGAN              )
ENERGY PARTNERS LP; KOCH                )
INDUSTRIES, INC.; FLINT HILLS           )
RESOURCES, LP; LEEDS SEATING CO.;       )
MEGAFAB, INC.; MICROBAC                 )
LABORATORIES, INC.; NATIONAL            )
DETROIT, INC.; NATIONAL RAILWAY         )
EQUIPMENT CO.; NISSAN NORTH             )
AMERICA, INC.; OSRAM SYLVANIA           )
PRODUCTS, INC.; OWENS CORNING;          )
PMRS, INC.; PSC, LLC; PHILIP SERVICES   )
CORP.; PACIFIC WESTERN RESIN CO.;       )
SIMPSON INVESTMENT CO.; PARADIGM        )
AEROSPACE CORP.; PARKER PLASTICS        )
CORP.; PEOPLES NATURAL GAS CO.          )
LLC; PEORIA DISPOSAL CO.; PDC           )
LARBORATORIES, INC.; PERMA-FIX          )
ENVIRONMENTAL SERVICES, INC.;           )
PERMA-FIX OF DAYTON, INC.;              )
PERMAFIX                                )
OF ORLANDO, INC.; PERMA-FIX OF          )
SOUTH GEORGIA, INC.; PRINTPACK,         )
INC.; QUALITY METAL FINISHING CO.;      )
RAIL SERVICES, INC.; REGAL BELOIT       )
AMERICA, INC.; RELOCATABLE              )
CONFINEMENT FACILITIES, INC.; RIO       )
TINTO ALCAN; PECHINEY PLASTIC           )
PACKAGING INC.; SABRELINER CORP.;       )
SCHENECTADY CHEMICALS, INC.; SI         )

GROUP, INC.; SPIRIT SERVICES CO.;                )
VAN DYNE & CROTTY CO.; STERLING                  )
HARDWARE, LLC; SUMITOMO                           )
ELECTRIC WINTEC AMERICA, INC.;                    )
SUPERIOR EQUIPMENT CO.; HARRY                     )
SPIROS, INC.; TESA TAPE, INC.;                    )
TEXTRON INC.; TRIUMPH                             )
AEROSTRUCTURES, LLC; TREMCO INC.;                 )
DAP PRODUCTS INC.; TRI-CITY TANK                  )
WASH, INC.; NORTH AMERICAN TANK                   )
CLEANING, INC.; UNITED INDUSTRIES                 )
CORP.; CHEMSICO, INC.; UNIVERSITY                 )
OF ILLINOIS-URBANA MAIN CAMPUS;                   )
UNIVERSITY OF IOWA; VALERO                        )
MARKETING AND SUPPLY CO.; VALERO                  )
RETAIL HOLDINGS, INC.; THE                        )
PREMCOR REFINING GROUP INC.;                      )
VERTELLUS SPECIALTIES INC.;                       )
VIACOM INC.; WATTS & DURR OIL CO.;                )
WESTERN RUST-PROOF CO.; WHEELER                   )
LUMBER, LLC; THE WILLIAMS                         )
COMPANIES, INC.; WILLIAMS GAS                     )
PIPELINE CO., LLC; SOUTHERN STAR                  )
CENTRAL GAS PIPELINE, INC.;                       )
WILLIAMSON COUNTY HOUSING                         )
AUTHORITY; WOCKHARDT USA LLC;                     )
PHARMACEUTICAL BASICS, INC.;                      )
YENKIN-MAJESTIC PAINT CORP.; YORK                 )
INTERNATIONAL CORP.; CENTRAL                      )
ENVIRNOMENTAL SYSTEMS, INC.;                      )
ZELLER TECHNOLOGIES, INC.; ZENECA                 )
SPECIALTIES; ASTRAZENECA                          )
PHARMACEUTICALS LP; and                           )
BLUEGRASS INCINERATION SERVICES,                  )
LLC,                                              )
                                                  )
                                                  )
**Defendants.**                                   )


### THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES & COUNTER-CLAIMS OF DEFENDANT AMEREN ILLINOIS COMPANY, f/k/a CENTRAL ILLINOIS PUBLIC SERVICE COMPANY

Defendant AMEREN ILLINOIS COMPANY, f/k/a CENTRAL ILLINOIS PUBLIC

SERVICE COMPANY ("CIPS"), by its undersigned counsel, amends as of right pursuant to

Fed. R. Civ. P. 15(a)(1)(A) and all other applicable rules its Answer and Affirmative Defenses to the Third Amended Complaint and Counter-Claims as follows:

## I.     ANSWER TO THIRD AMENDED COMPLAINT

### STATEMENT OF THE CASE

1.     CIPS admits that Plaintiff purports to have styled this action as set forth in paragraph 1.  CIPS denies any liability and denies the remaining allegations in said paragraph.

