| | | |
|---|---|---|
| IN THE MATTER OF: | ) | SETTLEMENT AGREEMENT FOR RECOVERY OF PAST RESPONSE COSTS |
| | ) | |
| LWD, Inc. Superfund Site Calvert City, Marshall County, Kentucky | ) | U.S. EPA Region 4 CERCLA Docket No. 04-2013-3751 |
| | ) | |
| See Appendix A for list of SETTLING PARTIES | ) | PROCEEDING UNDER SECTION 122(h)(1) OF CERCLA 42 U.S.C. § 9622(h)(1) |
| | ) | |
| See Appendix B for a list of SETTLING FEDERAL AGENCIES | ) | |
| | ) | |

TABLE OF CONTENTS

I.      JURISDICTION ........................................................................... 1
II.     BACKGROUND ........................................................................... 1
III.    PARTIES BOUND ........................................................................ 2
IV.     DEFINITIONS............................................................................... 2
V.      PAYMENT OF RESPONSE COSTS.......................................... 4
VI.     FAILURE TO COMPLY WITH SETTLEMENT AGREEMENT ............... 5
VII.    COVENANTS BY EPA .............................................................. 7
VIII.   RESERVATIONS OF RIGHTS BY EPA.................................... 7
IX.     COVENANTS BY SETTLING PARTIES AND SETTLING FEDERAL AGENCIES 8
X.      EFFECT OF SETTLEMENT/CONTRIBUTION ......................... 10
XI.     ACCESS TO INFORMATION ................................................... 11
XII.    RETENTION OF RECORDS ..................................................... 12
XIII.   NOTICES AND SUBMISSIONS ............................................... 13
XIV.    INTEGRATION/APPENDICES ................................................. 14
XV.     PUBLIC COMMENT................................................................. 14
XVI.    ATTORNEY GENERAL APPROVAL ...................................... 15
XVII.   EFFECTIVE DATE..................................................................... 15

ii

I.     JURISDICTION

1.     This Settlement Agreement is entered into pursuant to the authority vested in the Administrator of the U.S. Environmental Protection Agency ("EPA") by Section 122(h)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9622(h)(1), which authority has been delegated to the Regional Administrators of the EPA by EPA Delegation No. 14-14-D and further redelegated from the Regional Administrator through the Director of the Superfund Division (formerly the Waste Management Division), through the Deputy Director, Superfund Division, to the Chief of the Superfund Enforcement and Information Management Branch, by EPA Regional Delegation No. R-14-14-D.

2.     This Settlement Agreement is made and entered into by EPA, and the Settling Parties referenced in Appendix A ("Settling Parties"), and the Settling Federal Agencies referenced in Appendix B ("Settling Federal Agencies"). Each Settling Party and Settling Federal Agency consents to and will not contest EPA's authority to enter into this Settlement Agreement or to implement or enforce its terms.

II.     BACKGROUND

3.     This Settlement Agreement concerns the LWD, Inc. Superfund Site ("Site") located generally at 2475 Industrial Boulevard in Calvert City, Marshall County, Kentucky. EPA alleges that the Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

4.     In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604. The following events have occurred:

a. The Site is a former waste treatment and disposal facility, which operated as a landfill and later as a hazardous waste incineration facility from the 1950's through 2004. The Site operated under Resource Conservation and Recovery Act ("RCRA") Interim Status from approximately 1980 through mid- 2004, during which time, several thousand generators arranged for disposal of hazardous substances at the Site.

b. In February 2006, the Kentucky Department of Environmental Protection ("KDEP") requested assistance from EPA's CERCLA Emergency Response and Removal Branch. EPA performed a removal site evaluation on February 28, 2006, determining that a removal action was necessary to stabilize the Site due to the release or threat of release of hazardous substances at and from the Site. EPA commenced a time-critical removal action the week of March 5, 2006 in order to address the hazardous substances left on-site, and to stabilize and treat liquid wastes in and around the facility's tank farm and secondary containment area.

c. On February 28, 2007, a group of fifty-eight (58) potentially responsible parties (the "LWD Work Group") entered into an Administrative Settlement Agreement and

1

Order on Consent for Removal Action with EPA, CERCLA 04-2007-3759, ("Removal AOC") to complete the remaining removal work at the Site under EPA oversight and to pay for EPA's oversight costs, which totaled $835,642.60. However, the Removal AOC did not resolve the remainder of EPA's outstanding response costs incurred in connection with the Site. On September 29, 2009, EPA issued a Notice of Completion to the LWD Work Group, advising that the required removal work had been completed at the Site under the Removal AOC.

5.      In performing the response action, EPA has incurred response costs at or in connection with the Site.

6.      EPA alleges that Settling Parties and Settling Federal Agencies are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred or to be incurred at or in connection with the Site.

7.      EPA and Settling Parties and Settling Federal Agencies recognize that this Settlement Agreement has been negotiated in good faith and that this Settlement Agreement is entered into without the admission or adjudication of any issue of fact or law.

### III.    PARTIES BOUND

8.      This Settlement Agreement shall be binding upon EPA and Settling Federal Agencies, and upon Settling Parties and their heirs, successors, and assigns. Any change in ownership or corporate or other legal status of a Settling Party, including but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Party's responsibilities under this Settlement Agreement. Each signatory to this Settlement Agreement certifies that he or she is authorized to enter into the terms and conditions of this Settlement Agreement and to bind legally the party represented by him or her.

### IV.    DEFINITIONS

9.      Unless otherwise expressly provided in this Settlement Agreement, terms used in this Settlement Agreement that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Settlement Agreement or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Settlement Agreement, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

"Effective Date" shall mean the effective date of this Settlement Agreement as provided by Section XVII.

2

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"Municipal solid waste" or "MSW" shall mean waste material: (1) generated by a household (including a single or multifamily residence); or (2) generated by a commercial, industrial, or institutional entity, to the extent that the waste material (i) is essentially the same as waste normally generated by a household; (ii) is collected and disposed of with other municipal solid waste as part of normal municipal solid waste collection services; and (iii) contains a relative quantity of hazardous substances no greater than the relative quantity of hazardous substances contained in waste material generated by a typical single-family household.

"Paragraph" shall mean a portion of this Settlement Agreement identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean EPA, and Settling Parties, and Settling Federal Agencies.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or the U.S. Department of Justice on behalf of EPA has paid at or in connection with the Site through October 10, 2012, plus accrued Interest on all such costs through such date.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Settlement Agreement identified by a Roman numeral.

"Settlement Agreement" shall mean this Settlement Agreement and any attached appendices. In the event of conflict between this Settlement Agreement and any appendix, the Settlement Agreement shall control.

"Settling Federal Agencies" shall mean those settling federal agencies identified in Appendix B, and their successor departments, agencies, or instrumentalities.

"Settling Parties" shall mean those parties identified in Appendix A.

3

"Settling Parties' Past Response Costs" shall mean all recoverable costs under Section 107 of CERCLA, 42 U.S.C. § 9607, incurred prior to the Effective Date by the Settling Parties pursuant to the Removal AOC.

"Site" shall mean the LWD, Inc. Superfund Site, encompassing approximately 32 acres, located generally at 2475 Industrial Boulevard in Calvert City, Marshall County, Kentucky, as generally shown on the map included in Appendix C.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA and Settling Federal Agencies.

## V.    PAYMENT OF RESPONSE COSTS

10.    <u>Payment by Settling Parties for Past Response Costs</u>.  Within 60 days after the Effective Date, Settling Parties shall pay to EPA $4,115,407.78, plus an additional sum for Interest on that amount calculated from October 10, 2012 through the date of payment.

11.    Payment by Settling Parties shall be made to EPA by Fedwire Electronic Funds Transfer ("EFT") to:

>    Federal Reserve Bank of New York
>    ABA = 021030004
>    Account = 68010727
>    SWIFT address = FRNYUS33
>    33 Liberty Street
>    New York NY 10045
>    Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

and shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action.

12.    At the time of payment, Settling Parties shall send notice that payment has been made to EPA in accordance with Section XIII; and to Paula V. Painter, Environmental Protection Specialist, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303; and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

>    EPA Cincinnati Finance Office
>    26 Martin Luther King Drive
>    Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action. The total amount to be paid by Settling Parties pursuant to Paragraph 10 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

4

13.   Payments by Settling Federal Agencies.

    a.    As soon as reasonably practicable after the Effective Date:

    (1)    the United States, on behalf of Settling Federal Agencies other than the United States Postal Service, shall pay to the EPA $162,179.16, and the United States Postal Service shall pay to the EPA $123.24. The total amount to be paid on behalf of Settling Federal Agencies pursuant to this Paragraph shall be deposited by EPA in the EPA Hazardous Substance Superfund.

