**ATTORNEYS AT LAW**
Gary B. Houston
E. Spivey Gault
Mark C. Whitlow
E. Frederick Straub, Jr.
R. Christion Hutson
James A. Sigler
C. Thomas Miller
James R. Coltharp, Jr.
Jonathan R. Oliver*
Sharlott K. Higdon
Nicholas M. Holland**
Elizabeth A. Wieneke*
Whitney A. Englert

*Also admitted in IL
**Also admitted in VA and DC



**STREET ADDRESS**
Old National Bank Building
300 Broadway
Paducah, Kentucky 42001

**MAILING ADDRESS**
Post Office Box 995
Paducah, Kentucky 42002-0995
Phone 270-443-4516
Fax 270-443-4571
www.whitlow-law.com

**OF COUNSEL**
Richard C. Roberts
J. Duncan Pitchford

*Thomas S. Waller 1890-1975*
*Thomas W. Threlkeld 1905-1985*
*Henry O. Whitlow 1914-2005*

March 28, 2014

**VIA EMAIL SUBMITTAL ONLY**

U.S. Environmental Protection Agency
Region 4
Superfund Division
61 Forsyth Street, SW
Atlanta, Georgia 30303
Attn: Paula V. Painter

RE: LWD, Inc. Superfund Site; Calvert City, Marshall County, Kentucky; Notice of Settlement; CERCLA Docket No. 04-2013-3763

      Comments on Proposed 122(h) CERCLA Settlement

Dear Ms. Painter:

Please accept the following comments concerning the proposed 122(h)(1) CERCLA Settlement relating to the LWD, Inc. Superfund Site, notice of which was published in the federal register on March 14, 2014. These comments are submitted on behalf of 54 companies representing the interests of certain alleged generators at the LWD, Inc. Superfund Site that have formed a joint defense group to defend against claims asserted against them relating to the site (the "JDG").

We understand that the proposed 122(h)(1) settlement, a settlement of EPA past costs, follows approximately one year after an earlier 122(h) EPA past cost settlement concluded in the first half of 2013 (the "Initial EPA Past Cost Settlement"). Our communications with the agency in 2013 confirm that as of October 10, 2012, EPA had incurred $5,812,452.00 in response costs relating to the LWD Site, of which approximately $699,200 had not been recovered as of mid-2013.

In the latter half of 2013, representatives of the JDG engaged in negotiations with EPA regional counsel to settle directly with the agency the JDG's potential liability for EPA past costs, offering to pay $625,000, an amount that was initially looked upon favorably by the agency but then rejected by letter dated September 10, 2013 (See attached). As several of the settling party signatures to the proposed 122(h) EPA past cost settlement were made in mid-

Paula Painter
March 28, 2014
Page -2-

September 2013, immediately after EPA's rejection of the JDG's offer, it is apparent that the agency determined to accept settlement and recovery of its shortfall of costs from PRPs other than the JDG.

With this preface, we offer the following comments on the proposed settlement.

1. The Liability Status of the Settling Parties to the Proposed Settlement

What is most remarkable regarding this proposed settlement is that not a single settling party bears any CERCLA liability for the EPA past costs it agrees to pay in settlement.

With respect to the great majority of settling parties, specifically those that are also parties to the Initial EPA Past Cost Settlement, such parties are the beneficiaries of a covenant not to sue by the agency for the very costs that are the subject to the proposed settlement, i.e., EPA past costs incurred through October 10, 2012. Section 19 of the Initial EPA Past Cost Settlement provides that "… EPA covenants not to sue or take administrative action against Settling Parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. 9607(a), to recover Past Response Costs."

With respect to all other parties participating in the proposed settlement, the limitation period has fully run with respect to the government's right to seek cost recovery of any outstanding costs relating to its removal action activities. As the agency notes in the proposed settlement, notice of completion of the removal action was issued by EPA on September 29, 2009, with the removal action undoubtedly completed some time prior to that date. The limitation period for the government to seek cost recovery of its costs expired three years from completion of the removal action, i.e., sometime prior to September 29, 2012. CERCLA Section 113(g)(2)(A). Even including such parties' agreement to briefly toll the limitation period, the government's claim expired in mid-2013.

As such, it must be acknowledged that the settling parties voluntarily are entering into the proposed settlement. In other words, not a single settling party bears any current liability for the costs it is now willing to pay to the government.

2. Identity of Settling Parties

Our final comment concerns the obscurity with which a number of settling parties are identified. Please note that the proposed settlement affords the settling parties contribution protection and a covenant not sue. It further imposes obligations to provide information to the agency, retention of records and notice of claims regarding matters related to the settlement. The settling parties additionally specifically waive claims against De Micromis Parties, Ability to Pay Parties, and MSW Generators and Transporters. Nonetheless, several settling parties to the proposed settlement agreement have been permitted to participate and execute on any exceedingly expansive basis of identity. Please note the following examples:

Paula Painter
March 28, 2014
Page -3-

      Air Products and Chemicals, Inc. for itself and on behalf of Air Products, Incorporated; Air Products, L.P.; Air Products Manufacturing Corporation; and including all other current and former subsidiaries and affiliates

      Pfizer Inc. on behalf of itself, its Subsidiaries and Affiliates

      Shell Oil Company and Its Affiliates and Subsidiaries

      Such broadly-cast signature blocks call into question not only the authority of the individual to bind the potentially hundreds of parties encompassed by these descriptions, it makes it impossible for the public, including other PRPs at the Site, to determine which entities are being embraced by the proposed settlement. It is wholly inappropriate for the government to enter into a settlement with parties that are so improperly identified, particularly a settlement that affords contribution and covenant not to sue protections as the proposed settlement.

      We therefore request that the proposed settlement be revised with a better considered and appropriate identification of the settling parties.

                                Sincerely,

                                WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC

                                J. Duncan Pitchford
                                dpitchford@whitlow-law.com

JDP:jdp

Attachment



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 4
ATLANTA FEDERAL CENTER
61 FORSYTH STREET
ATLANTA, GEORGIA 30303-8960

September 10, 2013

VIA EMAIL

Mr. J. Duncan Pitchford
Whitlow, Roberts, Houston & Straub, PLLC
Old National Bank Building
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
dpitchford@whitlow-law.com

Re: Settlement Proposal by Joint Defense Group; LWD Superfund Site

Dear Mr. Pitchford:

The United States Environmental Protection Agency, in consultation with the United States Department of Justice, has reviewed the settlement proposal of the Joint Defense Group (JDG) to resolve its liability for certain past response costs incurred by the EPA at the LWD Superfund Site, in Calvert City, Kentucky (the Site).

While the EPA appreciates the JDG's proposal to pay a portion of the EPA's past response costs at the Site, this letter is to inform the JDG that the EPA is unable to accept the JDG's settlement offer.

Sincerely,

F. Marshall Binford, Jr.
Associate Regional Counsel

cc: Thomas Mesevage
Rudolph C. Tanasijevich, EPA
Valerie Mann, U.S. DOJ