# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CIVIL ACTION NO. 5:12-CV-00127-JHM**

**LWD PRP GROUP**                                                                      **PLAINTIFF**

**V.**

**ACF INDUSTRIES, LLC,** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On August 31, 2012, the LWD PRP Group filed this civil action under the Comprehensive Environmental Response, Compensation & Liability Act, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). On April 8, 2013, seventy-seven of the Defendants filed a motion to dismiss [DN 776]. The list of the Defendants filing this motion was amended through a motion for leave to substitute [DN 849], which the Court granted on April 12, 2013 [DN 853]. Thereafter, two of the listed Defendants—AK Steel Corp. and Avery-Dennison Corp.—were dismissed from the action with prejudice and withdrew from the pending motion to dismiss. (See Order [DN 956].)

Subsequently, several additional Defendants filed their own motions to dismiss, in which they incorporated the arguments raised in the first motion. (See Mots. to Dismiss [DN 857, 865, 881, 921, 934, 950].) The LWD PRP Group responded. (Pls.' Resp. [DNs 914, 922, 937, 952].) The Defendants replied. (Reply to Pl.'s Resp. [DN 935].) Later, on February 7, 2014, the Court entered a Memorandum Opinion and Order [DN 961], denying the Defendants' motions to dismiss. Now, several of these Defendants, known as the "Joint Defense Group," or the "JDG," have filed a motion for reconsideration [DN 971].[1] This matter is before the Court on this motion.

---

[1] Exhibit A to the Defendants' motion for reconsideration lists seventy-eight Defendants who are seeking reconsideration of the Court's February 7, 2014 Memorandum Opinion and Order. (See Exhibit A [DN 971-1] 1-2.) Since the filing of the Defendants' motion, however, several of the Defendants have been dismissed with prejudice, including: Momentive Specialty Chemicals Inc.; Quality Carriers, Inc. [improperly captioned as Quality Distribution

# I. BACKGROUND

In its motion for reconsideration, the JDG first argues that the Court should reconsider its analysis because it "rests upon an error in fact which is material to the Order." (JDG's Mot. [DN 971] 1.) In this respect, the JDG focuses on the Court's holding that it would apply the statute of limitations from § 113(g)(2) because the Removal Action AOC was not a § 122(h) cost-recovery settlement and none of the triggering events in § 113(g)(3) had occurred. According to the JDG, the Court "justifies the contradictory decisions in this case and Hobart II by distinguishing the Hobart ASAOC and the 2007 ASAOC. Upon review of the two ASAOCs, however, the distinction identified by the Court simply does not exist." (Id. at 3.) More specifically, the JDG highlights that in citing Hobart II, the Court concluded that the AOC at issue in that action differed from the Removal Action AOC in this case since it "stated that it was entered into . . . and authorized by 'Sections 104, 107 and 122, including 122(h) of CERCLA,'" while § 122(h) "was not expressly referenced" in the Removal Action AOC. (Mem. Op. & Order [DN 961] 4.) The JDG argues that a review of the documents reveals no such difference, however—and that the AOCs are actually "indistinguishable with regard to their reference to Section 122(h)." (JDG's Mot. [DN 971] 4.)

In addition, the JDG argues that the Court should reconsider its analysis because "it is manifest legal error to conclude that the PRP Group initiated 'an initial action for the recovery of costs' under Section 107(a) with regard to its 2007 ASAOC costs." (Id. at 1.) According to the JDG, such a categorization "ignore[s] applicable Supreme Court precedent, the express language of the underlying 2007 ASAOC, and previous decisions of the Sixth Circuit . . . ." (Id. at 1-2.)

---

Inc.]; ECOFLO, Inc.; Cummins Inc.; Eagle Ottawa LLC [improperly captioned as Everett Smith Group, Ltd.]; Georgia Pacific, LLC; Koch Industries, Inc.; Flint Hills Resources Pine Bend, LLC [improperly captioned as Flint Hills Resources, LP]; Triumph Aerostructures, LLC [improperly captioned as Textron Inc.]; Zeneca, Inc. f/k/a Zeneca Specialties Inc. [improperly captioned as Zeneca Specialties and AstraZeneca Pharmaceuticals LP]; HCA Realty, Inc.; Olympia Fields Osteopathic Hospital; Terre Haute Regional Hospital; and Borgess Medical Center. (Orders [DNs 974, 977, 983, 984, 986, 989, 996, 997, 1007, 1008, 1009].) This leaves sixty-four Defendants seeking reconsideration. These Defendants comprise the "Joint Defense Group," or the "JDG."

