UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:12-CV-00127-JHM

LWD PRP GROUP                                                                                              PLAINTIFF

V.

ACF INDUSTRIES, LLC, *et al.*                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [DN 957] of America Fujikura Ltd. ("AFL") and the Motion to Dismiss [DN 958] of the Dresser-Rand Company ("Dresser-Rand"). Fully briefed, this matter is ripe for decision. For the following reasons, AFL's motion is **DENIED** and Dresser-Rand's motion is **DENIED** in part and **RESERVED** in part.

### I. AFL'S MOTION TO DISMISS [DN 957]

On December 27, 2013, AFL filed a motion to dismiss the Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. to Dismiss [DN 957].) In this motion, AFL notes that the only allegations in the Second Amended Complaint which pertain to it are that: (1) AFL is the "successor" to Texas Magnet Wire Company ("Texas Magnet"); (2) the EPA issued EPA ID No. TXD987986908 to Texas Magnet; (3) four shipments of waste containing hazardous substances totaling 41,968 pounds were transported from Texas Magnet to the LWD Incinerator Site in 1990 and nine shipments of waste containing hazardous substances totaling 196,464 pounds were transported from Texas Magnet to the Site in 1991; (4) the total weight attributable to AFL at the Site is 238,432 pounds; and (5) to date, AFL has not paid toward any response costs incurred by the LWD PRP Group at the Site. (2d Am. Compl. [DN 758] ¶¶ 66-70.) AFL argues that these allegations are insufficient under Fed. R. Civ. P. 12(b)(6) to support a claim against it.

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiff's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. The allegations must "'show[] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In this case, AFL argues that the Plaintiff's allegations do not show that it is entitled to relief. According to AFL, in 1984, Alcoa, Inc. and Fujikura Ltd. jointly formed Alcoa Fujikura Ltd. (Crowder Aff. [DN 957-2] ¶ 4.) In 2005, Fujikura Ltd. assumed 100% ownership of Alcoa Fujikura Ltd. and changed the name to America Fujikura Ltd. ("AFL"). (Id. ¶ 6.) Separately, in 1988, Fujikura Ltd. and Rea Magnet Wire Company ("Rea") formed Texas Magnet. (Rea History [DN 957-4].) In 1993, Fujikura Ltd. and Rea sold the assets of Texas Magnet to Phelps Dodge Magnet Wire Company. (Id.; Press Release [DN 975-5].) In 2006, Rea purchased the assets of Phelps Dodge Magnet Wire Company. (Rea History [DN 957-4].) AFL thus argues that it is not Texas Magnet's "successor," as it has always been a separate company with distinct manufacturing operations. (Mem. in Supp. of AFL's Mot. to Dismiss [DN 957-1] 3.) According to AFL, while it

and Texas Wire had some common ownership by Fujikura Ltd., they were partially owned by other entities—and AFL never purchased assets or had any ownership interest in Texas Magnet. (Id.)

AFL urges the Court to dismiss the Plaintiff's Second Amended Complaint on the ground that there is no factual basis to support the Plaintiff's allegation of successor liability. AFL argues that the Plaintiff makes no factual allegations in the Second Amended Complaint to support the "bare legal conclusion" that AFL is the "successor" to Texas Magnet. (See id. at 3-4; Reply [DN 962] 1.) AFL highlights that the Plaintiff "does not allege any sale, merger, or other transaction by which AFL purportedly became the 'successor' to Texas Magnet. This critical omission renders the Complaint defective as a matter of law with respect to AFL." (Reply [DN 962] 2.)

In its response, the Plaintiff first argues that the Court should not consider the materials AFL offers to refute the allegation that AFL is the successor to Texas Magnet, as those matters are outside of the pleadings. See, e.g., Weiner v. Klais & Co., Inc., 108 F.3d 86, 88-89 (6th Cir. 1997) (refusing to consider certain service agreements that were not mentioned directly or indirectly in the plaintiff's complaint); Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989) (holding that matters outside of the pleadings will not be considered—and that all well-pleaded facts must be taken as true). The Plaintiff states that the materials relied upon by AFL "are rife with authenticity issues" and that the Court should not consider them in light of the fact that it "has yet to have the chance to obtain any discovery from [AFL] on these documents . . . ." (Pl.'s Resp. [DN 959] 7.) In addition, the Plaintiff argues that the Court should not convert AFL's motion to dismiss into a summary judgment motion because such a motion would be premature at this time. (Id.)

Next, the Plaintiff argues that when the Court accepts the facts in the Second Amended Complaint as true and views them in the light most favorable to the Plaintiff, it becomes clear that the Plaintiff has stated a plausible claim for relief. The Plaintiff argues that at the pleadings stage

3

of this action, it simply is not required to prove the allegations contained in the Second Amended Complaint. (See Pl.'s Resp. [DN 959] 6.) There is no dispute that the Second Amended Complaint alleges that AFL is the "successor" to Texas Magnet, and the Plaintiff argues that this allegation sufficiently places AFL on notice of the claims against it. (Id.)

