IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **LWD PRP GROUP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 5:12-CV-00127-JHM-HBB |
| | ) |
| **ACF INDUSTRIES LLC, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
DEFENDANT DRESSER-RAND CO.'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff LWD PRP Group ("Plaintiff") respectfully submits the following Supplemental Response to Defendant Dresser-Rand Co.'s ("Dresser-Rand") Rule 12(b)(6) Motion to Dismiss.

On January 13, 2014, Dresser-Rand filed a Motion to Dismiss Pursuant to Rule 12(b)(6) (DN 958). Dresser-Rand incorporated by reference the arguments raised by multiple other defendants in a previously filed motion to dismiss (DN 776). *See* Mot. to Dismiss [DN 958]. The Court denied Dresser-Rand's Motion to Dismiss. *See* Mem. Op. and Order at 6 [DN 1013]. However, the Court reserved one issue – Dresser-Rand also raised its own statute of limitations argument, asserting that Plaintiff failed to timely add Dresser-Rand as a named defendant. *See* Mot. to Dismiss at 2 [DN 958]. Specifically, Dresser-Rand argued that it was not a party to any of the non-*de minimis* tolling agreements, which extended the statute of limitations period with respect to the non-*de minimis* Defendants. *See* Mot. to Dismiss at 2 [DN 958]. The Court ordered Plaintiff to file a response with respect to the reserved issue of the non *de-minimis* tolling agreements. *See See* Mem. Op. and Order at 6 [DN 1013]. This Supplemental Response constitutes Plaintiff's formal response.

## ARGUMENT

Dresser-Rand did not enter into a non-*de minimis* tolling agreement because Dresser-Rand is not a non-*de minimis* defendant in this action. At the LWD Site, EPA has classified as *de-minimis* those PRPs who contributed less than 400,000 pounds of waste materials to the LWD Site. The EPA Annual Report Pages, which are taken from waste manifests at the LWD Site, attribute 117,781 pounds of waste materials to Dresser-Rand. *See* Third Am. Compl. at ¶ 186 (DN 985).

Nevertheless, the Court should deny the Motion to Dismiss because Dresser-Rand was properly added to this action. Plaintiff named Dresser Industries, Inc. ("Dresser Industries") in the original Complaint. *See* Compl. ¶¶ 518-22 [DN 1]. Dresser-Rand is the successor to Dresser Industries. Dresser Industries and Ingersoll-Rand merged to form Dresser-Rand in 1987. *See* Dresser-Rand History Webpage (Exh. 2 hereto).

Despite Plaintiff's pre-litigation due diligence, Plaintiff mistakenly believed that Dresser Industries was still in existence at the time of filing the original Complaint. The EPA Annual Report Pages for the LWD Site identify "Dresser Industries" with two EPA ID Nos. "KYD007369887" and "MDD044147098." *See* Annual Report Pages (Exh. 3 hereto). Moreover, the EPA Annual Report Pages, which are based on the LWD Site hazardous waste manifests, identify "Dresser Industries" as a waste generator for the years 1987 through 1993. *See* Annual Report Pages (Exh. 3). This is after the 1987 merger that resulted in the creation of Dresser-Rand. According to EPA's online database, EPA ID No. KYD007369887 is assigned to Dresser Industries as the parent company of "Dresser Instruments," and EPA ID No. MDD044147098 is assigned to "Dresser Inc.," with the alternative name "Dresser Industries." *See* EPA Database Webpage (Exh. 4 hereto).

In November 2012, while preparing the Waiver of Service form for Dresser Industries, Plaintiff discovered for the first time that Dresser Industries was no longer in existence. Through additional research, Plaintiff realized the correct entity is Dresser-Rand by virtue of the 1987 merger. Plaintiff immediately dismissed Dresser Industries on November 16, 2012. *See* Notice of Dismissal [DN 271]. Plaintiff named Dresser-Rand in the First Amended Complaint, which was filed shortly thereafter on January 30, 2013. *See* First. Am. Compl. [DN 581]. Dresser-Rand executed a Waiver of Service form on February 20, 2013. *See* Executed Waiver [DN 667].

Rule 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when, within the time period set forth in Rule 4(m), the party to be added to the amended complaint:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Successors in interest have often been held to satisfy Rule 15(c). *See Ringrose v. Engelberg Huller Co., Inc.,* 692 F.2d 403, 411-12 n. 14 (6th Cir. 1982) (Jones, J., concurring) (citations omitted). Moreover, the purpose of "relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Reed v. U.S. Bancorp*, No. 12-cv-344, 2013 WL 1249231, at *5 (E.D. Tenn. Mar. 26, 2013) (*citing Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 550, 130 S. Ct. 2485, 2494 (2010)) (allowing substitution of subsidiary corporation for parent corporation where the two shared similar name). In *Reed*, the court allowed the amendment in part because the plaintiff reasonably confused the parties due to information from the parent corporation's website and its annual

reports, which led the plaintiff to believe the parent corporation was the correct party. *See Reed,* 2013 WL 1249231, at *4.

Despite Plaintiff's pre-litigation due diligence, Plaintiff mistakenly believed that Dresser Industries was still in existence at the time of filing the original Complaint. Plaintiff's confusion is understandable in light of the fact that Dresser-Rand continued to operate as "Dresser Industries" after the merger, including transacting business at the LWD Site under the Dresser Industries name. Moreover, Dresser Industries, not Dresser-Rand, appears in the EPA's Database. As the successor to Dresser Industries, Dresser-Rand either knew or should have known that it was the property party to this action. Dresser-Rand continued to operate under the Dresser Industries name after the merger between Dresser Industries and Ingersoll-Rand. Dresser-Rand is well aware that it sent at least 117,781 pounds of waste materials to the LWD Site. During its operation, the LWD Site was one of the largest hazardous waste facilities in the nation. The cleanup of a CERCLA Site, especially one of this magnitude, is by design a very public process. Dresser-Rand knew, or at least should have known, of its potential liability at the LWD Site.

Plaintiff is aware that it has presented extrinsic evidence to support its "relation back" argument against Dresser-Rand. However, the Sixth Circuit has expressly authorized courts to consider evidence beyond the pleadings in evaluating whether an amendment relates back. *See U.S. ex. rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 516–17 (6th Cir. 2007) (concluding that restricting a Rule 15(c) analysis strictly to the content of the pleadings would run counter to the policies underpinning Rule 15). With respect to Dresser-Rand, Plaintiff has permissibly appended extrinsic evidence only for the procedural purpose of the Rule 15(c) amendment substituting Dresser-Rand, not to support the merits of Plaintiff's claims against

Dresser-Rand.

## CONCLUSION

For the foregoing reasons and the reasons stated in Plaintiff's original Response to Dresser-Rand Company's Rule 12(b)(6) Motion to Dismiss, Plaintiff respectfully requests that the Court deny Dresser-Rand's Motion to Dismiss in full, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated:  May 12, 2014                                            Respectfully submitted,

/s/ Gary D. Justis
Gary D. Justis                    admitted *pro hac vice*
Joshua Bailey                    admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
5251 W. 116th Place, Suite 200
Leawood, Kansas  66211-7820
Telephone:  (913) 998-6100
Facsimile:  (913) 998-6101
Email:  gjustis@justislawfirm.com
            jbailey@justislawfirm.com

    and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, Kentucky  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, a copy of the foregoing LWD PRP Group's Supplemental Response to Defendant Dresser-Rand Co.'s Rule 12(b)(6) Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Gary D. Justis
Gary D. Justis