**UNITED STATES**
**ENVIRONMENTAL PROTECTION AGENCY**
**REGION 4**

**Response to Public Comments**
**LWD, Inc. Superfund Site**
**Calvert City, Marshall County, Kentucky**

**RESPONSE TO PUBLIC COMMENTS** on U.S. EPA, Region 4, CERCLA Section 122(h)(1) Settlement Agreement for Recovery of Past Response Costs

**U.S. EPA, REGION 4:** Docket No.: CERCLA-04-2013-3763

**EXECUTIVE SUMMARY:**

This document sets forth the response of the U.S. Environmental Protection Agency to public comments on a proposed administrative Settlement Agreement for Recovery of Past Response Costs (Settlement Agreement) pursuant to Section 122(h)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, (CERCLA), 42 U.S.C. § 9622(h)(1), to pay past removal response costs incurred at the LWD, Inc. Superfund Site. The Settlement Agreement was recently signed by the EPA and approximately fifty (50) parties. A mandatory 30 day public comment period on the Settlement Agreement commenced on March 14, 2014, and continued until April 14, 2014.

The EPA has reviewed and considered the public comments submitted during the comment period. After careful consideration of the public comments and other relevant information, the EPA has determined that the Settlement Agreement is fair and reasonable and furthers the purposes of CERCLA. Accordingly, the EPA has determined that the Settlement Agreement should become effective. The basis for the EPA's determination is more fully explained in the body of this Response to Public Comments.

The effective date of this Settlement Agreement is May 8, 2014.

_____
Anita L. Davis, Chief
Superfund Enforcement & Information
 Management Branch
Superfund Division

Date: May 8, 2014

UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY
REGION 4

Response to Public Comments
LWD, Inc. Superfund Site
Calvert City, Marshall County, Kentucky
U.S.EPA, Region 4: Docket No.: CERCLA-04-2013-3763

## 1. Comment Regarding the Liability Status of the Settling Parties to the Proposed Settlement

The EPA does not agree with the comment that "not a single settling party bears any CERCLA liability for the EPA past costs it agrees to pay in settlement."

First, although parties to the proposed Settlement Agreement may have also been party to the first CERCLA 122(h) settlement agreement (CERCLA 04-2013-3751, the "First Settlement"), the covenant not to sue from the EPA under the First Settlement was more limited in scope than under the proposed Settlement Agreement. The covenant not to sue provided by the EPA under the First Settlement related to a definition of Past Response Costs that was defined as "all costs, including but not limited to direct and indirect costs, that EPA or the U.S. Department of Justice on behalf of EPA has paid at or in connection with the Site through October 10, 2012, plus accrued Interest on all such costs through such date." In contrast, the covenant not to sue from the EPA under the proposed Settlement Agreement relates to a broader definition of that term that includes "all costs, including but not limited to direct and indirect costs, that EPA or the U.S. Department of Justice on behalf of EPA has incurred or paid at or in connection with the Site through the Effective Date" of May 8, 2014. (emphasis added). The EPA and the U.S. Department of Justice continued to incur site-related costs after October 10, 2012. These costs through that Effective Date are addressed by the proposed Settlement Agreement, but were not addressed by the First Settlement. In addition, the covenant not to sue provided by the EPA under the proposed Settlement Agreement encompasses any potential costs that might have been incurred by the EPA or U.S. Department of Justice in connection with the Site through the Effective Date, but might not have been actually paid. This broader covenant embraces any such costs, including those incurred prior to October 10, 2012.

Second, CERCLA's statute of limitations for a cost recovery action is an affirmative defense to liability (see F.R.C.P. 8 (c)(1)) that a potentially responsible party (PRP) may elect to assert, or not assert, in court based on the facts of the case and the legal and business judgment of the particular party. In this instance, the PRPs that are party to the Settlement Agreement chose to settle their potential liability to the EPA for the EPA's claims.

## 2. Comment Regarding the Identity of the Settling Parties

The EPA does not agree with the comment that the signature blocks used in the Settlement Agreement make it "impossible for the public, including other PRPs at the Site, to determine which entities are being embraced by the proposed settlement" because the signature blocks include the terms "subsidiaries" and "affiliates." For instance, the examples which the commentor cites, Air Products and Chemicals, Inc., Pfizer Inc., and Shell Oil Company, are all large, publicly traded companies, such that the identity of their subsidiaries and affiliates is a matter of public record. In addition, the EPA has made

publicly available a 2,244 page database, detailing the PRPs identified by the EPA as having sent waste to the LWD Site. This database is available at http://justislawfirm.com/cases/lwd-incinerator-site/.