# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **LWD PRP GROUP,** | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )  Civil Action No. 5:12-CV-00127-<br>)  JHM-HBB |
| **ACF INDUSTRIES, LLC, ET AL.,** | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANT DRESSER-RAND COMPANY'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT DRESSER-RAND COMPANY'S MOTION TO DISMISS

### INTRODUCTION

Defendant Dresser-Rand Company ("Dresser-Rand"), respectfully submits the following Reply to Plaintiff LWD PRP Group's ("Plaintiff") Supplemental Response. The Court's April 24, 2014 Memorandum Opinion and Order [DN 1013] reserved Dresser-Rand's Motion to Dismiss [DN 958] with respect to the tolling agreements. Because Plaintiff's initial Response to Dresser-Rand's Motion to Dismiss [DN 960] did not address the arguments raised by Dresser-Rand's Motion, Plaintiff was allowed to file a supplemental response, and Dresser-Rand was allowed to reply.

### ARGUMENT

Plaintiff admits that it did not enter into a non-*de minimis* tolling agreement with Dresser-Rand for the reason that Dresser-Rand is not a non-*de minimis* defendant in this action. *See* Pl.'s Supp. Response at 2 [DN 1019]. Therefore, Plaintiff admits that even if Dresser-Rand were a

non-*de minimis* defendant, Plaintiff failed to name Dresser-Rand within the applicable statute of limitations because Dresser-Rand never entered into a tolling agreement.

Since Plaintiff does not claim that Dresser-Rand is a non-*de minimis* defendant, Dresser-Rand must be a *de minimis* defendant. This, however, should not change the analysis, as Plaintiff also admitted that September 29, 2013, was the statute of limitations deadline to name any *de minimis* defendants. See Pl.'s Response at 21 [DN 914]. Having not named Dresser-Rand until January 30, 2013, Plaintiff attempts, with the advantage of hindsight, to invoke Rule 15(c) of the Federal Rules of Civil Procedure to allow relation back. As explained below, Plaintiff's analysis is incomplete.

### *The Requirements of Fed. R. Civ. P. 15(C) Are Not Satisfied.*

Rule 15(c) provides that a plaintiff may amend its complaint to change the party or the naming of the party against whom a claim is asserted and that amendment will relate back to the date of the original pleading if:

> (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, (2) the added party received notice of the suit in the 120 days following the filing of the original complaint, (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits, and (4) the added party knew or should have known that but for a mistake of the identity of the proper party, the action would have been brought against her.

*Reed v. U.S. Bancorp*, 1:12-CV-344, 2013 WL 1249231 *2 (E.D. Tenn. Mar. 26, 2013), citing Fed. R. Civ. P. 15(c) and *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir.2001). An amendment will not relate back unless every requirement above is met; thus, a failure to meet even one of the four requirements makes relation back improper. Dresser-Rand disputes that the second, third, and fourth requirements set forth above are not met, but does not dispute the first requirement—that the claim arises from same transaction or occurrence.

8475572_1 118357.0179

    A.    *Dresser-Rand did not receive notice of suit within 120 days following the filing of the original Complaint.*

Regarding the second requirement of Rule 15(c), Dresser-Rand did not receive notice of the action within the time period set forth in Fed. R. Civ. P 4(m). Rule 4(m) sets a period of 120 days after filing a complaint during which notice must be given. Plaintiff points to authority that discusses the requirements of Rule 15(c), but Plaintiff fails to address that in every instance, reviewing courts have mandated that the added party receive notice of the action within the period provided by rule. *See, e.g., Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 411 (6th Cir. 1982) ("Service within three weeks of the date of the statute of limitations, which occurred here, is within the Michigan tolling period…."); *Reed v. U.S. Bancorp*, 1:12-CV-344, 2013 WL 1249231 *1–2 (E.D. Tenn. Mar. 26, 2013) (noting that plaintiff named the new party only 38 days after filing her initial complaint).

Dresser-Rand was not named as a defendant until January 30, 2013, 152 days after Plaintiff filed its original Complaint on August 31, 2012. Because this is outside the period provided for in Fed. R. Civ. P. 4(m), the second requirement of Fed. R. Civ. P. 15(c) was not met, and the Complaint against Dresser-Rand should be dismissed with prejudice in favor of Dresser-Rand. Other than speculating that the magnitude of the instant lawsuit itself put Dresser-Rand on notice within 120 days of filing the Complaint, Plaintiff points to no instance in which Dresser-Rand received notice.

    B.    *Dresser-Rand is prejudiced by Plaintiff's late notice of suit.*

Under the third requirement, Dresser-Rand is prejudiced if forced to maintain a defense on the merits because, but for Plaintiff's untimely notice to Dresser-Rand, no action could be maintained against Dresser-Rand. Plaintiff had 120 days to provide notice, yet it failed to do so.

3

Relation back is improper because of the prejudice caused to Dresser-Rand by Plaintiff failing to give timely notice.

C. *By dismissing Dresser Industries two months before naming Dresser-Rand, Plaintiff did not cause Dresser-Rand to reasonably know that a mistaken identity was all that prevented it from being named a party to the suit.*

As to the fourth requirement of Rule 15(c), Plaintiff claims that Dresser-Rand knew or should have known that it would have been named but for Plaintiff's mistake of identity. If Plaintiff was merely confused, then why has Plaintiff given no explanation for dismissing Dresser Industries more than two months before naming Dresser-Rand? By dismissing Dresser Industries and waiting over two months before naming Dresser-Rand, Plaintiff attempts to improperly add a new party, rather than correct a mistake in the identification of an already named a party. *See In re Kent Holland Die Casting & Plating Inc.*, 928 F.2d 1448, 1449 (6th Cir.1991) ("[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.").

Plaintiff has failed to establish each and every requirement of Rule 15(c). Specifically, Plaintiff's failure to give Dresser-Rand notice within 120 days after filing the Complaint is critical to its position, and relation back in this instance is improper. The requirements of Rule 15(c) outline the balance struck between upholding statutes of limitation and a plaintiff's need to amend its pleadings. As evidenced from the fact that Plaintiff discovered that Dresser Industries was no longer in existence within the time period provided, 120 days was ample time to discover a mistake; however, Plaintiff has given no explanation for not amending at that time and allowing relation back would be improper.

4

8475572_1 118357.0179

## CONCLUSION

For the foregoing reasons and the reasons stated in Dresser-Rand's Rule 12(b)(6) Motion to Dismiss, Dresser-Rand respectfully requests that the Court grant its Motion to Dismiss. An Order granting this Motion is attached hereto for the Court's convenience.

Respectfully submitted,

*/s/ Christopher D. Cathey*
Christopher D. Cathey (89787)
ccathey@ralaw.com
Roetzel & Andress, LPA
310 Chiquita Center
250 East Fifth Street
Cincinnati, Ohio 45202
Telephone: 513.361.0200
Facsimile: 513.361.0335

Of Counsel:

Thomas L. Rosenberg (OH 0024898)
trosenberg@ralaw.com
Roetzel & Andress, LPA
PNC Plaza, Twelfth Floor
155 East Broad Street
Columbus, Ohio 43215
Telephone: 614.463.9770
Facsimile: 614.463.9792

*Attorneys for Defendant Dresser-Rand Company*

8475572 _1 118357.0179

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on this ____ day of July, 2014, a copy of the foregoing **REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE** was filed via this Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                            */s/ Christopher D. Cathey*
                                            Christopher D. Cathey (89787)
                                            *Attorney for Defendant Dresser-Rand Company*

8475572 _1 118357.0179