**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:12-CV-00127-JHM-HBB**

**LWD PRP GROUP**                                                                                              **PLAINTIFF**

**v.**

**ACF INDUSTRIES LLC,** *et al*.                                                                **DEFENDANTS.**

**ANSWER TO THIRD AMENDED COMPLAINT**
**OF DEFENDANT OSRAM SYLVANIA PRODUCTS, INC.**

Comes now the Defendant, Osram Sylvania Products, Inc. ("OSPI"), by counsel, and for its Answer to Plaintiff's Third Amended Complaint ("Complaint") states:

1. The allegations in Paragraphs 1 and 2 are characterizations of the Complaint, to which no responsive pleading is required. To the extent that Paragraphs 1 and 2 may be construed to contain factual allegations, OSPI denies those allegations.

2. The allegations in Paragraphs 3 and 4 are conclusions of law, to which no responsive pleading is required.

3. OSPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 5, 6 and 7, and therefore denies them.

4. The allegations in Paragraph 8 characterize a federal statute, which speaks for itself and is the best evidence of its contents.

5. OSPI denies the allegations in Paragraph 9 with regard to OSPI. OSPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 with regard to all other Defendants and therefore denies those allegations.

6. OSPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 10 through 390, and therefore denies them.

7. OSPI admits the allegations in Paragraph 391 of the Complaint.

8. The allegations in Paragraph 392 of the Complaint characterize the Annual Reports for the LWD Incinerator Site, which speak for themselves and are the best evidence of their contents.

9. The allegation in Paragraph 393 is a conclusion of law, to which no responsive pleading is required. To the extent Paragraph 393 is construed to contain a factual allegation, OSPI denies that allegation.

10. With respect to the allegation in Paragraph 394, OSPI admits that, as of the date of the Complaint, it has not paid toward any response costs incurred by the LWD PRP Group at the LWD Incinerator Site. However, OSPI denies that it is legally responsible for any such costs.

11. OSPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 395 through 670, and therefore denies them.

12. In response to Paragraph 671, OSPI incorporates its responses to Paragraphs 1 through 670.

13. The allegations in Paragraphs 672 through 679 characterize a federal statute, which speaks for itself and is the best evidence of its contents.

14. The allegations in Paragraphs 680 through 688 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraphs 680 through 688 are construed to contain factual allegations, OSPI denies those allegations with respect to OSPI.

15. In response to Paragraph 689, OSPI incorporates its responses to Paragraphs 1 through 688.

16. The allegations in Paragraph 690 characterize a federal statute, which speaks for itself and is the best evidence of its contents.

17. The allegations in Paragraphs 691 through 695 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraphs 691 through 695 are construed to contain factual allegations, OSPI denies those allegations with respect to OSPI.

18. In response to Paragraph 696, OSPI incorporates its responses to Paragraphs 1 through 695.

19. The allegation in Paragraph 697 is a conclusion of law, to which no responsive pleading is required.

20. The allegations in Paragraph 698 characterize a federal statute, which speaks for itself and is the best evidence of its contents.

21. The allegations in Paragraphs 699 through 701 are characterizations of the Plaintiff's Third Amended Complaint and the relief Plaintiff seeks, and are conclusions of law, to which no responsive pleading is required.

22. OSPI denies any remaining allegations of the Third Amended Complaint that have not been specifically admitted or otherwise answered herein.

## AFFIRMATIVE DEFENSES

1. OSPI gives notice that it intends to rely on any defense that may be determined to be applicable as a result of discovery proceedings and reserves the right to amend its Answer and defenses accordingly, including but not limited to insufficient service of process.

Respectfully submitted,

/s/ Dennis J. Conniff  
Dennis J. Conniff  
Emily C. McKinney  
Frost Brown Todd LLC  
400 W. Market St., 32nd Floor  
Louisville, KY 40202  
(502) 589-5400  
(502) 581-1087 (fax)  

*Counsel for Defendant Osram Sylvania Products, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2014, I electronically filed this Answer to Third Amended Complaint of Defendant Osram Sylvania Products, Inc. with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this matter.

/s/ Dennis J. Conniff  
Dennis J. Conniff  
Emily C. McKinney  
Frost Brown Todd LLC  
400 West Market Street, 32nd Floor  
Louisville, Kentucky 40202  
(502) 589-5400  
(502) 581-1087 (fax)  

*Counsel for Osram Sylvania Products, Inc.*