UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00127-GNS-HBB

LWD PRP GROUP   PLAINTIFF

V.

ACF INDUSTRIES LLC, et al.   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 958) filed by Defendant Dresser-Rand Company ("Dresser-Rand"); a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by some 66 Defendants (DN 1002; DN 1002-2); a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Mega Fabrication, Inc. ("Mega") (DN 1031); and a Motion to Dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Williamson County Housing Authority ("WCHA") (DN 1100). The motions have been fully briefed and are ripe for decision. For the reasons stated below, the Court **GRANTS** the motions.

## I. BACKGROUND

The LWD Incinerator Site is part of the LWD, Inc. Superfund site in Calvert City, Kentucky, which functioned as a hazardous waste incinerator from the 1970s to 2004 and was subsequently abandoned. *See LWD PRP Group v. Alcan Corp.*, No. 14-5730, slip op. at 6 (6th Cir. Jan. 14, 2015) (DN 1106). At the request of the Kentucky Department of Environmental Protection, the United States Environmental Protection Agency ("EPA") conducted initial waste removal activities. *Id.*

The EPA ultimately identified 58 potentially responsible parties ("PRPs"). *Id.* These PRPs entered into an Administrative Settlement Agreement and Order on Consent for Removal Action ("ASAOCRA") with the EPA on March 1, 2007. *Id.* The PRPs engaged in certain removal activities at the LWD Incinerator Site pursuant to the ASAOCRA, and further agreed in the ASAOCRA to compensate the EPA for future response costs. *Id.* On September 29, 2009, the EPA issued a notice of completion of the removal activities. *Id.* at 6-7.

Plaintiff in this action is an association composed of some of the 58 PRPs that entered into the ASAOCRA with the EPA. *Id.* at 6. Plaintiff filed its Complaint on August 31, 2012 (DN 1); its First Amended Complaint on December 31, 2012 (DN 466-1); its Second Amended Complaint on March 29, 2013 (DN 758); and its Third Amended Complaint on February 27, 2014 (DN 985). In its Third Amended Complaint, Plaintiff seeks: cost recovery pursuant to 42 U.S.C. § 9607(a)(4) (§ 107(a)(4) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")); contribution pursuant to 42 U.S.C. § 9613(f)(1), (f)(3)(B) (§ 113(f)(1), (f)(3)(B) of CERCLA); and declaratory relief pursuant to 42 U.S.C. § 9613(g)(2) (§ 113(g)(2) of CERCLA). (DN 985).

On April 8, 2013, 78 Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6). (DN 776; DN 776-2). In their motion, those Defendants asserted that Plaintiff's Section 107(a) claim is precluded by its Section 113(f) claim; that its Section 113(f) claim is time-barred; and that because neither of those claims is viable, declaratory relief is not available to Plaintiff. (DN 776). The Court denied those Defendants' motion. (DN 961). On February 18, 2014, 77 Defendants filed a Motion for Reconsideration or Alternatively Motion for Interlocutory Appeal or Motion to Stay Pending Outcome of Appeal. (DN 971; DN 971-1). On April 24, 2014, the Court granted the motion in part by certifying the issues raised in the underlying denied motion.

(DN 1012). The Sixth Circuit Court of Appeals recently reversed this court's denial of the appealing Defendants' motion to dismiss. *LWD PRP Group*, No. 14-5730, slip op. at 16.

On January 13, 2014, Dresser-Rand filed its Motion to Dismiss pursuant to Rule 12(b)(6) asserting substantially the same arguments as those resolved by the Sixth Circuit in its January 14, 2015 opinion. (DN 958). While Dresser-Rand makes other arguments in its motion, those arguments need not be addressed in order to resolve its motion. Plaintiff filed its response on May 12, 2014 (DN 1019), and Dresser-Rand did not file a reply. This motion stands submitted.

On March 28, 2014, 66 Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6). (DN 1002; DN 1002-2). These Defendants allege that a portion of the Plaintiff's claimed costs are time-barred; that the contribution claim, at least insofar as the payment made by Plaintiff to the EPA under one of the agreements reached between Plaintiff and the EPA, is barred by Section 113(b); and that Plaintiff cannot determine which of its group members have disproportionally paid common liabilities, and thus the contribution claim again fails under Section 113(b). (DN 10012; DN 1002-2). Plaintiff filed its response on May 14, 2014 (DN 1027), and Defendants filed their reply on May 30, 2014 (DN 1030). This motion stands submitted.

Finally, on June 12, 2014, Mega filed its Motion to Dismiss. (DN 1031). Its motion simply incorporates the 66 Defendants' March 28, 2014 Motion to Dismiss pursuant to Rule 12(b)(6). (DN 1031). Plaintiff filed its response on June 25, 2014 (DN 1036), and Mega did not file a reply. This motion stands submitted.

## II. STANDARD OF REVIEW

Motions pursuant to Fed. R. Civ. P. 12(b)(6) require the Court "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as

true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

### III. DISCUSSION

In ruling on the present motions to dismiss, this Court needs to look no further than the Sixth Circuit Court of Appeals' opinion **in this case** rendered on January 14, 2015. *LWD PRP Group*, No. 14-5730, slip op. (6th Cir. Jan. 14, 2015). In that decision, the Court relied extensively upon the holding in *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757 (6th Cir. 2014), and found nothing to distinguish *Hobart* from the present case. *Id.* at 2 (citing *Hobart Corp.*).

