**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| **LWD PRP GROUP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 5:12-CV-00127-** |
| ) | **GNS-HBB** |
| **ACF INDUSTRIES LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND
FOR LEAVE TO FILE AN AMENDED COMPLAINT, OR
ALTERNATIVELY, INTERLOCUTORY APPEAL**

**INTRODUCTION**

Plaintiff LWD PRP Group ("Plaintiff"), by and through counsel, pursuant to Fed. R. Civ.

P. 59(e), respectfully move the Court to reconsider and alter or amend its Memorandum Opinion

and Order of March 13, 2015 dismissing the Plaintiff's Third-Amended Complaint in its entirety

(the "Dismissal Order") (DN 1137). The Dismissal Order relied on the Sixth Circuit Court of

Appeal's recent opinion reversing this Court's denial of Defendants' April 13, 2013 motion to

dismiss only with respect to one category of Plaintiff's past response cost claims. *LWD PRP

Group*, No. 14-5730, slip op. (6th Cir. Jan. 14, 2015) ("Reversal Opinion"); *see* DN 1137, at 4 (".

. . this Court needs to look no further than the Sixth Circuit Court of Appeals' opinion in this

case rendered on January 14, 2015"). The Sixth Circuit's Reversal Opinion was limited

exclusively to the statute of limitations for Plaintiff's claims for contribution of past response

costs incurred under the Removal Action AOC, which the Dismissal Order refers to as the

ASAOCRA (hereinafter "ASAOCRA"). The Reversal Opinion did not address Plaintiff's

remaining claims relating to the EPA Past Costs AOC I, EPA Past Costs AOC II, or costs to date

relating to the pending Kentucky Agreed Order, none of which present similar statute of limitations questions. Therefore, the Dismissal Order should have been limited to the contribution claim for past response costs incurred under the ASAORCA.

Plaintiff has prepared a Fourth Amended Complaint (attached as Exhibit A hereto), which clarifies that Plaintiff is only seeking contribution for past response costs that are not related to the ASAOCRA. The proposed Fourth Amended Complaint also removes all settling defendants that have been dismissed, clarifies the corporate names of remaining defendants based on their representations to Plaintiff, and clarifies the consideration provided in EPA Past Costs AOC II. Plaintiff further respectfully moves this Court for leave to file the attached Fourth Amended Complaint to allow this case to proceed on the issues not affected by the Reversal Opinion against the remaining defendants.

Should the Court deny this Motion for reconsideration and for leave to file the Fourth Amended Complaint, Plaintiff respectfully requests the Court certify the question of the scope of the Sixth Circuit's Reversal Opinion, pursuant to 28 U.S.C. § 1292(b). Because the Dismissal Order relied exclusively on the Reversal Opinion, the scope and substance of that opinion is crucial to the outcome of this case.

### STANDARD OF REVIEW

This Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment" and "may modify, or even rescind such interlocutory orders." *Koch v. Owners Ins. Co.*, 996 F. Supp. 2d 531, 536 (W.D. Ky. 2014) *aff'd* 586 F. App'x 209 (6th Cir. 2014) (quoting *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)) (internal quotations omitted) (reconsidering order granting summary judgment). District courts may grant motions for reconsideration, alter or amend under

2

Fed. R. Civ. P. 59(e) when the movant establishes "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Koch*, 996 F. Supp. 2d at 536 (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). *See also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007).

A district court has discretion to certify for interlocutory appeal an order which "involves a controlling question of law" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b); *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Certification is for pure questions of law. *See, e.g.*, *Wilks v. Pep Boys*, 278 F. App'x 488, 489 (6th Cir. 2008) (citing *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1023 (6th Cir. 2001); *Foster Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth., Inc.*, 970 F.2d 199, 200 (6th Cir. 1992)). Certification under § 1292(b) is reserved for the extraordinary case, ". . . where an immediate appeal may avoid protracted and expensive litigation . . . ." *Cardwell v. Chesapeake & Ohio R.R. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (internal quotations omitted); *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

## PROCEDURAL HISTORY

Plaintiff filed its original Complaint on August 31, 2012 against *de minimis* non-settling potentially responsible parties ("PRPs") with volumes of less than 400,000 gallons (DN 1). Plaintiff filed its First Amended Complaint on December 31, 2012, which removed *de minimis* settling defendants and added non-*de minimis* non-settling PRPs that had entered tolling

3

agreements with Plaintiff and EPA (DN 466-1). Following a telephonic conference with the

Court on March 15, 2013, the Court granted Plaintiff's oral motion to file a Second Amended

Complaint on March 29, 2013 to add claims against the Site owner/operator, Bluegrass

Incineration Services, LLC, so that Plaintiff could comply with the State of Kentucky's

requirement to obtain an Environmental Covenant and Site access to perform work being

required by the State (DN 758). The Second Amended Complaint also removed additional

settling defendants.

