UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-127-S

LWD PRP GROUP                                                                PLAINTIFF

v.

ACF INDUSTRIES, LLC, et al.                                          DEFENDANTS

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
AND FOR LEAVE TO FILE AN AMENDED COMPLAINT, OR, ALTERNATIVELY
INTERLOCUTORY APPEAL**
**(Electronically Filed)**

Defendants set forth on the attached Exhibit A ("Defendants"), by counsel, for their

response to Plaintiff's Motion for Reconsideration and For Leave to File an Amended

Complaint, or, Alternatively Interlocutory Appeal [DE 1138] ("Motion"), state as follows:

**INTRODUCTION AND BACKGROUND**

The Court should not reconsider or amend its judgment with regard to the Defendants'

Motion to Dismiss the Third Amended Complaint [DE 1002] ("Motion to Dismiss") and should

deny Plaintiff's motion to amend, as the Court properly granted the Motion to Dismiss with

regard to those items of damages and issues that were the subject of Defendants' Motion to

Dismiss.  Specifically, (1) all of the costs incurred pursuant to the 2007 ASAOC are not

recoverable, (2) the voluntary payment by the members of the LWD PRP Group under the "EPA

Past Costs AOC II" is not recoverable from the Defendants, and (3) the Third Amended

Complaint does not show with particularity that any of the LWD PRP Group's members has

incurred a disproportionate share of Site costs that would entitle that member to state a claim for

contribution.  Nothing in the Plaintiff's proposed Fourth Amended Complaint alters the analysis

at all in this case and, therefore, it should be disallowed.

The circumstances leading to this litigation are set forth in detail in numerous briefs before the Court, including the Defendants' Motion to Dismiss the Third Amended Complaint. The facts relevant to this brief can be summarized as follows.  The members of the Plaintiff LWD PRP Group and the Defendants are entities which shipped waste to the former LWD Site in Calvert City, Kentucky (the "Site"), and therefore are potentially responsible for environmental response costs incurred at the Site under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA").

Following initial removal activities at the Site, certain members of the Plaintiff LWD PRP Group entered into a settlement agreement with USEPA on March 1, 2007 (the "2007 ASAOC").  After interlocutory appeal from this Court, it was determined by the Sixth Circuit that all of the costs paid by the LWD PRP Group under the 2007 ASAOC are not recoverable by the Plaintiff because they are barred by the statute of limitations.  The Plaintiffs do not dispute this.

In April 2013, members of the Plaintiff, together with other private party potentially responsible parties ("PRPs") and certain federal agencies, entered into a separate settlement agreement (the so-called "EPA Past Costs AOC I") pursuant to which they (1) agreed to reimburse USEPA and (2) received a covenant not to sue from USEPA for past costs incurred by USEPA through October 10, 2012, a date years after the completion of USEPA's initial removal action and more than a year following the completion of the PRP Group's removal action.  *See* EPA Past Costs AOC I at ¶4 (describing dates work was completed); ¶19 (setting forth the covenant not to sue) (attached to Motion to Dismiss as Exhibit B).

Then, in a transaction rendered final one year later in April 2014, the members of the LWD PRP Group and certain other PRPs voluntarily entered into a second agreement with

USEPA (the so-called "EPA Past Costs AOC II") to reimburse USEPA for alleged additional costs that were incurred prior to October 10, 2012, doing so despite receiving a covenant not to sue for such costs in the EPA Past Costs AOC I. *See Defendant's Third Amended Complaint* [DE 985] at ¶ 27; EPA Past Costs AOC II (attached to Motion to Dismiss as Exhibit C).

## II.    STANDARD

Motions to reconsider under Fed. R. Civ. P. 59(e) are granted if there is a manifest error of law" see *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); newly discovered evidence, see *id.*, an intervening change in controlling law, *Collision v. International Chemical Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis v. Jellico Community Hospital*, 912 F.2d 129, 133 (6th Cir. 1990); *Collision*, 34 F.3d, at 236; *Hayes*, 8 F.3d, at 90-91 n.3.; *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Similarly, reconsideration is proper where a manifest error in fact exists in the original opinion leading to a clear error by the court. *See*, *e.g.*, *Doe v. Patton*, 381 F.Supp.2d 595, 605 (E.D. Ky. 2005). Importantly, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case" *Sault Ste. Marie Tribe*, 146 F.3d at 374 (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)) and such motions "are extraordinary and sparingly granted," *Western Kentucky Royalty Trust v. Armstrong Coal Reserves, Inc.*, 2013 WL 4500189, 4:11CV-114-M (Aug 21, 2013) at *1 (citations omitted). The Plaintiff has not identified any such basis for its Motion as it relates to Defendants' Motion to Dismiss or the relief granted by this Court in response to it. Therefore, the Court should deny Plaintiff's Motion.

