# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **LWD PRP GROUP,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:12-CV-00127-GNS-HBB |
| | ) |
| **ACF INDUSTRIES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT DRESSER-RAND COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, INTERLOCUTORY APPEAL

### INTRODUCTION

Defendant Dresser-Rand Company ("Dresser-Rand"), respectfully submits the following response to the pending Motion for Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory Appeal (the "Motion") [DN 1138], which was filed by Plaintiff LWD PRP Group ("Plaintiff") after the Court issued its March 13, 2015 Memorandum Opinion and Order (the "Dismissal Order") dismissing Plaintiff's Third-Amended Complaint against Defendant Dresser-Rand Company, some 66 Defendants, Defendant Mega Fabrication, Inc., and Defendant Williamson County Housing Authority. [DN 1137]. The Dismissal Order relied on the Sixth Circuit Court of Appeal's recent opinion reversing this Court's denial of Defendant Dresser-Rand's motion to dismiss. LWD PRP Group, No. 14-5730, slip op. (6th Cir. Jan 14, 2015) (the "Reversal Opinion"). Contrary to Plaintiff's belief, the Reversal Opinion was not limited to Plaintiff's claims for contribution of past response costs; rather, the Reversal Opinion settled that claims under § 107(a) and § 113(f) of the Comprehensive Environmental

Response, Compensation, and Liability Act ("CERCLA") are mutually exclusive and that if a party is able to bring a contribution action, it must do so under § 113(f), rather than § 107(a). Dismissal Order [DN 1137] at 4.

Reconsideration or an interlocutory appeal is not appropriate because this Court has correctly applied the Reversal Opinion of the Sixth Circuit and Plaintiff's claims against Defendant Dresser-Rand are barred by the three-year statute of limitations governing a claim brought under Section 113(f). Because Plaintiff's Section 107(a) claim is precluded by its Section 113(f) claim, and Plaintiff's Section 113(f) claim is time barred, Defendant Dresser-Rand is entitled to a complete dismissal.

## BACKGROUND

The Court is well familiar with the background of the instant litigation, and it will not be repeated in full here. In short, Plaintiff is a group of 58 potentially responsible parties ("PRPs") that entered into an Administrative Settlement Agreement and Order on Consent for Removal Action ("ASAOCRA"). Reversal Opinion [DN 1106] at 6. The ASAOCRA obligated the PRPs to engage in removal activities at the LWD Incinerator Site and obligated the PRPs to compensate the EPA for future response costs. *Id*.; [DN 776-3] at 9-10, 17-18 (Settlement Agreement at 9-10, 17-18); Dismissal Order [DN 1137] at 2.

Defendant Dresser-Rand is a *de minimis* defendant, unlike the group of 66 non-*de minimis* defendants also before the Court on Plaintiff's Motion. On January 13, 2014, Defendant Dresser-Rand filed its Motion to Dismiss based on the issues resolved by the Sixth Circuit's Reversal Opinion, as well as an additional statute of limitations defense.[1] The Court, relying on

---

[1] Although the Court mentioned in its Dismissal Order that Defendant Dresser-Rand did not file a reply in support of its motion, Dresser-Rand was granted leave to file and did so file its reply

2

the Reversal Opinion of the Sixth Circuit, barred Plaintiff from pursuing its claims against Defendant Dresser-Rand because it failed to bring its claim for contribution under Section 113(f) within three years of the effective date of the ASAOCRA (March 1, 2007). Dismissal Order [DN 1137] at 6.

## ARGUMENT

Defendant Dresser-Rand denies the existence of a clear error of law, and submits that the Court correctly granted Defendant Dresser-Rand's motion to dismiss. Motions for Reconsideration under Fed. R. Civ. P. 59(e) "are extraordinary and sparingly granted." *Western Kentucky Royalty Trust v. Armstrong Coal Reserves, Inc.*, No. 4:11-CV-114-M, 2013 WL 4500189, at *2 (W.D. Ky. Aug. 21, 2013). They are only granted upon evidence of clear error of law or to prevent a manifest injustice. *Koch v. Owners Ins. Co.*, 996 F. Supp. 2d 531, 536 (W.D. Ky. 2014).[2] Neither one of those is present in the instant litigation.

This Court's Dismissal Order was based on the Sixth Circuit's Reversal Opinion, which relied extensively upon the holding in *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757 (6th Cir. 2014). The Sixth Circuit found that nothing distinguished *Hobart* from the instant litigation. Reversal Opinion [DN 1106] at 2. The Sixth Circuit also reaffirmed that "a response cost directly incurred by a party that is recoverable using a § 113(f) contribution action is not also recoverable under the cost recovery provisions of § 107." Reversal Opinion [DN 1106], at 3 (citing *Hobart*, 758 F.3d at 767–68). Second, the Sixth Circuit confirmed that a claim for contribution under Section 113(g) must be asserted within three years of the effective date. *Id.* at

---

on October 22, 2014 [DN 1082]. Regardless, this did not prevent the Court from correctly granting Defendant Dresser-Rand's motion to dismiss.

[2] A motion for reconsideration may also be granted if there is an intervening change in controlling law or newly discovered evidence, but Plaintiff does not claim either as a basis for its Motion.

3

4. Plaintiff's claim for contribution under Section 113(f) is time-barred because it was not brought before the March 1, 2010 deadline for doing so. *Id.* at 10-12.  Therefore, the claims against Dresser-Rand were correctly dismissed because Plaintiff's contribution claim, although time-barred, also precludes an alternative recovery under Section 107.  *Id.*

## CONCLUSION

For the foregoing reasons, Dresser-Rand respectfully requests that the Court deny Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory Appeal.  A proposed Court Order to this effect is attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Christopher D. Cathey*
Christopher D. Cathey (89787)
ccathey@ralaw.com
Roetzel & Andress, LPA
310 Chiquita Center
250 East Fifth Street
Cincinnati, Ohio  45202
Telephone:  513.361.0200
Facsimile:  513.361.0335

Of Counsel:

Thomas L. Rosenberg (OH 0024898)
trosenberg@ralaw.com
Roetzel & Andress, LPA
PNC Plaza, Twelfth Floor
155 East Broad Street
Columbus, Ohio  43215
Telephone:  614.463.9770
Facsimile:  614.463.9792

*Attorneys for Defendant Dresser-Rand Company*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2015, a copy of the foregoing was filed via this Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                        */s/ Christopher D. Cathey*
                                        Christopher D. Cathey (89787)
                                        *Attorney for Defendant Dresser-Rand Company*

9241446_1 118357.0179