IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **LWD PRP GROUP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:12-CV-00127- |
| ) | GNS-HBB |
| **ACF INDUSTRIES LLC, et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION AND FOR LEAVE TO FILE AN AMENDED
COMPLAINT, OR ALTERNATIVELY, INTERLOCUTORY APPEAL**

Plaintiff LWD PRP Group ("Plaintiff"), by and through counsel, provides this brief Reply in support of its Motion for Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory Appeal ("Motion for Reconsideration") (DN 1138).

This is a simple and straightforward issue. Plaintiff has four categories of response costs in its Third Amended Complaint: (1) $7,136,970 in response costs incurred under the ASAOCRA (DN 985, at 7-8, ¶¶ 24-25); (2) $4,144,170 in response costs incurred under the April 2013 EPA Past Costs AOC I (DN 985, at 8, ¶ 26); (3) $667,845 in response costs incurred under EPA Past Costs AOC II (DN 985, at 8, ¶ 27); and (4) at least $625,000 voluntary response costs incurred as a result of the activities the State is requiring to be conducted at the LWD Incinerator Site (DN 985, at 9, ¶ 29).

The Sixth Circuit's opinion reversing this Court's denial of certain Defendants' April 13, 2013 motion to dismiss Plaintiff's Second Amended Complaint only affects the first category of Plaintiff's response costs – the $7,136,970 in response costs incurred under the ASAOCRA. Indeed, the trigger date of the three-year statute of limitations for the ASAOCRA past response

costs was the only issue this Court certified for interlocutory appeal. *See* April 24, 2014 Memorandum Opinion and Order (DN 1012, at 8).

The three-year statute of limitations on Plaintiff's claims for $4,144,170 incurred under EPA Past Costs AOC I does not expire until April 8, 2016. The three-year statute of limitations on Plaintiff's claims for $667,845 incurred under EPA Past Costs AOC II does not expire until May 8, 2017. Plaintiff's cost-recovery claim for voluntary response costs incurred for work being required by the State of Kentucky does not start to run until physical initiation of physical on-site construction, which will not commence until later in 2015 or early in 2016.

Consequently, Plaintiff respectfully submits the Court made a clear error in its March 13, 2015 Memorandum Opinion and Order when it dismissed Plaintiff's Third-Amended Complaint in its entirety as to certain defendants, which includes the dismissal of the latter three categories of Plaintiff's response costs claims. Moreover, the dismissal of the entire Third-Party Complaint results in manifest injustice to Plaintiff. This can be easily remedied by allowing Plaintiff to file the proposed Fourth Amended Complaint, which makes it clear that Plaintiff is only pursuing claims against the remaining defendants for the latter three categories of response costs.

Indeed, the defendants that moved to dismiss Plaintiff's Third Amended Complaint did not even move to dismiss Plaintiff's claims for response costs incurred under EPA Past Costs AOC I (second category above), or those response costs incurred as a result of the work being required by the State of Kentucky (fourth category above). *See generally* Defs.' Motion to Dismiss Pursuant to Rule 12(b)(6) (DN 1002). Moreover, in their motion to dismiss Plaintiff's claims for response costs incurred under EPA Past Costs AOC II (third category above), these defendants did not argue that such costs were subject the statute of limitations issue decided by the Sixth Circuit on interlocutory appeal. Instead, they argued these costs were "wholly

voluntary" (DN 1002, at 2), an argument rejected by EPA and not decided by this Court in is March 13, 2014 Memorandum Opinion and Order.

Of the 66 defendants that filed the motion to dismiss Plaintiff's Third Amended Complaint, 16 have settled and been dismissed from this case. Indeed, three such defendants settled and have been dismissed since the Court issued its March 13, 2015 Memorandum Opinion and Order dismissing Plaintiff's Third-Amended Complaint.[1] Two other defendants that did not file a motion to dismiss Plaintiff's Third Amended Complaint have also settled since March 13, 2015.[2] These recent settling defendants obviously believed Plaintiff still had viable response costs claims against them that were not affected by the Sixth Circuit's reversal as to only the first category of Plaintiff's response costs.

In their Response in Opposition to Plaintiff's Motion for Reconsideration, the remaining 50 defendants do not oppose the fact that the latter three categories of Plaintiff's response costs are subject to the Sixth Circuit's reversal opinion. The reason is simple. There is nothing they can say to oppose this fact. The absence of any counter-argument whatsoever on this point raised by Plaintiff's Motion for Reconsideration should be sufficient for the Court to reconsider is March 13, 2015 ruling and allow Plaintiff to file the proposed Fourth Amended Complaint.

