UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00127-GNS-HBB

LWD PRP GROUP                                                                                           PLAINTIFF

V.

ACF INDUSTRIES LLC, et al.
                                                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory Appeal. (Pl.'s Mot. for Recons. and for Leave to File an Am. Compl., or Alternatively, Interlocutory Appeal [hereinafter Pl.'s Mot. for Recons., DN 1138)  The motion has been fully briefed and is ripe for decision.  For the reasons stated below, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

## I. BACKGROUND

The LWD Incinerator Site is part of the LWD, Inc. Superfund site in Calvert City, Kentucky, which functioned as a hazardous waste incinerator from the 1970s-2004. *LWD PRP Group v. Alcan Corp. et al.*, No. 14-5730, at *6 (6th Cir. Jan. 14, 2015) (unpublished) (also DN 1106). It was subsequently abandoned. *Id.* At the request of the Kentucky Department of Environmental Protection, the United States Environmental Protection Agency ("EPA") conducted initial waste removal activities. *Id.*

The EPA ultimately identified fifty-eight potentially responsible parties ("PRPs"). *Id.* These PRPs entered into an Administrative Settlement Agreement and Order on Consent for Removal Action ("ASAOCRA") with the EPA on March 1, 2007. *Id.* The PRPs engaged in certain removal activities at the LWD Incinerator Site pursuant to the ASAOCRA, and further agreed in the ASAOCRA to compensate the EPA for future response costs. *Id.* On September 29, 2009, the EPA issued a notice of completion of the removal activities. *Id.* at 6-7.

Plaintiff in this action is an association composed of some of the fifty-eight PRPs that entered into the ASAOCRA with the EPA. *Id.* at 6. Plaintiff filed its Complaint on August 31, 2012 (Compl., DN 1); its First Amended Complaint on January 30, 2013 (First Am. Compl., DN 581); its Second Amended Complaint on March 29, 2013 (Second Am. Compl., DN 758), and; its Third Amended Complaint on February 27, 2014 (Third Am. Compl., DN 985). Between its Second and Third Amended Complaints, Plaintiff entered into two "Settlement Agreement for Recovery of Past Response Costs" agreements with the EPA. (Third Am. Compl. 8 ). The first of these agreements ("EPA Past Costs AOC I") was finalized in April 2013, and on August 27, 2013, Plaintiff paid the EPA $4,144,120 pursuant to that agreement. (Third Am. Compl. 8). The second of these agreements ("EPA Past Costs AOC II") requires Plaintiff to pay the EPA an additional $667,845 plus interest from the effective date of the EPA Past Costs AOC II to the date of actual payment. (Third Am. Compl. 8). Additionally, since September 2009, Plaintiff has incurred an estimated $625,000 in voluntary response costs regarding activities by the Kentucky Department of Environmental Protection at the LWD Incinerator Site. (Third Am. Compl. 9).

In its Third Amended Complaint, Plaintiff seeks: 1) cost recovery pursuant to 42 U.S.C. § 9607(a)(4) (section 107(a)(4) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")); 2) contribution pursuant to 42 U.S.C. § 9613(f)(1), (f)(3)(B)

(section 113(f)(1), (f)(3)(B) of CERCLA), and; 3) declaratory relief pursuant to 42 U.S.C. § 9613(g)(2) (section 113(g)(2) of CERCLA). (Third Am. Compl. ¶¶ 671-701).

Following the filing of the Second Amended Complaint, Defendant Dresser-Rand Company filed a Motion to Dismiss. (Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(6), DN 958). After the Third Amended Complaint was allowed, various Defendants filed motions to dismiss certain claims in the Third Amended Complaint. (Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6), DN 1002; Def.'s Mot. to Dismiss, DN 1031). On March 13, 2015, the Court granted the motions to dismiss and dismissed the Third Amended Complaint in its entirety. (Mem. Op. & Order, DN 1137). Three days later, Plaintiff filed the instant motion seeking reconsideration. (Pl.'s Mot. for Recons., DN 1138).

## II. JURISDICTION

This case involves the liability of and contribution by PRPs pursuant to CERCLA. This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As to Plaintiff's state law claims, this Court has jurisdiction over those claims as the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

Motions for reconsideration are analogous to a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *Cobb v. City of Detroit Common Council*, 897 F.2d 529, 1990 WL 25055, at *1 (6th Cir. 1990) (unpublished table decision) (citations omitted). "[A] court may alter the judgment based on: (1) a clear error of law; (2) newly discovered

evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted).

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[M]otions to amend are "frequently filed and, generally speaking, 'freely' allowed." *Moncier v. Jones*, 557 F. App'x 407, 410 (6th Cir. 2014) (quoting *Leisure Caviar, LLC*, 616 F.3d at 615) (internal quotation marks omitted).

District Courts may certify an order for interlocutory appeal that would not otherwise be appealable if "the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the legislative history notes, "section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (citation omitted).

## IV. DISCUSSION

In its March 13, 2015 Memorandum Opinion and Order, this Court relied primarily on *LWD PRP Group v. Alcan Corp. et al.*, No. 14-5730 (6th Cir. Jan. 14, 2015) (unpublished). (Mem. Op. and Order, DN 1137). Upon further review of that case and Plaintiff's motion, the Court has determined that the holding of the Sixth Circuit applied only to recovery sought as to

the ASAOCRA only—not to recovery sought as to EPA Past Costs AOC I, EPA Past Costs AOC II, or money owed to the Kentucky Department of Environmental Protection.

Of the Defendants, only Defendant Dresser-Rand Company makes the argument that the Court's analysis was correct in its entirety for the reasons set out by the Court. (Def.'s Resp. to Pl.'s Mot. for Recons., DN 1138). It does not, however, offer any explanation as to why the costs separate from those associated with the ASAOCRA are similarly situated despite the fact that they arose three years or more after the signing of the ASAOCRA and are expenses incurred for activities separate from those covered by the ASAOCRA.

The remaining Defendants who joined in a joint response argue that the Court correctly dismissed the entire Third Amended Complaint on grounds other than those addressed by the Court. (Defs.' Resp. in Opp'n to Pl.'s Mot. for Recons., DN 1143). The Court will not entertain those arguments at this time, as they were not relied upon in its March 13, 2015, Memorandum Opinion and Order. Defendants may raise those grounds in support of a timely motion for summary judgment.

Accordingly, the Court finds that there is a need to prevent manifest injustice, which warrants granting Plaintiff's motion for reconsideration and granting leave to file its Fourth Amended Complaint.

## V. <u>CONCLUSION</u>

For the forgoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint, or Alternatively, Interlocutory Appeal (Pl.'s Mot. for Recons., DN 1138) is **GRANTED IN PART** as to Plaintiff's request to file an amended complaint. To the extent that Plaintiffs seek interlocutory appeal, its motion is

6

**DENIED IN PART AS MOOT**. The Clerk **SHALL** file Plaintiff's tendered Fourth Amended Complaint (Fourth Am. Compl., DN 1138-1) in the docket.

Greg N. Stivers, Judge
United States District Court
June 3, 2015

cc: counsel of record