UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-127-M

LWD PRP GROUP                                                            PLAINTIFF

v.

ACF INDUSTRIES, LLC, et al.                                    DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION FOR DISMISSAL OF FOURTH
AMENDED COMPLAINT**
**(Electronically Filed)**

Defendants set forth on the attached Exhibit A ("Defendants"), by counsel, state as follows for their Memorandum in Support of Motion for Dismissal of the Fourth Amended Complaint::

## BACKGROUND

As a brief summary of the well-known facts of this case, the purported members of the Plaintiff LWD PRP Group and the Defendants are all entities which shipped waste to the former LWD, Inc. liquid incinerator site in Calvert City, Kentucky (the "Site"), and therefore became potentially responsible for environmental response costs incurred at the Site under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA").

After the United States Environmental Protection Agency ("USEPA") undertook initial removal activities at the Site, certain members of the Plaintiff entered into a settlement agreement with USEPA on March 1, 2007 (the "2007 ASAOC") pursuant to which these members agreed to conduct additional removal activity at the Site and reimburse USEPA for its oversight costs associated with such removal action.

Thereafter, in April 2013, members of the Plaintiff, together with other private party potentially responsible parties ("PRPs") and certain federal agencies, entered into a second

settlement agreement pursuant to which they agreed to reimburse USEPA for certain costs incurred by it in connection with USEPA's performance of removal activities at the Site (the so-called "EPA Past Costs AOC I"). *See Fourth Amended Complaint* [DE 1165] at ¶24. Under the EPA Past Costs AOC I, USEPA agreed not to sue the signatories for any costs incurred by USEPA through October 10, 2012, a date years after the completion of USEPA's initial removal action and more than a year following conclusion of the PRP Group's removal action. *See* EPA Past Costs AOC I at ¶4 (describing dates work was completed); ¶19 (setting forth the covenant not to sue) (attached as Exhibit B).

Then, in a third transaction rendered final on May 8, 2014, the members of the LWD PRP Group and certain other PRPs voluntarily entered into an agreement with USEPA (the so-called "EPA Past Costs AOC II") to reimburse USEPA for alleged additional costs that were incurred prior to October 10, 2012, doing so despite the fact that most of those parties had already received a covenant not to sue for such costs in the EPA Past Costs AOC I. *See Fourth Amended Complaint* at ¶25; EPA Past Costs AOC II (attached as Exhibit C).

In summary, the relevant dates at issue in this case are as follows:

| Date | Event |
| --- | --- |
| March 1, 2007 | Date of the "2007 ASAOC" under which a subgroup of Plaintiff conducted site activities concluding on or before September 2009 |
| September 29, 2009 | USEPA certifies completion of the removal action completed pursuant to the 2007 ASAOC. |

| May 1, 2010 | The running of the statute of limitations for the Plaintiff's CERCLA 113 claim for reimbursement of costs incurred under the 2007 ASAOC |
|---|---|
| September 29, 2012 | The running of the statute of limitations on USEPA's CERCLA Section 107 statutory claim to seek recovery from Defendants for agency pasts costs relating to its oversight of the 2007 ASAOC, using the notice of completion date as the statute of limitations triggering event. |
| April 8, 2013 | Date of the "EPA Past Costs AOC I" in which certain members of Plaintiff agreed to reimburse USEPA its past costs incurred through October 10, 2012 in return for a covenant not to sue with respect to such costs from USEPA. |
| May 8, 2014 | Date of the "EPA Past Costs AOC II" in which certain members of Plaintiff agreed reimburse USEPA for additional agency past costs incurred prior to October 10, 2012 despite having a covenant not to sue with respect to such costs. |

As alleged in the recently-filed Fourth Amended Complaint, the Plaintiff seeks contribution for costs incurred by it pursuant to: a) the EPA Past Costs AOC I; b) the EPA Past Costs AOC II; and c) for past and potential future costs to be incurred under a pending settlement agreement with the Kentucky Department of Environmental Protection ("KDEP"). Its claims under the 2007 ASAOC were dismissed by this Court pursuant to a decision of the Sixth Circuit Court of Appeals.

