IN THE MATTER OF:

LWD, Inc. Superfund Site
Calvert City, Marshall County, Kentucky

See Appendix A for list of
SETTLING PARTIES

)
)
)
)
)
)
)
)
)
)
)
)

SETTLEMENT AGREEMENT
FOR RECOVERY OF PAST
RESPONSE COSTS

U.S. EPA Region 4
CERCLA Docket No. 04-2013-3763

PROCEEDING UNDER SECTION
122(h)(1) OF CERCLA
42 U.S.C. § 9622(h)(1)

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | JURISDICTION | 1 |
| II. | BACKGROUND | 1 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 2 |
| V. | PAYMENT OF RESPONSE COSTS | 4 |
| VI. | FAILURE TO COMPLY WITH SETTLEMENT AGREEMENT | 4 |
| VII. | COVENANTS BY EPA | 6 |
| VIII. | RESERVATIONS OF RIGHTS BY EPA | 6 |
| IX. | COVENANTS BY SETTLING PARTIES | 7 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION | 9 |
| XI. | ACCESS TO INFORMATION | 10 |
| XII. | RETENTION OF RECORDS | 11 |
| XIII. | NOTICES AND SUBMISSIONS | 12 |
| XIV. | INTEGRATION/APPENDICES | 12 |
| XV. | PUBLIC COMMENT | 13 |
| XVI. | ATTORNEY GENERAL APPROVAL | 13 |
| XVII. | EFFECTIVE DATE | 13 |

## I.   JURISDICTION

1.   This Settlement Agreement is entered into pursuant to the authority vested in the Administrator of the U.S. Environmental Protection Agency ("EPA") by Section 122(h)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9622(h)(1), which authority has been delegated to the Regional Administrators of the EPA by EPA Delegation No. 14-14-D and further redelegated from the Regional Administrator through the Director of the Superfund Division (formerly the Waste Management Division), through the Deputy Director, Superfund Division, to the Chief of the Superfund Enforcement and Information Management Branch, by EPA Regional Delegation No. R-14-14-D.

2.   This Settlement Agreement is made and entered into by EPA, and the Settling Parties referenced in Appendix A ("Settling Parties"). Each Settling Party consents to and will not contest EPA's authority to enter into this Settlement Agreement or to implement or enforce its terms.

## II.   BACKGROUND

3.   This Settlement Agreement concerns the LWD, Inc. Superfund Site ("Site") located generally at 2475 Industrial Boulevard in Calvert City, Marshall County, Kentucky. EPA alleges that the Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

4.   In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604. The following events have occurred:

a. The Site is a former waste treatment and disposal facility, which operated as a landfill and later as a hazardous waste incineration facility from the 1950's through 2004. The Site operated under Resource Conservation and Recovery Act ("RCRA") Interim Status from approximately 1980 through mid- 2004, during which time, several thousand generators arranged for disposal of hazardous substances at the Site.

b. In February 2006, the Kentucky Department of Environmental Protection ("KDEP") requested assistance from EPA's CERCLA Emergency Response and Removal Branch. EPA performed a removal site evaluation on February 28, 2006, determining that a removal action was necessary to stabilize the Site due to the release or threat of release of hazardous substances at and from the Site. EPA commenced a time-critical removal action the week of March 5, 2006 in order to address the hazardous substances left on-site, and to stabilize and treat liquid wastes in and around the facility's tank farm and secondary containment area.

c. On February 28, 2007, a group of fifty-eight (58) potentially responsible parties (the "LWD Work Group") entered into an Administrative Settlement Agreement and Order on Consent for Removal Action with EPA, CERCLA 04-2007-3759, ("Removal AOC") to

1

complete the remaining removal work at the Site under EPA oversight and to pay for EPA's oversight costs, which totaled $835,642.60. However, the Removal AOC did not resolve the remainder of EPA's outstanding response costs incurred in connection with the Site. On September 29, 2009, EPA issued a Notice of Completion to the LWD Work Group, advising that the required removal work had been completed at the Site under the Removal AOC.

5.     In performing the response action, EPA has incurred response costs at or in connection with the Site.

6.     EPA alleges that Settling Parties are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred or to be incurred at or in connection with the Site.

7.     EPA and Settling Parties recognize that this Settlement Agreement has been negotiated in good faith and that this Settlement Agreement is entered into without the admission or adjudication of any issue of fact or law.

