UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-127-M

LWD PRP GROUP                                                                                      PLAINTIFF

v.

ACF INDUSTRIES, LLC, et al.                                                                DEFENDANTS

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Defendants, named on the Exhibit A attached, by counsel, tender the following Reply to Plaintiff's Response to Defendants' Motion to Dismiss ("Response"):

Despite Plaintiff's claims to the contrary, a motion pursuant to Rule 12(b)(6) is both a permitted and appropriate mechanism to seek dismissal of Plaintiff's claims in this case. Though the Plaintiff, by reference to earlier pleadings, attempts to paint the Defendants as unreasonable bad actors not entitled to relief, the fact remains that the Plaintiff cannot seek contribution for payments it voluntarily made and for which the Defendants have no responsibility under the law. Moreover, Plaintiff's failure to establish that any of its members is entitled to contribution should result in dismissal of all of Plaintiff's claims.

    **I.    A Motion Under Rule 12(b)(6) Is a Permitted and Appropriate Mechanism for Defendants to Seek Dismissal of Plaintiff's Claims.**

The Plaintiff's Response suggests that the Court forbade Defendants from filing a Motion to Dismiss in response to Plaintiff's Fourth Amended Complaint. Respectfully, Defendants did not interpret the Court's order as a prohibition against filing a Motion to Dismiss. Instead, Defendants understood that the Court would consider Defendants' arguments only in a separate motion in response to Plaintiff's Fourth Amended Complaint, because Defendant's arguments had not been fully considered in the Court's prior orders.

The Federal Rules of Civil Procedure affirmatively provide Defendants the right to assert certain defenses in a dispositive motion filed before any answer is due, including a motion for failure to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6).  Where, as here, it is possible to determine the merits of a plaintiff's claim as a matter of law, a Rule 12(b)(6) motion is clearly appropriate.[1]  Moreover, where such a motion will help to define and limit the issues to be decided by the Court, it is preferable for the Court to dispense with such issues early in the litigation and before potentially unnecessary discovery takes place.

## II.  None of the Arguments of the Plaintiff Change the Voluntary Nature of the Past Costs AOC II.

In response to Defendants' Motion to Dismiss, the Plaintiff refers to its prior pleadings in which it attempts to characterize the Past Costs AOC II as a "compelled" settlement, suggesting that (i) it might be contractually obligated to indemnify settling parties for past response costs, (ii) the Defendants attempted to enter into a settlement with the USEPA for the remainder of the past costs owed at the Site, and (iii) that certain Defendants have considered filing counterclaims in this case to ensure an equitable distribution of costs.[2]  However, none of these arguments alters the purely voluntary nature of the settlement embodied in the Past Costs AOC II.  Nor are such contentions germane to the fact that, as to the moving Defendants, the statute of limitations had run on any EPA claim relating to the costs paid by the Plaintiff under the Past Costs AOC II.

First, as Defendants have already established in their Motion to Dismiss, Plaintiff's assertion that the individual entities purporting to form Plaintiff agreed to the Past Costs AOC II

---

[1]  The Defendant's reference to and the Court's consideration of the various AOCs does not result in this motion being converted into a motion for summary judgment because these documents are public record and are explicitly referred to in the Plaintiff's Fourth Amended Complaint.  *See  Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (holding that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

[2]  As applicable, the Defendants hereby rely upon and incorporate herein their own pleading and authorities in reply to the Plaintiff's incorporated pleadings, including their Reply to Plaintiff's Response to Motion to Dismiss filed May 30, 2014 [DE 1030].

in order to protect their right to assert claims for contribution under the Past Costs AOC I does not change the fact that such entities already had received a covenant not to be sued by the government for claims relating to the <u>very same costs</u> to be paid under the Past Costs AOC II. *See* Past Cost AOC I ¶ 19. Very simply, the Plaintiff members <u>could have</u> paid the very costs at issue when they settled with USEPA and entered into the Past Cost AOC I but choose not to. When faced with a valid USEPA claim for such costs, the Plaintiff members negotiated a settlement which encouraged the government to look elsewhere for recovery of the unsettled balance of its past costs. That USEPA approached the moving Defendants for recovery of past costs <u>it could not compel Plaintiff members to pay</u> should have come as no surprise.

