UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00127-GNS-HBB

LWD PRP GROUP                                                    PLAINTIFF

V.

ACF INDUSTRIES LLC, et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by some 57 defendants (Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6), DN 1168 [hereinafter Defs.' Mot. to Dismiss]; Defs.' Mot. to Dismiss Ex. A, DN 1168-1)[1], the Motion to Dismiss Fourth Amended Complaint of Defendant Williamson County Housing Authority (Mot. to Dismiss Fourth Am. Compl. of Def. Williamson County Housing Authority, DN 1170 [hereinafter Mot. to Dismiss – WCHA]), the Motion to Dismiss of Yenkin-Majestic Paint Corp. (Mot. to Dismiss of Yenkin-Majestic Paint Corp., DN 1171 [hereinafter Mot. to Dismiss– YMPC]), the Motion to Dismiss Fourth Amended Complaint Against Defendant Watts & Durr Oil Company, Inc. (Mot. to Dismiss Fourth Am. Compl. Against Def. Watts & Durr Oil Company, Inc., DN 1172 [hereinafter Mot. to Dismiss–WDOC]), and the Motion to Dismiss of Defendant Mega Fabrication, Inc. (Mot. to Dismiss of Def. Mega Fabrication, Inc., DN 1175

---

[1] At the time of the filing of the motion, this motion was joined by additional defendants. (*See* Defs.' Mot. to Dismiss Ex. A). Those defendants have since been dismissed. (*See* Order, DN 1181; Order, DN 1182).

[hereinafter Mot. to Dismiss–Mega Fabrication]).[2] The motions have been fully briefed and are ripe for decision. For the reasons stated below, the Court **DENIES** the motions.

## I. <u>BACKGROUND</u>

The LWD Incinerator site is part of the LWD, Inc. Superfund site in Calvert City, Kentucky, which functioned as a hazardous waste incinerator from the 1970s until 2004. *LWD PRP Grp. v. Alcan Corp. et al.*, No. 14-5730, at *6 (6th Cir. Jan. 14, 2015) (unpublished) (also DN 1106). The incinerator was subsequently abandoned. *Id.* At the request of the Kentucky Department of Environmental Protection, the United States Environmental Protection Agency ("EPA") conducted initial waste removal activities from the incinerator site. *Id.*

The EPA ultimately identified fifty-eight parties potentially responsible ("potentially responsible parties" or "PRPs") for environmental contamination at the site and sought to collect cleanup costs from the PRPs. *Id.* These PRPs entered into an Administrative Settlement Agreement and Order on Consent for Removal Action ("ASAOCRA") with the EPA on March 1, 2007. *Id.* The PRPs engaged in certain removal activities at the LWD Incinerator site pursuant to the ASAOCRA, and further agreed in the ASAOCRA to compensate the EPA for future response costs. *Id.* On September 29, 2009, the EPA issued a notice of completion of the removal activities. *Id.* at 6-7.

Plaintiff is an association composed of some of the fifty-eight PRPs that entered into the ASAOCRA with the EPA. *Id.* at 6. Plaintiff filed its Complaint on August 31, 2012 (Compl., DN 1); its First Amended Complaint on January 30, 2013 (First Am. Compl., DN 581); its Second Amended Complaint on March 29, 2013 (Second Am. Compl., DN 758); its Third Amended Complaint on February 27, 2014 (Third Am. Compl., DN 985); and its Fourth Amended

---

[2] All moving Defendants in total will be referred to as JMDs, an acronym for Joint Motion Defendants.

Complaint on June 4, 2015 (Fourth Am. Compl., DN 1165). Between its Second and Fourth Amended Complaints, Plaintiff entered into two "Settlement Agreement for Recovery of Past Response Costs" agreements with the EPA. (Fourth Am. Compl. 7). The first of these agreements ("EPA Past Costs AOC I") was finalized in April 2013, and on August 27, 2013, Plaintiff paid the EPA $4,144,120 pursuant to that agreement. (Fourth Am. Compl. 8). The second of these agreements ("EPA Past Costs AOC II") was finalized in May 2014, and Plaintiff paid the EPA an additional $667,845 pursuant to that agreement. (Fourth Am. Compl. 8). Additionally, since September 2009, Plaintiff has incurred an estimated $625,000 in voluntary response costs regarding remediation activities by the Kentucky Department of Environmental Protection at the LWD Incinerator site.  (Fourth Am. Compl. 8).

