IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-GNS-HBB

LWD PRP GROUP                                                      PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.                                       DEFENDANTS

### ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT ENVIRITE OF ILLINOIS, INC., d/b/a EQ ILLINOIS
### (Electronically Filed)

Comes Defendant Envirite of Illinois, Inc., d/b/a EQ Illinois ("Defendant") by counsel, and for its answer to Plaintiff's Fourth Amended Complaint ("Amended Complaint"), states as follows:

### FIRST DEFENSE

The Amended Complaint or portions of it fails to state a claim upon which relief can be granted against this Defendant and therefore must be dismissed.

### SECOND DEFENSE

1.      Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Amended Complaint, and therefore denies the same.

2.      With regard to Paragraphs 3 and 4 of the Amended Complaint, Defendant admits that jurisdiction and venue are proper in this Court.  With regard to any other allegations in Paragraphs 3 and 4 of the Amended Complaint, Defendant states it is without information

sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

3.      With regard to Paragraphs 5 through 30 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

4.      With regard to Paragraph 31 of the Amended Complaint, Defendant states that the "LWD PRP Group" is an unincorporated association and therefore lacks capacity to bring its claims pursuant to state law.  With regard to the remaining allegations in Paragraph 31 of the Amended Complaint, it states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same. Any purported assignment of "CERCLA cost-recovery and contribution rights to the LWD Group" are invalid or without effect.

5.      With regard to Paragraphs 32 through 196 of the Amended Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant.  To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

6.      Defendant denies the allegations in Paragraph 197 of the Amended Complaint.

7.      With regard to Paragraphs 198 through 201 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

8.      Defendant denies the allegations in Paragraph 202 of the Amended Complaint.

9.      Defendant admits the allegations in Paragraph 203 of the Amended Complaint.

10.     With regard to Paragraphs 204 through 534 of the Amended Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant.  To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

11.     With regard to Paragraph 535 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

12.     With regard to Paragraphs 536 through 543 of the Amended Complaint, Defendant states that these Paragraphs do not require a response as they merely restate the content of statutes, which statutes speak for themselves.  To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

13.     With regard to Paragraphs 544 and 545 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

14.     Defendant admits the allegations in Paragraph 546 of the Amended Complaint as to itself.  As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

15.     Defendant denies the allegations in Paragraph 547 of the Amended Complaint as to itself.  As regards the other defendants in this case, Defendant states it is without information

sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

16.     With regard to Paragraphs 548 through 550 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

17.     Defendant denies the allegations in Paragraphs 551 and 552 of the Amended Complaint as to itself.  As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

18.     With regard to Paragraph 553 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

19.     With regard to Paragraph 554 of the Amended Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

20.     With regard to Paragraph 555 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

21.     Defendant denies the allegations in Paragraphs 556 through 559 of the Amended Complaint as to itself.  As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

22.    With regard to Paragraph 560 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

23.    Defendant admits the allegations in Paragraph 561 of the Amended Complaint.

24.    With regard to Paragraph 562 of the Amended Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

25.    With regard to Paragraph 563 of the Amended Complaint, no response is required of Defendant as this Paragraph does not make allegations regarding Defendant.  To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

26.    Defendant denies the allegations in Paragraphs 564 and 565 of the Amended Complaint as to itself.  As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

## THIRD DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the applicable statute of limitations.

## FOURTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff lacks standing or capacity to sue. Specifically, Plaintiff lacks capacity to bring its claims under state law, as Kentucky common law does not recognize an unincorporated association as a legal entity with capacity to sue. Plaintiff's claims must, therefore, be dismissed.

### SIXTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by waiver.

### SEVENTH DEFENSE

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

### EIGHTH DEFENSE

The alleged releases were federally permitted.

### NINTH DEFENSE

The alleged releases were de micromis.

### TENTH DEFENSE

Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Defendant Envirite of Illinois, Inc., d/b/a EQ Illinois respectfully requests the Amended Complaint be dismissed, with prejudice, for its costs herein expended and for all other relief to which it may be entitled.

## COUNTERCLAIM FOR CONTRIBUTION AND
## ALLOCATION AND DECLARATORY JUDGMENT

Pursuant to the Federal Rules of Civil Procedure, Defendant hereby asserts the following counterclaim for contribution and allocation.

1.      Defendant has been named as a defendant in this litigation ("the Case").

2.      Plaintiff and/or each of its member companies is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

3.      Defendant is a "person" as defined in CERCLA section 101(21), 42 U.S.C. § 9601(21).

4.      CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides, in part that during any civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), any person may seek contribution from any other person who is liable or potentially liable under CERCLA Section 107(a).

