IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-GNS-HBB

LWD PRP GROUP                                                            PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.                                         DEFENDANTS

**ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF DEFENDANTS
PEORIA DISPOSAL COMPANY AND PDC LABORATORIES, INC.
(Electronically Filed)**

Come Defendants Peoria Disposal Company ("Peoria Disposal") and PDC Laboratories, Inc. ("PDC Laboratories") (together, "Defendants") by counsel, and for their answer to Plaintiff's Fourth Amended Complaint ("Amended Complaint"), state as follows:

**FIRST DEFENSE**

The Amended Complaint or portions of it fails to state a claim upon which relief can be granted against these Defendants and therefore must be dismissed.

**SECOND DEFENSE**

1.      Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Amended Complaint, and therefore deny the same.

2.      With regard to Paragraphs 3 and 4 of the Amended Complaint, Defendants admit that jurisdiction and venue are proper in this Court with respect to Plaintiff's claims pursuant to federal law.  Defendants specifically deny that Plaintiff has capacity to sue with regard to its state law claims in this Court.  With regard to any other allegations in Paragraphs 3 and 4 of the

Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

3.      With regard to Paragraphs 5 through 30 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

4.      With regard to Paragraph 31 of the Amended Complaint, Defendants state that the "LWD PRP Group" is an unincorporated association and therefore lacks capacity to bring its claims pursuant to state law.  With regard to the remaining allegations in Paragraph 31 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same. Any purported assignment of "CERCLA cost-recovery and contribution rights to the LWD Group" are invalid or without effect.

5.      With regard to Paragraphs 32 through 349 of the Amended Complaint, no response is required of Defendants as those Paragraphs do not make allegations regarding Defendants.  To the extent that those Paragraphs might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

6.      With regard to Paragraph 350 of the Amended Complaint, Defendants admit that the LWD PRP Group sent a letter to Peoria Disposal dated October 19, 2012 demanding payment.  Defendants deny the remaining allegations in Paragraph 350.

7.      Defendants admit the allegations in Paragraph 351 of the Amended Complaint.

8.      Defendants admit the allegations in Paragraph 352 of the Amended Complaint.

Defendants admit that EPA issued EPA ID Nos. ILP200000610 and ILD000805812 to Peoria Disposal; and EPA ID Nos. ILD084318922 and IL0000190074 to PDC Laboratories. Defendants deny the remaining allegations in Paragraph 352.

9.      With regard to Paragraph 353 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

10.     Defendants admit that the total combined weight attributable to Defendants (together) at the LWD Incinerator Site is 2,309,741 lbs. Defendants deny the remaining allegations in Paragraph 354 of the Amended Complaint.

11.     Defendants admit the allegations in Paragraph 355 of the Amended Complaint.

12.     Defendants incorporate their response to Paragraph 354 of the Amended Complaint as if fully set forth herein. Defendants deny the remaining allegations in Paragraph 356 of the Amended Complaint.

13.     Defendants admit the allegations in Paragraph 357 of the Amended Complaint.

14.     With regard to Paragraphs 358 through 534 of the Amended Complaint, no response is required of Defendants as those Paragraphs do not make allegations regarding Defendants.  To the extent that those Paragraphs might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

15.     With regard to Paragraph 535 of the Amended Complaint, Defendants incorporate and restate their responses above as if fully set forth herein in response to that Paragraph.

16.     With regard to Paragraphs 536 through 543 of the Amended Complaint, Defendants state that these Paragraphs do not require a response as they merely restate the

content of statutes, which statutes speak for themselves.  To the extent that those Paragraphs might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

17.     With regard to Paragraphs 544 and 545 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

18.     Defendants admit the allegations in Paragraph 546 of the Amended Complaint as to themselves.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

19.     Defendants deny the allegations in Paragraph 547 of the Amended Complaint as to themselves.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

20.     With regard to Paragraphs 548 through 550 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

21.     Defendants deny the allegations in Paragraphs 551 and 552 of the Amended Complaint as to themselves and specifically aver that Plaintiff lacks capacity to bring its claims pursuant to state law.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

22.     With regard to Paragraph 553 of the Amended Complaint, Defendants incorporate and restate their responses above as if fully set forth herein in response to that Paragraph.

23.     With regard to Paragraph 554 of the Amended Complaint, Defendants state that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

24.     With regard to Paragraph 555 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

25.     Defendants deny the allegations in Paragraphs 556 through 559 of the Amended Complaint as to themselves.  Defendants specifically state that Plaintiff lacks capacity to bring its claims pursuant to state law because it is an unincorporated association.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

26.     With regard to Paragraph 560 of the Amended Complaint, Defendants incorporate and restate their responses above as if fully set forth herein in response to that Paragraph.

27.     Defendants admit the allegations in Paragraph 561 of the Amended Complaint.

28.     With regard to Paragraph 562 of the Amended Complaint, Defendants state that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

29.     With regard to Paragraph 563 of the Amended Complaint, no response is required of Defendants as this Paragraph does not make allegations regarding Defendants.  To the extent that this Paragraph might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

30.     Defendants deny the allegations in Paragraphs 564 and 565 of the Amended Complaint as to themselves.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

### THIRD DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff lacks standing or capacity to sue. Specifically, Plaintiff lacks capacity to bring its claims under state law, as Kentucky common law does not recognize an unincorporated association as a legal entity with capacity to sue.  Plaintiff's claims must, therefore, be dismissed.

### SIXTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by waiver.

## SEVENTH DEFENSE

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendants have no contractual relationship, and therefore Defendants have no liability for same.

## EIGHTH DEFENSE

The alleged releases were federally permitted.

