**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| **LWD PRP GROUP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 5:12-CV-127-GNS-** |
| ) | **HBB** |
| **ACF INDUSTRIES LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF'S PARTIAL MOTION TO STRIKE ANSWER AND**
**COUNTERCLAIM OF DEFENDANT DRUG & LABORATORY DISPOSAL, INC.**

**INTRODUCTION**

Plaintiff LWD PRP Group ("Plaintiff" or "LWD PRP Group"), by and through counsel,

respectfully submits the following partial motion to strike Paragraph 4 (incorrectly titled "Second

Defense"), as well as the Fifth Defense, of the Answer to Fourth Amended Complaint,

Affirmative Defenses, and Counterclaim of Defendant Drug & Laboratory Disposal, Inc.

("DLD") (Dkt. No. 1230).

Plaintiff moves to strike each portion of DLD's Answer and Affirmative Defenses which

asserts Plaintiff lacks capacity to sue as an unincorporated association. DLD, along with a

number of other Defendants known as the Joint Defense Group (hereinafter "JDG"), has

repeatedly raised this same argument in various motions to dismiss. Motion to Dismiss [Fourth

Amended Complaint] Pursuant to Rule 12(b)(6) (Dkt. No. 1168); Motion to Dismiss [Third

Amended Complaint] Pursuant to Rule 12(b)(6) (Dkt. No. 1002); and Motion to Dismiss

[Second Amended Complaint] Pursuant to Rule 12(b)(6) (Dkt. No. 776).[1] The Court has

---

[1] These same arguments have been incorporated by reference in separate Rule 12(b)(6)
Motions to Dismiss filed by various defendants not included in the JDG. *See, e.g.*, Motions to
Dismiss by Defendants Williamson County Housing Authority (Dkt. No. 1170), Yenkin-

repeatedly denied the JDG's motions to dismiss, and expressly and implicitly rejected any argument that the LWD PRP Group lacks capacity to sue or is not the real party in interest in this matter. *See* Memorandum Opinion and Order of November 4, 2015 (Dkt. No. 1191); Memorandum Opinion and Order of February 7, 2014 (Dkt. No. 961). This Court has held that Plaintiff may proceed in the name of the LWD PRP Group, and need not proceed in the names of its individual members, thereby establishing the law of the case for this cause. DLD's persistence in asserting Plaintiff lacks capacity to sue as an unincorporated association after the Court's unfavorable ruling on its Motion to Dismiss is counter to the law of the case. Further, DLD's resurrection of its capacity arguments is redundant, immaterial, and impertinent so as to warrant striking under Fed. R. Civ. P. 12(f).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" allegations are those that "have no bearing on the subject matter of the litigation," . . . "impertinent" allegations are those that "do not pertain or are not necessary to the issues in question," . . . and "scandalous" allegations are those that "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court." *Bosch v. Bayer Healthcare Pharmaceuticals, Inc.*, 13 F.Supp.3d 730, 752 (W.D. Ky. 2014) (internal quotations and citation omitted). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Engineers Local 324 Health Care Plan v. G*

---

Majestic Paint Corp. (Dkt. No. 1171), Watts & Durr Oil Company, Inc. (Dkt. No. 1172), and Mega Fabrication, Inc. (Dkt. No. 1175).

& W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797

F.2d 297, 305 (6th Cir. 1986) (internal quotation and citation omitted). "A motion to strike

should be granted if it appears to a certainty that plaintiffs would succeed despite any state of the

facts which could be proved in support of the defense and are inferable from the pleadings." *Id*.

(citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations

omitted). "Courts are given considerable discretion in deciding whether to strike portions of

pleadings under 12(f)." *Thompson v. Hartford Life And Acc. Ins. Co.*, 270 F.R.D. 277, 279

(W.D.Ky. 2010).

## ARGUMENT

Plaintiff moves to strike Paragraph 4 of DLD's Answer (incorrectly titled "Second

Defense"), to the extent it asserts Plaintiff lacks capacity to sue in the name of the LWD PRP

Group as an unincorporated association, as well as the Fifth Defense in its entirety. These

Answers and Defense are counter to the law of the case in this cause. The law of the case

doctrine "prevents relitigation of an issue once it has been decided." *CNH Capital America LLC*

*v. Hunt Tractor, Inc.*, 2015 WL 1455282, *2, No. 3:10CV-350-CRS (W.D. Ky. Mar. 30, 2015)

(citing *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005). An issue has been decided if it is

"fully briefed and squarely decided." *Id*. (citing *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91

