# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **LWD PRP GROUP,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:12-CV-127-GNS-HBB |
| **ACF INDUSTRIES LLC, et al.** | ) |
| **Defendants.** | ) |

## PLAINTIFF'S ANSWER TO DEFENDANT
## PERMA-FIX OF DAYTON, INC.'S COUNTERCLAIMS

Plaintiff LWD PRP Group ("Plaintiff" or "LWD PRP Group"), by and through counsel, for its Answer to Counterclaims raised by Defendant Perma-Fix of Dayton, Inc. ("Perma-Fix of Dayton") in its Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim (Dkt. No. 1240), states as follows:

## COUNTERCLAIM FOR CONTRIBUTION AND
## ALLOCATION AND DECLARATORY JUDGMENT[1]

1. Plaintiff admits Paragraph No. 1 of Perma-Fix of Dayton's Federal Counterclaims.

2. Plaintiff admits Paragraph No. 2 of Perma-Fix of Dayton's Federal Counterclaims.

3. Plaintiff admits Paragraph No. 3 of Perma-Fix of Dayton's Federal Counterclaims.

4. In response to Paragraph No. 4 of American Woodwork's Federal Counterclaims, Plaintiff states that CERCLA Sections 113(f)(1) and 107(a), 42 U.S.C. §§ 9613(f)(1) and 9607(a), speak for themselves.

---

[1] Plaintiff shall refer to these Counterclaims as the "Federal Counterclaims."

5. In response to Paragraph No. 5 of Perma-Fix of Dayton's Federal Counterclaims, Plaintiff realleges and incorporates by reference the allegations contained in Paragraph Nos. 1 and 2 of its Fourth Amended Complaint. Plaintiff denies all remaining allegations contained in Paragraph No. 5 of Perma-Fix of Dayton's Federal Counterclaims.

6. Plaintiff denies all allegations contained in Paragraph No. 6 of Perma-Fix of Dayton's Federal Counterclaims.

7. In response to Paragraph No. 7 of Perma-Fix of Dayton's Federal Counterclaims, Plaintiff realleges and incorporates by reference the allegations contained in Paragraph Nos. 1 through 31 of its Fourth Amended Complaint, and admits that the LWD, Inc. Superfund Site portion of the LWD Incinerator Site is located at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky. Plaintiff denies all remaining allegations contained in Paragraph No. 7 of Perma-Fix of Dayton's Federal Counterclaims.

8. Plaintiff denies all allegations contained in Paragraph No. 8 of Perma-Fix of Dayton's Federal Counterclaims.

9. Plaintiff denies all allegations contained in Paragraph No. 9 of Perma-Fix of Dayton's Federal Counterclaims.

### COUNTERCLAIM FOR CONTRIBUTION AND/OR EQUITABLE INDEMNITY AGAINST PLAINTIFF AND ITS MEMBER COMPANIES PURSUANT TO STATE LAW[2]

1. Plaintiff incorporates herein Paragraph Nos. 1 through 9 of its Responses to Perma-Fix of Dayton's Federal Counterclaims.

2. In response to Paragraph No. 2 of Perma-Fix of Dayton's State Law Counterclaims Plaintiff states that KRS 224.1-400 and KRS 224.1-400(25) speak for themselves.

---

[2] Plaintiff shall refer to these Counterclaims as the "State Law Counterclaims."

Plaintiff denies all remaining allegations contained within Paragraph No. 2 of Perma-Fix of Dayton's State Law Counterclaims.

3. Plaintiff denies all allegations contained in Paragraph No. 3 of Perma-Fix of Dayton's State Law Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of Perma-Fix of Dayton's Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Perma-Fix of Dayton's State Law Counterclaims are barred by the contribution protections afforded to Plaintiff and its members under Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

### THIRD AFFIRMATIVE DEFENSE

Each of Perma-Fix of Dayton's Counterclaims is barred in whole or in part by the equitable doctrines of laches, waiver and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Perma-Fix of Dayton is estopped from recovering against the LWD PRP Group or its members any response costs attributable to Perma-Fix of Dayton's own actions.

### FIFTH AFFIRMATIVE DEFENSE

Perma-Fix of Dayton is barred from raising the LWD PRP Group's capacity to sue or status as a "real party in interest" under the law of the case doctrine.

The LWD PRP Group reserves the right to assert additional defenses in response to Perma-Fix of Dayton's Counterclaims as this cause continues and further information is discovered.

WHEREFORE, having fully answered Perma-Fix of Dayton's Counterclaims, Plaintiff respectfully requests that this Court enter Judgment in Plaintiff's favor on Perma-Fix of Dayton's Counterclaims, award Plaintiff costs and expenses, including attorneys' fees in defending Perma-Fix of Dayton's Counterclaims, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: January 20, 2016

Respectfully submitted,

/s/ Gary D. Justis
Gary D. Justis         admitted *pro hac vice*
Rachel D. Guthrie      admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS  66210-2336
Telephone:  (913) 955-3712
Facsimile:  (913) 955-3711
Email:  gjustis@justislawfirm.com
        rguthrie@justislawfirm.com

and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, KY  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

## CERTIFICATE OF SERVICE

      I hereby certify that on January 20, 2016 a copy of the foregoing Answer to Defendant Perma-Fix of Dayton, Inc.'s Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System.

                                              /s/ Gary D. Justis
                                              Gary D. Justis