IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-GNS-HBB

LWD PRP GROUP                                                        PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.                              DEFENDANTS

## **RESPONSE IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION TO STRIKE**
**(Electronically Filed)**

Comes Defendant, The Premcor Refining Group Inc. ("Defendant"), and for its Response in Opposition to Plaintiff's Partial Motion to Strike, states as follows:

Contrary to Plaintiff's assertion, the issue of the Plaintiff's capacity to sue under state law has not been decided in this case and therefore is not an "impertinent" or "scandalous" matter susceptible to a motion to strike. The first time that Defendant raised the issue of the Plaintiff's capacity (as opposed to the Plaintiff's status as a real party in interest) is in its Answer to Plaintiff's Fourth Amended Complaint, so it is not possible for this Court to have previously ruled on the specific issue at hand. It is clear under Kentucky state law that an unincorporated association lacks the capacity to sue in its own name. As a result, as Defendant argues in a companion motion filed the same date as this Response, the Plaintiff's state law claims must be dismissed. Finally, even if it can be argued that this Court has ruled on the issue of capacity, the Court, in its discretion, should reconsider that decision in light of clear case law that the Court has not yet been asked to consider.

**I.**      **The Court Has Not Ruled on the Plaintiff's Capacity to Sue Under State Law.**

This Court has *not* ruled on the issue of whether the Plaintiff has the capacity to sue under state law. In its Partial Motion to Strike, the Plaintiff focuses on (1) Defendant's

arguments in its prior motions to dismiss regarding the Plaintiff's status as a real party in interest and (2) Defendant's arguments that Plaintiff's complaint does not state all of the elements of a claim for contribution because it fails to allege the amount that each individual member of the Plaintiff has paid in excess of its fair share at the LWD Site. *See* Memorandum in Support of Motion to Dismiss [DE # 776-1] at17-19 (arguing that Plaintiff is not a real party in interest); Memorandum in Support of Motion to Dismiss [DE #1002-1] at 9-11 (arguing that the identity of the members of the Plaintiff group are unknown); Memorandum in Support of Motion to Dismiss Motion to Dismiss [DE #1168-2] at 9-12 (arguing that the Plaintiff group fails to identify which of its members has paid more than their proportionate share). But these arguments are not the same as the argument that Plaintiff lacks the *capacity* to sue under state law. Indeed, nowhere in any of Defendant's prior motions on this matter has the term "capacity" been used at all in relation to the Plaintiff's right to bring these matters before this Court. Similarly, the Court has never used the term "capacity" in its Memorandum Opinions and Orders deciding the issues raised by those motions.

The issues of capacity and whether a party is a real party in interest, while sometimes confused, are different concepts and requirements. As noted in Wright & Miller's Federal Practice & Procedure: "the real-party-in-interest principle is a means to identify the person who possesses the right to be enforced…. By way of contrast, capacity is conceived to be a party's personal right to litigate in a federal court." 6A Fed. Prac. & Proc. Civ. § 1542 (3d ed.). As a result, "it is possible to be the real party in interest and yet lack capacity to sue." *Id*. As one federal court put it:

> Capacity is the ability of a particular individual or entity to use, or to be brought into, the courts of a forum. It has no direct correlation to the conducting of business, the existence of an

> enforceable right, interest, cause of action, claim or defense, or whether a party is a real party in interest.

*Johnson v. Helicopter & Airplane Servs. Corp.*, 404 F. Supp. 726, 729 (D. Md. 1975) (internal citations omitted); *see also Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992) (distinguishing capacity from standing and real-party-in-interest).

At no time has Defendants previously raised the specific issue of whether the Plaintiff has the *capacity* to bring the state claims that it asserts in this case. Therefore, it is not possible for there to be any "law of the case" on this issue. However, as noted below, it is clear that Plaintiff lacks such capacity as regards to its state claims and that such claims must be dismissed.

## II. The Plaintiff Lacks the Capacity Under Kentucky State Law to Bring its State Law Claims and Those Claims Should Be Dismissed.

It is indisputable that under Kentucky state law, the Plaintiff lacks the capacity to bring its state law claims.[1] In this case, the Plaintiff group has alleged claims pursuant to federal law and similar claims arising under Kentucky state law regarding hazardous substances. *See* Fourth Amended Complaint [DE # 1165] at ¶¶ 552, 559.

Pursuant to FRCP 17, the capacity of a party that is neither an individual nor a corporation is "to be determined by the law of the state where the court is located." FRCP 17(b)(3)(A) provides a limited exception to this rule such that an "unincorporated association with no such capacity under that state's law may sue or be sued in its common name <u>to enforce a substantive right existing under the United States Constitution or laws</u>." This exception grants to the Plaintiff group the capacity to sue in this case under the applicable federal law, namely CERCLA. However, this exception does not extend to Plaintiff's state law claims.

