IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-GNS-HBB

LWD PRP GROUP                                                                                          PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.                                                                    DEFENDANTS

### ANSWER TO FIFTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT BAYER HEALTHCARE LLC
### (Electronically Filed)

Comes Defendant Bayer HealthCare LLC ("Defendant") by counsel, and for its answer to Plaintiff's Fifth Amended Complaint ("Amended Complaint"), states as follows:

### FIRST DEFENSE

The Amended Complaint or portions of it fails to state a claim upon which relief can be granted against this Defendant and therefore must be dismissed.

### SECOND DEFENSE

1. Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Amended Complaint, and therefore denies the same.

2. With regard to Paragraphs 3 and 4 of the Amended Complaint, Defendant admits that jurisdiction and venue are proper in this Court. With regard to any other allegations in Paragraphs 3 and 4 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

3. With regard to Paragraphs 5 through 28 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

4. With regard to Paragraph 29 of the Amended Complaint, Defendant states that it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same. Any purported assignments of "CERCLA cost-recovery and contribution rights to the LWD Group" are invalid or without effect.

5. With regard to Paragraphs 30 through 69 of the Amended Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant.  To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

6. With regard to Paragraphs 70 through 75 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

7. Defendant denies the allegations in Paragraph 76 of the Amended Complaint.

8. Defendant admits the allegations in Paragraph 77 of the Amended Complaint.

9. With regard to Paragraphs 78 through 365 of the Amended Complaint, no response is required of Defendant as those Paragraphs do not make allegations regarding Defendant.  To the extent that those Paragraphs might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

10. With regard to Paragraph 366 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

11. With regard to Paragraph 367 of the Amended Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

12. With regard to Paragraphs 368 and 369 of the Amended Complaint, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

13. Defendant denies the allegations in Paragraphs 370 through 372 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

14. With regard to Paragraph 373 of the Amended Complaint, Defendant incorporates and restates its responses above as if fully set forth herein in response to that Paragraph.

15. Defendant admits the allegations in Paragraph 374 of the Amended Complaint.

16. With regard to Paragraph 375 of the Amended Complaint, Defendant states that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

17. With regard to Paragraph 376 of the Amended Complaint, no response is required of Defendant as this Paragraph does not make allegations regarding Defendant. To the extent that this Paragraph might be construed to make allegations against Defendant, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

18. Defendant denies the allegations in Paragraphs 377 and 378 of the Amended Complaint as to itself. As regards the other defendants in this case, Defendant states it is without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

### THIRD DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by waiver.

### SIXTH DEFENSE

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom Defendant has no contractual relationship, and therefore Defendant has no liability for same.

### SEVENTH DEFENSE

The alleged releases were federally permitted.

**EIGHTH DEFENSE**

The alleged releases were de micromis.

**NINTH DEFENSE**

Defendant pleads each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Defendant Bayer HealthCare LLC respectfully requests the Amended Complaint be dismissed, with prejudice, for its costs herein expended and for all other relief to which it may be entitled.

**COUNTERCLAIM FOR CONTRIBUTION AND ALLOCATION AND DECLARATORY JUDGMENT**

Pursuant to the Federal Rules of Civil Procedure, Defendant hereby asserts the following counterclaim for contribution and allocation.

19. Defendant has been named as a defendant in this litigation ("the Case").

20. Plaintiff and/or each of its member companies is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. Defendant is a "person" as defined in CERCLA section 101(21), 42 U.S.C. § 9601(21).

22. CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides, in part that during any civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), any person may seek contribution from any other person who is liable or potentially liable under CERCLA Section 107(a).

23. The Case constitutes a civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), within the meaning of CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

24. Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendant is authorized to seek contribution in this Case from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

25. On information and belief, Plaintiff (and/or its member companies) are liable or potentially liable persons at the LWD Incinerator Site, which consists of that portion of LWD, Inc. Superfund Site at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky, under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

26. If and to the extent that Defendant is held liable in the Case (which liability is expressly denied), Defendant is entitled to a judgment in contribution against the Plaintiff and its member companies, pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA, for all response costs, damages, interest, and prejudgment interest.

27. Further, Defendant is entitled to a declaratory judgment with respect to its contribution claim for, and lack of obligations for, the response costs incurred and to be incurred at the Site (any interest and/or prejudgment interest), pursuant to Section 113(g)(2) of CERCLA.

WHEREFORE, if and only to the extent that Defendant is held liable in the Case (which liability is expressly denied), Defendant prays for judgment in contribution against all other parties found liable in the Case, including but not limited to Plaintiff and its member companies,

pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA or in the alternative, for equitable indemnity against Plaintiff or its members, and for a declaratory judgment with respect to its obligations concerning the response costs incurred and to be incurred at the LWD Incinerator Site pursuant to Section 113(g)(2) of CERCLA.

        WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
        Attorneys for Defendant Bayer HealthCare LLC

By:  */s/ Nicholas M. Holland*
     Nicholas M. Holland
     nholland@whitlow-law.com
     Post Office Box 995
     Paducah, Kentucky 42002-0995
     270-443-4516 (Telephone)
     270-443-4571 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2016, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

I further certify that I have served the following non-ECF participants via first class mail:

All American Group, Inc.
Attn: Michael Healy
645 5th Avenue
New York, NY 10022

Andover Coils, LLC
Post Office Box 4848
Lafayette, Indiana 47903

Hannah Maritime Corporation
102 West Emerson
Arlington Heights, Illinois 60005

Relocatable Confinement Facilities
Attn: Ken Holloway
5119 Quinn Road
Vacaville, CA 95688

Zeller Technologies, Inc.
4250 Hoffmeister Avenue
St. Louis, Missouri 63125

    */s/ Nicholas M. Holland*
    _____
    Nicholas M. Holland