IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-127-GNS-HBB

LWD PRP GROUP                                                                    PLAINTIFF

vs.

ACF INDUSTRIES, LLC, et al.                                                      DEFENDANTS

## ANSWER TO FIFTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS PEORIA DISPOSAL COMPANY AND PDC LABORATORIES, INC.
### (Electronically Filed)

Come Defendants Peoria Disposal Company ("Peoria Disposal") and PDC Laboratories, Inc. ("PDC Laboratories") (together, "Defendants") by counsel, and for their answer to Plaintiff's Fifth Amended Complaint ("Amended Complaint"), state as follows:

### FIRST DEFENSE

The Amended Complaint or portions of it fails to state a claim upon which relief can be granted against these Defendants and therefore must be dismissed.

### SECOND DEFENSE

1.      Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted in Paragraphs 1 and 2 of the Amended Complaint, and therefore deny the same, but do not deny matters properly of public record.

2.      With regard to Paragraphs 3 and 4 of the Amended Complaint, Defendants admit that jurisdiction and venue are proper in this Court.  With regard to any other allegations in Paragraphs 3 and 4 of the Amended Complaint, Defendants state they are without information

sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same, but do not deny matters properly of public record.

3.      With regard to Paragraphs 5 through 28 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same, but do not deny matters properly of public record.

4.      With regard to Paragraph 29 of the Amended Complaint, Defendants state that they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same, but do not deny matters properly of public record.  Any purported assignments of "CERCLA cost-recovery and contribution rights to the LWD Group" are invalid or without effect.

5.      With regard to Paragraphs 30 through 265 of the Amended Complaint, no response is required of Defendants as those Paragraphs do not make allegations regarding Defendants.  To the extent that those Paragraphs might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same, but do not deny matters properly of public record.

6.      With regard to Paragraph 266 of the Amended Complaint, Defendants admit that the LWD PRP Group sent a letter to Peoria Disposal dated October 19, 2012, demanding payment.  Defendants deny the remaining allegations in Paragraph 266.

7.      Defendants admit the allegations in Paragraph 267 of the Amended Complaint.

8.      With regards to Paragraph 268 of the Amended Complaint, Defendants admit that EPA issued EPA ID Nos. ILP200000610 and ILD000805812 to Peoria Disposal; and EPA ID

Nos. ILD084318922 and IL0000190074 to PDC Laboratories. Defendants deny the remaining allegations in Paragraph 268.

9.      With regard to Paragraph 269 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

10.     Defendants admit that the total combined weight attributable to Defendants (together) at the LWD Incinerator Site is 2,309,741 lbs. Defendants deny the remaining allegations in Paragraph 270 of the Amended Complaint.

11.     Defendants admit the allegations in Paragraph 271 of the Amended Complaint.

12.     With regard to Paragraph 272 of the Amended Complaint, Defendants incorporate their response to Paragraph 270 of the Amended Complaint as if fully set forth herein. Defendants deny the remaining allegations in Paragraph 272 of the Amended Complaint.

13.     Defendants admit the allegations in Paragraph 273 of the Amended Complaint.

14.     With regard to Paragraphs 274 through 365 of the Amended Complaint, no response is required of Defendants as those Paragraphs do not make allegations regarding Defendants.  To the extent that those Paragraphs might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

15.     With regard to Paragraph 366 of the Amended Complaint, Defendants incorporate and restate their responses above as if fully set forth herein in response to that Paragraph.

16.     With regard to Paragraph 367 of the Amended Complaint, Defendants state that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations

against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

17.     With regard to Paragraphs 368 and 369 of the Amended Complaint, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same, but do not deny matters properly of public record.

18.     Defendants deny the allegations in Paragraphs 370 through 372 of the Amended Complaint as to themselves.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

19.     With regard to Paragraph 373 of the Amended Complaint, Defendants incorporate and restate their responses above as if fully set forth herein in response to that Paragraph.

