**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| **LWD PRP GROUP,** )<br><br>   **Plaintiff,** )<br><br>**v.** )<br><br>**ACF INDUSTRIES LLC, et al.** )<br><br>   **Defendants.** ) | **Civil Action No. 5:12-CV-00127-GNS-HBB** |

**JOINT MOTION TO APPROVE CONSENT JUDGMENT**

Plaintiff LWD PRP Group ("LWD PRP Group") and Defendants Baker Hughes Inc.,

Bayer CropScience Inc., Bayer Healthcare LLC, CBS Corporation (also captioned as Viacom

Inc. in previous amended complaints), Cycle Chem, Inc., Drug & Laboratory Disposal, Inc.,

General Electric Company, Ingersoll-Rand Company, Trane US Inc., PDC Laboratories, Inc.,

Peoria Disposal Company, Perma-Fix Environmental Services, Inc., Perma-Fix of Dayton, Inc.,

Perma-Fix of Orlando, Inc., Perma-Fix of South Georgia, Inc., Rail Services, Inc. Van Dyne &

Crotty Co. d/b/a Spirit Services Co. of Ohio (also captioned as Spirit Services Company and Van

Dyne & Crotty, Inc. in previous amended complaints), and Wheeler Lumber, LLC (collectively

"Consent Judgment Defendants") jointly move the Court to sign and enter as an order of the

Court the attached proposed Consent Judgment (attached as Exhibit A hereto). In support of this

Joint Motion, the LWD PRP Group and Consent Judgment Defendants (collectively the

"Parties") state as follows:

**BACKGROUND**

1.      This action involves claims by the LWD PRP Group against Consent Judgment

Defendants (and other defendants) for cost recovery, contribution, and declaratory relief under

the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42

U.S.C. §§ 9601-9675 ("CERCLA"), related to the LWD Incinerator Site in Calvert City,

Marshall County, Kentucky ("Site").

2.      The LWD PRP Group filed its original Complaint on August 31, 2012. (Dkt. No.

1). The current operative Complaint is the LWD PRP Group's Fifth Amended Complaint filed

on March 23, 2016 (Dkt. No. 1420).

3.      The proposed Consent Judgment is the result of extensive settlement discussions

between the LWD PRP Group and the Consent Judgment Defendants.

### THE PROPOSED CONSENT JUDGMENT

4.      The Parties have agreed upon the proposed Consent Judgment, attached hereto as

Exhibit A, to resolve the claims by LWD PRP Group against the Consent Judgment Defendants.

The proposed Consent Judgment is the result of the Parties' successful efforts to fully and finally

resolve claims relating to the Site in a manner consistent with CERCLA, and the public interest.

5.      The Consent Judgment provides that, without admitting any liability arising from

occurrences or transactions pertaining to the Site, the Consent Judgment Defendants shall pay

their respective amounts of past Response Costs incurred by LWD PRP Group, as outlined in the

Consent Judgment, within sixty (60) days after judicial entry of the Consent Judgment. *See*

Exhibit A, ¶ 27.

6.      The Consent Judgment also provided that the Consent Judgment Defendants shall

also pay their respective percentages of future Response Costs incurred by LWD PRP Group

after September 1, 2016, as outlined in the Consent Judgment, on an annual basis until all

response actions at the LWD Incinerator Site are completed by the LWD PRP Group. *See*

Exhibit A, ¶ 28.

7.      In consideration of the Parties' respective obligations in the Consent Judgment,

the LWD PRP Group and each Consent Judgment Defendant agree to mutually release each

other from all Covered Matters as defined in the Consent Judgment. *See* Exhibit A,¶ 5(a)-(c), 34.

## STANDARD OF REVIEW

8.      Voluntary settlement of legal disputes is favored by the courts and is generally

perceived to be in the public interest. *See Citizens for a Better Environment v. Gorsuch*, 718 F.2d

1117, 1126 (D.C. Cir. 1983); *Envtl. Defense v. Leavitt*, 329 F. Supp. 2d 55, 69–70 (D.D.C.

2004). As relevant here, "it is the policy of [CERCLA] to encourage settlements," *United States*

*v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990), and there is "a presumption in favor of

voluntary settlement." *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1436 (6th

Cir. 1991); *see also In re Acushnet River & New Bedford Harbor*, 712 F. Supp. 1019, 1029 (D.

