IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LWD PRP GROUP, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 5:12-CV-00127-GNS-HBB |
| ACF INDUSTRIES LLC, et al. | ) ) |
|     Defendants. | ) ) ) |

### AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PMRS, INC.

STATE OF KANSAS    )
                          ) ss.
COUNTY OF JOHNSON )

Matthew T. Merryman, counsel for Plaintiff LWD PRP Group ("Plaintiff"), being duly sworn, hereby deposes and states as follows:

1. I am counsel for Plaintiff in the instant action.

2. This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.* and Kentucky Revised Statutes § 224.01-400, for recovery of past and future costs incurred and to be incurred by Plaintiff at the LWD Incinerator Site in Calvert City, Marshall County, Kentucky.

3. Defendant PMRS, Inc. ("PMRS") was named in Plaintiff's original Complaint filed on August 31, 2012 (Dkt. No. 1), as well as Plaintiff's First Amended Complaint filed on January 30, 2013 (Dkt. No. 581); Second Amended Complaint filed on March 29, 2013 (Dkt. No. 758); Third Amended Complaint filed on February 27, 2014 (Dkt. No. 985); Fourth Amended Complaint filed on June 4, 2015 (Dkt. No. 1165); and Fifth Amended Complaint filed on March 23, 2016 (Dkt. No. 1420).

4. PMRS refused to waive service under Fed. R. Civ. P. 4(d)(2) and was formally served on December 6, 2012 (Dkt. No. 566). Plaintiff incurred $116.00 in formal service costs to formally serve PMRS.

5. PMRS's time to answer or otherwise move with respect to the Fifth Amended Complaint has expired.

6. PMRS has not answered or otherwise moved with respect to the Fifth Amended Complaint, and the time for PMRS to answer or otherwise move has not been extended.

7. A Clerk's Entry of Default was issued as to PMRS on February 25, 2015 (Dkt. No. 1134).

8. PMRS is not an infant, incompetent or presently in the military service of the United States, as to the best of my information and belief and as appears from the facts in this litigation.

9. PMRS is indebted to Plaintiff by virtue of its generation of waste streams containing hazardous substances that were disposed of at the Site, which is the locus of this litigation.

10. As shown in Exhibit A hereto, Plaintiff's incurred response costs through November 2017 are $7,570,036.48.

11. Plaintiff believes that the current volume of waste delivered to the Site attributable to all viable potentially responsible parties ("PRPs") is 871,161,441 pounds.

12. Plaintiff further asserts than an allocation of damages based on volume is a reasonable method of allocation at the Site.

13. PMRS's volumetric percentage is 0.0014%, which is calculated by dividing the 12,335 pounds attributable to PMRS by the total 871,005,436 pounds attributable to all viable PRPs at the Site. PMRS's share of past response costs (damages) incurred by Plaintiff is $107.21, which is calculated by and multiplying PMRS's volumetric percentage (0.0014%) by the $7,570,036.48 in total response costs incurred by Plaintiff at the Site through November 30, 2017.

14. As shown in Exhibit C hereto, interest was calculated at the appropriate rate under CERCLA §107(a) from June 8, 2012, which is the date of the initial pre-litigation demand/settlement offer letter was sent to PMRS. The amount of pre-judgment interest to be added to PMRS's share of Plaintiff's past response costs is $3.85.

WHEREFORE, Plaintiff requests that the Court enter a default judgment against Defendant PMRS, Inc. be entered and that a judgment in the amount of $227.03 for past response costs incurred by Plaintiff through November 30, 2017, including pre-judgment interest and reimbursement of formal service costs, plus a declaratory judgment that PMRS is required to pay 0.0014% of all response costs incurred by Plaintiff after November 30, 2017.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: March 15, 2018

Matthew T. Merryman
THE JUSTIS LAW FIRM LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3739
Facsimile: (913) 955-3711
E-mail: mmerryman@justislawfirm.com

On this 15th day of March, 2018, before me, the undersigned, a Notary Public within and for said County and State, personally appeared Matthew T. Merryman, to me know to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same of his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year last above written.

Kathleen Novicky
Notary Public

My Commission Expires: May 22, 2019

NOTARY PUBLIC - State of Kansas
KATHLEEN M. NOVICKY
My Appt. Expires 5/22/19

3