**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | | |
|---|---|---|
| **LWD PRP GROUP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:12-CV-00127-** |
| | ) | **GNS-HBB** |
| **ACF INDUSTRIES LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT CARMAN CLEANERS**

Plaintiff, by and through counsel, and pursuant to Federal Rule of Civil Procedure 55(b)(2) and 57, respectfully requests the Court to enter a Default Judgment against Defendant Carman Cleaners ("Carman Cleaners") along with a declaratory judgment that Carman Cleaners pay its percentage of all response costs (damages) incurred by Plaintiff after November 30, 2017, by awarding Plaintiff damages according to the relief requested in Plaintiff's Motion for Entry of Default Judgment against Carman Cleaners.

**PRELIMINARY STATEMENT**

Upon Plaintiff's request, the Clerk of the Court previously noted an Entry of Default against Carman Cleaners based on the failure of Carman Cleaners to answer or otherwise respond to the Complaint (Dkt. No. 1122). Plaintiff now moves for the Entry of a Default Judgment against Carman Cleaners based on past response costs incurred by Plaintiff, and declaratory judgment as to all future response costs to be incurred by Plaintiff after November 30, 2017 at the LWD Incinerator Site, plus applicable interest and reimbursement of formal service costs.

## FACTUAL BACKGROUND

As a result of the disposal of certain wastes, there has been a release and/or threatened release of hazardous substances from a facility known as the LWD Incinerator Site, which is located at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky. On March 1, 2007, 58 potentially responsible parties, including members of the LWD PRP Group, entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (with EPA to perform specified remaining time-critical removal action activities at the LWD Incinerator Site (hereinafter "Site"). Carman Cleaners generated and/or transported waste streams containing hazardous substances that were disposed of at the Site.

On April 8, 2013, EPA entered into a separate "Settlement Agreement for Recovery of Past Response Costs," CERCLA Docket No. 04-2013-3751, with the LWD PRP Group, including several of its assignors, and other PRPs, pursuant to Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1) ("EPA Past Costs AOC I"). Under the terms of EPA Past Costs AOC I, the LWD PRP Group paid an additional $4,144,120 to EPA on August 27, 2013 to reimburse EPA for the majority of EPA's past response costs at the LWD Incinerator Site. On May 8, 2014, the LWD PRP Group and EPA entered into another separate "Settlement Agreement for Recovery of Past Response Costs," CERCLA Docket No. 04-2013- 3763, pursuant to Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1) ("EPA Past Costs AOC II"). Under the terms of EPA Past Costs AOC II, the LWD PRP Group paid EPA an additional $667,845 to reimburse EPA for its remaining response costs at the LWD Incinerator Site. EPA Past Costs AOC II provides the LWD PRP Group with broader covenants not to sue and contribution protections than EPA Past Costs AOC I. On December 4, 2015, the LWD PRP Group and the Kentucky Energy and Environment Cabinet ("KEEC") entered into another separate "Agreed Order," pursuant to

Kentucky Revised Statutes Chapter 224, KY. REV. STAT. ANN. Ch. 224 ("Kentucky Agreed Order"). Under the terms of the Kentucky Agreed Order, the LWD PRP Group paid KEEC an additional $54,954 to reimburse KEEC for its past response costs at the LWD Incinerator Site. As of December 7, 2017, the LWD PRP Group has incurred $7,570,036.48 in recoverable response costs, including payments under EPA Past Costs AOC I, EPA Past Costs AOC II and the Kentucky Agreed Order, PRP search costs and administrative expenses that are closely tied to the response actions at the Site.

Plaintiff commenced the instant action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), for recovery of said response costs plus applicable pre-judgment interest from non-settling PRPs at the Site, including Carman Cleaners.

Plaintiff commenced the instant action on August 31, 2012. *See* Plaintiff's Complaint (Dkt. No. 1). Plaintiff filed a First Amended Complaint on January 30, 2013 (Dkt. No. 581). Plaintiff filed a Second Amended Complaint on March 29, 2013 (Dkt. No. 758). Plaintiff filed a Third Amended Complaint on February 27, 2014 (Dkt. No. 985). Plaintiff filed a Fourth Amended Complaint on June 4, 2015 (Dkt. No. 1165). Plaintiff filed a Fifth Amended Complaint on March 23, 2016 (Dkt. No. 1420). Carman Cleaners was properly served yet failed and refused to respond to the Complaint and Amended Complaints, and the Clerk of the Court noted an Entry of Default against Carman Cleaners on February 25, 2015. *See* Clerk's Entry of Default (Dkt. No. 1122).

## ARGUMENT

Pursuant to Fed. R. Civ. P. 55(c), after a party secures the entry of default, the party may apply for a default judgment. Ordinarily, the District Court must hold an evidentiary proceeding

in which the defendant has the opportunity to contest the amount [of damages]. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or weather to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008). *See also McIntyre v. Ogemaw Cty. Bd. of Commissioners*, No. 15-CV-12214, 2017 WL 1230477 (E.D. Mich. Apr. 4, 2017). Rule 55 does not require a Court to conduct a hearing to fix the amount of damages on default, as long as it ensures that there is basis for damages specified in default judgment. *United States v. Gant*, 268 F. Supp. 2d 29 (D.D.C. 2003) (where the record provided sufficient basis for the court's damages determination).

