**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| **LWD PRP GROUP,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:12-CV-00127-GNS-HBB |
| **ACF INDUSTRIES LLC, et al.** | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT PARKER PLASTICS CORP.**

Plaintiff, by and through counsel, and pursuant to Federal Rule of Civil Procedure 55(b)(2) and 57, respectfully requests the Court to enter a Default Judgment against Defendant Parker Plastics Corp. ("Parker Plastics") along with a declaratory judgment that Parker Plastics pay its percentage of all response costs (damages) incurred by Plaintiff after November 30, 2017, by awarding Plaintiff damages according to the relief requested in Plaintiff's Motion for Entry of Default Judgment against Parker Plastics.

**PRELIMINARY STATEMENT**

Upon Plaintiff's request, the Clerk of the Court previously noted an Entry of Default against Parker Plastics based on the failure of Parker Plastics to answer or otherwise respond to the Complaint (Dkt. No. 1133). Plaintiff now moves for the Entry of a Default Judgment against Parker Plastics based on past response costs incurred by Plaintiff, and declaratory judgment as to all future response costs to be incurred by Plaintiff after November 30, 2017 at the LWD Incinerator Site, plus applicable interest and reimbursement of formal service costs.

## FACTUAL BACKGROUND

As a result of the disposal of certain wastes, there has been a release and/or threatened release of hazardous substances from a facility known as the LWD Incinerator Site, which is located at 2745 Industrial Boulevard in Calvert City, Marshall County, Kentucky. On March 1, 2007, 58 potentially responsible parties, including members of the LWD PRP Group, entered into an Administrative Settlement Agreement and Order on Consent for Removal Action (with EPA to perform specified remaining time-critical removal action activities at the LWD Incinerator Site (hereinafter "Site"). Parker Plastics generated and/or transported waste streams containing hazardous substances that were disposed of at the Site.

On April 8, 2013, EPA entered into a separate "Settlement Agreement for Recovery of Past Response Costs," CERCLA Docket No. 04-2013-3751, with the LWD PRP Group, including several of its assignors, and other PRPs, pursuant to Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1) ("EPA Past Costs AOC I"). Under the terms of EPA Past Costs AOC I, the LWD PRP Group paid an additional $4,144,120 to EPA on August 27, 2013 to reimburse EPA for the majority of EPA's past response costs at the LWD Incinerator Site. On May 8, 2014, the LWD PRP Group and EPA entered into another separate "Settlement Agreement for Recovery of Past Response Costs," CERCLA Docket No. 04-2013- 3763, pursuant to Section 122(h)(1) of CERCLA, 42 U.S.C. § 9622(h)(1) ("EPA Past Costs AOC II"). Under the terms of EPA Past Costs AOC II, the LWD PRP Group paid EPA an additional $667,845 to reimburse EPA for its remaining response costs at the LWD Incinerator Site. EPA Past Costs AOC II provides the LWD PRP Group with broader covenants not to sue and contribution protections than EPA Past Costs AOC I. On December 4, 2015, the LWD PRP Group and the Kentucky Energy and Environment Cabinet ("KEEC") entered into another separate "Agreed Order," pursuant to

Kentucky Revised Statutes Chapter 224, KY. REV. STAT. ANN. Ch. 224 ("Kentucky Agreed Order"). Under the terms of the Kentucky Agreed Order, the LWD PRP Group paid KEEC an additional $54,954 to reimburse KEEC for its past response costs at the LWD Incinerator Site. As of December 7, 2017, the LWD PRP Group has incurred $7,570,036.48 in recoverable response costs, including payments under EPA Past Costs AOC I, EPA Past Costs AOC II and the Kentucky Agreed Order, PRP search costs and administrative expenses that are closely tied to the response actions at the Site.

Plaintiff commenced the instant action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), for recovery of said response costs plus applicable pre-judgment interest from non-settling PRPs at the Site, including Parker Plastics.

Plaintiff commenced the instant action on August 31, 2012. *See* Plaintiff's Complaint (Dkt. No. 1). Plaintiff filed a First Amended Complaint on January 30, 2013 (Dkt. No. 581). Plaintiff filed a Second Amended Complaint on March 29, 2013 (Dkt. No. 758). Plaintiff filed a Third Amended Complaint on February 27, 2014 (Dkt. No. 985). Plaintiff filed a Fourth Amended Complaint on June 4, 2015 (Dkt. No. 1165). Plaintiff filed a Fifth Amended Complaint on March 23, 2016 (Dkt. No. 1420). Parker Plastics was properly served yet failed and refused to respond to the Complaint and Amended Complaints, and the Clerk of the Court noted an Entry of Default against Parker Plastics on February 25, 2015. *See* Clerk's Entry of Default (Dkt. No. 1133).

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 55(c), after a party secures the entry of default, the party may apply for a default judgment. Ordinarily, the District Court must hold an evidentiary proceeding

in which the defendant has the opportunity to contest the amount [of damages]. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or weather to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008). *See also McIntyre v. Ogemaw Cty. Bd. of Commissioners*, No. 15-CV-12214, 2017 WL 1230477 (E.D. Mich. Apr. 4, 2017). Rule 55 does not require a Court to conduct a hearing to fix the amount of damages on default, as long as it ensures that there is basis for damages specified in default judgment. *United States v. Gant*, 268 F. Supp. 2d 29 (D.D.C. 2003) (where the record provided sufficient basis for the court's damages determination).