2.     CIPS admits that the Plaintiff purports to seek the relief set forth in paragraph 2. CIPS denies that it is liable to Plaintiff for this or any other relief and denies the remaining allegations in said paragraph.

### JURISDICTION AND VENUE

3.     CIPS admits the allegations in paragraph 3.

4.     CIPS admits that venue is proper in this District, but denies the remaining allegations in paragraph 4.

### FACTUAL BACKGROUND

5.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 and therefore denies them.

6.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them

9.     Paragraph 9 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS admits that RCRA contains certain requirements that speak

for themselves and denies Plaintiff's characterizations that are inconsistent with those requirements.

10.     CIPS denies the allegations in paragraph 10 to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

11-32.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11 through 32 and therefore denies them.

## THE PARTIES

33-129.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 33 through 129 and therefore denies them.

130.     CIPS denies the allegations in paragraph 130.

131-670.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 131 through 670 and therefore denies them.

## COUNT I — COST-RECOVERY

671.     CIPS alleges and incorporates by reference its answers to paragraphs 1 through 670 of this Complaint as if fully restated herein.

672.     Paragraph 672 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

673.     Paragraph 673 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

674.    Paragraph 674 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

675.    Paragraph 675 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

676.    Paragraph 676 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

677.    Paragraph 677 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

678.    Paragraph 678 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

679.    Paragraph 679 contains legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

680.    Paragraph 680 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

681.    Paragraph 681 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations in this paragraph to the extent they

relate to CIPS.  To the extent the allegations relate to other defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.

682.    Paragraph 682 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS admits that it is a "person" within the meaning of CERCLA. CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other defendants and therefore denies them.

683.    Paragraph 683 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies these allegations to the extent they are directed toward it.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

684.    Paragraph 684 contains legal conclusions to which no answer is required. Further, this paragraph is directed toward Bluegrass Incineration and not toward CIPS.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

685.    Paragraph 685 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

686.    Paragraph 686 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

687.    Paragraph 687 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

688.    Paragraph 688 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

### COUNT II— CONTRIBUTION

689.    CIPS alleges and incorporates by reference its answers to Paragraph Nos. 1 through 688 of this Complaint as if fully restated herein.

690.    Paragraph 690 alleges legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

691.    CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 691 and therefore denies them.

692.    CIPS denies the allegations in paragraph 692 to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

693.     CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 693 and therefore denies them.

694.     Paragraph 694 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

695.     Paragraph 695 contains legal conclusions to which no answer is required.  To the extent an answer is required, CIPS denies the allegations to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## COUNT III — DECLARATORY RELIEF

696.     CIPS alleges and incorporates by reference its answers to Paragraph Nos. 1 through 695 of this Complaint as if fully restated herein.

697.     CIPS denies the allegations in paragraph 697 to the extent they are directed toward CIPS.  To the extent the allegations are directed toward other Defendants, CIPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

698.    Paragraph 698 alleges legal conclusions to which no answer is required.  To the extent an answer is required, the statute speaks for itself and CIPS denies any allegations inconsistent with it.

699.    CIPS admits that Plaintiff purports to seek the alleged relief against all Defendants in paragraph 699.  CIPS denies that the Defendants are entitled to the alleged relief or to any relief from CIPS.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 699 and therefore denies them.

700.    CIPS denies that Plaintiff is entitled to the declaratory judgment it seeks against CIPS or to any judgment it may seek from CIPS as alleged in paragraph 700.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 700 and therefore denies them.

701.    CIPS denies that Plaintiff is entitled to the judgment it seeks against CIPS or to any judgment it may seek from CIPS as alleged in paragraph 701.  CIPS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 701 and therefore denies them.