    (2)    the United States, on behalf of Settling Federal Agencies other than the United States Postal Service, shall pay to Settling Parties $247,044.32, and the United States Postal Service shall pay to Settling Parties $187.73, in reimbursement of Settling Parties' Past Response Costs, by Automated Clearinghouse ("ACH") Electronic Funds Transfer in accordance with instructions provided by Settling Parties.

    b.    Interest. In the event that any payment required by Paragraph 13.a is not made within 120 days after the Effective Date, Interest on the unpaid balance shall be paid at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

    c.    The Parties to this Settlement Agreement recognize and acknowledge that the payment obligations of Settling Federal Agencies under this Settlement Agreement can only be paid from appropriated funds legally available for such purpose. Nothing in this Settlement Agreement shall be interpreted or construed as a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

VI.    FAILURE TO COMPLY WITH SETTLEMENT AGREEMENT

14.    Interest on Late Payments. If any Settling Party fails to make any payment required by Paragraph 10 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

15.    Stipulated Penalty.

    a.    If any amounts due to EPA under Paragraph 10 (Payment by Settling Parties for Past Response Costs) are not paid by the required date, Settling Parties shall be in violation of this Settlement Agreement and shall pay the following to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 14, per violation per day that such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th Day |
| $2,000 | 15th through 30th Day |
| $3,500 | 31st Day and beyond |

   b.    Stipulated penalties are due and payable within 30 days after the date of demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties," shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action, and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

>      Federal Reserve Bank of New York
>      ABA = 021030004
>      Account = 68010727
>      SWIFT address = FRNYUS33
>      33 Liberty Street
>      New York NY 10045
>      Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

   c.    At the time of payment, Settling Parties shall send notice that payment has been made to Paula V. Painter, Environmental Protection Specialist, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303; and to F. Marshall Binford, Associate Regional Counsel, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303; and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

>      EPA Cincinnati Finance Office
>      26 Martin Luther King Drive
>      Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action.

   d.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Parties of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Settlement Agreement shall prevent the simultaneous accrual of separate penalties for separate violations of this Settlement Agreement.

   16.    In addition to the Interest and Stipulated Penalty payments required by this Section and any other remedies or sanctions available to EPA by virtue of Settling Parties' failure to comply with the requirements of this Settlement Agreement, any Settling Party who

6

fails or refuses to comply with the requirements of this Settlement Agreement shall be subject to enforcement action pursuant to Section 122(h)(3) of CERCLA, 42 U.S.C. § 9622(h)(3). If the United States, on behalf of EPA, brings an action to enforce this Settlement Agreement, Settling Parties shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

17.     The obligations of Settling Parties to pay amounts owed to EPA under this Settlement Agreement are joint and several. In the event of the failure of any one or more Settling Parties to make the payments required under this Settlement Agreement, the remaining Settling Parties shall be responsible for such payments.

18.     Notwithstanding any other provision of this Section, EPA may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Settlement Agreement. Payment of stipulated penalties shall not excuse Settling Parties from payment as required by Section V or from performance of any other requirements of this Settlement Agreement.

## VII.     COVENANTS BY EPA

19.     <u>Covenants for Settling Parties by EPA</u>. Except as specifically provided in Section VIII (Reservations of Rights by EPA), EPA covenants not to sue or take administrative action against Settling Parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon receipt by EPA of the payment required by Paragraph 10 (Payment by Settling Parties for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 14 (Interest on Late Payments) or 15 (Stipulated Penalty). These covenants are conditioned upon the satisfactory performance by Settling Parties of their obligations under this Settlement Agreement. These covenants extend only to Settling Parties and do not extend to any other person.

20.     <u>Covenant for Settling Federal Agencies by EPA</u>. Except as specifically provided in Section VIII (Reservation of Rights by EPA), EPA covenants not to take administrative action against Settling Federal Agencies pursuant to Section 107(a) of CERCLA, 42 U.S.C. §9607(a), to recover Past Response Costs. This covenant shall take effect upon receipt by EPA of all payments required by Paragraph 13.a(1) with any Interest due thereon under Paragraph 13.b. This covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Settlement Agreement. This covenant extends only to Settling Federal Agencies and does not extend to any other person.

## VIII.     RESERVATIONS OF RIGHTS BY EPA

21.     EPA reserves, and this Settlement Agreement is without prejudice to, all rights against Settling Parties and Settling Federal Agencies with respect to all matters not expressly included within the Covenants for Settling Parties by EPA in Paragraph 19 and the Covenant for Settling Federal Agencies by EPA in Paragraph 20. Notwithstanding any other provision of this Settlement Agreement, EPA reserves, and this Settlement Agreement is without prejudice to, all rights against Settling Parties and Settling Federal Agencies with respect to:

        a.      liability for failure of Settling Parties or Settling Federal Agencies to meet a requirement of this Settlement Agreement;

        b.      liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

        c.      liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

        d.      criminal liability; and

        e.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

      22.      Nothing in this Settlement Agreement is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, administrative or judicial, civil or criminal, past or future, in law or in equity, that the United States may have against any person, firm, corporation or other entity not a signatory to this Settlement Agreement.

## IX.    COVENANTS BY SETTLING PARTIES AND SETTLING FEDERAL AGENCIES

      23.     <u>Covenants by Settling Parties</u>.  Settling Parties covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs, Settling Parties' Past Response Costs, and this Settlement Agreement, including but not limited to:

        a.      any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

        b.      any claims arising out of the response actions at the Site for which the Past Response Costs or Settling Parties' Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Kentucky, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; and

        c.      any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs or Settling Parties' Past Response Costs.

      24.      Nothing in this Settlement Agreement shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

      25.     <u>Covenant by Settling Federal Agencies</u>.  Settling Federal Agencies agree not to assert any direct or indirect claim for reimbursement from the EPA Hazardous Substance

Superfund through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with respect to Past Response Costs, Settling Parties' Past Response Costs, and this Settlement Agreement. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this Settlement Agreement) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

26.     Claims Against De Micromis Parties.  Settling Parties agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Parties with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

27.     The waiver in Paragraph 26 shall not apply with respect to any defense, claim, or cause of action that a Settling Party may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Party. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

        a.     that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6972, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

        b.     that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

28.     Claims Against *De Minimis* and Ability to Pay Parties.  Settling Parties agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against any person that has entered or in the future enters into a final Section 122(g) *de minimis* settlement, or a final settlement based on limited ability to pay, with EPA with respect to the Site.  This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Party may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Party.

9

29.     <u>Claims Against MSW Generators and Transporters</u>.  Settling Parties agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Parties with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of MSW at the Site, if the volume of MSW disposed, treated, or transported by such person to the Site did not exceed 0.2 percent of the total volume of waste at the Site.

30.     The waiver in Paragraph 29 shall not apply with respect to any defense, claim, or cause of action that a Settling Party may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Party. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines that: (a) the MSW contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; (b) the person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. § 9604(e) or § 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927; or (c) the person impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site.

## X.     EFFECT OF SETTLEMENT/CONTRIBUTION

31.     Except as provided in Paragraphs 26 (Claims Against De Micromis Parties), 28 (Claims Against *De Minimis* and Ability to Pay Parties), and 29 (Claims Against MSW Generators and Transporters), nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Settlement Agreement.  Except as provided in Section IX (Covenants by Settling Parties and Settling Federal Agencies), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Settlement Agreement diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613 (f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

32.     The Parties agree that the actions undertaken by Settling Parties and Settling Federal Agencies in accordance with this Settlement Agreement do not constitute an admission of any liability by any Settling Party or any Settling Federal Agency.  Settling Parties and Settling Federal Agencies do not admit, and retain the right to controvert in any subsequent proceedings other than proceedings to implement or enforce this Settlement Agreement, the validity of the facts or allegations contained in Section II of this Settlement Agreement.

33.     The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C.

§§ 9613(f)(2) and 9622(h)(4), and that each Settling Party and each Settling Federal Agency is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), or as may be otherwise provided by law, for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are Past Response Costs and Settling Parties' Past Response Costs. The Parties further agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), pursuant to which each Settling Party and each Settling Federal Agency has, as of the Effective Date, resolved liability to the United States for some or all of a response action or some or all of the costs of such action.

34.     Each Settling Party shall, with respect to any suit or claim brought by it for matters related to this Settlement Agreement, notify EPA in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Party also shall, with respect to any suit or claim brought against it for matters related to this Settlement Agreement, notify EPA in writing within 10 days after service of the complaint or claim upon it. In addition, each Settling Party shall notify EPA within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Settlement Agreement.

35.     In any subsequent administrative or judicial proceeding initiated by EPA, or by the United States on behalf of EPA, for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenant by EPA set forth in Section VII.