As an alternative to its motion for reconsideration, the JDG requests that the Court certify the issue of the proper statute of limitations for interlocutory appeal—or stay this matter pending the ruling of the Sixth Circuit in the Hobart case. (JDG's Mot. [DN 971] 10-11.)

## II. STANDARD OF REVIEW

Motions to alter, amend, or vacate under Fed. R. Civ. P. 59(e) may be granted if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59(e) is not intended to be used to "relitigate issues previously considered or to submit evidence which in the exercise of reasonable diligence, could have been submitted before." Allen v. Life Ins. Co. of N. Am., 2010 WL 4811946, at *2 (W.D. Ky. Nov. 19, 2010) (internal quotation marks and citations omitted). See Browning v. Pennerton, 2008 WL 4791491, at * 1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier."); Electric Ins. Co. v. Freudenberg–Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Rule 59(e) motions to alter, amend, or vacate "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

## III. DISCUSSION

Applying the above standard to this motion, the Court denies the Defendants' motion to reconsider the merits of the case. The JDG's arguments center on its belief that the Court erred by applying the statute of limitations period in § 113(g)(2) to the Plaintiff's § 113(f) contribution claim. However, the JDG's arguments regarding the statute of limitations issue were previously

advanced by the Defendants and addressed by the Court. As noted above, a Rule 59(e) motion "is not a vehicle to re-hash old arguments . . . ." Browning, 2008 WL 4791491, at *1. Thus, while the JDG may disagree with the Court's decision, that is not a proper issue for reconsideration.

Moreover, while the Court acknowledges that it incorrectly found a distinction between the AOC in the Hobart case and the Removal Action AOC in this case, and further acknowledges that neither AOC expressly references § 122(h) in its opening jurisdictional paragraph, the Court nonetheless finds that this does not change its conclusion that the Removal Action AOC is not a cost-recovery settlement, despite containing a cost-reimbursement component. That decision was primarily "[b]ased on the logic of ITT Indus., Inc." and the Court's finding that "the purpose of the Removal Action AOC was for former LWD customers to agree to perform specified remaining time-critical removal action activities at the LWD Incinerator Site and pay for the EPA's future costs associated with the LWD Incinerator Site." (Mem. Op. & Order [DN 961] 18.) The Court's distinction between the facts of this case and the facts of the Hobart II case was not material to its ultimate decision. (See id.) In this respect, the Court highlights that it also noted in its opinion that "at least two other district courts from the Sixth Circuit have expressly adopted the analysis and holding of Sun Co., Inc. on this issue, including a court from the Southern District of Ohio, from which the Hobart I opinion was issued." (Id. at 16 (citing cases).) Thus, the Court has ultimately disagreed with the Hobart court, as well as its analysis of the pertinent issues. Because the JDG's arguments regarding why the Court should accept Hobart were analyzed and rejected, the Court will not reconsider its decision. The JDG's motion [DN 971] is **DENIED** in part.

The Court's conclusion that reconsideration is unwarranted, however, does not end the analysis. As an alternative, the JDG asks that the Court "certify the issue of the applicable statute of limitations for interlocutory appeal." (JDG's Mot. [DN 971] 10-11.) Ordinarily, an appeal may

4

only be taken following a final judgment. See 28 U.S.C. § 1291. But as the parties correctly note, limited exceptions exist. One of these exceptions provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). To certify an issue or order for an interlocutory appeal under § 1292(b), the Court must be satisfied that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). If the Court certifies an issue for an interlocutory appeal, the Sixth Circuit also has discretion over whether to hear it, 28 U.S.C. § 1292(b), and the Defendants will bear "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, (1978).

In the instant case, the parties do not seem to dispute that the order involves a controlling question of law. Moreover, in light of the split in authority concerning the statute of limitations issue in contribution actions under § 113(f) of CERCLA, the Court finds that a substantial ground for difference of opinion exists regarding the decision's correctness. The parties disagree, however, as to whether an immediate appeal would "materially advance" the termination of this litigation. The question of whether a decision would "materially advance" the outcome of the litigation is within the trial court's discretion. However, if the conduct of the litigation would be significantly different based upon the outcome of the appeal, certification may be said to materially advance the outcome. Cf. In re City of Memphis, 293 F.3d at 351 ("When litigation

will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.").