According to the Plaintiff, to state a claim under either § 107(a) or § 113(f) of CERCLA, it was required to allege that: (1) the LWD Incinerator Site is a "facility"; (2) a release or threatened release of a hazardous substance occurred; (3) the release caused the Plaintiff to incur "necessary costs of response"; and (4) AFL falls within one of four categories of PRPs. See United States v. Consol. Coal Co., 345 F.3d 409, 413 (6th Cir. 2003); Kalamazoo River Study Grp. v. Menasha Corp., 228 F.3d 648, 653 (6th Cir. 2000); Centerior Serv. Co. v. Acme Scrap & Metal Corp., 1523 F.3d 344, 347-48 (6th Cir. 1998). The Plaintiff states that the Second Amended Complaint contains sufficient allegations of these elements. (Pl.'s Resp. [DN 959] 5-6 (citing 2d Am. Compl. [DN 758] ¶¶ 1-2, 5-11, 14-21, 23-29, 66-68).) The Plaintiff urges the Court to deny AFL's motion.

As an initial matter, the Court agrees with the Plaintiff that it should not consider the materials AFL offers to refute the allegation that AFL is the successor to Texas Magnet, as those matters are outside of the pleadings. Weiner, 108 F.3d at 89 (noting that the Sixth Circuit follows the rule that "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss"). The Court also refuses to convert AFL's motion to dismiss to a summary judgment motion, as the Court believes that a summary judgment motion is premature at this time. See Brock v. Marymount Med. Ctr., Inc., 2007 WL 196895, at *8 (E.D. Ky. Jan. 23, 2007) (noting that "the Sixth Circuit has indicated that summary judgment motions, as a matter of discretion, may be found premature where discovery has not commenced") (citations omitted). Instead, the Court will accept the facts in the Second Amended Complaint as true and view them

4

in the light most favorable to the Plaintiff, analyzing whether the Plaintiff's allegation that AFL is Texas Magnet's successor is sufficient to satisfy the federal pleading standard. The Court finds that it is.

As a general rule, the pleading standard of Fed. R. Civ. P. 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47-48 (1957)). To satisfy this standard, pleadings need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. In this case, the Second Amended Complaint alleges that AFL was Texas Magnet's successor. That fact is to be accepted as true. Based on the facts in the Second Amended Complaint, AFL is fully aware of what claims are being alleged—and to what extent it is being sued. The Court finds that this is sufficient. See Crowl v. Norfolk S. Ry. Co., 2006 WL 2551071, at *3 (N.D. Ohio Aug. 31, 2006) (reaching the same conclusion on similar facts). To be sure, AFL is free to contest that it is liable as a successor to Texas Magnet once discovery has been conducted. At this stage of the litigation, however, the Court concludes that AFL is on sufficient notice as to how the Plaintiff intends to hold it liable. AFL's motion to dismiss [DN 957] is **DENIED**.

## II. DRESSER-RAND'S MOTION TO DISMISS [DN 958]

On January 13, 2014, Dresser-Rand filed a motion to dismiss all of the claims brought by the Plaintiff, the LWD PRP Group. (See Mot. to Dismiss [DN 958].) In its motion, Dresser-Rand essentially incorporated the arguments that were raised in an April 8, 2013 motion to dismiss that was filed by several Defendants [DN 776]. (Id. at 1-2.) In addition, Dresser-Rand raised its own statute of limitations argument, stating that the Court should dismiss the Plaintiff's claims against it because the Plaintiff "failed to timely add Dresser-Rand as a named defendant." (Id. at 2.)

According to Dresser-Rand, the Plaintiff has claimed that it "filed its claims against the non-*de minimis* Moving Defendants within the proper limitations period, **as extended by such tolling agreements**." (Pl.'s Resp. [DN 914] 15 (emphasis added).) However, even if the agreements had the effect of extending the statute of limitations, Dresser-Rand was not a party to them—or any other tolling agreement. (See Tolling Agreement [DN 914-3].) Dresser-Rand highlights that on the Plaintiff's own admission, absent the tolling agreement, the Plaintiff had until September 29, 2012 to add Dresser-Rand as a named defendant. (Pl.'s Resp. [DN 914] 22.) However, Dresser-Rand was not named as a defendant until January 2013 when the Plaintiff filed its First Amended Complaint. Dresser-Rand argues that the claims against it must accordingly be dismissed.

On January 29, 2014, the Plaintiff responded to Dresser-Rand's motion, incorporating by reference the citations and arguments that were included in its omnibus Response to Defendants' Rule 12(b)(6) Motion to Dismiss [DN 914]. (Pl.'s Resp. [DN 960].) To the extent that Dresser-Rand's arguments were discussed in the Plaintiff's omnibus Response, Dresser-Rand's motion is **DENIED**, consistent with the Court's previous Memorandum Opinion and Order [DN 961].

Importantly, however, the Plaintiff failed to address Dresser-Rand's argument that it was not a party to any tolling agreement. In the Court's previous Memorandum Opinion and Order, the existence of the tolling agreements was central to the Court's finding that the Plaintiff's action against the non-*de minimis* Moving Defendants was timely. (See Mem. Op. & Order [DN 961] 20.) Therefore, because the Plaintiff has not yet addressed Dresser-Rand's argument with respect to the tolling agreements, the Plaintiff is hereby ordered to file a response with respect to this issue no later than **May 14, 2014**. Thereafter, Dresser-Rand will be granted **ten (10) days** to file a reply. In the meantime, Dresser-Rand's motion is **RESERVED** as to this issue. After the

parties file their briefs, the Court will rule on whether the Plaintiff's claims, or any of them, are time-barred as to Dresser-Rand.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss [DN 957] of America Fujikura Ltd. ("AFL") is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss [DN 958] of the Dresser-Rand Company ("Dresser-Rand") is **DENIED** in part and **RESERVED** in part.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 24, 2014

cc: counsel of record