In *Hobart*, the Sixth Circuit first discussed the interplay between Section 107(a) claims and Section 113(f) claims, *i.e.*, whether they are mutually exclusive. *Hobart*, 758 F.3d at 766-68. The Court noted that this particular problem arises when a party directly incurs expenses, and thus would be eligible for Section 107(a) relief, but also enters into an administrative settlement which would limit its remedy of contribution under Section 113(f). *Id.* at 767. Ultimately, the Sixth Circuit determined that "it is sensible and consistent with the text [of CERCLA] to read § 113(f)'s enabling language to mean that if a party is able to bring a contribution action, it must do so under § 113(f), rather than § 107(a)." *Id.*

The *Hobart* court next noted that in order to determine whether Section 107(a) or Section 113(f) provided relief, it must determine whether the Administrative Settlement Agreement and Order on Consent ("ASAOC") reached was an "administrative settlement." *Id.* at 768-69. Sixth Circuit precedent establishes that the standard under Section 113(f)(3)(B) is whether "the agreement 'resolves the PRP's liability to the United States or a State for some or all of a

4

response action or for some or all of the costs of such an action.'" *Id.* (citing 42 U.S.C. § 9613(f)(3)(B)).

The Sixth Circuit listed four factors that establish that the ASAOC was an administrative settlement. The first factor was the requirement that the party "ha[s] resolved [its] liability." *Id.* The second factor was that the ASAOC stated that the parties "agree[d] that [the ASAOC] constitute[d] an administrative settlement for purposes of Section 113(f)(2) of CERCLA." *Id.* at 769. The third factor was that the ASAOC was titled an *Administrative Settlement Agreement*. *Id.* The final factor was that the ASAOC contained provisions which, taken in concert, intended to resolve the appellants' liability to the government. *Id.* The Sixth Circuit concluded that under these circumstances, the ASAOC was indeed an administrative settlement and the party seeking recovery could proceed only under Section 113(f)(3)(B) action, not Section 107(a)(4)(B).

Applying *Hobart* to the moving parties' co-Defendants, the Sixth Circuit noted that each of those four factors "is also present in the Settlement Agreement in this case" between Plaintiff and the EPA. *LWD PRP Group*, No. 14-5730, at 9. As to the first factor, the language regarding the settlement of liability contained in the *Hobart* ASAOC is identical to the language in the ASAOCRA in this matter. *Id.* at 9-10. Second, the ASAOC in *Hobart* contained language expressly declaring the agreement to be an "administrative settlement agreement," again just like the ASAOCRA in this matter. *Id.* at 10. Third, the agreement at hand is titled nearly identical to the *Hobart* agreement: Administrative Settlement Agreement and Order on Consent *Removal Action*, rather than an Administrative Settlement Agreement and Order on Consent. *Id.* at 10-11. Finally, the covenant not to sue in *Hobart*'s ASAOC and the covenant not to sue in the present ASAOCRA are nearly the same. *Id.* at 11.

In reversing the denial of the motion to dismiss in the present case, the Sixth Circuit noted that "[i]n sum, all of the factors that led us to conclude that the *Hobart* Agreement qualified as an administrative settlement that could support a contribution action are present in the [ASAOCRA] in this case." *Id.* at 11. Because the instant ASAOCRA has been deemed an administrative settlement, Plaintiff was eligible only to recover contribution under Section 113(f) not Section 107(a).

The statute of limitations applicable to Plaintiff's contribution claim is contained in Section 113(g)(3), which provides that an action for contribution may be filed within "three years from the date of settlement." *Hobart*, 758 F.3d at 771. The ASAOCRA in this matter was signed on March 1, 2007. (DN 1106). The statute of limitations on the contribution claims under the ASAOCRA thus ran on March 1, 2010, more than two years before the Complaint in this matter was filed on August 31, 2012 (DN 1). As a result, Plaintiff's Section 113(f) claim is time-barred.

Plaintiff also requests declaratory relief. "Whether or not a plaintiff is to be granted declaratory relief lies within the discretion of the court." *Gibson v. Matthew*, 715 F. Supp. 181, 184 (E.D. Ky. 1989). Given that Plaintiff has no substantive basis for relief against the moving Defendants, a declaratory judgment asserting that there is a basis for relief would be contradictory and certainly would not settle any controversy in issue. *See Keweenaw Bay Indian Cmty. v. Rising*, 569 F.3d 589, 594 (6th Cir. 2009) (noting that the test for declaratory judgments requires that such a judgment would "settle the controversy or serve a useful purpose in clarifying the legal relations"); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 752 (E.D. Tex. 2014) (noting that a declaratory action "provides no relief unless there is a justiciable controversy between the parties."). Thus, Plaintiff is not eligible for declaratory relief.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff has not alleged a claim in its Third Amended Complaint upon which relief can be granted. Accordingly, **IT IS HEREBY ORDERED THAT** Defendant Dresser-Rand's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DN 958), certain Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 1002; DN 1002-2), Defendant Mega's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 1031), and Defendant WCHA's Motion to Dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (DN 1100) are **GRANTED**.

Greg N. Stivers, Judge
United States District Court

March 12, 2015

cc:   counsel of record