On April 8, 2013, a group of defendants (including many of those that moved to dismiss

Plaintiff's Third Amended Complaint) filed a motion to dismiss Plaintiff's Second Amended

Complaint on various grounds, including, but not limited to, the statute of limitations argument

(DN 776, 776-1). This Court denied defendants' motion to dismiss the Second Amended

Complaint in a February 7, 2014 Memorandum Opinion and Order (DN 961), but ordered

Plaintiff to file its Third Amended Complaint to delineate the categories of past response costs

Plaintiff is seeking to recover from all defendants (DN 961, at 9-10).

Between the filing of the Second and Third Amended Complaint, Plaintiff entered into

two separate settlements with EPA to reimburse EPA for the remainder of its past costs incurred

at the Site – EPA Past Costs AOC I in April 2013 and EPA Past Costs AOC II (which was

pending but not finalized as of the date of the Third Party Complaint). Thus, Plaintiff's Third

Amended Complaint, filed on February 27, 2014, segregates its response costs claims into four

categories: (1) $7,136,970 in response costs incurred under the ASAOCRA (DN 985, at 7-8, ¶¶

24-25); (2) $4,144,170 in response costs incurred under the April 2013 EPA Past Costs AOC I

(DN 985, at 8, ¶ 26); (3) $667,845 in response costs incurred under EPA Past Costs AOC II (DN

985, at 8, ¶ 27); and (4) at least $625,000 voluntary response costs incurred as a result of the activities the State is requiring to be conducted at the LWD Incinerator Site (DN 985, at 9, ¶ 29).

In an April 24, 2014 Memorandum Opinion and Order, this Court denied certain defendants' motion for reconsideration of its February 7, 2014 Memorandum Opinion and Order, but granted defendants' motion for interlocutory appeal on the statute of limitations issue only with respect to just the first category of Plaintiff's response costs claims – the $7,136,970 in response costs incurred under the ASAOCRA (DN 1012, at 8). Thus, the other three categories of Plaintiff's response claims – those incurred under EPA Past Costs AOC I, EPA Past Costs AOC II and to perform work being required by the State – were not a subject of the interlocutory appeal.

Some 66 defendants filed their subsequent motion to dismiss Plaintiff's Third Amended Complaint, which is the subject of this Court's Dismissal Order and this Motion on March 28, 2014 (DN 1002). In this subsequent motion to dismiss, however, defendants only moved to dismiss a portion of Plaintiff's response costs claims: (1) $835,652 of the $7,136,970 in ASAOCRA response costs, which $835,652 was paid by Plaintiff to EPA under the ASAOCRA; and (2) $667,845 paid to EPA under EPA Past Costs AOC II based on an argument that Plaintiff's payment to EPA of this $667,845 was completely voluntary (DN 1002, 1002-2). Two other defendants, Mega Fabrication, Inc. ("Mega") and Williamson County Housing Authority ("WHCA"), filed motions to dismiss which adopted the arguments raised by the 66 defendants (DN 1031, 1100); and Defendant Dresser-Rand Co. ("Dresser-Rand") filed a separate motion to dismiss based on a statute of limitations argument (DN 958).

The Sixth Circuit issued its Reversal Opinion on January 15, 2015, but the Reversal Opinion only applies to the $7,136,970 in response costs incurred by Plaintiff under the

ASAOCRA since that was the only issue certified by this Court for interlocutory appeal.

Nevertheless, in this Court's March 13, 2015 Dismissal Order, it dismissed Plaintiff's entire

Third-Party Complaint as to the 66 defendants, Mega, WCHA and Dresser-Rand, including the

three categories of response costs, the claims for which have not yet expired under their

applicable statutes of limitations. In doing so, this Court did not address the arguments raised by

the parties with respect to the response costs incurred by Plaintiff under EPA Past Costs AOC II.