## III.  ARGUMENT

**I.      Plaintiff Does Not Dispute That Costs Related to the 2007 ASAOC Are Not Recoverable.**

The Plaintiff's Motion does not dispute that, as clarified by the Sixth Circuit, the statute of limitations bars recovery of costs related to the 2007 ASAOC.  Thus, to the extent that the Court's Order [DE 1137] relates to costs incurred under the 2007 ASAOC, reconsideration is neither necessary nor appropriate.

**II.     The Plaintiff Does Not Have a Claim for Contribution for Costs Incurred Under the EPA Past Costs AOC II.**

As discussed in Defendants' Motion to Dismiss, recovery is unavailable to the Plaintiff's members for the EPA Past Costs AOC II because the payment made under that ASAOC was wholly voluntary and cannot form the basis for a contribution action.  Moreover, the Defendants did not have any common liability with the members of the LWD PRP Group for the costs under the EPA Past Costs AOC II because the EPA's statute of limitations on those costs had expired as to the Defendants.  Nothing in Plaintiff's Motion proves otherwise, and reconsideration of the Court's Order on this issue is therefore unwarranted.

A. The Plaintiff Has No Claim for Contribution Pursuant to the EPA Past Costs AOC II Because Its Payment Was Wholly Voluntary.

Although established by statute, a CERCLA Section 113 contribution claim is simply a "traditional" contribution claim based upon "common liability."  *See U.S. v. Atlantic Research*, 551 U.S. 128, 138 (2007) ("Nothing in § 113(f) suggests that Congress used the term 'contribution' in anything other than this traditional sense.").  Common law contribution has always been built upon the premise that the payment forming the basis for contribution was made because of an actual liability on the part of the payor, not a voluntary payment that the

payor was under no legal obligation to make.  *See*, *e.g.*, *CSX Transportation, Inc. v. General Electric Co.*, 2009 WL 3254879 (W.D. Ky. Oct. 8, 2009 at \*5) ("It is essential that the payment by one must have either been compulsory or that there must have been legal obligation.").  "A voluntary payment of an amount made without legal obligation is not sufficient to compel contribution" because the fundamental basis for contribution – an inequitably distributed liability – is absent from such a situation.  *Deatly's Adm'r v. Phillips*, 243 S.W.2d 918, 921 (Ky. 1951). *See also E.I. duPont de Nemours and Company v. United States*, 297 F. Supp. 2d 740, 752 (D.N.J. 2003) ("a contribution action 'denotes a claim by and between jointly and severally liable parties for an appropriate division of the payment one of them has been *compelled to make.*'") (emphasis in original) *aff'd by* 460 F.3d 515 (3rd Cir. 2006); *vacated on other grounds and remanded by* 551 U.S. 1129 (2007).

The Plaintiff's payment under the EPA Past Costs AOC II was voluntary because the members of the Plaintiff had already resolved their liability to the United States for the same EPA costs that are the subject of the EPA Past Costs AOC II.  *See* EPA Past Cost AOC I at ¶33. Those signatories to both the EPA Past Costs AOC I and the EPA Past Costs AOC II had already resolved their liability to the United States for all costs incurred by the government prior to the October 10, 2012 effective date of the EPA Past Costs AOC I.  Therefore, when the signatories to the EPA Past Costs AOC I entered into the EPA Past Costs AOC II, they were voluntarily agreeing to pay USEPA costs for which they had already resolved their liability to USEPA under the EPA Past Costs AOC I, including receiving a covenant not to sue for such costs.

The Plaintiff does not dispute that the EPA past costs settled in the EPA Past Costs AOC II are costs for which it enjoys a covenant not to sue granted by EPA.  Rather, Plaintiff unconvincingly argued in response to Defendants' Motion to Dismiss that its members were

required somehow to make this wholly voluntary payment to protect their claim under the EPA Past Costs AOC I,[1] or to avoid the risk that a settlement by Defendants could give rise to contribution counterclaims asserted by Defendants against individual Plaintiff members. However, this type of potential abstract economic harm does not constitute the legal compulsion required for a contribution claim. As stated by the *du Pont* court, establishing compulsion in the contribution context is a much higher burden and means "service of process dragooning an unwilling defendant into court against his will." *Id.*

    B. The Plaintiff Has No Claim for Contribution Pursuant to the EPA Past Costs AOC II Because The Defendants Had No Liability for Those Costs.