Instead, the 50 remaining defendants rehash their argument that the response costs Plaintiff incurred under EPA Past Costs AOC III are "wholly voluntary." Again, their argument

---

[1] These three most recent settled and dismissed defendants are Harry Spiros, Inc. f/k/a Superior Equipment Company, Inc. (DN 1151); United Industries Corporation d/b/a Chemsico, Inc. (DN 1152); and Duke Energy Ohio, Inc. (DN 1153).

[2] Owens Corning settled with Plaintiff after it filed a motion for judgment on the pleadings, which motion became moot after the settlement and Plaintiff filed its pending motion to dismiss Owens Corning (DN 1150, 1154). Plaintiff also recently filed a pending motion to dismiss settling defendant Quality Metal Finishing Co. (DN 1155).

that the response costs incurred under EPA Past Costs AOC II were "wholly voluntary" was fully briefed by the parties, but not ruled on specifically by this Court in its March 13, 2015 ruling. As Plaintiff pointed out in its Supplemental Response to defendant's motion to dismiss, EPA flatly rejected this argument in the following statements when these defendants made it to EPA in public comments opposing EPA Past Costs AOC II:

> First, although parties to the proposed Settlement Agreement [EPA Past Costs AOC II] may have also been party to the first CERCLA 122(h) settlement agreement (CERCLA 04-2013-3751, the "First Settlement") [EPA Past Costs AOC I], the covenant not to sue from the EPA under the First Settlement [EPA Past Costs AOC I] was more limited in scope than under the proposed Settlement Agreement [EPA Past Costs AOC II]. . . . The EPA and the U.S. Department of Justice continued to incur site-related costs after October 10, 2012. These costs through that Effective Date are addressed by the proposed Settlement Agreement [EPA Past Costs AOC II], but were not addressed by the First Settlement [EPA Past Costs AOC I]. <u>In addition, the covenant not to sue provided by the EPA under the proposed Settlement Agreement [EPA Past Costs AOC II] encompasses any potential costs that might have been incurred by the EPA or U.S. Department of Justice in connection with the Site through the Effective Date, but might not have been actually paid. This broader covenant embraces any such costs, including those incurred prior to October 10, 2012.</u>

*See* Plaintiff's Supp. Response to Defs. Rule 12(b)(6) Motion to Dismiss and Ex. B to same, at 1 (DN 1027) (emphasis added). Simply put, these costs should survive a motion to dismiss if EPA rejected this same argument.

The only other argument that the remaining 50 defendants raise in response was also fully briefed by the parties, but not specifically ruled on in the Court's March 13, 2014 Memorandum Opinion and Order. These defendants continue to argue that Plaintiff's Third and proposed Fourth Amended Complaint do not indicate that Plaintiff has paid more than its proportional share of response costs entitling it to contribution. As Plaintiff points out every time they rehash this same argument, every version of the Complaint states that Plaintiff, which is specifically defined as the individually identified members of the LWD PRP Group and their assignors, are

4

the only entities that have incurred all of the claimed Site response costs, and that none of the defendants have incurred any response costs. *See, e.g.*, Plaintiff's Response to Defs.' Rule 12(b)(6) Motion to Dismiss, at 9-11 (DN 1020). A party that has incurred 100% of Site response costs is entitled to contribution against defendants that have incurred 0% of Site response costs.

As Plaintiff has also pointed out, this is nothing more than a veiled argument that the "LWD PRP Group" cannot be the named Plaintiff. The Court ruled against these defendants on this issue in its February 17, 2014 Memorandum Opinion and Order. *See* Feb. 17, 2014 Mem. Op. and Order, at 23-5 (DN 961). This was not an issue certified for interlocutory appeal (although these defendants raised it with the Sixth Circuit) and it is the law of the case. "The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *Scott v. Churchill,* 377 F.3d 565, 569-70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, (1983)). As such, these defendants cannot continue to argue this issue.

For the foregoing reasons and the reasons stated in its Motion for Reconsideration and earlier pleadings, Plaintiff LWD PRP Group respectfully requests that this Court reconsider and enter an appropriate Order altering or amending its March 13, 2015 Memorandum Opinion and Order dismissing the Complaint in its entirety and grant Plaintiff leave to file the attached Fourth Amended Complaint; or alternatively certify this issue for appeal, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated:  April 27, 2015

Respectfully submitted,

THE JUSTIS LAW FIRM LLC

/s/ Gary D. Justis
Gary D. Justis         admitted *pro hac vice*
Rachel D. Guthrie      admitted *pro hac vice*
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3712
Facsimile: (913) 955-3711
Email: gjustis@justislawfirm.com
          rguthrie@justislawfirm.com

and

W. Fletcher McMurry Schrock (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, Kentucky  42002-1700
Telephone: (270) 443-6511
Facsimile: (270) 443-6548
Email: fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2015, a copy of the foregoing Plaintiff's Reply in Support of its Motion for Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory Appeal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Gary D. Justis
Gary D. Justis