Much like Plaintiff's damages under the 2007 ASAOC, the damages under the EPA Past Costs AOC II cannot be recovered by Plaintiff pursuant to Section 113 of CERCLA, which provides an action for contribution to parties that have paid more than their proportionate share of Site costs. The reason for this is simple: by the time the parties executed the EPA Past Cost AOC II, the applicable statute of limitations for USEPA to bring claims for the recovery of its removal action costs had long since expired. *See* CERCLA §113(g)(2)(A) (noting USEPA has three years from the completion of a removal action to bring suit against potentially responsible parties). Thus, neither the Defendants nor any member of the Plaintiff was under any legal liability to USEPA to make the payments under the EPA Past Costs AOC II.

Second, to the extent they were signatories to the EPA Past Costs AOC I, the members of the Plaintiff had already resolved their liability to the United States for the same EPA costs that are the subject of the EPA Past Costs AOC II. *See* EPA Past Cost AOC I at ¶33. Given that common liability is a prerequisite for contribution, the absence of any legal liability for the payment made strips the Plaintiff of a necessary element of its purported Section 113 claim, requiring the same to be dismissed. *See City of Colton v. American Promotional Events, Inc.*, 2010 WL 4569038 (C.D. Cal. Nov. 2, 2010) at *8 ("Like traditional contribution, the recipe for CERCLA Section 113(f) contribution includes liability as a necessary ingredient") (citing *United States v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007)).

Finally, as explained further below, the Plaintiff's Fourth Amended Complaint shares the same deficiency as every version of Plaintiff's complaint to date because it altogether fails to allege which of its members have paid what amounts under which agreement that are actually disproportionate to each such member's equitable share of Site liability. Contribution sounds, at base, in equity and is built upon the premise that a party has paid "more than its fair share" of

costs. Without identifying which (if any) of the members of the Plaintiff have actually paid more than their fair share, it is impossible to discern if any member of Plaintiff possesses a valid contribution claim. Plaintiff's claims therefore fail to state a claim on which relief can be granted and must be dismissed.

## II.     STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) considers the sufficiency of the pleadings and whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). When considering a motion to dismiss, the "district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir.1999) (citing *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995)). Taken together, the "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 550 U.S. at 555 (internal citation and quotation marks omitted).

Nevertheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, *supra*). Where it can be shown that a claim is barred by the applicable statute of limitations, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6). *See*, *e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (stating that dismissal is appropriate under Rule 12(b)(6) when "the allegations in the complaint

affirmatively show that the claim is time barred"); *RSR Corp. v. Commercial Metals Co.*, 496 F.3d 552, 556 (6th Cir. 2007) (dismissing a CERCLA claim on a Rule 12(b)(6) motion because the claim was brought outside of the applicable statute of limitations).

### III.  ARGUMENT

**A. The Plaintiff Does Not Have a Claim for Contribution for Costs Incurred Under the EPA Past Costs AOC II.**

As discussed in Defendants' Motion to Dismiss, recovery is unavailable to the Plaintiff for the EPA Past Costs AOC II because the Defendants did not have any common liability with the members of the LWD PRP Group for the costs under that AOC. This is because the EPA's statute of limitations on those costs had expired as to all potentially responsible parties. Moreover, the payment made under the EPA Past Costs AOC II was wholly voluntary on the part of the Plaintiff and cannot form the basis for a contribution action. Nothing in Plaintiff's Fourth Amended Complaint shows otherwise, and therefore Plaintiff's claim for costs under the EPA Past Costs AOC II must be dismissed.

> i.  <u>The Plaintiff Has No Claim for Contribution Pursuant to the EPA Past Costs AOC II Because The Defendants Had No Liability for Those Costs</u>.

Although established by statute, a CERCLA Section 113 contribution claim is simply a "traditional" contribution claim based upon "common liability." *See Atlantic Research*, 551 U.S. at 138 ("Nothing in § 113(f) suggests that Congress used the term 'contribution' in anything other than this traditional sense."). Thus, in order to support an action for contribution, the original obligation must be one for which both parties had a current, common obligation. In this case, by the time that the EPA Past Costs AOC II was finalized, none of the Defendants were liable for the reimbursed costs because the statute of limitations had run and all tolling agreements between USEPA and the Defendants had expired.