### III.     PARTIES BOUND

8.     This Settlement Agreement shall be binding upon EPA and upon Settling Parties and their heirs, successors, and assigns. Any change in ownership or corporate or other legal status of a Settling Party, including but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Party's responsibilities under this Settlement Agreement. Each signatory to this Settlement Agreement certifies that he or she is authorized to enter into the terms and conditions of this Settlement Agreement and to bind legally the party represented by him or her.

### IV.     DEFINITIONS

9.     Unless otherwise expressly provided in this Settlement Agreement, terms used in this Settlement Agreement that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Settlement Agreement or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Settlement Agreement, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

"Effective Date" shall mean the effective date of this Settlement Agreement as provided by Section XVII.

2

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"Municipal solid waste" or "MSW" shall mean waste material: (1) generated by a household (including a single or multifamily residence); or (2) generated by a commercial, industrial, or institutional entity, to the extent that the waste material (i) is essentially the same as waste normally generated by a household; (ii) is collected and disposed of with other municipal solid waste as part of normal municipal solid waste collection services; and (iii) contains a relative quantity of hazardous substances no greater than the relative quantity of hazardous substances contained in waste material generated by a typical single-family household.

"Paragraph" shall mean a portion of this Settlement Agreement identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean EPA and Settling Parties.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or the U.S. Department of Justice on behalf of EPA has incurred or paid at or in connection with the Site through the Effective Date.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Settlement Agreement identified by a Roman numeral.

"Settlement Agreement" shall mean this Settlement Agreement and any attached appendices. In the event of conflict between this Settlement Agreement and any appendix, the Settlement Agreement shall control.

"Settling Parties" shall mean those parties identified in Appendix A.

"Site" shall mean the LWD, Inc. Superfund Site, encompassing approximately 32 acres, located generally at 2475 Industrial Boulevard in Calvert City, Marshall County, Kentucky, as generally shown on the map included in Appendix B.

3

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.    PAYMENT OF RESPONSE COSTS

10.    Payment by Settling Parties for Past Response Costs. Within 30 days after the Effective Date, Settling Parties shall pay to EPA $667,845.13 plus an additional sum for Interest on that amount calculated from the Effective Date through the date of payment.

11.    Payment by Settling Parties shall be made to EPA by Fedwire Electronic Funds Transfer ("EFT") to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York NY 10045
> Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

and shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action.

12.    At the time of payment, Settling Parties shall send notice that payment has been made to EPA in accordance with Section XIII; and to Paula V. Painter, Environmental Protection Specialist, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303; and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action. The total amount to be paid by Settling Parties pursuant to Paragraph 10 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

## VI.    FAILURE TO COMPLY WITH SETTLEMENT AGREEMENT

13.    Interest on Late Payments. If any Settling Party fails to make any payment required by Paragraph 10 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

4

14.    Stipulated Penalty.

        a.    If any amounts due to EPA under Paragraph 10 (Payment by Settling Parties for Past Response Costs) are not paid by the required date, Settling Parties shall be in violation of this Settlement Agreement and shall pay the following to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 13, per violation per day that such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th Day |
| $2,000 | 15th through 30th Day |
| $3,500 | 31st Day and beyond |

        b.    Stipulated penalties are due and payable within 30 days after the date of demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties," shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action, and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

                Federal Reserve Bank of New York
                ABA = 021030004
                Account = 68010727
                SWIFT address = FRNYUS33
                33 Liberty Street
                New York NY 10045
                Field Tag 4200 of the Fedwire message should read "D 68010727
                Environmental Protection Agency"

        c.    At the time of payment, Settling Parties shall send notice that payment has been made to Paula V. Painter, Environmental Protection Specialist, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303; and to F. Marshall Binford, Associate Regional Counsel, U.S. Environmental Protection Agency, Region 4, 61 Forsyth Street, S.W., Atlanta, Georgia, 30303; and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

                EPA Cincinnati Finance Office
                26 Martin Luther King Drive
                Cincinnati, Ohio 45268

Such notice shall reference Site/Spill ID Number A4LQ and the EPA docket number for this action.

        d.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Parties of the violation or made a demand for payment, but need only

5

be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Settlement Agreement shall prevent the simultaneous accrual of separate penalties for separate violations of this Settlement Agreement.