Similarly, any purported contractual obligations of certain Plaintiff "members" to indemnify settling parties (e.g., other purported Plaintiff "members") for claims related to the USEPA's past costs have no impact on whether there is "common liability" between the Plaintiff and the Defendants to pay those costs, which is the relevant inquiry when considering whether a party has a claim for contribution. *See U.S. v. Atlantic Research, Inc.*, 541 U.S. 128, 138 (2007). A Plaintiff member's obligation to indemnify a settling party is part of the voluntary bargain it struck for obtaining the settlement payment from the settling parties. Such a settlement does not change the fact that the Plaintiff is under no compulsion to pay costs for which it has already settled its liability to the government and it does not constitute a "common liability" of the Plaintiff and the Defendants.

Finally, the Plaintiff's speculation that the Defendants might bring counterclaims for contribution against the settling parties if the Defendants themselves had settled with USEPA for such costs does not transform the Past Costs AOC II into a compelled settlement. Indeed, this assertion is a bit out of the ordinary, suggesting that an appropriate response to a potential,

inchoate claim for equitable contribution would be to voluntarily overpay an amount to offensively assert a contribution claim in return. The law does not "compel" such an oddity, such strategic gamesmanship, to avoid a potential that the Plaintiff members themselves might be called upon to pay an equitable share of costs incurred by the Defendants themselves.

Finally, as again unilaterally stated in Plaintiff's Fourth Amended Complaint, Plaintiff has asserted time and again that the settlement agreement under the Past Costs AOC II is "broader" than that under the Past Costs AOC I. The Plaintiff's claim mirrors language used by the USEPA in response to comments made by the Defendants regarding the Past Costs AOC II, and discussed in Plaintiff's Supplemental Response to Defendants' Rule 12(b)(6) Motion. [DE 1027] There, USEPA noted that the Past Costs AOC II was for costs incurred prior to the October 10, 2012 effective date of the Past Costs AOC I, but not actually paid, as well as costs incurred after October 10, 2012. However, USEPA and Plaintiff's argument in this regard does not change the fact that the Plaintiff's members already had a covenant not to sue for costs incurred prior to October 10, 2012, even if they were unpaid.[3] Moreover, with regard to costs incurred after the effective date of the Past Costs AOC I, the Plaintiff has again failed to identify what costs or portion of costs are actually included in this category that allegedly justifies the voluntary payment to USEPA. This is the case even though the Plaintiff is the party that is best situated to identify such costs. Moreover, the Plaintiff's and USEPA's argument is not responsive to and does not change the fact that the statute of limitations for these costs had expired by the time the Past Costs AOC II was finalized. The Court should therefore, at a minimum, dismiss the Plaintiff's claims under the Past Costs AOC II.

---

[3] Even if the Court determines that there are factual questions regarding costs paid after October 10, 2012, it would nevertheless be appropriate for the Court to dismiss Plaintiff's claims to the extent that Plaintiff seeks contribution under the Past Costs AOC II for costs incurred prior to October 10, 2012. That Plaintiff's members already had a covenant not to sue for such costs is simply indisputable.

### III. The Plaintiff's Steadfast Refusal to Establish That its Members Have Paid More Than Their Proportionate Share is Fatal to Its Claims.

Although it had the opportunity to do so in its Fourth Amended Complaint, the Plaintiff continues its habit of defining itself in broad, ill-defined brush strokes that frustrate any attempt to determine whether any of the members of the Plaintiff actually have any claim for contribution. As illustrated by the pending motion, the right to contribution is not a collective right embodied in the "Plaintiff Group" but a legal claim distinct with respect to individual members, each of whom are not similarly situated. *See, e.g., Boarhead Farm Agreement Group v. Advanced Envtl. Tech. Corp.*, 381 F.Supp.2d 427, 433 (E.D. Pa. 2005). Plaintiff's earlier briefs obfuscate the issue by suggesting that the Uniform Comparative Fault Act alters the underlying basis for contribution, but this is not the case. The fact remains that a party must establish that it has paid more than its fair share before it can seek contribution. If this is the case for the members of the Plaintiff group, it should not be hard to plead or to establish, yet Plaintiff either will not or cannot establish that this is so. The Plaintiff has hidden behind its technical legal argument for far too long in this case and its continued failure to plead this basic element of its contribution claim should result in dismissal of its claims.

### CONCLUSION

For the reasons set forth above, the Defendants respectfully request the Court grant their motion to dismiss.

> WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
> *Attorneys for Defendant*
>
> By: */s/ Nicholas M. Holland*
>     Nicholas M. Holland
>     Post Office Box 995
>     Paducah, Kentucky 42002-0995
>     Telephone: (270) 443-4516
>     Facsimile: (270) 443-4571
>     nholland@whitlow-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of July, 2015, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

      I further certify that I have served non-ECF participants via first class mail.

                                                    /s/  Nicholas M. Holland
                                                      Nicholas M. Holland