Plaintiff's Fourth Amended Complaint seeks contribution from Defendants as to the past and future voluntary response costs, contribution from Defendants as the amounts incurred under EPA Past Costs AOC I and II, and a declaratory judgment holding each defendant liable for their respective equitable shares of applicable response costs and declaring Plaintiff's rights against Defendants with respect to reasonable access and the imposition of appropriate environmental covenants and use restrictions on the LWD, Inc. Superfund site. (Fourth Am. Compl. 146-50).

## II. <u>JURISDICTION</u>

This case involves the liability of and contribution by PRPs pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As to Plaintiff's state law claims, this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the

same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### III. <u>STANDARD OF REVIEW</u>

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

### IV. <u>DISCUSSION</u>

In their motions,[3] JMDs assert that Plaintiff has no claim for contribution as to EPA Past Costs AOC II because JMDs and Plaintiff had no liability for the costs due to the statute of

---

[3] Because Williamson County Housing Authority, Yenkin-Majestic Paint Corp., Watts & Durr Oil Company, Inc., and Mega Fabrication all incorporate by reference the Motion to Dismiss pursuant to Rule 12(b)(6) filed by some 57 defendants, all citations will be to that motion. (*See* Mot. to Dismiss–WCHA; Mot. to Dismiss–YMPC; Mot. to Dismiss–WDOC; Mot. to Dismiss–Mega Fabrication).

limitations, and because Plaintiff entered into the agreement voluntarily. (Defs.' Mot. to Dismiss 6-9). They also assert that the Fourth Amended Complaint should be dismissed in its entirety, or that Plaintiff be compelled to amend its complaint, because Plaintiff has not asserted what amount each individual member comprising Plaintiff believes it has paid disproportionately. (Defs.' Mot. to Dismiss 9-11).

### A.    Disproportionate Share

Plaintiff argues in its response that the Uniform Comparative Fault Act ("UCFA") should apply to this action. (Pl.'s Resp. to Defs.' Mot. to Dismiss 10, DN 1020 [hereinafter Pl.'s Resp.]). JMDs respond that Plaintiff's attempt to apply the UCFA does not change the fact "that a party must establish that it has paid more than its fair share before it can seek contribution," and that the right to contribution is an individual one, not a collective one. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss 5, DN 1178 [hereinafter Defs.' Reply]).

JMDs maintain that this Court should apply a higher standard than the Rule 12(b)(6) standard in ruling on the present motions. Rule 12(b)(6) requires that the nonmoving party allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (citation omitted). The Fourth Amended Complaint alleges that Plaintiff has paid a certain sum to the EPA "to reimburse the EPA *for the majority* of the EPA's past response costs . . . [and] for its *remaining* response costs at the LWD Incinerator Site." (Fourth Am. Compl. 7 (emphasis added)). Accepting the allegations as true (as the Court must on a motion to dismiss), Plaintiff has paid *the majority* of the past response costs at the LWD Incinerator Site, and it has also agreed to pay future response costs. (Fourth Am. Compl. 146-47).

Plaintiff has also alleged that JMDs are companies (or parents or successors to such companies) that utilized the LWD Incinerator Site, which are accordingly liable for cleanup costs

5

under Section 107(a)(3) or Section 107(a)(4) of CERCLA. (*See* Fourth Am. Compl. 12-147). Plaintiff supports its contentions with factual assertions in the form of citations to annual reports detailing waste sent from JMDs to the LWD Incinerator Site and EPA ID Numbers identifying the applicable JMD with each shipment to the LWD Incinerator Site. (*See* Fourth Am. Compl. 12-147).