5.      The Case constitutes a civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), within the meaning of CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

6.      Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendant is authorized to seek contribution in this Case from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

7.      On information and belief, Plaintiff (and/or its member companies) are liable or potentially liable persons at the LWD Incinerator Site, which consists of that portion of LWD, Inc. Superfund Site at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky, under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

8.      If and to the extent that Defendant is held liable in the Case (which liability is expressly denied), Defendant is entitled to a judgment in contribution against the Plaintiff and its member companies, pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA, for all response costs, damages, interest, and prejudgment interest.

9.      Further, Defendant is entitled to a declaratory judgment with respect to its contribution claim for, and lack of obligations for, the response costs incurred and to be incurred at the Site (any interest and/or prejudgment interest), pursuant to Section 113(g)(2) of CERCLA.

### COUNTERCLAIM FOR CONTRIBUTION AND/OR EQUITABLE INDEMNITY AGAINST PLAINTIFF AND ITS MEMBER COMPANIES PURSUANT TO STATE LAW

10.      Defendant incorporates herein paragraphs 1 through 9 of the Counterclaim for Contribution and Allocation and Declaratory Judgment above.

11.      If and to the extent that Plaintiff is found to possess the requisite capacity to bring a claim under KRS 224.1-400 (which Defendant denies), Defendant may rightfully assert a claim for contribution in accordance with KRS 224.1-400(25), which incorporates by reference Sections 107(a) and 113(f) of CERCLA.

12.      Defendant is informed and believes, and on that basis alleges, that in the event that Plaintiff and/or its member companies are found in some manner legally liable for any costs or expenditures under the claims asserted by Plaintiff and/or its member companies relating to the LWD Incinerator Site under KRS 224.1-400, the Defendant is entitled to contribution for any costs or expenditures from Plaintiff and/or its member companies pursuant to that statute, or is entitled to equitable indemnity pursuant to state law to allocate liability at the site.

WHEREFORE, if and only to the extent that Defendant is held liable in the Case (which liability is expressly denied), Defendant prays for judgment in contribution against all other parties found liable in the Case, including but not limited to Plaintiff and its member companies,

pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA, KRS 244.1-400(25) or in the alternative, for equitable indemnity against Plaintiff or its members, and for a declaratory judgment with respect to its obligations concerning the response costs incurred and to be incurred at the LWD Incinerator Site pursuant to Section 113(g)(2) of CERCLA.

WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
Attorneys for Defendant Envirite of Illinois, Inc., d/b/a EQ Illinois

By:     */s/ Nicholas M. Holland*
        Nicholas M. Holland
        nholland@whitlow-law.com
        Post Office Box 995
        Paducah, Kentucky 42002-0995
        270-443-4516 (Telephone)
        270-443-4571 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this __30__ day of __Dec.__, 2015, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

Fletcher Schrock, Esq., fletch@ml-lawfirm.com,
Gary Justis, Esq., gjustis@justislawfirm.com; and
Rachel D. Guthrie, Esq., rguthrie@justislawfirm.com,
Attorneys for Plaintiff.

Alison C. Conlon, Esq.; and Joseph F. Madonia, Esq.,
jmadonia@btlaw.com, bbrozyna@btlaw.com,
Attorneys for Central Illinois Public Service Company.

Mohammad H. Sheronick, Esq., m.sheronick@cedar-rapids.org,
Attorney for the City of Cedar Rapids, Iowa,

Derek S. Casey, Esq., dscasey@twgfirm.com,
Attorney for Mega Fabrication, Inc.

Amy Jo Harwood-Jackson, Esq., amy@harwood-jacksonlaw.com,
Attorney for the University of Iowa.

Amy D. Cubbage, Esq., acubbage@ackersonlegal.com, cbarnett@ackersonlegal.com,
Attorney for Williamson County Housing Authority.

Richard L. Walter, Esq., rwalter@bsgpad.com, mclark@bsgpad.com,
Attorney for Yenkin-Majestic Paint Corp.

I further certify that I have served the following non-ECF participants via first class mail:

All American Group, Inc.                      Hannah Maritime Corporation
Attn: Michael Healy                            102 West Emerson
645 5th Avenue                                 Arlington Heights, Illinois 60005
New York, NY 10022

Alsco, Inc.                                    Relocatable Confinement Facilities
215 South State Street, Suite 1200             Attn: Ken Holloway
Salt Lake City, UT 84111                       5119 Quinn Road
                                               Vacaville, CA 95688

Andover Coils, LLC                             Zeller Technologies, Inc.
Post Office Box 4848                           4250 Hoffmeister Avenue
Lafayette, Indiana 47903                       St. Louis, Missouri 63125


*/s/ Nicholas M. Holland*
_____

Nicholas M. Holland