## NINTH DEFENSE

The alleged releases were de micromis.

## TENTH DEFENSE

Defendants plead each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Defendants Peoria Disposal Company and PDC Laboratories, Inc. respectfully request the Amended Complaint be dismissed, with prejudice, for their costs herein expended and for all other relief to which it may be entitled.

## COUNTERCLAIM FOR CONTRIBUTION AND ALLOCATION AND DECLARATORY JUDGMENT

Pursuant to the Federal Rules of Civil Procedure, Defendants hereby assert the following counterclaim for contribution and allocation.

1.      Defendants have been named as defendants in this litigation ("the Case").

2.      Plaintiff and/or each of its member companies is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

3.      Defendants are "person[s]" as defined in CERCLA section 101(21), 42 U.S.C. § 9601(21).

4.     CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides, in part that during any civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), any person may seek contribution from any other person who is liable or potentially liable under CERCLA Section 107(a).

5.     The Case constitutes a civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), within the meaning of CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

6.     Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendants are authorized to seek contribution in this Case from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

7.     On information and belief, Plaintiff (and/or its member companies) are liable or potentially liable persons at the LWD Incinerator Site, which consists of that portion of LWD, Inc. Superfund Site at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky, under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

8.     If and to the extent that Defendants are held liable in the Case (which liability is expressly denied), Defendants are entitled to a judgment in contribution against Plaintiff and its member companies, pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA, for all response costs, damages, interest, and prejudgment interest.

9.     Further, Defendants are entitled to a declaratory judgment with respect to their contribution claim for, and lack of obligations for, the response costs incurred and to be incurred at the Site (any interest and/or prejudgment interest), pursuant to Section 113(g)(2) of CERCLA.

## COUNTERCLAIM FOR CONTRIBUTION AND/OR EQUITABLE INDEMNITY AGAINST PLAINTIFF AND ITS MEMBER COMPANIES PURSUANT TO STATE LAW

1.     Defendants incorporate herein paragraphs 1 through 9 of the Counterclaim for Contribution and Allocation and Declaratory Judgment above.

2.      If and to the extent that Plaintiff is found to possess the requisite capacity to bring a claim under KRS 224.1-400 (which Defendants deny), Defendants may rightfully assert a claim for contribution in accordance with KRS 224.1-400(25), which incorporates by reference Sections 107(a) and 113(f) of CERCLA.

3.      Defendants are informed and believe, and on that basis allege, that in the event that Plaintiff and/or its member companies are found in some manner legally liable for any costs or expenditures under the claims asserted by Plaintiff and/or its member companies relating to the LWD Incinerator Site under KRS 224.1-400, Defendants are entitled to contribution for any costs or expenditures from Plaintiff and/or its member companies pursuant to that statute, or are entitled to equitable indemnity pursuant to state law to allocate liability at the site.

WHEREFORE, if and only to the extent that Defendants are held liable in the Case (which liability is expressly denied), Defendants pray for judgment in contribution against all other parties found liable in the Case, including but not limited to Plaintiff and its member companies, pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA, KRS 244.1-400(25) or in the alternative, for equitable indemnity against Plaintiff or its members, and for a declaratory judgment with respect to its obligations concerning the response costs incurred and to be incurred at the LWD Incinerator Site pursuant to Section 113(g)(2) of CERCLA.

WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
Attorneys for Defendants Peoria Disposal Company and PDC Laboratories, Inc.


By:      */s/ Nicholas M. Holland*
         Nicholas M. Holland
         nholland@whitlow-law.com
         Post Office Box 995
         Paducah, Kentucky 42002-0995
         270-443-4516 (Telephone)
         270-443-4571 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this   30   day of   Dec.   , 2015, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

Fletcher Schrock, Esq., fletch@ml-lawfirm.com,
Gary Justis, Esq., gjustis@justislawfirm.com; and
Rachel D. Guthrie, Esq., rguthrie@justislawfirm.com,
Attorneys for Plaintiff.

Alison C. Conlon, Esq.; and Joseph F. Madonia, Esq.,
jmadonia@btlaw.com, bbrozyna@btlaw.com,
Attorneys for Central Illinois Public Service Company.

Mohammad H. Sheronick, Esq., m.sheronick@cedar-rapids.org,
Attorney for the City of Cedar Rapids, Iowa,

Derek S. Casey, Esq., dscasey@twgfirm.com,
Attorney for Mega Fabrication, Inc.

Amy Jo Harwood-Jackson, Esq., amy@harwood-jacksonlaw.com,
Attorney for the University of Iowa.

Amy D. Cubbage, Esq., acubbage@ackersonlegal.com, cbarnett@ackersonlegal.com,
Attorney for Williamson County Housing Authority.

Richard L. Walter, Esq., rwalter@bsgpad.com, mclark@bsgpad.com,
Attorney for Yenkin-Majestic Paint Corp.

I further certify that I have served the following non-ECF participants via first class mail:

All American Group, Inc.
Attn: Michael Healy
645 5th Avenue
New York, NY 10022

Alsco, Inc.
215 South State Street, Suite 1200
Salt Lake City, UT 84111

Andover Coils, LLC
Post Office Box 4848
Lafayette, Indiana 47903

Hannah Maritime Corporation
102 West Emerson
Arlington Heights, Illinois 60005

Relocatable Confinement Facilities
Attn: Ken Holloway
5119 Quinn Road
Vacaville, CA 95688

Zeller Technologies, Inc.
4250 Hoffmeister Avenue
St. Louis, Missouri 63125

*/s/ Nicholas M. Holland*
_____
Nicholas M. Holland