F. App'x 370, 374 (6th Cir. 1997) (internal citations omitted).

Here, this issue has been "fully briefed." The JDG, comprised of numerous defendants

including DLD, challenged Plaintiff's capacity to proceed as an unincorporated association in

various Motions to Dismiss. *See* Dkt. No. 1168, at 9–11; Dkt. No. 1002, at 9–10; Dkt. No. 776 at

17–19. Plaintiff filed Responses addressing the capacity arguments in each of these Motions to

Dismiss. *See* Plaintiff's Response to Defendants Rule 12(b)(6) Motion to Dismiss [Fourth

Amended Complaint] (Dkt. No. 1174) (incorporating by reference previous responses);

Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss [Third Amended

Complaint] (Dkt. No. 1020, at 9–11) and Supplemental Response (Dkt. No. 1027); Plaintiff's

Response to Defendants' Rule 12(b)(6) Motion to Dismiss [Second Amended Complaint] (Dkt.

No. 914, at 28–31). JDG Replied to Plaintiff's Responses. *See* Dkt. Nos. 1178, 1030 and 935.

      This issue has been "squarely decided." In its Memorandum Opinion and Order of

February 7, 2014 (Dkt. No. 961), the Court rejected the JDG's argument that the LWD PRP

Group was not a real party in interest under Fed. R. Civ. P. 17(a), and held that the LWD PRP

Group had capacity to sue as an unincorporated association under Fed. R. Civ. P. 17(a), and

therefore had no obligation to proceed in the name of the individual members of the LWD PRP

Group. *Id*. at 23–25. More recently, in its Memorandum Opinion and Order of November 4, 2015

(Dkt. No. 1191) the Court again "agree[d] with the sister federal court's conclusion that the

practical substance and nature of this contribution action, as well as the parties in interest, are not

altered if the Complaint is brought by . . . [the individual entities] named individually, as

opposed to named collectively as the Agreement Group." *Id*. at 8 (citing *Boarhead Farm*

*Agreement v. Advanced Environmental Technology Corp.*, 381 F. Supp. 2d 427, 433 (E.D. Pa.

2005) (internal quotations omitted).

      It is indisputably the law of the case that the LWD PRP Group is the proper party in

interest with capacity to sue in the name of the Group. DLD's attempt to relitigate this issue in its

Answer and Counterclaims despite multiple orders from the Court merely underscores its

recalcitrance at the LWD Incinerator Site and in this case. DLD's references to lack of capacity

in its Answer is thus redundant, impertinent, and immaterial to the legal issues at hand. As such,

those portions of DLD's Answer which address Plaintiff's capacity warrant striking under Fed. R. Civ. P. 12(f).

Here, the Court has spoken. Whether the LWD PRP Group is the real party in interest or has capacity to sue has been fully briefed and repeatedly decided by the Court to the point of redundancy, such that the issue no longer has "bearing on the subject matter," and is not "necessary to the issues in question." This Court has the discretion to strike *suo sponte* those portions of DLD's Answer which make any reference to the LWD PRP Group's capacity to sue, and Plaintiff so moves the Court at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff LWD PRP Group respectfully requests that this Court enter an appropriate Order striking Paragraph 4 (incorrectly titled "Second Defense"), as well as the Fifth Defense, of Defendant Drug & Laboratory Disposal, Inc. to the extent they are inconsistent with the law of the case as announced by this Court in its Memorandum Opinions and Orders of February 7, 2014 (Dkt. No. 961) and November 4, 2015 (Dkt. No. 1191), and for such other and any further relief as the Court deems just and appropriate under the circumstances.

Dated: January 20, 2016                     Respectfully submitted,

                                            /s/ Gary D. Justis
                                            Gary D. Justis          admitted *pro hac vice*
                                            Rachel D. Guthrie       admitted *pro hac vice*
                                            THE JUSTIS LAW FIRM LLC
                                            10955 Lowell Ave.
                                            Suite 520
                                            Overland Park, KS  66210-2336
                                            Telephone:  (913) 955-3712
                                            Facsimile:  (913) 955-3711
                                            Email:  gjustis@justislawfirm.com
                                                    rguthrie@justislawfirm.com

and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, KY  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP
GROUP

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2016, a copy of the foregoing Plaintiff's Motion to

Strike Answer of Defendant Drug & Laboratory Disposal, Inc. was filed electronically.  Notice

of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's Electronic Case Filing System.


/s/ Gary D. Justis
Gary D. Justis