---

[1] Defendant does not dispute that, pursuant to FRCP 17(b)(3)(A), Plaintiff has the capacity to bring its federal law claims in this Court.

Under Kentucky law, unincorporated associations "are not legal entities and in Kentucky they cannot properly sue or be sued as such." *Bus. Realty, Inc. v. Noah's Dove Lodge No. 20*, 375 S.W.2d 389, 390 (Ky. 1963). This indisputable tenet of Kentucky law has been confirmed in several recent cases, including *Bleid Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, wherein the court stated that "[u]nder Kentucky law, an unincorporated voluntary association like the NCAA is an aggregate of its members, and therefore lacks the capacity to be sued in its own name." 976 F. Supp. 2d 911, 914 (E.D. Ky. 2013); *see also United Bhd. of Carpenters v. Birchwood Conservancy*, 454 S.W.3d 837, 840 (Ky. 2014), *reh'g denied* (Oct. 23, 2014) (upholding a dismissal of claims against a union on the basis that the union was a voluntary association and, therefore, lacked the capacity to be sued).

Just because an unincorporated association has capacity to sue for claims based on a federal statute pursuant to FRCP 17(b)(3)(a) does not mean that the plaintiff has capacity to bring state law claims asserted in the same complaint, even where those claims are related. Indeed, it is both appropriate and necessary for a court to dismiss any state law claims for which a party lacks capacity to sue. For example, in *L'Esperance v. HSBC Consumer Lending, Inc.*, the District Court for New Hampshire found that, even though an unincorporated association had capacity to sue for its federal law claims, dismissal of the same party's related state law claims was appropriate because the unincorporated association lacked capacity under New Hampshire state law to bring those claims. 2012 WL 2122164, at *2 (D.N.H. June 12, 2012). *L'Esperance* is directly on point here. As the Defendant (and others) argues in a Motion to Dismiss filed with the Court today, the Plaintiff lacks capacity to bring its claims based on state law and, therefore, those claims should be dismissed.

### III. Even if the Law of The Case is that the Plaintiff Has Capacity, The Court May Reconsider that Decision in Its Discretion.

Even assuming *arguendo* that this Court had decided that the Plaintiff has capacity to sue in this case, the "law of the case" doctrine does not mean that the Court is foreclosed from reconsidering that decision in light of new facts and argument. Instead, "the law of the case doctrine is discretionary when applied to . . . the same court's own decisions." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998). As the Supreme Court has noted, a "court has the power to revisit prior decisions of its own . . . in any circumstance." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). If the Court determines that its previous decisions regarding whether the Plaintiff is a real party in interest constitute a determination about the Plaintiff's capacity, the Defendant respectfully requests that this Court reconsider that decision in light of the new arguments set forth herein and in the Defendant's Motion.

### IV. Conclusion.

The Court should deny the Plaintiff's Partial Motion to Strike because this Court has not decided the issue of Plaintiff's capacity to sue under state law. Instead, the Court should dismiss the Plaintiff's state law claims because it lacks capacity to bring those claims.

    Respectfully submitted,

    WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
    *Attorneys for The Premcor Refining Group Inc.*

    By: */s/ Nicholas M. Holland*
        Nicholas M. Holland
        300 Broadway
        P.O. Box 995
        Paducah, Kentucky 42002-0995
        Telephone: (270) 443-4516
        Facsimile: (270) 442-1712
        nholland@whitlow-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this 16st day of February, 2016, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Fletcher Schrock, Esq., fletch@ml-lawfirm.com,
Gary Justis, Esq., gjustis@justislawfirm.com; and
Rachel D. Guthrie, Esq., rguthrie@justislawfirm.com,
Attorneys for Plaintiff.

Alison C. Conlon, Esq.; and Joseph F. Madonia, Esq.,
 jmadonia@btlaw.com, bbrozyna@btlaw.com,
Attorneys for Central Illinois Public Service Company.

Derek S. Casey, Esq., dscasey@twgfirm.com,
Attorney for Mega Fabrication, Inc.

Amy Jo Harwood-Jackson, Esq., amy@harwood-jacksonlaw.com,
Attorney for the University of Iowa.

Amy D. Cubbage, Esq., acubbage@ackersonlegal.com, cbarnett@ackersonlegal.com,
Attorney for Williamson County Housing Authority.

Richard L. Walter, Esq., rwalter@bsgpad.com, mclark@bsgpad.com,
Attorney for Yenkin-Majestic Paint Corp.

> */s/ Nicholas M. Holland*
> Nicholas M. Holland