20.     Defendants admit the allegations in Paragraph 374 of the Amended Complaint.

21.     With regard to Paragraph 375 of the Amended Complaint, Defendants state that this Paragraph does not require a response as it merely restates the content of a statute, which statute speaks for itself.  To the extent that this Paragraph might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

22.     With regard to Paragraph 376 of the Amended Complaint, no response is required of Defendants as this Paragraph does not make allegations regarding Defendants.  To the extent that this Paragraph might be construed to make allegations against Defendants, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

23.     Defendants deny the allegations in Paragraphs 377 and 378 of the Amended Complaint as to themselves.  As regards the other defendants in this case, Defendants state they are without information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

### THIRD DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

The claims in Plaintiff's Amended Complaint are barred by waiver.

### SIXTH DEFENSE

The alleged releases were caused by an act of God, an act of war, or by acts and/or omissions of a third party with whom neither Defendant has no contractual relationship, and therefore Defendants have no liability for same.

### SEVENTH DEFENSE

The alleged releases were federally permitted.

### EIGHTH DEFENSE

The alleged releases were de micromis.

### NINTH DEFENSE

Defendants plead each and every affirmative defense set forth in FRCP Rule 8(c)(1) to the extent applicable.

WHEREFORE, Defendants Peoria Disposal and PDC Laboratories respectfully request the Amended Complaint be dismissed, with prejudice, for their costs herein expended and for all other relief to which it may be entitled.

## COUNTERCLAIM FOR CONTRIBUTION AND ALLOCATION AND DECLARATORY JUDGMENT

Pursuant to the Federal Rules of Civil Procedure, Defendants hereby assert the following counterclaim for contribution and allocation.

24.  Defendants have been named as defendants in this litigation ("the Case").

25.  Plaintiff and/or each of its member companies is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

26.  Defendants are "persons" as defined in CERCLA section 101(21), 42 U.S.C. § 9601(21).

27.  CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides, in part that during any civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), any person may seek contribution from any other person who is liable or potentially liable under CERCLA Section 107(a).

28.  The Case constitutes a civil action under CERCLA Section 107(a), 42 U.S.C. § 9607(a), within the meaning of CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

29.  Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Defendants are authorized to seek contribution in this Case from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

30.     On information and belief, Plaintiff (and/or its member companies) are liable or potentially liable persons at the LWD Incinerator Site, which consists of that portion of LWD, Inc. Superfund Site at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky, under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

31.     If and to the extent that Defendants are held liable in the Case (which liability is expressly denied), Defendants are entitled to a judgment in contribution against the Plaintiff and its member companies, pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA, for all response costs, damages, interest, and prejudgment interest.

32.     Further, Defendants are entitled to a declaratory judgment with respect to their contribution claim for, and lack of obligations for, the response costs incurred and to be incurred at the Site (any interest and/or prejudgment interest), pursuant to Section 113(g)(2) of CERCLA.

WHEREFORE, if and only to the extent that Defendants are held liable in the Case (which liability is expressly denied), Defendants pray for judgment in contribution against all other parties found liable in the Case, including but not limited to Plaintiff and its member companies, pursuant to Section 107(a)(4)(B) and 113(f)(1) of CERCLA or in the alternative, for equitable indemnity against Plaintiff or its members, and for a declaratory judgment with respect

to its obligations concerning the response costs incurred and to be incurred at the LWD Incinerator Site pursuant to Section 113(g)(2) of CERCLA.

WHITLOW, ROBERTS, HOUSTON & STRAUB PLLC
Attorneys for Defendants Peoria Disposal Co. and PDC Laboratories, Inc.

By:     */s/ Nicholas M. Holland*
        Nicholas M. Holland
        nholland@whitlow-law.com
        Post Office Box 995
        Paducah, Kentucky 42002-0995
        270-443-4516 (Telephone)
        270-443-4571 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2016, I have filed the foregoing through the CM/ECF system, which will forward an electronic copy to the counsel of record.

I further certify that I have served the following non-ECF participants via first class mail:

All American Group, Inc.                Hannah Maritime Corporation
Attn: Michael Healy                     102 West Emerson
645 5th Avenue                          Arlington Heights, Illinois 60005
New York, NY 10022

                                        Relocatable Confinement Facilities
Andover Coils, LLC                      Attn: Ken Holloway
Post Office Box 4848                     5119 Quinn Road
Lafayette, Indiana 47903                Vacaville, CA 95688

                                        Zeller Technologies, Inc.
                                        4250 Hoffmeister Avenue
                                        St. Louis, Missouri 63125

*/s/ Nicholas M. Holland*

Nicholas M. Holland