Mass. 1989) (The "Congressional purpose [of protecting and preserving public health and the

environment] is better served through settlements which provide funds to enhance environmental

protection, rather than the expenditure of limited resources on protracted litigation.").

9.      "Consent decrees provide informal resolution of disputes, thereby lessening the

risks and costs of litigation, as well as providing more security to the parties than a settlement

agreement . . . ." *U.S. v. Wallace*, 893 F. Supp. 627, 631 (N.D. Tex. 1995). In reviewing a

CERCLA consent decree (or consent judgment), the Court must determine that the decree is

"fair, reasonable and adequate—in other words, 'consistent with the purposes that CERCLA is

intended to serve.'" *Akzo Coatings*, 949 F.2d at 1435 (quoting H.R. Rep. No. 253, 99th Cong.,

1st Sess., Pt. 3, at 19 (1985)); *Cannons Eng'g*, 899 F.2d at 85-86 (same); *Air Line Stewards and*

*Stewardesses Ass'n, Local 550 v. TransWorld Airlines*, 630 F.2d 1164, 1167 (7th Cir. 1980)

(settlements should be "fair, reasonable and adequate"). But the Court need not determine

"whether the settlement is one which the court itself might have fashioned, or consider[ed] as ideal . . . ." *Cannons Eng'g*, 899 F.2d at 84. Nor is the Court's review of the proposed consent decree a *de novo* review of the evidence, *see Akzo Coatings*, 949 F.2d at 1424, as the Court need not "make a finding of fact as to whether the settlement figure is exactly proportionate to the share of liability appropriately attributed to the settling part[y]." *United States v. Cantrell*, 92 F. Supp. 2d 718, 723 (S.D. Ohio 2000).

### THE CONSENT JUDGMENT IS FAIR, REASONABLE, ADEQUATE AND IN THE PUBLIC INTEREST

10.     The proposed Consent Judgment satisfies each of the requirements necessary for approval. First, the proposed Consent Judgment is *procedurally* fair, reasonable, and adequate because it was "negotiated at arm's length among experienced counsel," and that fact supports its approval. *Cannons Eng'g*, 899 F. 2d at 87; *see also United States v. District of Columbia*, 933 F. Supp. 42, 48 (D.D.C. 1996) (fairness inquiry includes the "candor, openness, and bargaining balance" of the negotiating process) (internal citations omitted). The Parties engaged in detailed and substantive discussions to achieve the proposed Consent Judgment. This process also speaks to the *substantive* fairness, reasonableness, and adequacy of the settlement, as experienced and sophisticated counsel constructed a framework for resolving all claims and issues against the Consent Judgment Defendants. Finally, the Consent Judgment is consistent with the statutory purposes of CERCLA because it avoids potentially lengthy and costly further litigation and thus allows resources to be put toward productive uses rather than litigation costs. The Consent Judgment thus is in the public interest. *See, e.g., Akzo Coatings*, 949 F.2d at 1439.

11.     Accordingly, the Parties submit that the proposed Consent Judgment is fair, reasonable, adequate, and in the public interest.

4

## CONCLUSION

For the foregoing reasons, Plaintiff LWD PRP Group and the Consent Judgment Defendants respectfully request that this Court sign and enter the attached proposed Consent Judgment as an Order of this Court, and for such other and any further relief as the Court deems just and appropriate under the circumstances.

Dated:  March 7, 2017                    Respectfully submitted,


/s/ Gary D. Justis
Gary D. Justis                      admitted *pro hac vice*
Rachel D. Guthrie                   admitted *pro hac vice*
Matthew T. Merryman                 admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3712
Facsimile: (913) 955-3711
Email:  gjustis@justislawfirm.com
        rguthrie@justislawfirm.com
        mmerryman@justislawfirm.com

and

W. Fletcher McMurry Schrock (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
201 Broadway
P.O. Box 1700
Paducah, Kentucky 42002-1700
Telephone: (270) 443-6511
Facsimile: (270) 443-6548
Email: fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

5

/s/ Nicholas M. Holland
Nicholas M. Holland
WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
Telephone: (270) 443-4516
Facsimile: (270) 442-1712
Email: nholland@whitlow-law.com

ATTORNEYS FOR CONSENT JUDGMENT
DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2017, a copy of the foregoing Joint Motion to Approve

Consent Judgment was filed electronically. Notice of this filing will be sent to all parties by

operation of the Court's electronic filing system. Parties may access this filing through the

Court's Electronic Case Filing System.

/s/ Gary D. Justis
Gary D. Justis