A volumetric percentage allocation of damages is appropriate against Carman Cleaners at this juncture. The Sixth Circuit recognizes that apportionment might be appropriate under § 107(a) when a reasonable basis exists for establishing the volume or amount of waste contributed by each defendant. *United States v. Atlas Lederer Co.*, 282 F. Supp. 2d 687, 704 (S.D. Ohio 2001), *see also United States v. Township of Brighton,* 153 F.3d 307 (6th Cir. 1998). Allocation of a parties share of response costs based on volume is substantively fair. *United States v. Cantrell*, 92 F. Supp. 2d 718, 729 (S.D. Ohio 2000). Sufficient evidence is available for the Court to calculate the volumetric share of Carman Cleaners without a hearing. *See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 131 (2d Cir. 2010) (where the court noted that in CERCLA cases there is usually very little documentation or direct evidence available to a contribution plaintiff).

Most available evidence pertaining to Carman Cleaners's relative responsibility is in the exclusive possession of Carman Cleaners and was never disclosed in this litigation because Carman Cleaners refused to enter an appearance and defaulted. Therefore, the evidentiary record

4

is sparse, or silent, with respect to the relative responsibility of each contributing party, and the record will not be developed through discovery.

Sufficient evidence is available for the Court to calculate the volumetric percentage allocation of Carman Cleaners without a hearing. Plaintiff's incurred response costs through November 2017 are $7,570,036.48. *See* Exh. A hereto. Plaintiff believes that the current volume of waste delivered to the Site attributable to all viable potentially responsible parties ("PRPs") is 871,005,436 pounds. In its Complaint, Plaintiff also requested applicable pre-judgment interest against each Defendant, including Carman Cleaners, pursuant to Section 107(a) of CERCLA. Pre-judgment interest accrues from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned. *See* 42 U.S.C § 9607(a)(4). Plaintiff has calculated applicable interest under CERCLA for the incurrence of response costs from July 9, 2012 (demand letter to Carman Cleaners). *See* Exhs. A and C hereto. Thus, Plaintiff's incurred response costs through November 2017 plus applicable pre-judgment interest through February 2018 are $7,570,244.61 *Id*. Plaintiff also incurred $132.50 in formal service costs to formally serve Carman Cleaners. Thus, the total amount of the past costs amount, with applicable pre-judgment interest and reimbursement of formal service costs, Plaintiff seeks against Carman Cleaners with this Motion is $195.47.

Entry of declaratory judgment as to liability for future cleanup costs CERCLA is mandatory and the fact that future costs are somewhat speculative is no bar to present declaration of liability. *Kelley v. E.I. DuPont de Nemours & Co.,* 17 F.3d 836 (6th Cir. 1994). Thus, Plaintiff further seeks a declaratory judgment that Carman Cleaners is liable to Plaintiff for 0.0008% of all future response costs incurred at the Site by Plaintiff after November 30, 2017.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter a

Default Judgment granting Plaintiff damages against Carman Cleaners in the amount of $195.47,

including pre-judgment interest and reimbursement of formal service costs, plus post-judgment

interest on all amounts awarded until paid at the applicable statutory rate, along with a

declaratory judgment that Carman Cleaners pay its percentage of all response costs (damages)

incurred by Plaintiff after November 30, 2017, and for such other and further relief as the Court

deems just and appropriate under the circumstances.


Dated:  March 15, 2018                    Respectfully submitted,


                                          /s/ Matthew T. Merryman
                                          Gary D. Justis           admitted *pro hac vice*
                                          Matthew T. Merryman      *admitted pro hac vice*
                                          Rachel D. Guthrie        admitted *pro hac vice*
                                          THE JUSTIS LAW FIRM LLC
                                          10955 Lowell Ave.
                                          Suite 520
                                          Overland Park, KS  66210-2336
                                          Telephone:  (913) 955-3712
                                          Facsimile:  (913) 955-3711
                                          Email:  gjustis@justislawfirm.com
                                                  mmerryman@justislawfirm.com
                                                  rguthrie@justislawfirm.com

                                              and

                                          W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
                                          MCMURRY & LIVINGSTON, PLLC
                                          333 Broadway, 7th Floor
                                          P.O. Box 1700
                                          Paducah, Kentucky  42002-1700
                                          Telephone:  (270) 443-6511
                                          Facsimile:  (270) 443-6548
                                          Email:  fletch@ml-lawfirm.com

                                          ATTORNEYS FOR PLAINTIFF LWD PRP
                                          GROUP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2018, a copy of the foregoing Plaintiff's Memorandum in Support of Motion for Default Judgment against Defendant Carman Cleaners was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System. I further certify that on March 15, 2018, copies of Plaintiff's Memorandum in Support of Motion for Default Judgment against Defendant Carman Cleaners was placed in the USPS Priority Mail to the following representative for Defendant Carman Cleaners:

Yong Han
Owner
Carman Cleaners
796 Carman Ave.
Westbury, NY  11590

/s/ Matthew T. Merryman
Matthew T. Merryman