     A volumetric percentage allocation of damages is appropriate against Parker Plastics at this juncture. The Sixth Circuit recognizes that apportionment might be appropriate under § 107(a) when a reasonable basis exists for establishing the volume or amount of waste contributed by each defendant. *United States v. Atlas Lederer Co.*, 282 F. Supp. 2d 687, 704 (S.D. Ohio 2001), *see also United States v. Township of Brighton,* 153 F.3d 307 (6th Cir. 1998). Allocation of a parties share of response costs based on volume is substantively fair. *United States v. Cantrell*, 92 F. Supp. 2d 718, 729 (S.D. Ohio 2000). Sufficient evidence is available for the Court to calculate the volumetric share of Parker Plastics without a hearing. *See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 131 (2d Cir. 2010) (where the court noted that in CERCLA cases there is usually very little documentation or direct evidence available to a contribution plaintiff).

     Most available evidence pertaining to Parker Plastics's relative responsibility is in the exclusive possession of Parker Plastics and was never disclosed in this litigation because Parker Plastics refused to enter an appearance and defaulted. Therefore, the evidentiary record is sparse,

4

or silent, with respect to the relative responsibility of each contributing party, and the record will not be developed through discovery.

Sufficient evidence is available for the Court to calculate the volumetric percentage allocation of Parker Plastics without a hearing. Plaintiff's incurred response costs through November 2017 are $7,570,036.48. *See* Exh. A hereto. Plaintiff believes that the current volume of waste delivered to the Site attributable to all viable potentially responsible parties ("PRPs") is 871,005,436 pounds. In its Complaint, Plaintiff also requested applicable pre-judgment interest against each Defendant, including Parker Plastics, pursuant to Section 107(a) of CERCLA. Pre-judgment interest accrues from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned. *See* 42 U.S.C § 9607(a)(4). Plaintiff has calculated applicable interest under CERCLA for the incurrence of response costs from July 9, 2012 (demand letter to Parker Plastics). *See* Exhs. A and C hereto. Thus, Plaintiff's incurred response costs through November 2017 plus applicable pre-judgment interest through February 2018 are $7,570,244.61 *Id*. Plaintiff also incurred $100.00 in formal service costs to formally serve Parker Plastics. Thus, the total amount of the past costs amount, with applicable pre-judgment interest and reimbursement of formal service costs, Plaintiff seeks against Parker Plastics with this Motion is $160.35.

Entry of declaratory judgment as to liability for future cleanup costs CERCLA is mandatory and the fact that future costs are somewhat speculative is no bar to present declaration of liability. *Kelley v. E.I. DuPont de Nemours & Co.,* 17 F.3d 836 (6th Cir. 1994). Thus, Plaintiff further seeks a declaratory judgment that Parker Plastics is liable to Plaintiff for 0.0008% of all future response costs incurred at the Site by Plaintiff after November 30, 2017.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter a Default Judgment granting Plaintiff damages against Parker Plastics in the amount of $160.35, including pre-judgment interest and reimbursement of formal service costs, plus post-judgment interest on all amounts awarded until paid at the applicable statutory rate, along with a declaratory judgment that Parker Plastics pay its percentage of all response costs (damages) incurred by Plaintiff after November 30, 2017, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated:  March 15, 2018

Respectfully submitted,

/s/ Matthew T. Merryman
Gary D. Justis            admitted *pro hac vice*
Matthew T. Merryman        *admitted pro hac vice*
Rachel D. Guthrie         admitted *pro hac vice*
THE JUSTIS LAW FIRM LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS  66210-2336
Telephone:  (913) 955-3712
Facsimile:  (913) 955-3711
Email:  gjustis@justislawfirm.com
            mmerryman@justislawfirm.com
            rguthrie@justislawfirm.com

and

W. Fletcher McMurry Schrock   (Ky. Bar# 62283)
MCMURRY & LIVINGSTON, PLLC
333 Broadway, 7th Floor
P.O. Box 1700
Paducah, Kentucky  42002-1700
Telephone:  (270) 443-6511
Facsimile:  (270) 443-6548
Email:  fletch@ml-lawfirm.com

ATTORNEYS FOR PLAINTIFF LWD PRP GROUP

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 15, 2018, a copy of the foregoing Plaintiff's Memorandum in Support of Motion for Default Judgment against Defendant Parker Plastics Corp. was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's Electronic Case Filing System. I further certify that on March 15, 2018, copies of Plaintiff's Memorandum in Support of Motion for Default Judgment against Defendant Parker Plastics Corp. was placed in the USPS Priority Mail to the following representative for Defendant Parker Plastics Corp.:

Diane Parker Moore
President
Parker Plastics Corp.
3585 Valley Dr.
Pittsburgh, PA  15234

                /s/ Matthew T. Merryman
                Matthew T. Merryman