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## RESERVATION OF RIGHTS

CIPS reserves its right to amend its Answer based on any information revealed by further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

## II.    ADDITIONAL DEFENSES

Without waiving any of the specific denials set forth in the foregoing Answer and without assuming the burden of proof with respect to any issue for which Plaintiff bears the burden of proof as a matter of law, CIPS asserts the following additional and affirmative defenses to the claims in the Third Amended Complaint:

### FIRST DEFENSE

The allegations in Plaintiff's Third Amendment Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the release set forth in paragraph 5.1 of the SETTLEMENT AGREEMENT BETWEEN LWD PRP GROUP AND AMEREN ILLINOIS COMPANY, SUCCESSOR TO CENTRAL ILLINOIS PUBLIC SERVICE COMPANY FOR THE LWD INCINERATOR SITE dated June 25, 2012.

### THIRD DEFENSE

To the extent that Plaintiff has failed to bring their claims within the applicable statutes of limitations, Plaintiff's claims are time-barred and should be dismissed.

### FOURTH DEFENSE

Any alleged damages suffered by Plaintiff and any release or threatened release of hazardous substances or other pollutants or contaminants, and any costs or damages resulting therefrom, were caused solely by the acts and/or omissions of a third party or third parties other

than CIPS, its agents, employees or any party with an contractual relationship, existing directly or indirectly, with CIPS within the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3).

## FIFTH DEFENSE

Plaintiff cannot state a claim for relief under Section 107(a) of CERCLA, because, *inter alia*, Plaintiff's claims arise from the payment of monies under administrative settlements with the United States Environmental Protection Agency and/or are claims for reimbursement, and not direct claims for expenditure of response costs.

## SIXTH DEFENSE

Plaintiff cannot state a claim for contribution under Section 113(f) of CERCLA because, *inter alia*, Plaintiff has not incurred, and will not incur, expense costs or damages in excess of their equitable share.  In an allocation of responsibility under CERCLA, Plaintiff should recover nothing, or less than its demand, for equitable reasons, including but not limited to its own conduct and liability, and considering the efforts and amounts that CIPS has already expended or will expend.

## SEVENTH DEFENSE

Plaintiff's request for a declaratory judgment under Section 113(g)(2) of CERCLA is barred because Plaintiff cannot sustain an action under Section 107(a) of CERCLA.

## EIGHTH DEFENSE

Should liability be imposed, the liability of CIPS is not joint, but severable and apportionable, because the alleged harm giving rise to Plaintiff's claim for response costs is divisible, and because the imposition of joint and several liability is otherwise inappropriate.

## NINTH DEFENSE

To the extent Plaintiff has recovered or will recover any costs from another person or entity or from CIPS under any contract or any statute other than CERCLA, Plaintiff is precluded by § 114(b) of CERCLA, 42 U.S.C. § 9614(b), from receiving reimbursement for those costs from CIPS under CERCLA.

### TENTH DEFENSE

Plaintiff is not the real party in interest because it is not a "person" as defined by CERCLA.

### ADOPTION OF OTHER DEFENSES

CIPS asserts and hereby incorporates by reference all affirmative defenses made by any other Defendant in this action, if applicable.

### RESERVATION OF RIGHTS

CIPS reserves its right to amend these Affirmative Defenses to assert any defenses that further investigation and discovery reveal to be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, CIPS respectfully requests that this Court enter judgment in its favor and against Plaintiff; award CIPS its costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

### III.    CROSS-CLAIMS

CIPS reserves the right to assert cross-claims against other Defendants until after the pending motions to dismiss have been resolved and after the Court enters a case management order that either (i) deems cross-claims automatically asserted and denied or (ii) sets a deadline

for filing or otherwise addressing cross-claims in this or subsequent cases, none of which has occurred as of the date of this filing.