36.     Effective upon signature of this Settlement Agreement by a Settling Party, such Settling Party agrees that the time period commencing on the date of its signature and ending on the date EPA receives from such Settling Party the payment(s) required by Section V (Payment of Response Costs) and, if any, Section VI (Failure to Comply with Settlement Agreement) shall not be included in computing the running of any statute of limitations potentially applicable to any action brought by the United States related to the "matters addressed" as defined in Paragraph 33, and that, in any action brought by the United States related to the "matters addressed," such Settling Party will not assert, and may not maintain, any defense or claim based upon principles of statute of limitations, waiver, laches, estoppel, or other defense based on the passage of time during such period. If EPA gives notice to Settling Parties that it will not make this Settlement Agreement effective, the statute of limitations shall begin to run again commencing ninety days after the date such notice is sent by EPA.

## XI.     ACCESS TO INFORMATION

37.     Settling Parties shall provide to EPA, upon request, copies of all records, reports, or information (including records, reports, documents, and other information in electronic form)

11

(hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Settlement Agreement, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

38.     Confidential Business Information and Privileged Documents.

a.     Settling Parties may assert business confidentiality claims covering part or all of the Records submitted to EPA under this Settlement Agreement to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).  Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Parties that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Parties.

b.     Settling Parties may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Parties assert such a privilege in lieu of providing Records, they shall provide EPA with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to EPA in redacted form to mask the privileged information only.  Settling Parties shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Parties' favor.  However, no Records created or generated pursuant to the requirements of this Settlement Agreement shall be withheld on the grounds that they are privileged or confidential.

39.     No claim of confidentiality or privilege shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XII.     RETENTION OF RECORDS

40.     Until ten years after the Effective Date, each Settling Party shall preserve and retain all non-identical copies of Records (including records in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to response actions taken at the Site or to the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

41.     After the conclusion of the ten-year document retention period in the preceding Paragraph, Settling Parties shall notify EPA at least 90 days prior to the destruction of any such Records and, upon request by EPA, Settling Parties shall deliver any such Records to EPA.

Settling Parties may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Parties assert such a privilege, they shall provide EPA with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to EPA in redacted form to mask the privileged information only. Settling Parties shall retain all Records that they claim to be privileged until EPA has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Parties' favor. However, no Records created or generated pursuant to the requirements of this Settlement Agreement shall be withheld on the grounds that they are privileged or confidential.

42.     Each Settling Party certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

43.     The United States acknowledges that each Settling Federal Agency (1) is subject to all applicable Federal record retention laws, regulations, and policies; and (2) has certified that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIII.    NOTICES AND SUBMISSIONS

44.     Whenever, under the terms of this Settlement Agreement, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of this Settlement Agreement with respect to EPA, Settling Parties, and Settling Federal Agencies.

As to EPA:

F. Marshall Binford, Jr.
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

13

And

Rudolph C. Tanasijevich
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

As to Settling Federal Agencies:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-6-18056)
P.O. Box 7611
Washington, D.C. 20044-7611

As to Settling Parties:

Patricia T. Barmeyer
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia, 30309

## XIV.   INTEGRATION/APPENDICES

45.    This Settlement Agreement and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Settlement Agreement. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement: "Appendix A" is a complete list of the Settling Parties; "Appendix B" is a complete list of the Settling Federal Agencies; "Appendix C" is the map of the Site.

## XV.   PUBLIC COMMENT

46.    This Settlement Agreement shall be subject to a public comment period of not less than 30 days pursuant to Section 122(i) of CERCLA, 42 U.S.C. § 9622(i). In accordance with Section 122(i)(3) of CERCLA, EPA may modify or withdraw its consent to this Settlement Agreement if comments received disclose facts or considerations which indicate that this Settlement Agreement is inappropriate, improper, or inadequate.

## XVI.   ATTORNEY GENERAL APPROVAL

47.     The Attorney General or his designee has approved the settlement embodied in this Settlement Agreement in accordance with Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1).

## XVII.  EFFECTIVE DATE

48.     The effective date of this Settlement Agreement shall be the date upon which EPA issues written notice that the public comment period pursuant to Paragraph 46 has closed and that comments received, if any, do not require modification of or EPA withdrawal from this Settlement Agreement.

IT IS SO AGREED:

The UNITED STATES ENVIRONMENTAL PROTECTION AGENCY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site, in Calvert City, Marshall County, Kentucky:

U.S. Environmental Protection Agency

By: _____          _4/18/13_
       Anita L. Davis                                                        [Date]
       Chief, Superfund Enforcement and
       Information Management Branch
       Superfund Division

16

THE SETTLING FEDERAL AGENCIES LISTED ON APPENDIX B enter into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

By: _____                    ____4/8/13____
     W. Benjamin Fisherow                                        [Date]
     Chief, Environmental Enforcement Section
     Environment and Natural Resources Division
     U.S. Department of Justice

18

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Air Products and Chemicals, Inc. for itself and on behalf of Air Products, Incorporated; Air Products, L.P.; Air Products Manufacturing Corporation; and including all other current and former subsidiaries and affiliates

[Name]

7201 Hamilton Boulevard
Allentown, PA 18195
[Address]

By: _____          November 21,2012
         [Name]                                          [Date]
    Todd Solodar

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    <u>Akebono Brake Corporation</u>
<center>[Name]</center>

<center><u>310 Ring Rd., Elizabethtown, KY 42701</u></center>
<center>[Address]</center>

By: _____          <u>11/21/12</u>
        [Name]                                              [Date]
   BRANDON J. KESSINGER
   CORPORATE SECRETARY

<center>17</center>

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: _____Albaugh, Inc._____
                            [Name]


                      ____1525 NE 36ᵗʰ St., Ankeny, IA 50021____
                                    [Address]


By: _____    ____12/3/12____
             [Name]                           [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   <u>ALCOA INC. on behalf of Rea Magnet Wire Company, Inc.</u>
                                        [Name]


                                      <u>201 Isabella Street, Pittsburgh, PA   15212</u>
                                              [Address]


By: _____          <u>December 21, 2012</u>
        [Name] John Kenna                         [Date]
              Vice President

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:      Arkema Inc.
                         (f/k/a Atofina Chemcials, Inc., Elf Atochem North America Inc.,
                         Atochem North America Inc., and Pennwalt Corporation) and for
                         Cook Composites & Polymers Co.'s former Lemont, IL facility
                         and North Kansas City, MO facility
                                           [Name]


                         900 First Avenue
                         King of Prussia, PA  19406
                                           [Address]


By: _____              _November 27, 2012_
       William J. Hamel                              [Date]
    Sr. Vice President & General Counsel

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   **Akzo Nobel Chemicals, LLC.,** on behalf of itself and the entities identified in the LWD Database as "Akzo Nobel Chemicals, Inc." and "Akzo Nobel Resins (Resin Operations)"
[Name]


525 W. Van Buren St, Chicago, IL 60607-3823
[Address]


By: _____          Feb 21, 2013
[Name] CHARLES SCUDDER                                    [Date]
      V.P. and Secretary


_____                  2/13/13
[Name] VICE PRESIDENT                        [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    **Akzo Nobel Coatings, Inc.,** on behalf of itself
<u>and the entity identified in the LWD Database as "Reliance Universal, Inc."</u>


<u>525 W. Van Buren St, Chicago, IL 60607-3823</u>
[Address]


By: _____     _____
[Name] BRIAN P. CURTIS                        [Date]
ASSISTANT Secretary


_____     _____
[Name] CHARLES SCUDDER                        [Date]
VP and SECRETARY

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   **Akzo Nobel Functional Chemicals, LLC.,** on behalf of itself and the entity identified in the LWD Database as " Akzo Nobel Functional Chemicals"

<u>525 W. Van Buren St, Chicago, IL 60607-3823</u>
[Address]

By: _Brian P. Curtis_        _2-18-13_
[Name] BRiAN P. CuRTIS          [Date]
      Assistant Secretary

_Charles R Scudder_        _Feb 21, 2013_
[Name] CHARLES SCUDDER          [Date]
      VP and SECRETARY

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   **Akzo Nobel Inc.,** on behalf of itself and
the entity identified in the LWD Database as "Bofors Nobel, Inc."
<div align="center">[Name]</div>


<div align="center">525 W. Van Buren St, Chicago, IL 60607-3823</div>
<div align="center">[Address]</div>


By: _____          Feb 21, 2013
     [Name] CHARLES SCUDDER             [Date]
     V. P. and secretary


     _____          2-15-13
     [Name] ASSISTANT SECRETARY             [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    <u>Ashland Inc.</u>                    .
                                            [Name]
                           5200 Blazer Parkway
                           Dublin, OH 43017

                                           [Address]

By: _____        _____
          [Name]                                            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Atlantic Richfield Company/BP Products North America, Inc./The Standard Oil Company