The JDG argues that there "can be little question as to the issue of material advancement" because "if the Defendants, and the court in Hobart II are correct, a substantial portion of the Plaintiff's claims are time-barred." (JDG's Mot. [DN 971] 10.) The Plaintiff counters that the appeal cannot be said to materially advance the determination of this litigation because the costs at issue under the Removal Action AOC do not constitute a "substantial portion" of the costs that the Plaintiff seeks to recover. (Pl.'s Resp. [DN 998] 4.) In this respect, the Plaintiff states that it incurred $7,136,970 in response costs from March 2007 through September 2009 to conduct the time-critical removal action activities under the Removal Action AOC. (3d Am. Compl. [DN 985] ¶ 24.) The Plaintiff also states that it has or will incur an additional $5,647,617 in response costs to reimburse the EPA for its past costs, which does not "include the future response costs Plaintiff will have to incur to conduct certain remediation, monitoring and maintenance activities that KDEP is requiring to be conducted at the LWD Incinerator Site, or the reimbursement of KDEP's past and future response costs." (Id. ¶¶ 25-27, 29, 31-32.) The Plaintiff estimates that the $7,136,970 in response costs from the Removal Action AOC "represent between 20-40% of the total response costs Plaintiff will incur at the LWD Incinerator Site." (Pl.'s Resp. [DN 998] 4.)

In addition, the Plaintiff argues that the appeal cannot be said to materially advance the determination of this litigation because ever since the Court entered its Memorandum Opinion and Order, the "Plaintiff has settled with and dismissed with prejudice (or moved to dismiss with prejudice) nineteen additional JDG members who joined in the JDG's original Motion to dismiss . . . ." (Pl.'s Resp. [DN 998] 5.) According to the Plaintiff, it "continues to discuss settlement and

expects to achieve more settlements with several JDG members who joined in the JDG's original Motion to Dismiss and the instant Motion." (Id.) The Plaintiff submits that in light of the many settlements, the best way to materially advance the litigation is to deny the JDG's request for an interlocutory appeal "on an issue involving a minority of the response costs at issue in this case." (Id. at 5-6.)

The JDG counters that the statute of limitations issue does not merely "involve a minority of the response costs." In this respect, the JDG maintains that the $7,136,970 amount is clearly more than 20-40% of the Plaintiff's total response costs, as the Plaintiff is only "obfuscat[ing] its actual costs" and "grossly overreach[ing] in its depiction of costs incurred at the Site." (JDG's Reply [DN 1003] 3.) The JDG argues that "under the most likely scenario, the Plaintiff's costs will be approximately $17.2 million," meaning that the costs paid under the Removal Action AOC "are nearly half of the total costs being sought in this action." (Id. at 4.) The JDG also states that when the estimates related to the KDEP order are removed from the equation (due to the fact that they are not yet final or recoverable), the costs paid under the Removal Action AOC represent "nearly 60% of the total costs which are currently subject to the instant litigation." (Id.) The JDG argues that the additional costs included in the Plaintiff's sum appear to be "purely speculative costs that it [*sic*] members may have to pay under a possible, but highly doubtful, additional remediation action well beyond the scope of the action currently planned by KDEP." (Id.)

The Court finds it unnecessary at this point in the action to compute, or to estimate, the percentage of the total response costs which the $7,136,970 amount represents. This is because the Court is of the opinion that an immediate appeal would "materially advance" the termination of this litigation. District courts within the Sixth Circuit have noted that an interlocutory appeal "will materially advance the litigation if it will save substantial resources and litigant expense."

See Wright v. Linebarger Googan Blair & Sampson, LLP, 2012 WL 1022240, at *7 (W.D. Tenn. Mar. 26, 2012) (internal quotation marks and citation omitted). In this case, resolving the statute of limitations issue early in the proceedings would save time and avoid duplicative litigation. If the Court refused to allow an interlocutory appeal, and it was incorrect in its decision to apply § 113(g)(2) to the Plaintiff's § 113(f) claim, the parties would expend substantial resources litigating a time-barred claim. This litigation would surely be expensive in light of the $7,136,970 of costs in issue and the number of involved parties. Therefore, the Court concludes that an interlocutory appeal on the statute of limitations issue is appropriate. The Court hereby certifies that issue pursuant to 28 U.S.C. § 1292(b). The JDG now bears the burden of convincing the Sixth Circuit to agree to hear it. The JDG's motion [DN 971] is **GRANTED** in part.

Because the Court has concluded that an interlocutory appeal on the statute of limitations issue is appropriate, the Court finds it unnecessary to consider whether the Court should stay this matter pending the ruling of the Sixth Circuit in the Hobart case. To the extent that the JDG asks the Court to stay the matter pending the Hobart ruling, its motion [DN 971] is **DENIED** in part.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the JDG's Motion for Reconsideration or Alternatively Motion for Interlocutory Appeal or Motion to Stay Pending Outcome of Appeal [DN 971] is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum Opinion and Order.

cc: counsel of record