Meanwhile, Plaintiff's case is still pending against the remaining defendants that did not

file a motion to dismiss,[1] including 24 defendants which the Court Clerk has entered Clerk's

Entry of Default for failing to timely file a responsive pleading to Plaintiff's Third Amended

Complaint.[2]

## ARGUMENT

Plaintiff respectfully submits it was a clear error of law for the Court to dismiss the entire

Third Amended Complaint against the 66 defendants who filed the March 28, 2014 Motion to

Dismiss, Mega, WHCA and Dresser-Rand. The only claim in Plaintiff's Third Amended

Complaint which should have been dismissed is the past costs claim for $7,136,970 in response

---

[1] Seven defendants have filed responsive pleadings but did not join in the Motion to Dismiss Plaintiff's Third Amended Complaint: Central Illinois Public Service Co.; City of Cedar Rapids, Iowa; Owens Corning; Quality Metal Finishing Co.; University of Iowa; Watts & Durr Company, Inc.; and Yenkin-Majestic Paint Corp.

[2] Such Entries of Default have been entered against Defendants All American Group, Inc. (DN 1114); Andover Coils, LLC (DN 1115); Arelco Plastics Fabricating Co. (DN 1116); B-B Paint Corp. (DN 1117); Bluegrass Incineration Services, LLC (DN 1024); BMO Harris Bank, N.A. (DN 1118); CFPG Ltd. (DN 1119); Carman Cleaners (DN 1122); Clondalkin Group Inc. (DN 1125); Dahlstrom Display, Inc. (DN 1120); Environmental Services of North America, Inc. (DN 1121); Excel TSD, Inc. (DN 1127); The Finishing Co. (DN 1130); Greenlee Diamond Tool Co. (DN 1123); Hannah Maritime Corp. (DN 1124); Hearth & Home Technologies, Inc. (DN 1131); Horning Wire Corp. (DN 1126); Leeds Seating Co. (DN 1128); Microbac Laboratories, Inc. (DN 1132); National Detroit, Inc. (DN 1129); Parker Plastics Corp. (DN 1133); PMRS, Inc. (DN 1134); Sterling Hardware, LLC (DN 1135); and Zeller Technologies, Inc. (DN 1136).

costs incurred under the ASAORCA. *See, e.g.*, *Koch*, 996 F. Supp. 2d at 536 (citing Sixth Circuit precedent). This was the only issue certified for interlocutory appeal and ruled on by the Sixth Circuit in its Reversal Opinion.

The other three categories of response costs incurred by Plaintiff are the $4,144,170 in response costs incurred under EPA Past Costs AOC I, $667,845 in response costs incurred under EPA Past Costs AOC II, and at least $625,000 voluntary response costs incurred as a result of the activities the State is requiring to be conducted at the LWD Incinerator Site. EPA Past Costs AOC I was finalized by EPA on April 8, 2013, so the three-year statute of limitations on Plaintiff's claims for $4,144,170 incurred under EPA Past Costs AOC I does not expire until April 8, 2016. EPA Past Costs AOC II was finalized by EPA on May 8, 2014, so the three-year statute of limitations on Plaintiff's claims for $667,845 incurred under EPA Past Costs AOC II does not expire until May 8, 2017. Plaintiff's cost-recovery claim for voluntary response costs incurred for work being required by the State of Kentucky does not start to run until physical initiation of physical on-site construction, which will not commence until later in 2015 or early in 2016. *See, e.g.*, *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757, 763 (6th Cir. 2014) cert. denied, 135 S. Ct. 1161 (2015) (citing CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2)); *RSR Corp. v. Commercial Metals Co.*, 496 F.3d 552, 559 (6th Cir. 2007).