In addition to being wholly voluntary, and therefore unrecoverable in contribution, the Plaintiff's costs under the EPA Past Costs AOC II also do not form the basis for contribution because the *Defendants* had no liability for those costs. As discussed above, an action for contribution is based upon a "common liability" for which the parties are jointly and severally liable. As stated in *du Pont*, "a contribution action requires two parties who are jointly and severally liable to some *third-party*." *du Pont*, 297 F. Supp. 2d at 751 (emphasis in original). *See also Agere et al v. Advanced Environmental Technology Corporation*, 602 F. 3d 204, 219 (3rd Cir. 2010) ("contribution claims under §113(f) require 'a common liability' among PRPs at the time the underlying claim is resolved"). However, in this case, by the time that the EPA Past Costs AOC II was finalized in April 2014, *none of the Defendants* were liable for those costs because the statute of limitations had run and all tolling agreements between USEPA and the Defendants had expired. As noted above, the statute of limitations would have expired by its terms on September 29, 2012. However, many of the Defendants entered into tolling agreements

---

[1]    Plaintiff's complaint, oddly, is that the Defendants should have the temerity to engage EPA directly in settlement negotiations, perhaps because it fails to square with Plaintiff's shrill characterization of Defendants as "recalcitrants."

with USEPA that extended the statute of limitations by tolling the period from March 28, 2012 to December 31, 2012, a total of 280 days.  Even with these tolling agreements in place, however, at the latest, the statute of limitations would have expired 280 days after the statute of limitations ran out, or July 6, 2013, nine and a half months before the effective date of the EPA Past Costs AOC II.  Thus, in addition to being wholly voluntary, the alleged damages under the EPA Past Costs AOC II are not recoverable from Defendants because the Defendants themselves no longer had any actual or potential liability for such costs.

The Plaintiff's Motion does not establish any basis for the Court to reconsider its Order regarding the EPA Past Costs AOC II.  Moreover, the Plaintiff's proposed Fourth Amended Complaint does not provide any additional factual information that shows that the EPA Past Costs AOC II was anything more than a voluntary payment or that the statute of limitations had not expired. As a result, the Court should not amend or vacate its decision with regard to these costs and should not permit the Plaintiff to amend its complaint to restate the same, futile claim. *See Jet, Inc. v. Sewage Aeration Sys.,* 165 F.3d 419, 425 (6th Cir. 1999) (citation omitted) (stating that motions to amend need not be granted if futile).

### III.   The Entire Third Amended Complaint Was Rightly Dismissed Because the Plaintiff Has Not Established That Its Members Are Individually Entitled to Contribution.

As the Defendants have often noted in this case, the refusal of the Plaintiff group to identify with particularity the costs that each of its individual members have paid is fatal to the claims of the Plaintiff.  An entitlement to contribution arises when "the tortfeasor has paid more than his or her proportionate share" of a common liability. *Atlantic Research*, 551 U.S. at 138. *See also du Pont*, 297 F. Supp. 2d at 752 (right of contribution exists only in favor of a tortfeasor who has paid "more than his equitable share of the common liability").

Despite their considerable length, neither the Third Amended Complaint nor the proposed Fourth Amended Complaint actually state whether and to what extent each of Plaintiff's members has made disproportionate payments under either of the ASAOC's now at issue in this litigation.   As the Defendants previously noted, a review of the administrative settlements executed with USEPA reveals that a shifting group of parties have executed the documents, and nowhere are each of the members' payments enumerated. *See* Memorandum in Support of Motion to Dismiss at Section B.ii.   Moreover, the Plaintiff has confusingly and circularly stated that it is bringing suit on behalf of its members and on behalf of those parties that have settled with the Plaintiff and assigned their claims to the Plaintiff, an apparent effort to seek a greater recovery than that which the Plaintiff is entitled.   Because of the vague, inexact, and shifting nature of Plaintiff's many amended complaints and representations to this Court, the liability of its individual members cannot be discerned and has not been established.

In order to maintain a contribution claim under CERCLA, it must be shown that the plaintiff has contributed more than its share. As the Defendants showed in their Motion to Dismiss, the Third Amended Complaint did not adequately establish the Plaintiff's entitlement to contribution and the Court was correct to dismiss the Third Amended Complaint in its entirety.   Nothing in the Plaintiff's Motion for Reconsideration establishes otherwise. Moreover, because the Fourth Amended Complaint does not remedy the issue, it should be disallowed because the claims as stated would remain futile.

**CONCLUSION**

For the reasons set forth above, the Defendants request the Court deny Plaintiff's Motion.

WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
*Attorneys for Defendant*

By: */s/ Nicholas M. Holland*
     Nicholas M. Holland
     300 Broadway
     Post Office Box 995
     Paducah, Kentucky 42002-0995
     Telephone: (270) 443-4516
     Facsimile: (270) 443-4571
     nholland@whitlow-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2015, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

I further certify that I have served non-ECF participants via first class mail.

/s/ Nicholas M. Holland
     Nicholas M. Holland