Under CERCLA Section 113(g)(2)(A), USEPA had three years from the date of completion of the removal action to bring suit against potentially responsible parties to recover costs of the removal action. That action was completed no later than September 29, 2009,[1] the date USEPA certified completion of the removal action, leaving September 29, 2012, as the last date for USEPA to initiate a cost recovery action for those costs. The EPA Past Costs AOC II was not executed by any member of Plaintiff until September 2013, long after the statute of limitations had run, and was not finalized until even later, in May 2014. Because the Defendants no longer had any obligation to pay the costs reimbursed by the EPA Past Costs AOC II, the Plaintiff has no action for contribution against Defendants for these costs. As a result, the Fourth Amended Complaint fails to state a claim for contribution for the amount it paid under the EPA Past Costs AOC II and this claim should be dismissed.

        ii.       <u>The Plaintiff Has No Claim for Contribution Pursuant to the EPA Past Costs AOC II Because Its Payment Was Wholly Voluntary</u>.

The Plaintiff's claim for contribution under the EPA Past Costs AOC II also fails because the *Plaintiff* had no obligation to reimburse USEPA for the past costs under that agreement. An entitlement to contribution under CERCLA, as under common law, requires that the original payment for which contribution is sought was made because of an actual obligation or liability on the part of the party seeking contribution, not a voluntary payment that the payor was under no compulsion or obligation to make. *See*, *e.g.*, *CSX Transportation, Inc. v. General Electric Co.*, 2009 WL 3254879 (W.D. Ky. Oct. 8, 2009 at *5) ("It is essential that the payment by one must have either been compulsory or that there must have been legal obligation."). "A voluntary payment of an amount made without legal obligation is not sufficient to compel contribution"

---

[1]     Defendants reserve the right to argue that the actual removal action completion date for statute of limitations purposes was prior to the September 29, 2009 date that USEPA certified the completion of the removal action.

because the fundamental basis for contribution – an inequitably distributed liability – is absent from such a situation. *Deatly's Adm'r v. Phillips*, 243 S.W.2d 918, 921 (Ky. 1951). *See also E.I. duPont de Nemours and Company v. United States*, 297 F. Supp. 2d 740, 752 (D.N.J. 2003) ("a contribution action denotes a claim by and between jointly and severally liable parties for an appropriate division of the payment one of them has been *compelled to make*.") (emphasis in original) *aff'd by* 460 F.3d 515 (3rd Cir. 2006); *vacated on other grounds and remanded by* 551 U.S. 1129 (2007). In this case, the Plaintiff's payment under the EPA Past Costs AOC II was voluntary and, therefore, is not a candidate for a contribution action.

The Plaintiff's payment under the EPA Past Costs AOC II was voluntary for two reasons. First, to the extent individual members were already parties to the EPA Past Costs AOC I, the members of the Plaintiff had already resolved their liability to the United States for the same EPA costs that are the subject of the EPA Past Costs AOC II. *See* EPA Past Cost AOC I at ¶33. Therefore, when the signatories to the EPA Past Cost AOC I entered into the EPA Past Costs AOC II, they were voluntarily agreeing to pay USEPA costs for which they had already resolved their liability to USEPA under the EPA Past Costs AOC I, including receiving a covenant not to sue for such costs and contribution protection from other potentially responsible parties.

Second, as noted above, by the time the EPA Past Costs AOC II was finalized and signed, the applicable statute of limitations for USEPA to bring claims for the recovery of these costs had long since expired. Thus, *none* of the parties that signed the EPA Past Costs AOC II had any obligation to make that payment, rendering it wholly voluntary.

In the past, the Plaintiff has attempted to save this claim by alleging that it "had" to enter into the EPA Past Costs AOC II in order to protect its right to contribution under the EPA Past Costs AOC I. However, the Plaintiff was not not legally required to do so and this is not the sort

of obligation that supports an action for contribution. As stated by the *du Pont* court, establishing compulsion in the contribution context is a high burden and means "service of process dragooning an unwilling defendant into court against his will." *Id.* The Plaintiff's apparent business decision to pay more money to the EPA for costs it had no obligation to pay does not meet this high burden.