15.     In addition to the Interest and Stipulated Penalty payments required by this Section and any other remedies or sanctions available to EPA by virtue of Settling Parties' failure to comply with the requirements of this Settlement Agreement, any Settling Party who fails or refuses to comply with the requirements of this Settlement Agreement shall be subject to enforcement action pursuant to Section 122(h)(3) of CERCLA, 42 U.S.C. § 9622(h)(3). If the United States, on behalf of EPA, brings an action to enforce this Settlement Agreement, Settling Parties shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

16.     The obligations of Settling Parties to pay amounts owed to EPA under this Settlement Agreement are joint and several. In the event of the failure of any one or more Settling Parties to make the payments required under this Settlement Agreement, the remaining Settling Parties shall be responsible for such payments.

17.     Notwithstanding any other provision of this Section, EPA may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Settlement Agreement. Payment of stipulated penalties shall not excuse Settling Parties from payment as required by Section V or from performance of any other requirements of this Settlement Agreement.

## VII.     COVENANTS BY EPA

18.     Covenants for Settling Parties by EPA. Except as specifically provided in Section VIII (Reservations of Rights by EPA), EPA covenants not to sue or take administrative action against Settling Parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon receipt by EPA of the payment required by Paragraph 10 (Payment by Settling Parties for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 13 (Interest on Late Payments) or 14 (Stipulated Penalty). These covenants are conditioned upon the satisfactory performance by Settling Parties of their obligations under this Settlement Agreement. These covenants extend only to Settling Parties and do not extend to any other person.

## VIII.     RESERVATIONS OF RIGHTS BY EPA

19.     EPA reserves, and this Settlement Agreement is without prejudice to, all rights against Settling Parties with respect to all matters not expressly included within the Covenants for Settling Parties by EPA in Paragraph 18. Notwithstanding any other provision of this Settlement Agreement, EPA reserves, and this Settlement Agreement is without prejudice to, all rights against Settling Parties with respect to:

6

a.      liability for failure of Settling Parties to meet a requirement of this Settlement Agreement;

b.      liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.      liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.      criminal liability; and

e.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

20.      Nothing in this Settlement Agreement is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, administrative or judicial, civil or criminal, past or future, in law or in equity, that the United States may have against any person, firm, corporation or other entity not a signatory to this Settlement Agreement.

IX.      COVENANTS BY SETTLING PARTIES

21.      Covenants by Settling Parties.  Settling Parties covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Settlement Agreement, including but not limited to:

a.      any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claims arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Kentucky, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; and

c.      any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

22.      Nothing in this Settlement Agreement shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

23.      Claims Against De Micromis Parties.  Settling Parties agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Parties with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or

7

treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

24.     The waiver in Paragraph 23 shall not apply with respect to any defense, claim, or cause of action that a Settling Party may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Party. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

a.     that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6972, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b.     that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

25.     Claims Against *De Minimis* and Ability to Pay Parties.  Settling Parties agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against any person that has entered or in the future enters into a final Section 122(g) *de minimis* settlement, or a final settlement based on limited ability to pay, with EPA with respect to the Site.  This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Party may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Party.

26.     Claims Against MSW Generators and Transporters.  Settling Parties agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Parties with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of MSW at the Site, if the volume of MSW disposed, treated, or transported by such person to the Site did not exceed 0.2 percent of the total volume of waste at the Site.

27.     The waiver in Paragraph 26 shall not apply with respect to any defense, claim, or cause of action that a Settling Party may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Party.

8

This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines that: (a) the MSW contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; (b) the person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. § 9604(e) or § 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927; or (c) the person impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site.

## X.    EFFECT OF SETTLEMENT/CONTRIBUTION

28.    Except as provided in Paragraphs 23 (Claims Against De Micromis Parties), 25 (Claims Against *De Minimis* and Ability to Pay Parties), and 26 (Claims Against MSW Generators and Transporters), nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Settlement Agreement. Except as provided in Section IX (Covenants by Settling Parties), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Settlement Agreement diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613 (f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

29.    The Parties agree that the actions undertaken by Settling Parties in accordance with this Settlement Agreement do not constitute an admission of any liability by any Settling Party. Settling Parties do not admit, and retain the right to controvert in any subsequent proceedings other than proceedings to implement or enforce this Settlement Agreement, the validity of the facts or allegations contained in Section II of this Settlement Agreement.

30.    The Parties agree that this Settlement Agreement constitutes an administrative settlement for purposes of Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), and that each Settling Party is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622(h)(4), or as may be otherwise provided by law, for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement Agreement are Past Response Costs. The Parties further agree that this Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), pursuant to which each Settling Party has, as of the Effective Date, resolved liability to the United States for some or all of a response action or some or all of the costs of such action.