Section 113(f) of CERCLA provides that: "[a]ny person may seek contribution from any other person who is liable or potentially liable under section [107(a)] of this title, during or following any civil action under section [106] of this title or under section [107(a)] of this title." 42 U.S.C. § 9613(f)(1). Accepting the factual allegations in the Fourth Amended Complaint as true, Plaintiff has paid *all* of the past response costs and has agreed to pay for all of the future response costs. JMDs may be liable for some of those costs as covered persons under section 107(a). Accordingly, Plaintiff has alleged facts that, when taken as true, state a claim for relief.

JMDs argue that Plaintiff cannot assert a contribution claim, as contribution is an individual rather than collective action and rely upon the decision in *Boarhead Farm Agreement v. Advanced Environmental. Technology Corp.*, 381 F. Supp. 2d 427 (E.D. Pa. 2005). (Defs.' Mot. to Dismiss 9-11; Defs.' Reply 5). In *Boarhead Farm Agreement*, the court allowed the plaintiff group to amend its complaint to list the individual group members in lieu of the group itself because it found that the individual members of the group were the real parties in interest. *Id.* at 433. Of note, that court stated that "[t]he practical substance and nature of this contribution action, as well as the parties in interest, are not altered if the Complaint is brought by . . . [the individual entities] named individually, as opposed to named collectively as the Agreement Group." *Id.*

The Fourth Amended Complaint states that Plaintiff "consists of the following entities in their own right, and as assignees of all entities who have or will *assign their CERCLA cost-recovery and contribution rights to the LWD PRP Group*," and then lists a number of entities. (Fourth Am. Compl. 8-9). Plaintiff asserts that the "majority of courts apply the principles of the Uniform Comparative Fault Act ("UCFA") to private party settlements in CERCLA cases," and that proper application of the UCFA dictates that JMDs will not pay more than their respective equitable share of the response costs. (Pl.'s Resp. 10-11).

Plaintiff is correct that some courts do apply the UCFA to CERCLA actions. *See, e.g.*, *Ameripride Servs. Inc. v. Tex. E. Overseas, Inc.*, 782 F.3d 474, 484-85 (9th Cir. 2015); *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 897 (10th Cir. 2000); *United States v. Aluminum Corp.*, 990 F.2d 711, 725 (2d Cir. 1993); *Responsible Envtl. Sols. All. v. Waste Mgmt, Inc.*, No. 3:04cv013, 2011 WL 382617, at *4-5 (S.D. Ohio Feb. 3, 2011); *Comerica Bank-Detroit v. Allen Indus., Inc.*, 769 F. Supp. 1408, 1414 (E.D. Mich. 1991). Other courts, however, reject applying the UCFA to CERCLA actions. *See, e.g.*, *Akzo Nobel Coatings, Inc. v. Aigner Corp.*, 197 F.3d 302, 307 (7th Cir. 1999) ("Adopting the UCFA as a federal rule would undermine [Section 113(f)(2) of CERCLA] []."). Still other courts have avoided addressing the issue directly. *See, e.g.*, *Am. Cyanamid Co. v. Capuano*, 381 F.3d 6, 21 (1st Cir. 2004) (declining to choose whether UCFA or UCATA applied to CERCLA claim reduction). While the Sixth Circuit has not ruled on this issue, given the nationwide and intra-circuit trend of doing so, the Court will apply the UCFA to this action.

Section 6 of the UCFA provides:

> A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against

other persons is reduced by the amount of the released person's equitable share of
the obligation, determined in accordance with the provisions of Section 2.

Unif. Comparative Fault Act § 6 (2008). In short, JMDs' liability is reduced by the amount of

Plaintiff's share of the obligation for the response costs at the LWD Incinerator Site. Thus, JMDs

are not in a position to potentially pay more than their equitable share in the case of a judgment

against them. Absent that concern, the Court agrees with the sister federal court's conclusion that

"[t]he practical substance and nature of this contribution action, as well as the parties in interest,

are not altered if the Complaint is brought by . . . [the individual entities] named individually, as

opposed to named collectively as the Agreement Group." *Boarhead Farm Agreement*, 381 F.

Supp. 2d at 433.