## IV.    COUNTER-CLAIMS

While reserving all of its defenses and expressly denying that it is liable to Plaintiff for any matter set forth in the Third Amended Complaint, pursuant to Federal Rules of Civil Procedure 8 & 13 and all other applicable rules, AMEREN ILLINOIS COMPANY, f/k/a CENTRAL ILLINOIS PUBLIC SERVICE COMPANY ("CIPS"), as Counter-Claim Plaintiff, asserts the following Counter-Claims against LWD PRP GROUP, as Counter-Claim Defendant, and in support thereof alleges as follows:

<b>NATURE OF THE COUNTERCLAIMS</b>

1.    CIPS brings these counter-claims pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.    Through these counter-claims, CIPS seeks, *inter alia*:

a.    Contribution from Counter-Claim Defendant for its equitable, pro rata share of costs incurred in response to the release or threatened release of hazardous substances into the environment as alleged in the Third Amended Complaint, including costs that Counter-Claim Defendant seeks to recover from CIPS, but only to the extent that CIPS is found liable for any of the response costs or other damages claimed in the Third Amended Complaint, plus interest and costs;

b.    A declaratory judgment regarding the parties' respective liabilities for future costs expended in response to the release or threatened release of hazardous substances into the environment as described in the Third Amended Complaint, but only to the extent that CIPS is found liable for any of the response costs or other damages claimed in the Third

-14-

Amended Complaint, which will be binding in any subsequent action or actions to recover response costs; and

        c.     A monetary judgment in its favor and against Counter-Claim Defendant based on Counter-Claim Defendant's breach of its covenant not to sue set forth in the parties' Settlement Agreement.

## JURISDICTION

3.     This court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 9613.

## VENUE

4.     Venue in the District is proper under 42 U.S.C. § 9613(b) because the alleged release or damages underlying the claims occurred in this District.

## GENERAL ALLEGATIONS

5.     For the purposes of these Counter-Claims, CIPS repeats, realleges, and incorporates herein by reference each of the allegations contained in Plaintiff's Third Amended Complaint and CIPS' answers thereto as set forth *supra*.

6.     Counter-Claim Defendant allegedly has been identified by the United States Environmental Protection Agency ("EPA") as a responsible party for the LWD Incinerator Site (the "Site") in Calvert City, Kentucky. Among other things, members of Counter-Claim Defendant's group allegedly entered into an Administrative Settlement Agreement and Order on Consent for Removal Action with EPA in March 2007, according to the Third Amended Complaint. SAC ¶ 22. Furthermore, Counter-Claim Defendant alleges that it is currently negotiating with EPA regarding a settlement pursuant to Section 122(h) of CERCLA, 42 U.S.C. § 9622(h), for EPA's past response costs at the LWD Incinerator Site, which costs exceed $5

million.  SAC ¶ 24.  Counter-Claim Defendant alleges it has incurred more than $9.5 million in response costs for the Site.  SAC ¶ 27.

### FIRST CLAIM FOR RELIEF
(Contribution under CERCLA § 113(f))

7.      CIPS repeats, realleges and incorporates herein by reference each of the allegations contained in paragraphs 1-6 above as though fully set forth herein.

8.      In the event that Counter-Claim Defendant is able to prove the allegations in its Third Amended Complaint with respect to CIPS' alleged liability for the release or threatened release of hazardous substances, which CIPS has denied or otherwise answered, then any such release or threatened release that Counter-Claim Defendant alleges is one for which EPA has already determined that Counter-Claim Defendant is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

9.      In the event that Counter-Claim Defendant is able to prove the allegations in its Third Amended Complaint with respect to CIPS' liability for the release or threatened release of hazardous substances, which CIPS has denied or otherwise answered, then Counter-Claim Defendant is jointly and severally liable, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all necessary response costs incurred in response to the contamination alleged in the Third Amended Complaint.

10.      To the extent that CIPS is found liable for any of the response costs or other damages claimed by Counter-Claim Defendant in its Third Amended Complaint, then, pursuant to Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), Counter-Claim Defendant is liable in contribution to CIPS for Counter-Claim Defendant's equitable, pro-rata share of response costs caused by the release or threatened release of hazardous substances alleged in the Third Amended Complaint, including response costs incurred by Counter-Claim Defendant.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment under CERLCA § 113(g))

11.     CIPS repeats, realleges, and incorporates herein by reference each of the allegations contained in paragraphs 1-10 above as though fully set forth herein.

12.     There is an actual controversy between CIPS and Counter-Claim Defendant concerning their respective rights and obligations under the law associated with costs of responding to the environmental conditions alleged in this Counter-Claim and the Third Amended Complaint.

13.     CIPS is entitled to a declaratory judgment under Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), and also pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, declaring the parties' respective liability for the costs of response and other damages associated with the environmental conditions alleged in this Counter-Claim in the Third Amended Complaint, such declaration to be binding in any subsequent action or actions to recover response costs or damages.