<div align="center">[Name]</div>


BP AMERICA, INC.; REMEDIATION MANAGEMENT; 201 HELIOS WAY; HPL 6TH FLOOR; HOUSTON, TX 77071

<div align="center">[Address]</div>


By: _Paul J. Taylor_                    _11/26/2012_

<div align="center">[Name]                         [Date]</div>

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   BAE Systems Land + Armaments LP, formerly known as
                      United Defense, L.P. (incorrectly identified as "United Defense/
                      FMC-BMY")
                      [Name]

                      163 Rochester Drive, Louisville, KY 40014
                      [Address]

By: _____          January 28, 2013
        [Name]  Bruce A. Teeters              [Date]
                Dep. Chief Counsel

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:

BASF  Corporation on its own behalf and as successor-in-interest to Cognis Corporation

By: _Nan Bernardo_____        _12-4-2012_____
  Nan Bernardo                     [Date]
  Senior Environmental Counsel
  BASF Corporation
  100 Park Avenue
  Florham Park, NJ 07932

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: <u>Baxter Healthcare Corporation on behalf of</u>
[Name] <u>Travenol Laboratories, Inc.</u>

<u>One Baxter Parkway</u>
[Address]
<u>Deerfield, IL 60015</u>

By: _____     _____January 7, 2013_____
      [Name] PETER ETIENNE          [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   BNSF Railway Co.
                      [Name]
                      2500 Lou Menk
                      [Address]
                      Ft. Worth, Tx 76131

By: _Russell J. Light_          _Feb. 20, 2013_
    [Name]                       [Date]

    Russell J. Light
    Senior General Attorney

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: **Braskem Americas, Inc. (f/k/a Aristech Chemical Corporation)**
_____

1735 Market Street
_____
[Address]


By: _____        4.4.13
        [Name]                                [Date]

Frederick J. Fisher

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    <u>BROWN PRINTING COMPANY</u>

By: _____          <u>12-27-2012</u>
      Volker Petersen                    [Date]

Its: _President & CEO___

By: _____          <u>12-27-12</u>
      Michael Amundson                    [Date]

Its: _CFO___

17

{00120717 }

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:  Callaway Chemical Company, a subsidiary of
Vulcan Materials Company, and Vulcan Materials Company
(Callaway was dissolved by Vulcan on 12/16/07)

1200 Urban Center Drive
Birmingham, Alabama 35242

By: _____          ___3/12/13___

Michael R. Mills, Senior Vice President          [Date]
& General Counsel

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:      <u>LaRaye Osborne, on behalf of Cargill, Inc.</u>
                                   Vice President, Environmental Health & Safety
                                   For Cargill, Inc.

Cargill Incorporated
15407 McGinty Road West
Wayzata, MN 55391

[Address]

By: _____  _____
           [Name]                          [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   _CCP Composites US LLC formerly Cook Composites and Polymers_
                              [Name]


                      _820 E. 14th Ave, North Kansas City, MO 64116_
                              [Address]


By: _Eric A. Nelson_            _12/31/2012_
        [Name]                    [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:      Chase Brass & Copper Co.
                                              [Name]


                                3855  N. Ocoee Street, Suite 200, Cleveland, TN 37312
                                [Address]


By: _____          12/18/12
              [Name]                              [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron U.S.A. Inc., Texaco Inc., and Union Oil Company of California

[Name]

6101 Bollinger Canyon Road
San Ramon, CA 94583

_____

[Address]


By: _____        _____
       Robert R. John                                [Date]
       Assistant Secretary

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _____CNA Holdings LLC_____

[Name]

222 W. Las Colinas Blvd.,
Suite 900 North
Irving, TX 75039
[Address]

By: _____         December 19, 2012

[Name]                              [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   _THOMAS S. O'NEILL_____
                           [Name]

                                                        440 S LASALLE ST
                                                        SUITE 3800
                      _COMMONWEALTH EDISON COMPANY_   CHICAGO, IL 60605
                           [Address]

By: _Glenn Glenn_____        _12-21-12_____
       [Name]                       [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:  CONTINENTAL AIRLINES, INC.
                                [Name]

                                WHQPO
                                233 S. WACKER DR., CHICAGO, IL 60606
                                [Address]

By: _____        12-21-12
        [Name]                    [Date]

BRETT J. HART
EXECUTIVE VICE PRESIDENT,
GENERAL COUNSEL &
SECRETARY

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     DanChem Technologies, Inc.
                                     [Name]

                              1975 Old Richmond Road, Danville, VA 24540
                                       [Address]

By: _____      _____12-18-12_____
     [Name]  Scott A. Veselicky             [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Dart Container Corporation of KY, a MI corporation
                                        [Name]

                           c/o Legal Department 500 Hogsback Road
                                        [Address]
                           Mason, MI 48854


By: _____          30 November 2012
            [Name]                              [Date]

        Francis X. Liesman, II
        Vice President - Managing Attorney
        Dart Container Corporation of KY


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _Deere & Company_____
[Name]

_One John Deere Place, Moline IL 61265_
[Address]

By: _Matthew Roz_____      _18 Dec 2012_____
[Name]                             [Date]

_Kathleen R. Gibson_
_Export Attorney_

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   <u>Del Monte Corporation</u>
                                              [Name]


                                   <u>One Maritime Plaza, San Francisco, CA  94111</u>
                                              [Address]


By: _____                    <u>January 4, 2013</u>
              [Name]                                      [Date]

**Scott Rickman**
**Assistant Corporate Secretary**

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     DEMATIC CORP., a Delaware corporation (successor-in-interest to Rapistan Corp.)

507 Plymouth Avenue, N.E., Grand Rapids, Michigan 49505-6098

By: _____     December 19, 2012
Jeffrey R. Heinze, Secretary and General Counsel

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: ___Devro Inc_____
                        [Name]

                    ___PO Box 11925, Columbia SC 29211___
                        [Address]


By: ___Tom Root (CFO)___        ___12/17/12___
        [Name]                      [Date]
    Tom Root

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:       _____Donaldson Company, Inc._____

_____1400 West 94th Street, Bloomington, MN 55431__

By: _____                    _____
       Amy Becker                                                      Date
       Assistant General Counsel
       Donaldson Company, Inc.

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _____ DRS Technologies, Inc _____
                              [Name]
                    _____ 2345 Crystal Drive, Arlington VA 22314 _____
                              [Address]

By: _____          _____ 2/15/13 _____
         [Name]                                  [Date]
    David Sweet

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    __DSM Chemicals North America, Inc._____
[Name]

P.O. Box 2451

Augusta Ga. 30903
[Address]


By: __Zija W. Kirby)_____      ____11/27/12_____
[Name]                              [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:  _E. I. du Pont de Nemours and Company_
                      [Name]
                      ATTN: Chief Environmental Counsel
                      1007 Market Street
                      WILMINGTON, DE  19898
                           [Address]

By: _Bernard J. Reilly_        _12/21/2012_
         [Name]                    [Date]
      Bernard J. Reilly

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   *Victor D. DelVecchio, President*
                            [Name]
                      *EnergyNorth, Inc*
                      *11 Northeastern Blvd*
                      *Salem, NH 03079*
                            [Address]


By: _____        *12-20-12*
         [Name]                        [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter
of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall
County, Kentucky:


FOR SETTLING PARTY:     Engineered Air Systems
                                    [Name]


                        2345 Crystal Drive, Suite 915, Arlington, VA 22202
                                    [Address]


By: _____        _____
              [Name]                      [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Enterprise TE Products Pipeline Company LLC
                        [Name]
                        1100 Louisiana, Houston, TX  77002
                        [Address]


By _____          _____12/19/12_____
                [Name]                              [Date]
    Terry L. Hurlburt
    Group Senior Vice President
    Enterprise TE Products Pipeline Company LLC

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Environmental Enterprises Inc.
                              [Name]


                        10163 Cincinnati Dayton Pike
                              [Address]
                        Cincinnati Ohio 45241

By: _____          11/23/12
        [Name]                   [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    "FKI Automotive and related parties: Keeler Brass Automotive, Keeler Brass Co., Keeler Murakami, Inc., and Bridon American Corp."

[Name]

Barnes & Thornburg LLP
Attn:  Charles Denton, Esq.
171 Monroe Avenue N.W.
Suite 1000
Grand Rapids, Michigan 49503

_____

[Address]


By: _____          3/13/2013
        Mindy L. Boehr                                              [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:           FMC Corporation
                               [Name]

                            1735 Market Street
                            Philadelphia, PA 19103
                               [Address]

By: _____         12-18-12
        Robert T. Forbes                 [Date]
          [Name]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _____*GenCorp Inc . Diversitech Inc*_____

[Name]

*P.O. Box 13222*
*Sacramento CA 95 815-6000*

[Address]

By _____ *VP* _____        _____ *12/21/12* _____

[Name]                                   [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _____

General Dynamics Land Systems

_____

38500 Mound Road, Sterling Heights, MI 48310

By: _____        _____
Arjun L. Kampani                                      December 18 2012
Vice President & General Counsel

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _Genesco Inc._____
[Name]

1415 Murfreesboro Road
Nashville TN 37217
[Address]

By: _____  Sr. VP and General Counsel     _12/20/12_____
[Name]  Roger G. Sisson              [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _Daniel J. Brown_____
[Name]

Georgia Gulf Corporation
115 Perimeter Center Pl, Suite 460
Atlanta, GA 30346
[Address]

By: _Daniel J. Brown_____     _12/26/12_____
[Name]                          [Date]
SR. COUNSEL, EHS & RISK MGMT.