This case is somewhat in limbo since the Court's Dismissal Order dismissed the Third Amended Complaint against 69 defendants, while the Third Amended Complaint is still pending against 31 other defendants, including 24 defendants against which the Court Clerk recently entered Clerk's Certificates of Default. While Plaintiff could file a new case against all defendants on the claims not affected by the Sixth Circuit's Reversal Opinion, Plaintiff respectfully submits the more judicially-efficient course of action would be for the Court to grant

Plaintiff leave to file the attached Fourth Amended Complaint (Exhibit A hereto), which does not include a claim for the response costs barred by the statute of limitations according to the Sixth Circuit's Reversal Opinion.[3] Plaintiff respectfully submits the Court needs to prevent manifest injustice and allow Plaintiff leave to file an amended Complaint for Plaintiff's claims against remaining defendants, which are not time-barred. *See, e.g., Leisure Caviar, LLC*, 616 F.3d 612 at 615 (a court may alter its judgment based on "manifest injustice," and "[u]nder Rule 15, a court may grant permission to amend a complaint when justice so requires and in the normal course will freely do so." (internal quotations and citations omitted)).

Should the Court not grant Plaintiff's Motion for Reconsideration and Leave to file the attached Fourth Amended Complaint, Plaintiff respectfully requests the Court certify for immediate interlocutory appeal the question of whether the other three categories of Plaintiff's past response cost claims  ($4,144,170 in response costs incurred under the EPA Past Costs AOC I; $667,845 in response costs incurred under EPA Past Costs AOC II; and at least $625,000 voluntary response costs incurred as a result of the activities the State is requiring to be conducted at the LWD Incinerator Site) are contemplated by the Sixth Circuit's Reversal Opinion or otherwise time-barred. The scope of the Reversal Opinion is a pure question of law,

---

[3] Plaintiff's proposed Fourth Amended Complaint also removes settled and dismissed defendants since the filing of the Third Amended Complaint; clarifies the names of certain defendants based on their representations to Plaintiff and the Court; and clarifies the consideration between Plaintiff and EPA for EPA Past Costs AOC II. In their Motion to Dismiss, the 66 defendants, joined by Mega and WHCA, argued that the $667,845 paid by Plaintiff (and its assignors) under EPA Past Costs AOC II was completely voluntary. The Court did not address this argument in its Dismissal Order, but EPA foreclosed this argument when it responded to the public comment letter written to EPA by the 66 defendants. See Plaintiff's Supplemental Response to Defendants' Rule 12(b)(6) Motion to Dismiss (DN 1027, and Exh. B to same). The attached Fourth Amended Complaint incorporates EPA's statements on the consideration for EPA Past Costs AOC II, which clarify that it was not "completely voluntary."

the resolution of which will materially advance this case and avoid additional protracted litigation. *See Cardwell*, 504 F.2d at 446.

## CONCLUSION

For the foregoing reasons, Plaintiff LWD PRP Group respectfully requests that this Court reconsider and enter an appropriate Order altering or amending its March 13, 2015 Memorandum Opinion and Order dismissing the Complaint in its entirety and grant Plaintiff leave to file the attached Fourth Amended Complaint; or alternatively certify this issue for appeal, and for such other and further relief as the Court deems just and appropriate under the circumstances. Alternative proposed Court Orders to this effect are attached hereto as Exhibits B and C.

Dated:    March 16, 2015                    Respectfully submitted,

                                            THE JUSTIS LAW FIRM LLC


                                            /s/ Gary D. Justis
                                            Gary D. Justis          admitted *pro hac vice*
                                            Rachel D. Guthrie       admitted *pro hac vice*
                                            10955 Lowell Ave.
                                            Suite 520
                                            Overland Park, KS 66210-2336
                                            Telephone: (913) 955-3712
                                            Facsimile: (913) 955-3711
                                            Email: gjustis@justislawfirm.com
                                                   rguthrie@justislawfirm.com

                                                   and

                                            W. Fletcher McMurry Schrock (Ky. Bar# 62283)
                                            MCMURRY & LIVINGSTON, PLLC
                                            333 Broadway, 7th Floor
                                            P.O. Box 1700
                                            Paducah, Kentucky  42002-1700
                                            Telephone: (270) 443-6511
                                            Facsimile: (270) 443-6548
                                            Email: fletch@ml-lawfirm.com

                                            ATTORNEYS FOR PLAINTIFF LWD PRP
                                            GROUP


### CERTIFICATE OF SERVICE

        I hereby certify that on March 16, 2015, a copy of the foregoing Motion for

Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory

Appeal was filed electronically. Notice of this filing will be sent to all parties by operation of the

Court's electronic filing system. Parties may access this filing through the Court's Electronic

Case Filing System.


                                            /s/ Gary D. Justis
                                            Gary D. Justis


10