The Plaintiff's Fourth Amended Complaint does not provide any new information showing that the EPA Past Costs AOC II was anything more than a voluntary payment or that the statute of limitations had not expired. Instead it simply recites that the EPA Past Costs AOC II gave them "broader" protection, without identifying what that broader protection is or how it is possible to achieve broader security than a covenant not to sue and contribution protection. The Plaintiff's "conclusory statement" of this element of contribution does not save Plaintiff's claim. As a result, the Court should dismiss Plaintiff's claim for contribution from Defendants for these costs.

**B. The Plaintiff Fails to Identify Which of Its Members Have Paid More Than Their Proportionate Share of Site Costs.**

As noted above, a contribution claim arises when "the tortfeasor has paid more than his or her proportionate share" of a common liability. *Atlantic Research*, 551 U.S. at 138. *See also du Pont*, 297 F. Supp. 2d at 752 (right of contribution exists only in favor of a tortfeasor who has paid "more than his equitable share of the common liability"). Here, it cannot be discerned from the pleadings filed by the Plaintiff, the amorphous "LWD PRP Group," as to whether and what extent each of its members has made payments under each of the AOCs upon which it bases its contribution claims. As with every version of Plaintiff's complaint, the Fourth Amended Complaint confusingly provides a list of member companies "in their own right" and "as assignees" of presumably numerous "entities that have or will assign their CERCLA cost-

recovery and contribution rights to the LWD PRP Group." Fourth Amended Complaint at ¶31. Moreover, a review of the three administrative settlements executed with USEPA reveals that a disparate group of parties has executed the documents. *See Signatories to AOCs* (attached as Exhibit D). While the parties listed as constituting the "LWD PRP Group" in the Fourth Amended Complaint appear to have executed all three agreements, numerous additional private parties executed the EPA Past Costs AOC I but are not named parties to the Fourth Amended Complaint. Moreover, there are six companies which executed the EPA Past Costs AOC II that are not parties to the Fourth Amended Complaint.

In order to maintain a contribution claim, it must be shown that the plaintiff has paid more than its share; where the identity of the plaintiff cannot be determined, much less whether or not he or she was compelled to overpay for a common liability, it is impossible to say whether or not that plaintiff has paid more than its share. As shown above, the individual members of the Plaintiff, the other parties that have signed the AOCs, and the parties who have allegedly assigned their claims to Plaintiff are not all similarly situated. For example, the Fourth Amended Complaint alleges a claim for cost recovery on behalf of the Plaintiff, but those parties that have settled directly with the Plaintiff have no claim for cost recovery, as they would be limited to a claim for contribution.

Unless and until the Plaintiff group establishes its identity and that it has incurred a disproportionate share of Site costs, it cannot be allowed to pursue recovery against the Defendants. Accordingly, Defendants maintain the instant Fourth Amended Complaint must be dismissed for the failure of the Plaintiff's members to properly state a claim on these grounds. Alternatively, the Plaintiff must be compelled to amend its Complaint and set forth with

particularity the nature and extent of each member's payments in order to demonstrate the necessary prerequisite of a contribution claim.

## CONCLUSION

The damages that Plaintiff seeks to recover based upon the EPA Past Costs AOC II are not recoverable, as neither the Defendants nor the Plaintiff had any obligation to reimburse those costs when that AOC was signed or finalized. Moreover, Plaintiff's continued failure to identify which of its members have paid which amounts under which AOC should result in the Fourth Amended Complaint being dismissed for failure to state a claim in its entirety. Unless and until the Plaintiff can demonstrate its members have made specific payments, that such payments were not voluntarily made, and that they were disproportionately high relative to the waste shipments of other parties associated with the Site, the Plaintiff has not properly pled a valid contribution claim.

WHEREFORE, the Defendants respectfully request the Court dismiss some or all of the Plaintiff's Fourth Amended Complaint on the grounds set forth above.

                        WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
                        *Attorneys for Defendant*

                        By: */s/ Nicholas M. Holland*
                              Nicholas M. Holland
                              300 Broadway
                              Post Office Box 995
                              Paducah, Kentucky 42002-0995
                              Telephone: (270) 443-4516
                              Facsimile: (270) 443-4571
                              dpitchford@whitlow-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of June, 2015, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

      I further certify that I have served non-ECF participants via first class mail.

                                         /s/ Nicholas M. Holland
                                            Nicholas M. Holland