31.    Each Settling Party shall, with respect to any suit or claim brought by it for matters related to this Settlement Agreement, notify EPA in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Party also shall, with respect to any suit or claim brought against it for matters related to this Settlement Agreement, notify EPA in writing

within 10 days after service of the complaint or claim upon it. In addition, each Settling Party shall notify EPA within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Settlement Agreement.

32.     In any subsequent administrative or judicial proceeding initiated by EPA, or by the United States on behalf of EPA, for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenant by EPA set forth in Section VII.

33.     Effective upon signature of this Settlement Agreement by a Settling Party, such Settling Party agrees that the time period commencing on the date of its signature and ending on the date EPA receives from such Settling Party the payment(s) required by Section V (Payment of Response Costs) and, if any, Section VI (Failure to Comply with Settlement Agreement) shall not be included in computing the running of any statute of limitations potentially applicable to any action brought by the United States related to the "matters addressed" as defined in Paragraph 30, and that, in any action brought by the United States related to the "matters addressed," such Settling Party will not assert, and may not maintain, any defense or claim based upon principles of statute of limitations, waiver, laches, estoppel, or other defense based on the passage of time during such period. If EPA gives notice to Settling Parties that it will not make this Settlement Agreement effective, the statute of limitations shall begin to run again commencing ninety days after the date such notice is sent by EPA.

## XI.     ACCESS TO INFORMATION

34.     Settling Parties shall provide to EPA, upon request, copies of all records, reports, or information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Settlement Agreement, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

35.     Confidential Business Information and Privileged Documents.

a.     Settling Parties may assert business confidentiality claims covering part or all of the Records submitted to EPA under this Settlement Agreement to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Parties that the Records are not

10

confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Parties.

           b.        Settling Parties may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Parties assert such a privilege in lieu of providing Records, they shall provide EPA with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to EPA in redacted form to mask the privileged information only. Settling Parties shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Parties' favor. However, no Records created or generated pursuant to the requirements of this Settlement Agreement shall be withheld on the grounds that they are privileged or confidential.

        36.      No claim of confidentiality or privilege shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XII.    RETENTION OF RECORDS

        37.      Until ten years after the Effective Date, each Settling Party shall preserve and retain all non-identical copies of Records (including records in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to response actions taken at the Site or to the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

        38.      After the conclusion of the ten-year document retention period in the preceding Paragraph, Settling Parties shall notify EPA at least 90 days prior to the destruction of any such Records and, upon request by EPA, Settling Parties shall deliver any such Records to EPA. Settling Parties may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Parties assert such a privilege, they shall provide EPA with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the Record; and (6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to EPA in redacted form to mask the privileged information only. Settling Parties shall retain all Records that they claim to be privileged until EPA has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Parties' favor. However, no Records created or generated pursuant to the requirements of this Settlement Agreement shall be withheld on the grounds that they are privileged or confidential.

39. Each Settling Party certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XIII. NOTICES AND SUBMISSIONS

40. Whenever, under the terms of this Settlement Agreement, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of this Settlement Agreement with respect to EPA and Settling Parties.

As to EPA:

F. Marshall Binford, Jr.
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

And

Rudolph C. Tanasijevich
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

As to Settling Parties:

Patricia T. Barmeyer
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

## XIV. INTEGRATION/APPENDICES

41. This Settlement Agreement and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement

embodied in this Settlement Agreement. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Settlement Agreement. The following appendices are attached to and incorporated into this Settlement Agreement: "Appendix A" is a complete list of the Settling Parties; "Appendix B" is the map of the Site.

## XV. PUBLIC COMMENT

42. This Settlement Agreement shall be subject to a public comment period of not less than 30 days pursuant to Section 122(i) of CERCLA, 42 U.S.C. § 9622(i). In accordance with Section 122(i)(3) of CERCLA, EPA may modify or withdraw its consent to this Settlement Agreement if comments received disclose facts or considerations which indicate that this Settlement Agreement is inappropriate, improper, or inadequate.

## XVI. ATTORNEY GENERAL APPROVAL

43. The Attorney General or his designee has approved the settlement embodied in this Settlement Agreement in accordance with Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1).

## XVII. EFFECTIVE DATE

44. The effective date of this Settlement Agreement shall be the date upon which EPA issues written notice that the public comment period pursuant to Paragraph 42 has closed and that comments received, if any, do not require modification of or EPA withdrawal from this Settlement Agreement.