### B. EPA Past Costs AOC II

JMDs assert that Plaintiff has no claim for contribution as to the EPA Past Costs AOC II

because JMDs had no liability for the costs due to the statute of limitations, and because Plaintiff

entered into the agreement voluntarily. (Defs.' Mot. to Dismiss 6-9). Plaintiff counters that this

Court has already ruled that this action was timely brought, and that entering into the EPA Past

Costs AOC II was not voluntary. (Pl.'s Resp. 5-9). Plaintiff also filed a supplement to its

response including an attachment, and Plaintiff argues in its supplement that the EPA considers

the EPA Past Costs AOC II not wholly voluntarily. (Pl.'s Supplemental Resp. to Defs.' Rule

12(b)(6) Mot. to Dismiss, DN 1027 [hereinafter Pl.'s Supplemental Resp.]).

Section 113(f)(2)(A) provides that the EPA must bring an initial action for recovery of

costs within three years after the completion of the removal action. Comprehensive

Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9613(f)(2)(A). JMDs

argue that once the applicable three years elapsed on September 29, 2012, Plaintiff and JMDs no

longer had any liability, as the EPA could not successfully assert an action against them for cost recovery. (Defs.' Mot. to Dismiss 6-7).

The EPA responded to a public comment to the EPA Past Costs AOC II, and the Court gathers that the comment contained much the same argument as the one JMDs now present. In its response, the EPA notes that "CERCLA's statute of limitations for a cost recovery action is an affirmative defense to liability . . . that a []PRP[] may elect to assert, or not to assert, in court." (Pl.'s Supplemental Resp. Ex. B, DN 1027-1). A complaint is subject to dismissal if its allegations "indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion." 5B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d ed. updated through Apr. 2015) [hereinafter 5B Wright & Miller]. "[T]he inclusion of dates in the complaint indicating that [an] action is untimely renders it subject to dismissal for failure to state a claim." 5B Wright & Miller § 1357.

JMDs are not asserting the affirmative defense that Plaintiff has filed suit after the elapsing of the applicable statute of limitations. In essence, JMDs are asserting that Plaintiff waived the statute of limitations affirmative defense, in the event the EPA brought suit against them, when Plaintiff entered into the EPA Past Costs AOC II. This affirmative defense is not "clearly indicated" in the Complaint and does not "appear on the face of" the Complaint. 5B Wright & Miller § 1357. JMDs may raise this argument again in their answer or answers pursuant to Federal Rule of Civil Procedure 8(c), but this argument fails on a motion to dismiss.

JMDs also argue that Plaintiff entered into the EPA Past Costs AOC II voluntarily because the signatories to the EPA Past Costs AOC I had already settled their liability for the

costs under the EPA Past Costs AOC II. (Defs.' Mot. to Dismiss 8-9). In its response to public comments on the EPA Past Costs AOC II, the EPA succinctly explained why JMDs' argument fails. First, the EPA Past Costs AOC I contained a definition of Past Response Costs "defined as 'all costs, including but not limited to direct and indirect costs, that EPA or the U.S. Department of Justice on behalf of EPA has paid at or in connection with the Site through October 10, 2012, plus accrued Interest on all such costs through such date.'" (Pl.'s Supplemental Resp. Ex. B). The EPA Past Costs AOC II defines the same term as costs "incurred or paid," rather just "paid," "through the Effective Date of May 8, 2014." The EPA Past Costs AOC II thus embraces additional liability not covered by the EPA Past Costs AOC I.

To the extent the parties argue that Plaintiff entered into the EPA Past Costs AOC II as gamesmanship or in response to JMD's gamesmanship, the Court need not undertake a discussion of those arguments. Plaintiff's liability did not abruptly cease on September 29, 2012, and the EPA Past Costs AOC II embraces past recovery costs not contemplated by the EPA Past Costs AOC I. In sum, then, JMDs' arguments fail.

## V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** all the Motions to Dismiss contemplated in this Memorandum Opinion and Order (DN 1168, DN 1170, DN 1171, DN 1172, DN 1175) are **DENIED**.

A separate order scheduling a Rule 16(b) conference will follow.

**Greg N. Stivers, Judge**
**United States District Court**

November 4, 2015

cc:   counsel of record