## THIRD CLAIM FOR RELIEF
(Breach of Settlement Agreement)

14.     CIPS repeats, realleges and incorporates herein by reference each of the allegations contained in paragraphs 1-13 above as though fully set forth herein.

15.     On or about June 25, 2012, Plaintiff and CIPS entered into a Settlement Agreement entitled "Settlement Agreement Between LWD PRP Group and Ameren Illinois Company, Successor to Central Illinois Public Service Company for the LWD Incinerator Site" (the "Settlement Agreement").  CIPS incorporates by reference the terms of the Settlement Agreement, a true and correct copy which was previously tendered under seal and attached as

Exhibit A to CIPS's Memorandum of Law in Support of Defendant Ameren Illinois Company, F/K/A Central Illinois Public Service Company's Motion to Dismiss [DN 291].

16.     Pursuant to the Agreement, *inter alia*, CIPS promised to pay "a fixed and specific sum to fully and completely settle its potential liability for Covered Matters at the LWD Incinerator Site, and to be indemnified from certain potential LWD Incinerator Site Claims."

17.     For its part, *inter alia*, Plaintiff promised to "release[], forever discharge[] and covenant[] not to sue" CIPS with respect to "Covered Matters."

18.     "Covered Matters" include the matters alleged by the Plaintiff in this case.

19.     CIPS fully performed its obligations under the Settlement Agreement.

20.     Plaintiff materially breached its obligations under the Settlement Agreement by, *inter alia*, filing this lawsuit against CIPS notwithstanding its express covenant not to sue.

21.     CIPS has been damaged by Plaintiff's breach.   CIPS' damages include all attorneys' fees, expenses and costs incurred in being forced to defend itself and bring affirmative claims in this litigation notwithstanding Plaintiff's covenant not to sue.

## RESERVATION OF RIGHTS

CIPS reserves the right to bring additional counter-claims against Plaintiff, with leave of court, as facts become known in further investigation and discovery.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Counterclaim-Plaintiff CIPS requests that this Court enter judgment in its favor and against Plaintiff/Counter-Claim Defendant as follows:

A.      Contribution from Plaintiff/Counter-Claim Defendant for its equitable, pro-rata share of costs expended and to be expended in response to the release or threatened release of hazardous substances identified in the Third Amended Complaint, plus interest;

B.      A declaratory judgment against Plaintiff/Counter-Claim Defendant, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), finding Counter-Claim Defendant liable for all response costs that will be incurred by CIPS in responding to releases and/or threatened releases of hazardous substances with respect to the Site, and/or finding Counter-Claim Defendant liable for its equitable, pro-rata share of all response costs incurred by CIPS, as well as those response costs alleged in the Third Amended Complaint;

C.      Judgment in its favor and against Plaintiff/Counter-Claim Defendant based on Counter-Claim Defendant's breach of the Settlement Agreement, including awarding CIPS its attorneys' fees, expenses costs in defending against Plaintiff's action and asserting its Counter-Claims against Counter-Claim Defendant;

D.      Trial by jury; and

E.      Granting CIPS such other and further relief as this Court deems just and proper.

Dated: March 11, 2014                    AMEREN ILLINOIS COMPANY f/k/a
                                         CENTRAL ILLINOIS PUBLIC SERVICE
                                         COMPANY


                                         By: s/ Elmer J. George_____
                                         Elmer J. George
                                         105 West Main Street
                                         Lebanon, Kentucky 40033
                                         (270) 692-2161

Dallas E. George
Dallas E. George, PLLC
105 West Main Street
Lebanon, Kentucky  40033
(270) 692-2161
Joseph F. Madonia (joe.madonia@btlaw.com)
(admitted *pro hac vice*)
Alison C. Conlon (alison.conlon@btlaw.com)
(admitted *pro hac vice*)
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois  60606
T: (312) 357-1313
F: (312) 759-5646

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, certify that I served true and correct copies of the

foregoing **Third Amended Answer, Affirmative Defenses & Counter-Claim of Defendant**

**Ameren Illinois Company, f/k/a Central Illinois Public Service Company** on all counsel of

record via the Court's CM/ECF system on March 11, 2014.


/s/  Elmer J. George _____