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Giant Resource Recovery, Inc.
                      [Name]


                      320-D Midland Parkway, Summerville SC 29485
                      [Address]


By: _____          12-10-2012
        [Name]                          [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   <u>Givaudan Flavors Corporation</u>
                              [Name]
               <u>1199 Edison Drive, Cincinnati, Ohio</u> 45216
                              [Address]


By: _____            <u>11/27/2012</u>
              [Name]                              [Date]

   Jane E. Garfinkel
   Senior Vice President and General
   Counsel, Flavors and Fragrances,
   North America

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   ___Goodrich Corporation, formerly The B.F. Goodrich Company
                                             [Name]


                                  _2730 W. Tyvola Road, Charlotte, NC 28217_
                                                  [Address]


By: _____        __12/10/12__
        [Name]  Sarah A. Dan            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Greif, Inc.

425 Winter Road, Delaware, Ohio
[Address]

By: _____              January 2, 2013
         Jeffrey C. Wood                                    [Date]
Vice President Global Risk Management

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:      _____GTE Corporation_____
                                                    [Name]

                                    c/o Jean Agostinelli,
                                    GTE Corporation
                                    One Verizon Way
                                    VC34W453
                                    Basking Ridge, NJ 07920
                                    972-718-3687

                                    _____
                                                    [Address]


By: _____          ___24 Dec 2012___
        Rosalynn Young, Assistant Secretary          [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Gulfstream Aerospace Corporation

500 Gulfstream Road, M/S B-06, Savannah, GA 31407

By: _____          12/21/12
          John I. Neely                              [Date]
          Deputy General Counsel
          Gulfstream Aerospace Corp.

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   ___Hamilton Sundstrand Corporation, formerly Sundstrand Aerospace

<div align="center">[Name]</div>


<div align="center">*1 Hamilton Road, Windsor Locks, CT 06096*</div>
<div align="center">[Address]</div>


By: _____          *12|10|12*_____
    [Name] *Sarah H. Davis*                [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     _____Hampshire Chemical Corp._____
                              [Name]

                           2030 Dow Center, Midland MI 48674__
                              [Address]

By: _____      ___1/17/2013___
  [Shannon Callahan,
Authorized Representative]                          [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Honeywell International Inc.
                        101 Columbia Rd.
                        Morristown, NJ  07960



By: _____          _____
         John J. Morris                       1/16/13

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   HOUBA, INC.
                      (now known as Acura Pharmaceutical Technologies, Inc.)

                      c/o Acura Pharmaceuticals, Inc.
                      616 N. North Court, Suite 120
                      Palatine, IL 60067


By: _____          _12/23/12_
    Peter A. Clemens                        [Date]
    Senior Vice President and
    Chief Financial Officer


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _Robert C. Ross, Exe. Dir_

_Housing Authority of Paducah_
[Name]

_2330 Ohio Street, Paducah, KY 42003_
[Address]

By: _Robert C. Ross_      _12-27-2012_
       [Name]            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    ___Illinois Central Railroad Company (f/k/a Illinois Central Gulf Railroad)_____

[Name]

17641 Ashland Avenue, Homewood, IL 60430
_____
[Address]

By: _____          _dec 3/2012_
          [Name]                                    [Date]

Assistant Vice-President
Environment

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:       <u>Illinois Tool Works Inc.</u>
                                     [Name]

                              3600 West Lake Avenue
                <u>Glenview, Illinois  60026</u>
                                 [Address]

By _____      <u>12/27/12</u>
                   [Name]                          [Date]
          Philip S. Dallosto
        Deputy General Counsel
          & Assistant Secretary

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: _____In-Chem Corp._____
[Name]

_____500 121 River Rd Rock Hill, SC 29730_____
[Address]


By: _____Brian Adams_____          _____12/18/2012_____
[Name]                                    [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter
of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall
County, Kentucky:

FOR SETTLING PARTY:   <u>International Specialty Products, Inc. (ISP).</u>
[Name]

5200 Blazer Parkway
Dublin, OH 43017

[Address]

By: _____      _____
[Name]                                              [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _____Invensys_____
                              [Name]
                    33 Commercial Street, 651-22, Foxboro, MA 02035
                              [Address]

By: _____          ____12/22/12____
          [Name]                            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:  _Iowa Paint Manufacturing Co. Inc._
                     [Name]

                     _3417 Southern Hills Drive_  Des Moines, Iowa 50321
                     [Address]

By: _____          _12/21/12_
      [Name]                          [Date]
    Thomas C. Goldman

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    <u>Jet Aviation (f/k/a Midcoast Aviation)</u>
                             [Name]

                         6400 Curtiss-Steinberg Drive
                         Cahokia, IL  62206

                            [Address]

By: _____        <u>December 20, 2012</u>
        [Name]                       [Date]

Charles F. Krugh
Sr. Vice President & General Manager

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   KIK Custom Products, Inc.
                                                [Name]

                             101 MacIntosh Blvd. Concord Ontario
                                        [Address]      Canada L4K 4R5

By:   _Scott Churbock_____          _12/21/12_____
            [Name]                                    [Date]
      Scott Churbock
      Vice President, Environmental, Health.
      Safety & Sustainability

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    ___Koppers Inc._____
                                              [Name]


                                  _436 Seventh Avenue, Pittsburgh, PA 15219_
                                              [Address]


By: _____          ___1/6/12_____
            [Name]                                              [Date]

        Leslie S. Hyde
        VP, Safety; Environmental Affairs

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     L.E. Carpenter & Co.
[Name]

33587 Walker Rd, Avon Lake, Ohio  44012
[Address]

By: _____     02 January 2013
[Name]                [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    *Logan Aluminum Inc*
                              [Name]

                       *6920 Lewisburg Road, PO Box 3000*
                       *Russellville, KY 42276*
                              [Address]

By: *Randy Schumacker, President*        *Dec 21, 2012*
       [Name]                               [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

LOUISVILLE REGIONAL AIRPORT AUTHORITY

FOR SETTLING PARTY: _Charles T. Miller_
[Name]

700 _Administration Dr., Louisville, KY 40209_
[Address]

By: _____      _Dec. 6 2012_
[Name]                                            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     **MACK TRUCKS, INC.**

> 7825 National Service Road
> Greensboro, North Carolina 27409


By: _____          12/27/2012
    Thayer Dolan, Jr.
    Associate General Counsel
    Mack Trucks, Inc.

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     <u>Marathon Oil Company</u>

<u>5555 San Felipe Street, Houston, TX 77056</u>
[Address]

By: <u>R. Douglas Rogers</u>      <u>11-29-2012</u>
    R. Douglas Rogers          [Date]



FOR SETTLING PARTY:   <u>Marathon Petroleum Company LP By MPC Investment LLC, Its General Partner as assignee of Marathon Oil Company</u>
[Name]

<u>539 South Main Street, Findlay, OH 45840</u>
[Address]

By: <u>John S. Swearingen</u>      <u>12/18/12</u>
    John S. Swearingen         [Date]



17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Mason & Hanger Corporation (IN1210022272) – IN
Mason Chamberlain, Inc. (MS0800016123) – MS
Mason Chamberlain, Inc. (MS6210020560) - MS

1500 Spring Garden Street – 10th Floor
Philadelphia, PA 19130


By: _Gregory S. Hill_       12/26/2012
Gregory S. Hill
General Counsel
215.299.1556 (office landline)
215.435.6555 (cell)
Greg.Hill@dayzim.com

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:      Mead Johnson Nutrition Company, and
Mead Johnson & Company, LLC
(f/k/a Mead Johnson & Company)
each for itself and as successors in interest to
Bristol-Myers Squibb U.S. Pharmaceutical and
Nutritional Group (a/k/a Bristol-Myers Squibb,
USPNG) and Bristol-Myers Squibb Company

2400 West Lloyd Expressway
Evansville, IN 47721-0001

By: _____      _Dec 13, 2012_
    Stanley Barringer                                   [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Metro Machine Corp.


200 Ligon Street, Norfolk, VA 23523


By: _____          12/20/12
            Michael J. Askew                [Date]
            Authorized Representative
            Metro Machine Corp.