13

IT IS SO AGREED:


The UNITED STATES ENVIRONMENTAL PROTECTION AGENCY enters into this
Settlement Agreement in the matter of CERCLA-04-2013-3763, relating to the LWD, Inc.
Superfund Site, in Calvert City, Marshall County, Kentucky:

U.S. Environmental Protection Agency


By: _____              _____

      Anita L. Davis                                                    [Date]
      Chief, Superfund Enforcement and
       Information Management Branch
      Superfund Division

14

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Air Products and Chemicals, Inc. for itself and on behalf of Air Products, Incorporated; Air Products, L.P.; Air Products Manufacturing Corporation; and including all other current and former subsidiaries and affiliates

7201 Hamilton Boulevard
Allentown, PA 18195


By: _____          September 19, 2013
                                                       Date

Print Name: ___Todd Solodar___

Title: __Sr. EH&S Counsel__

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Akebono Brake Corporation

310 Ring Road
Elizabethtown, KY 42701

By: _____              9/19/13
Print Name: *Brandon J. Kessinger*              Date
Title: *Corporate Secretary*

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Albaugh, Inc.

1525 NE 36th Street
Ankeny, IA 50021


By: _____          _____
Print Name: Stuart I. Feldstein                Date: 9/25/13
Title: Vice President

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Arkema Inc.
                        (f/k/a Atofina Chemicals, Inc., Elf Atochem North America Inc.,
                        Atochem North America Inc., and Pennwalt Corporation) and for
                        Cook Composites & Polymers Co.'s former Lemont, IL facility
                        and North Kansas City, MO facility

                        900 First Avenue
                        King of Prussia, PA 19406

By: _____        _____9/20/13_____
     William J. Hamel                                   Date
     Sr. Vice President & General Counsel

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Ashland Inc. and International Specialty Products Inc.
                                          [Name]

                                    500 Hercules Road
                                    Wilmington, Delaware 19808
                                          [Address]

By: _____              _9/27/13_____
              [Name]                              [Date]

        Richmond L. Williams
        Chief Counsel, Environmental Litigation

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Atlantic Richfield Company/BP Products North America,
Inc./The Standard Oil Company

BP America, Inc.
Remediation Management
201 Helios Way
HPL 6th Floor
Houston, TX 77079


By: _Paul J Taylor_                _9/26/2013_
                                        Date

Print Name: _PAUL F. TAYLOR_

Title: _STRATEGY MANAGER_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

           FOR SETTLING PARTY:    BASF Corporation on its own behalf and as successor-in-interest to Cognis Corporation

                                   100 Park Avenue
                                   Florham Park, NJ 07932

By: _Nan Bernardo_                    September 19, 2013
                                           Date

    Print Name: **Nan Bernardo**

    Title: **Senior Environmental Counsel**

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Chase Brass & Copper Co.

3855 N. Ocoee Street, Suite 200
Cleveland, TN 37312

By: _____          ___10/23/13_____
                                                            Date

Print Name: _____
                    Curtis M Richards
Title: _____Corporate Vice President_____
             Environment, Health & Safety

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron U.S.A. Inc., Texaco, Inc., and Union Oil Company of California

6101 Bollinger Canyon Road
San Ramon, CA 94583


By: _Robert R John_____        _10|28|13_____
                                              Date

Print Name: _Robert R. John_

Title: _Vice President_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   CNA Holdings LLC
                      222 W. Las Colinas Blvd.
                      Suite 900 N
                      Irving, TX 75039


By: _____          _October 11, 2013_____
                                                    Date

Print Name: Gary M. Rowen

Title: Assistant Secretary

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    DanChem Technologies, Inc.

                       1975 Old Richmond Road
                       Danville, VA 24540


By: _____          _____October 21, 2013_____
                                                     Date
Print Name: __Paul Bacon__

Title: __President & CEO__

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     Dart Container Corporation of KY, a MI corporation

                        Legal Department
                        500 Hogsback Road
                        Mason, MI 48854


By: _____          _____11 October 2013_____

                                                           Date

Print Name: Francis X. Liesman II

Title: Vice President – Assistant Secretary

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of EPA docket number, CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Enterprise TE Products Pipeline Company LLC

1100 Louisiana
Houston, TX 77002

By:   Enterprise GP LLC, its Manager

By: _Jmhldeßrott_ _____ 𝓙𝓑 _____ _10/25/13_
     Print Name: Stephanie C. Hildebrandt    Date
     Title: SVP & General Counsel

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Environmental Enterprises Inc.