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   ___Milliken & Company_____
[Name]

___4.20 Milliken Road, M-495, Spartanburg, SC 29303___
[Address]

By: ___Kasel E Knight_____        ___12/14/12_____
[Name]                                [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter
of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall
County, Kentucky:

FOR SETTLING PARTY: _____
                        [Name]
                    _____
                        [Address]

By: _____          _____
        [Name]                          [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    _____Morton International, LLC_____
                                           [Name]


                          100 Independence Mall West, Philadelphia PA 19106
                                          [Address]


By: _____        ___1/17/2013___
    [Shannon Callahan,
    Authorized Representative]                        [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   <u>NCR Corporation</u>
<div style="text-align:center">[Name]</div>

7 World Trade <u>Center, 250 Greenwich Street, New York, NY 10007</u>
<div style="text-align:center">[Address]</div>

By: _____     <u>Dec. 5, 2012</u>
<div>　　　　　　[Name]　　　　　　　　　　　　　　　　[Date]</div>

Edward Gallagher
Law Vice President

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:  **NORTHROP GRUMMAN CORPORATION**
            [Name]
          **2980 Fairview Park Drive**
          **M/S: 90-12161A**
          **Falls Church, VA 22042**
            [Address]


By: _____      12/21/2012
     [Name]          [Date]
   Robert J. Ariatti, Jr.
   Senior Counsel


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:  <u>P&H Mining Equipment, Inc. f/k/a Harnischfeger Corporation</u>
                     [Name]


                     <u>4400 W. National Avenue, Milwaukee, WI 53214</u>
                     [Address]


By: _____        <u>January 7, 2013</u>
        [Name]                                   [Date]
        Rick Dillon
        Vice President - Finance

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: _____James D. Nieboer_____
                              [Name]


                    ___Pella Corporation, 102 Main Street, Pella, IA  50219_____
                              [Address]


By: _____        ___12/27/2012_____
           [Name]                              [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     PepsiCo, Incorporated
                                      [Name]

                         1 Pepsi Way
                         Somers, New York 10589

                                      [Address]


By: _____      11/26/12
      [Name]                          [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:      Pfizer Inc. on behalf of itself, its Subsidiaries and Affiliates
                                              [Name]
                                  Pfizer Inc.
                                  235 East 42nd Street
                                  New York, NY  10017
                                          [Address]


*Michael G. Mahoney*

       Michael G. Mahoney
By:   V.P. & Assistant General Counsel          November 28, 2012
            [Name]                                     [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:      Phelps Dodge Industries, Inc.
                                              [Name]

                              333 N. Central Avenue
                              Phoenix, AZ 85004

                              _____
                                              [Address]

By: _____   _____
          L. Richards McMillan II                    [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Philips Electronics North America Corporation
                         on behalf of T.H. Agriculture & Nutrition Co., Chicago Magnet
                         Wire Co. and Philips Electronics North America Corporation.



                         3000 Minuteman Road
                         Andover, MA 01810
                         _____
                                    [Address]



By: _____          December 4, 2012
        Joseph E. Immamorati                        [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Phillips 66 Company on behalf of itself and ConocoPhillips Company, Phillips Petroleum Company, Tosco Wood River Refinery, and Phillips 66 Pipeline LLC formerly known as ConocoPhillips Pipe Line Company.

_____
[Name]

3010 Briarpark, Houston, Texas 77042

_____
[Address]

By: _____ _____12/6/2012_____

Jim R. Smith, Remediation Manager,            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    PPG Industries, Inc.
                       _____
                              [Name]
                       One PPG Place, Pittsburgh, PA  15272
                              [Address]

By: _____          ___1/8/13___
          [Name]                            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   <u>R.T. Vanderbilt Co., Inc.</u>
                                              [Name]


                                  <u>30 Winfield Street, Norwalk, CT 06855</u>
                                              [Address]


By: _____          <u>Nov 26, 2012</u>
          [Name]                                            [Date]

Roger K. Price
President and COO

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: ___Republic Services, Inc., Republic Services of Kentucky, LLC, Allied Waste Industries, Inc., Allied Waste Systems of Pennsylvania, LLC, BFI Waste Systems of North America, LLC, and CECOS International, Inc.___

[Name of Settling Party]


___18500 N. Allied Way, Phoenix, AZ 85054_____

[Address]


By: _____        ____4/1/13_____

[Name] W.T. Eggelstin, Jr.              [Date]

Vice President


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   REXAM INC. AND REXAM BEVERAGE CAN COMPANY

General Counsel's Office
4201 Congress Street, Ste 340
Charlotte, NC 28209
[Address]

By: _____        December 26, 2012
      James L. Kiser                                              [Date]
      Assistant General Counsel

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: _____Ricerca Biosciences, LLC_____
[Name]


7528 Auburn Road, Concord, OH 44077
[Address]


By: _____      12/21/2012
       Timothy E. Tinkler                        [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: ____Rineco_____
[Name]

P.O. Box 729
Benton, AR 72018
[Address]

By: _____     December 6, 2012
       [Name]                                      [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Safety-Kleen Systems, Inc.
                                        [Name]

2600 North Central Expressway, Suite 400
[Address] Richardson, TX  75080

By: _____              11/26/12
         [Name]                                    [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: ___Sasol North America Inc._____
[Name]

900 Threadneedle, Suite 100
Houston, TX 77079
[Address]


By: _Ann McWatters_____        __11/23/12_____
[Name]                                      [Date]
Ann McWatters
General Counsel

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:  _____SET Environmental, Inc._____
[Name]

_____450 Sumac Rd Wheeling, IL 60090_____
[Address]

By: _____     _____11/26/12_____
[Name]                                    [Date]

Dave DeVries
President

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Shell Oil Company and Its Affiliates and Subsidiaries; Motiva Enterprises LLC

[Name]

910 Louisiana Street

Houston Texas 77002

[Address]

By: _____    _____
        [Name]                                                    [Date]

Senior Attorney

Shell Oil Company

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _Sigma-Aldrich Co LLC_____
[Name]

_3050 Spruce St. St Louis Mo_____
[Address]

By: _____        _3/1/13_____
[Name] George C. Miller        [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Steelcase Inc.
                                         [Name]

                               901 44th Street, SE
                               Grand Rapids, MI 49508
                                         [Address]

By: _____          12-5-12_____
            [Name]                              [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:      ___Stepan Company_____
                                                         [Name]

                                    22 West Frontage Road
                                    Northfield, IL  60093_____
                                                         [Address]


By: _____          ___March 21, 2013___
        H. Edward Wynn, Vice President, General                    [Date]
        Counsel and Secretary

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:      Sunoco, Inc.

1735 Market Street, Philadelphia, PA 19103

By: _____          4/3/2013

Joseph Roberts
Manager of Corporate Environmental
Remediation

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

**Sunoco, Inc. to the extent liable at the at the Site for the liability of Aristech Chemical Corporation, Aristech Chemical Research, the former USS Chemicals Division of U.S. Steel Corporation or for the liability of Mitsubishi Corporation for the liability of Aristech Chemical Corporation or the former USS Chemicals Division of U.S. Steel Corporation**

FOR SETTLING PARTY: _____

_1735 Market Street, Philadelphia, PA 19103_
[Address]

By: _John W. Robert_        _4/3/13_
      Joseph W. Roberts              4/3/2013
Manager – Corporate Environmental Remediation

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   <u>SUN CHEMICAL CORPORATION (FOR LOMAC, INC.,</u>

<u>PHTHALCHEM, INC., AND CYCHEM, INC.)</u>
[Name]

<u>35 Waterview Boulevard, Parsippany, New Jersey 07054</u>
[Address]

By: _____        _____
     Eric R. Finkelman                                                        [Date]
     Vice President, General Counsel
     and Secretary

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter
of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall
County, Kentucky:

FOR SETTLING PARTY: _____

James Connor, President and CEO

Tecumseh Products Company
1136 Oak Valley Drive
Ann Arbor, Michigan 48108

By: _____     _____
        [Print Name]                            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Teva Pharmaceuticals USA, Inc.                    .
                                       [Name]

                       1090 Horsham Road, North Wales, PA  19454        
                                       [Address]

By: _____        _____November 30, 2012_____
         Kirsten E. Bauer                            [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    ___Texas Gas Transmission, LLC_____
                                           [Name]


                    ___3800 Frederica Street; Owensboro, KY  42301___
                                           [Address]


By: _____          ___11/28/2012___
           [Name]                                    [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     TEXAS INSTRUMENTS INCORPORATED

                        12500 TI BOULEVARD, DALLAS, TEXAS


By: _____          1-7-13
    David Thomas, Vice President

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: ___Textileather Corporation_____ .
                              [Name]

_3729 Twining Street_
_Toledo, Ohio 43608_
                    [Address]