10163 Cincinnati Dayton Pike
Cincinnati, OH 45241

By: _____          _____
                                                                    Date

Print Name: _Dan McCabe_

Title: _President_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Giant Resource Recovery, Inc.

320-D Midland Parkway
Summerville, SC 29485


By: _Sth P.Wolt_                    _09/24/2013_
                                              Date

Print Name: _Stephen P. Holt_

Title: _DIRECTOR, ENV. AFFAIRS_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Givaudan Flavors Corporation

1199 Edison Drive
Cincinnati, OH 45216

By: _____

Print Name: JANET GARFINKEL

Title: VP and general counsel

9/24/2013
Date

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Goodrich Corporation, formerly The B.F. Goodrich Company

2730 W. Tyvola Road
Charlotte, NC 28217

By: _____          __10/7/13_____
                                                                        Date

Print Name: Sarah A. David

Title: VP, General Counsel & Secretary – Power, Controls & Sensing Systems, a business segment of Goodrich Corporation

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Hamilton Sundstrand Corporation, formerly Sundstrand Aerospace

1 Hamilton Road
Windsor Locks, CT 06096

By: _____          _____10/7/13_____
                                                                     Date

Print Name: Sarah A. David

Title: **VP, General Counsel & Secretary – Power, Controls & Sensing Systems, a business segment of Hamilton Sundstrand Corporation**

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Illinois Central Railroad Company (f/k/a Illinois Central Gulf Railroad)

17641 Ashland Avenue
Homewood, IL 60430

By: _Richard A. Verkler_          _9/20/13_
                                    Date

Print Name: _Richard A. Verkler_

Title: _Environmental Counsel_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    In-Chem Corp.

                       800 Cel-River Road
                       Rock Hill, SC 29730


By: _____          __10__/_14_/_2013_____
                                              Date
Print Name: Brian Hamel

Title: VP Operations

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Koppers Inc.

436 Seventh Avenue
Pittsburgh, PA 15219

By: _____          _____ 9/23/13 _____
                                                          Date
Print Name: _-ESLIE S. HYDE_

Title: VICE PRESIDENT, SAFETY & ENVIRONMENTAL AFFAIRS

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Marathon Oil Company

5555 San Felipe Street
Houston, TX 770596

By: _R. Douglas Rogers_

Print Name: _R. Douglas Rogers_

Title: _VP HES&S_

_September 27, 2013_
Date

FOR SETTLING PARTY:   Marathon Petroleum Company LP By MPC Investment LLC, Its General Partner as assignee of Marathon Oil Company

539 South Main Street
Findlay, OH 45840

By: _John Swearingen_

Print Name: _JOHN SWEARINGEN_

Title: _VP - HES&S_

_OCTOBER 7, 2013_
Date

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Milliken & Company

920 Milliken Road, M-495
Spartanburg, SC 29303

By: _Kasel E Knight_                    _September 30, 2013_
    Print Name: _Kasel E Knight_                Date
    Title: _Commercial Counsel_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     NCR Corporation

7 World Trade Center
250 Greenwich Street
New York, NY 10007

By: _____          _____
                                                        9/20/13
                                                        Date

Print Name: J. Wray Blattner
Title: Counsel for NCR Corporation

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     PepsiCo, Incorporated

                        1 Pepsi Way
                        Somers, NY 10589


By: _David H. Patrick_____          September 25, 2013
                                                          Date
    Print Name:  David H. Patrick, Esquire

    Title:  Legal Senior Director, Operations

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Pfizer Inc. on behalf of itself, its Subsidiaries and Affiliates

Pfizer Inc.
235 East 42nd Street
New York, NY 10017

By: _____    October 25, 2013
                                                              Date
Print Name: Michael G. Mahoney

Title: V.P. & Assistant General Counsel

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Phelps Dodge Industries, Inc.

                                    333 N. Central Avenue
                                    Phoenix, AZ 85004

By: _____     ___10/21/2013_____
                                                           Date

Print Name: L. Richards McMillan II

Title: _____Senior Vice President_____

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Philips Electronics North America Corporation on behalf of T.H. Agriculture & Nutrition Co., Chicago Magnet Wire Co. and Philips Electronics North America Corporation

3000 Minuteman Road
Andover, MA 01810


By: _____                    September 23, 2013
                                                        Date

Print Name: Joseph E. Innamorati

Title: Senior Vice President

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:      PPG Industries, Inc.
                                      [Name]

                       One PPG Place, Pittsburgh PA 15272
                                      [Address]

By: _____       _____
            [Name]                        [Date]
     Diane M. Kappas
     Vice President, EHS

15

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Rineco

                       P.O. Box 729
                       Benton, AR 72018


By: _____          _____09/24/2013_____
                                                         Date

Print Name:  _Larry D. Williams___

Title:  _Dir., Environmental & Regulatory Compliance___

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Safety-Kleen Systems, Inc.