By: _____          _11/21/12_
         [Name]                        [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     The Boeing Company
                                 100 North Riverside Plaza
                                 Chicago, Illinois 60606-1596


By: _____       12-17-2012
         Sturla Olsen                                Date
         Senior Counsel
         The Boeing Company
         P.O. Box 516
         MC S100-3340
         Saint Louis, Missouri 63166-0516

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:          The Goodyear Tire & Rubber Company
                             1144 East Market Street
                             Akron, OH 44316-0001



By: _____          Date: January 3 , 2013
        Donald E. Stanley
        Vice President

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    ___The Lubrizol Corporation_____
                                          [Name]

                          29400 Lakeland Boulevard_____
                          Wickliffe, OH  44092_____
                          Attn: Karen L. Walter, Counsel_____
                                          [Address]

By: _____        _____
              [Name]                              [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: <u>The Sherwin-Williams Company</u>
[Name]

<u>101 Prospect Avenue, Cleveland, Ohio 44115</u>
[Address]

By: _____     <u>12/21/12</u>
[Name]                                     [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: **THE VALSPAR CORPORATION**
         for itself and as successor by merger to Lilly Industrial
         Coatings, Inc. and American Aerosols
            [Name]

         P.O. Box 1461
         901 3rd Avenue South
         Minneapolis, MN  55440
           [Address]


By: _Jeff Hayward_____   February 2?, 2013_____
    [Name]           [Date]
_Jeffrey J. Hayward, Esq._
_Environmental & Regulatory Counsel_

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _Thermo Fisher Scientific, Inc._

[Name]

_81 Wyman Street, Waltham MA 02451_

[Address]

By: _____          _12/26/12_

[Name]                                 [Date]

_Robert Pettie_
_VP Risk Management_
_Assistant Secretary_

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     <u>Three Rivers Management, Inc., agent for Beazer East, Inc.</u>

[Name]

```
Manor Oak One, Suite 200
1910 Cochran Road
Pittsburgh, Pennsylvania 15220
```

[Address]


By: _____    __12-6-12__

        [Name]                [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter
of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall
County, Kentucky:


FOR SETTLING PARTY:   Total Petrochemicals & Refining USA, Inc.


1201 Louisiana Street, Houston, Texas 77002


By: _____        12/31/2012

[Danny Kite]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Toyota Motor Engineering & Manufacturing North America, Inc. for itself and on behalf of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Manufacturing, Indiana, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Motor Manufacturing, West Virginia, Inc.

[Name]

25 Atlantic Avenue, Erlanger, Kentucky 41018
[Address]

By: _____     12/17/12
[Name]                            [Date]

4692434.1

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries, Inc., as successor to Pollution Control Industries of Indiana, Inc.

<div style="text-align:center">

1501 W. 22nd Street, Suite 500
Oak Brook, Illinois, 60523

</div>

By: _____          _____
    Alberto Diez, Chairman                           November 29, 2012


FOR SETTLING PARTY:    Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries of Tennessee, LLC,.

<div style="text-align:center">

1501 W. 22nd Street, Suite 500
Oak Brook, Illinois, 60523

</div>

By: _____          _____

    Alberto Diez, Chairman                           November 29, 2012

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:       Trimac Equipment Leasing, Inc., as successor to the
                          interests of Trimac, Inc., Trimac Transportation East Inc.,
                          as successor to the interests of Liquid Transporters, Inc.,
                          and Triplus, Inc., as successor to the interests of Trimac
                          Bulk Transportation, Inc.

                          Trimac Equipment Leasing, Inc.
                          1700, 800 – 5 Avenue SW
                          Calgary, Alberta, Canada T2P-5A3

By: _____          December 5, 2012
    Colin S. Grierson                         [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter
of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall
County, Kentucky:


FOR SETTLING PARTY:   <u>Unisys Corporation (and for its predecessor entities
Burroughs Corporation and Vickers, Inc)</u>

                                [Name]


                    801 Lakeview Drive Suite 100
                    Blue Bell, PA 19422
                                [Address]


By: Kevin Krueger_____        _____December 21, 2012_____
        [Name]                                  [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:        United States Steel Corporation
                           600 Grant Street, Room 1500
                           Pittsburgh, PA  15219



By: _____        December 3, 2012
    David L. Smiga                            _____
    Assistant General Counsel - Environmental       [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Univar USA Inc. As a successor to Mozel, Inc. and HVC, Inc.

17425 NE Union Hill Road, Redmond, WA  98052

By: _____     _____

Leslie R. Schenck, Vice President,                    December 20, 2012
Associate General Counsel and Chief
Compliance Officer

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY: _____Waste Control Specialists LLC_____
                                                            [Name]

5430 LBJ Frwy #1700
Dallas  Tx  75240
                                        [Address]

By: _____          _____12/19/2014_____
              [Name]                              [Date]

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:      Westlake Vinyls, Inc.
                                              [Name]

                        2801 Post Oak Blvd Houston Tx
                                              [Address]

By: _____        12-17-2012
             [Name]                              [Date]

17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY: ___Weyerhaeuser NR Company as assignee of Weyerhaeuser Company_____
                                                        [Name]


                                    33663 Weyerhaeuser Way S, Federal Way, WA 98003
                                                        [Address]


By: *Carol Wiseman*                        *Nov 26, 2012*
              [Name]                                    [Date]


17

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3751, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    _____Wilbur-Ellis Company_____
                                             [Name]


                                  _345 California Street, 27th Floor, San Francisco, CA 94104_
                                             [Address]


By: _____        _____12/21/12_____
        David P. Granoff, Secretary                   [Date]

17

## Appendix A

| |
|---|
| Air Products and Chemicals, Inc. for itself and on behalf of Air Products, Incorporated; Air Products, L.P.; Air Products Manufacturing Corporation; and including all other current and former subsidiaries and affiliates |
| Akebono Brake Corporation |
| Albaugh, Inc. |
| Alcoa Inc. on behalf of Rea Magnet Wire Company, Inc. |
| Arkema Inc. (f/k/a Atofina Chemicals, Inc., Elf Atochem North America Inc., Atochem North America Inc., and Pennwalt Corporation) and for Cook Composites & Polymers Co.'s former Lemont, IL facility and North Kansas City, MO facility |
| Akzo Nobel Chemicals, LLC, on behalf of itself and the entities identified in the LWD Database as "Akzo Nobel Chemicals, Inc." and "Akzo Nobel Resins (Resin Operations)" |
| Akzo Nobel Coatings, Inc. on behalf of itself and the entity identified in the LWD Database as "Reliance Universal, Inc." |
| Akzo Nobel Functional Chemicals, LLC., on behalf of itself and the entity identified in the LWD Database as "Akzo Nobel Functional Chemicals" |
| Akzo Nobel Inc., on behalf of itself and the entity identified in the LWD Database as "Bofors Nobel, Inc." |
| Ashland Inc. |
| Atlantic Richfield Company/BP Products North America, Inc./The Standard Oil Company |
| BAE Systems Land & Armaments LP, formerly known as United Defense, L.P. (incorrectly identified as "United Defense/FMC-BMY") |
| BASF Corporation on its own behalf and as successor-in-interest to Cognis Corporation |
| Baxter Healthcare Corporation on behalf of Travenol Laboratories, Inc. |
| BNSF Railway Co. |
| Braskem Americas, Inc. (f/k/a Aristech Chemical Corporation) |
| Brown Printing Company |
| Callaway Chemical Company, a subsidiary of Vulcan Materials Company, and Vulcan Materials Company (Callaway was dissolved by Vulcan on 12/16/07) |
| Cargill, Inc. |
| CCP Composites US LLC formerly Cook Composites and Polymers |
| Chase Brass & Copper Co. |

4/10/13

## Appendix A

| |
|---|
| Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron U.S.A. Inc., Texaco Inc., and Union Oil Company of California |
| CNA Holdings LLC |
| Commonwealth Edison Company |
| Continental Airlines, Inc. |
| DanChem Technologies, Inc. |
| Dart Container Corporation of KY, a MI corporation |
| Deere & Company |
| Del Monte Corporation |
| Dematic Corp., a Delaware corporation (successor-in-interest to Rapistan Corp.) |
| Devro Inc. |
| Donaldson Company, Inc. |
| DRS Technologies, Inc. |
| DSM Chemicals North America, Inc. |
| E.I. du Pont de Nemours and Company |
| EnergyNorth, Inc. |
| Engineered Air Systems |
| Enterprise TE Products Pipeline Company LLC |
| Environmental Enterprises Inc. |
| FKI Automotive and related parties:  Keeler Brass Automotive, Keeler Brass Co., Keeler Murakami, Inc. and Bridon American Corp. |
| FMC Corporation |
| GenCorp Inc./Diversitech General Inc. |
| General Dynamics Land Systems |
| Genesco Inc. |
| Georgia Gulf Corporation |
| Giant Resource Recovery, Inc. |
| Givaudan Flavors Corporation |
| Goodrich Corporation, formerly The B.F. Goodrich Company |
| Greif, Inc. |
| GTE Corporation |
| Gulfstream Aerospace Corporation |