2600 North Central Expressway, Suite 400
Richardson, TX 75080

By: _____          _____9.30-13_____
                                                                  Date

Print Name: VIRGIL W. DUFFIE, III

Title: SVP & ASST Secretary

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Sasol North America Inc.

900 Threadneedle, Suite 100
Houston, TX 77079

By: _Craig Lackey, Esq._          _October 24, 2013_
                                                        Date
Print Name: _Craig Lackey_
Title: _Legal Advisor_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    SET Environmental, Inc.

450 Sumac Road
Wheeling, IL 60090

By: _____          _____9/25/13_____
                                                                    Date

Print Name: Dave DeVries

Title: President

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Shell Oil Company and Its Affiliates and Subsidiaries; Motiva Enterprises LLC

910 Louisiana Street
Houston, TX 77002

By: _____

Print Name: _Pierre Giges_

Title: _Senior Attorney_

_October 9, 2013_
Date

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number], CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Steelcase Inc.

901 44th Street, SE
Grand Rapids, MI 49508

By: _____          9-19-13
Print Name: James G. O'Connor              Date
Title: Assistant General Counsel

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Teva Pharmaceuticals USA, Inc.

1090 Horsham Road
North Wales, PA 19454

By: _____         Sept. 23, 2013
Print Name: Kirsten F Bauer                      Date
Title: F.C., TPO

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Texas Gas Transmission, LLC

3800 Frederica Street
Owensboro, KY 42301

By: _David Goodwin_               _10 - 14 - 2013_
                                              Date
Print Name: David Goodwin
Title: Vice President

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Textileather Corporation

3729 Twining Street
Toledo, OH 43608

By: _____          10/22/13
Print Name: DAVID VEINOT                            Date

Title: EHES Manager.

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     The Lubrizol Corporation

                        29400 Lakeland Boulevard
                        Wickliffe, OH 44092


By: _Michael D. Vaughn_                _9-30-2013_

    Print Name: _Michael D. Vaughn_              Date

    Title: _Vice President, Operations_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:    Three Rivers Management, Inc., agent for Beazer East, Inc.

Manor Oak One, Suite 200
1910 Cochran Road
Pittsburgh, PA 15220

By: _____    _10 - 9 - 13_
                                    Date
Print Name: _Robert S. Markwell_
Title: _President - Beazer East_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Toyota Motor Engineering & Manufacturing North America, Inc. for itself and on behalf of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Manufacturing, Indiana, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Manufacturing, West Virginia, Inc.

> 25 Atlantic Avenue
> Erlanger, Kentucky  41018

By: _Robin C. Haugen_     _10/10/13_
                                        Date

Print Name: _ROBIN C. HAUGEN_

Title: _GENERAL MANAGER_

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:   Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries, Inc., as successor to Pollution Control Industries of Indiana, Inc.

1501 W. 22nd Street, Suite 500
Oak Brook, IL 60523

By: _____          ____10/2/ 2013_____
                                                                              Date

Print Name:   Aberto Piez

Title:   Chairman


FOR SETTLING PARTY:   Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries of Tennessee, LLC

1501 W. 22nd Street, Suite 500
Oak Brook, IL 60523

By: _____          ____10/2 / 2013_____
                                                                              Date

Print Name:   Alberto Diez

Title:   Chairman

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:     United States Steel Corporation

600 Grant Street, Room 1500
Pittsburgh, PA 15219


By: _____          September 20, 2013
                                                                         Date

Print Name:  David L. Smiga
                      Assistant General Counsel –
Title:            Environmental

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:

FOR SETTLING PARTY:     Vanderbilt Minerals, LLC
                        f/k/a R.T. Vanderbilt Co., Inc.
                        30 Winfield Street
                        Norwalk, CT 06855

By: _____            ___OCT. 1, 2013___
                                                Date
Print Name: __Randall Johnson____

Title: __President_____

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:   Waste Control Specialists LLC

                      5430 LBJ Freeway # 1700
                      Dallas, TX  75240


By: _____          ___9/23/2013_____
                                        Date
Print Name: _Rodney Baltzer_

Title: _____President_____

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Westlake Vinyls, Inc.