## Appendix A

| |
|---|
| Hamilton Sundstrand Corporation, formerly Sundstrand Aerospace |
| Hampshire Chemical Corp. |
| Honeywell International, Inc. |
| Houba, Inc. (now known as Acura Pharmaceutical Technologies, Inc.) |
| Housing Authority of Paducah |
| Illinois Central Railroad Company (f/k/a Illinois Central Gulf Railroad) |
| Illinois Tool Works Inc. |
| In-Chem Corp. |
| International Specialty Products, Inc. (ISP) |
| Invensys |
| Iowa Paint Manufacturing Co. Inc. |
| Jet Aviation (f/k/a Midcoast Aviation) |
| KIK Custom Products, Inc. |
| Koppers Inc. |
| L.E. Carpenter & Co. |
| Logan Aluminum Inc. |
| Louisville Regional Airport Authority |
| Mack Trucks, Inc. |
| Marathon Oil Company |
| Marathon Petroleum Company LP By MPC Investment LLC, Its General Partner as assignee of Marathon Oil Company |
| Mason & Hanger Corporation and Mason Chamberlain, Inc. |
| Mead Johnson Nutrition Company and Mead Johnson & Company, LLC (f/k/a Mead Johnson & Company); each for itself and as successors in interest to Bristol-Myers Squibb U.S. Pharmaceutical and Nutritional Group (a/k/a Bristol-Myers Squibb, USPNG) and Bristol-Myers Squibb Company |
| Metro Machine Corp. |
| Milliken & Company |
| Modine Manufacturing Company |
| Morton International, LLC. |
| NCR Corporation |
| Northrop Grumman Corporation |
| P&H Mining Equipment, Inc. f/k/a Harnischfeger Corporation |

4/10/13

**Appendix A**

| |
|---|
| Pella Corporation |
| PepsiCo, Incorporated |
| Pfizer Inc. on behalf of itself, its Subsidiaries and Affiliates |
| Phelps Dodge Industries, Inc. |
| Philips Electronics North America Corporation on behalf of T.H. Agriculture & Nutrition Co., Chicago Magnet Wire Co. and Philips Electronics North America Corporation |
| Phillips 66 Company on behalf of itself and ConocoPhillips Company, Phillips Petroleum Company, Tosco Wood River Refinery, and Phillips 66 Pipeline LLC formerly known as ConocoPhillips Pipe Line Company |
| PPG Industries, Inc. |
| R.T. Vanderbilt Co., Inc. |
| Republic Services, Inc., Republic Services of Kentucky, LLC, Allied Waste Industries, Inc., Allied Waste Systems of Pennsylvania, LLC, BFI Waste Systems of North America, LLC, and CECOS International, Inc. |
| Rexam Inc. and Rexam Beverage Can Company |
| Ricerca Biosciences, LLC |
| Rineco |
| Safety-Kleen Systems, Inc. |
| Sasol North America Inc. |
| SET Environmental, Inc. |
| Shell Oil Company and Its Affiliates and Subsidiaries; Motiva Enterprises LLC |
| Sigma-Aldrich Co. LLC |
| Steelcase Inc. |
| Stepan Company |
| Sunoco, Inc. |
| Sunoco, Inc. to the extent liable at the at the Site for the liability of Aristech Chemical Corporation, Aristech Chemical Research, the former USS Chemicals Division of U.S. Steel Corporation or for the liability of Mitsubishi Corporation for the liability of Aristech Chemical Corporation or the former USS Chemicals Division of U.S. Steel Corporation |
| Sun Chemical Corporation (for Lomac, Inc., Phthalchem, Inc., and Cychem, Inc.) |
| Tecumseh Products Company |
| Teva Pharmaceuticals USA, Inc. |

4/10/13

## Appendix A

| |
|---|
| Texas Gas Transmission, LLC |
| Texas Instruments Incorporated |
| Textileather Corporation |
| The Boeing Company |
| The Goodyear Tire & Rubber Company |
| The Lubrizol Corporation |
| The Sherwin-Williams Company |
| The Valspar Corporation for itself and as successor by merger to Lilly Industrial Coatings, Inc. and American Aerosols |
| Thermo Fisher Scientific, Inc. |
| Three Rivers Management, Inc., agent for Beazer East, Inc. |
| Total Petrochemicals & Refining USA, Inc. |
| Toyota Motor Engineering & Manufacturing North America, Inc. for itself and on behalf of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Manufacturing, Indiana, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Manufacturing, West Virginia, Inc. |
| Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries, Inc., as successor to Pollution Control Industries of Indiana, Inc. |
| Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries of Tennessee, LLC |
| Trimac Equipment Leasing, Inc., as successor to the interests of Trimac, Inc., Trimac Transportation East Inc., as successor to the interests of Liquid Transporters, Inc., and Triplus, Inc., as successor to the interests of Trimac Bulk Transportation, Inc. |
| Unisys Corporation  (and for its predecessor entities Burroughs Corporation and Vickers, Inc.) |
| United States Steel Corporation |
| Univar USA Inc. as a successor to Mozel, Inc. and HVC, Inc. |
| Waste Control Specialists LLC |
| Westlake Vinyls, Inc. |
| Weyerhaeuser NR Company as assignee of Weyerhaeuser Company |
| Wilbur-Ellis Company |

Appendix B to LWD, Inc. Site Administrative Settlement Agreement

List of Settling Federal Agencies

Centers for Disease Control and Prevention, to include National Institute for Occupational Safety and Health

Federal Aviation Administration

National Aeronautics and Space Administration

United States Defense Logistics Agency, including but not limited to DLA Disposition Services which was formerly known as the Defense Reutilization and Marketing Service which was previously known as Defense Property Disposal Service which included Defense Reutilization and Marketing Offices/Defense Property Disposal Offices, the Defense National Stockpile, and the Defense Distribution Depots/Regions

United States Department of Agriculture, to include U.S. Forest Service, Northeastern Forest Experiment Station, Agricultural Research Service, National Center for Agricultural Utilization Research, Natural Resources Conservation Service, Farm Service Agency, and Food Safety and Inspection Service

United States Department of Commerce, to include Bureau of Census

United States Department of Homeland Security, to include Federal Emergency Management Agency, Federal Law Enforcement Training Center, and United States Coast Guard

United States Department of Housing and Urban Development

United States Department of Justice, to include the Federal Bureau of Investigation, Federal Bureau of Prisons (including Federal Prison Industries), United States Drug Enforcement Administration, and United States Marshals Service

United States Department of Labor, to include the Mine Safety and Health Administration

United States Department of the Air Force, and on behalf of Air National Guard

United States Department of the Army, to include Army Corps of Engineers, Army Reserves, and the National Guard Bureau

United States Department of the Interior, to include Fish and Wildlife Service, and the National Park Service

United States Department of the Navy, to include United States Marine Corps, and Navy and Marine Corps Reserves

United States Department of Veterans Affairs

United States Environmental Protection Agency

United States General Services Administration

United States Postal Service

United States Small Business Administration

# Appendix C

## (Map of Site)



SITE LOCATION

JD INC. SITE
CALVERT CITY, MARSHALL COUNTY, KENTUCKY

FIGURE 1
SITE LOCATION MAP

TETRA TECH EM INC.



INSET A
Legend
Roll-Off Box With Number Designation
Roll-Off Box From Which Sample LWD-AQ-07 Was Taken
Roll-Off Box From Which Sample LWD-AQ-08 Was Taken
Roll-Off Box From Which Sample LWD-AQ-09 Was Taken
Roll-Off Box From Which Sample LWD-W-10 Was Taken
Roll-Off Box From Which Sample LWD-W-11 Was Taken
INSET B
Ramp
OFFICE TRAILER
DRUM STORAGE
DRUM PREP AND RECEIVING BUILDING
SEE INSET B
SEE INSET A
TANK FARM
INCINERATORS
UNIT NO. 3 ASH BUILDING
SCRUBBER WATER COOLING TOWER
INCINERATOR
BAG HOUSES
CAUSTIC STORAGE TANKS
SCRUBBER WATER COOLING TANKS
BOILER BUILDING
Legend
Existing Structure
Railroad
Roll-Off Box
Frac Tank
Tanker Truck/ Semi-Trailer
Sampling Locations
AST Sampling Location (See Inset)
Roll-Off Sampling Location (See Inset)
Approx. Scale in Feet
LWD, INC. SITE
CALVERT CITY, MARSHALL COUNTY, KENTUCKY
FIGURE 3
SITE LAYOUT AND SAMPLING LOCATION MAP
TETRA TECH EM INC.