                       2801 Post Oak Boulevard
                       Houston, TX 77056


By: _____          10·25-2013
                                          Date
Print Name: Andrew Kenner
Title: Vice-President

THE UNDERSIGNED SETTLING PARTY enters into this Settlement Agreement in the matter of [EPA docket number],CERCLA-04-2013-3763, relating to the LWD, Inc. Superfund Site in Calvert City, Marshall County, Kentucky:


FOR SETTLING PARTY:    Weyerhaeuser NR Company as assignee of Weyerhaeuser Company

33663 Weyerhaeuser Way S
Federal Way, WA 98003


By: _Carol Wiseman_____          _September 24, 2013____
                                                              Date
Print Name: Carol Wiseman

Title: Remediation Project Manager

## Appendix A

| |
|---|
| Air Products and Chemicals, Inc. for itself and on behalf of Air Products, Incorporated; Air Products, L.P.; Air Products Manufacturing Corporation; and including all other current and former subsidiaries and affiliates |
| Akebono Brake Corporation |
| Albaugh, Inc. |
| Arkema Inc. (f/k/a Atofina Chemicals, Inc., Elf Atochem North America Inc., Atochem North America Inc., and Pennwalt Corporation) and for Cook Composites & Polymers Co.'s former Lemont, IL facility and North Kansas City, MO facility |
| Ashland Inc. |
| Atlantic Richfield Company/BP Products North America, Inc./The Standard Oil Company |
| BASF Corporation on its own behalf and as successor-in-interest to Cognis Corporation |
| Chase Brass & Copper Co. |
| Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron U.S.A. Inc., Texaco Inc., and Union Oil Company of California |
| CNA Holdings LLC |
| DanChem Technologies, Inc. |
| Dart Container Corporation of KY, a MI corporation |
| Enterprise TE Products Pipeline Company LLC |
| Environmental Enterprises Inc. |
| Giant Resource Recovery, Inc. |
| Givaudan Flavors Corporation |
| Goodrich Corporation, formerly The B.F. Goodrich Company |
| Hamilton Sundstrand Corporation, formerly Sundstrand Aerospace |
| Illinois Central Railroad Company (f/k/a Illinois Central Gulf Railroad) |
| In-Chem Corp. |
| International Specialty Products, Inc. (ISP) |
| Koppers Inc. |
| Marathon Oil Company; and |
| Marathon Petroleum Company LP By MPC Investment LLC, Its General Partner as assignee of Marathon Oil Company |
| Milliken & Company |
| NCR Corporation |

| |
|---|
| PepsiCo, Incorporated |
| Pfizer Inc. on behalf of itself, its Subsidiaries and Affiliates |
| Phelps Dodge Industries, Inc. |
| Philips Electronics North America Corporation on behalf of T.H. Agriculture & Nutrition Co., Chicago Magnet Wire Co. and Philips Electronics North America Corporation |
| PPG Industries, Inc. |
| Rineco |
| Safety-Kleen Systems, Inc. |
| Sasol North America Inc. |
| SET Environmental, Inc. |
| Shell Oil Company and Its Affiliates and Subsidiaries; Motiva Enterprises LLC |
| Steelcase Inc. |
| Teva Pharmaceuticals USA, Inc. |
| Texas Gas Transmission, LLC |
| Textileather Corporation |
| The Lubrizol Corporation |
| Three Rivers Management, Inc., agent for Beazer East, Inc. |
| Toyota Motor Engineering & Manufacturing North America, Inc. for itself and on behalf of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Manufacturing, Indiana, Inc., Toyota Motor Manufacturing, Kentucky, Inc., Toyota Manufacturing, West Virginia, Inc. |
| Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries, Inc., as successor to Pollution Control Industries of Indiana, Inc.; and Tradebe Treatment and Recycling, LLC, as successor to Pollution Control Industries of Tennessee, LLC |
| United States Steel Corporation |
| Vanderbilt Minerals, LLC f/k/a R.T. Vanderbilt Co., Inc. |
| Waste Control Specialists LLC |
| Westlake Vinyls, Inc. |
| Weyerhaeuser NR Company as assignee of Weyerhaeuser Company |

# Appendix B

**(Map of the Site)**



SITE LOCATION

FIGURE 1
SITE LOCATION MAP

TETRA TECH EM INC.

